UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                        5:11-CR-0602
                                                          (GTS)
JOSEPH JENKINS,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

HON. RICHARD S. HARTUNIAN                        TAMARA THOMSON, ESQ.
  United States Attorney for the N.D.N.Y.        GWENDOLYN CARROLL, ESQ.
  Counsel for the Government                     GEOFFREY J.L. BROWN, ESQ.
100 South Clinton Street                         Assistant United States Attorneys
Syracuse, NY 13261-7198

THE PARRY LAW FIRM                               JEFFREY R. PARRY, ESQ.
  Counsel for Defendant
124 Woodspath Road
Liverpool, NY 13090

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this criminal proceeding against Joseph Jenkins

("Defendant") for one count of transporting child pornography in violation of 18 U.S.C.§

2252A(a)(1) and one count of possessing child pornography in violation of 18 U.S.C. §

2252a(a)(5)B), is Defendant's pretrial motion seeking, inter alia, suppression of evidence and

statements obtained by Canadian law enforcement officials.  (Dkt. No. 25.)  The Government has

opposed Defendant's motion.  For the reasons set forth below, Defendant's motion is denied.

## I.      RELEVANT BACKGROUND

Generally, the Government alleges the following facts in its criminal complaint against Defendant.  (Dkt. No. 1.)  On May 24, 2009, Defendant attempted to enter Canada at the Port of Lansdowne in Ontario from Wellesley Island, New York.  (*Id.* at 3.)  Before entering Canada, however, Canadian Border Services Agency ("CBSA") officers stopped Defendant and directed Defendant to a secondary inspection area.  CBSA officers then conducted an examination of the contents of Defendant's vehicle and found the following items: (1) a Toshiba laptop, (2) a Compaq laptop, (3) an Attache 8GB USB thumb drive, (4) an Attache 4GB USB thumb drive, (5) an Attache 2GB USB thumb drive, (6) six compact discs, (7) a Belkin Notebook card, (8) an Olympus digital camera, (9) an Olympus XD card, and (1) a Motorola cellular telephone.[1]  (*Id.* at 4.)  Upon examining the contents of the Attache 8GB USB thumb drive, the CBSA examining officer discovered a video titled "9yo_vicky_stripping_and_sucking_kiddy_pedo_illegal _underage_preteen" that he reasonably believed to be child pornography.  (*Id.*)  Defendant was then arrested and charged with Importing-Distributing Child Pornography and Possessing Child Pornography under the Canadian criminal code.  (*Id.* at 4, 5.)

On May 27, 2009, Ontario Provincial Police Detective Kip Wohlert ("Detective Wohlert") applied for, and was issued, a warrant authorizing a search of the above-described devices.  (*Id.* at 5.)

On October 18, 2010, Defendant failed to appear for trial in Canada, and a warrant was issued for his arrest.  (*Id.*)

---

[1]      In his memorandum of law, Defendant states that "it is uncontested that the vehicle belonged to [Defendant] and that the vehicle contained items personal to [Defendant]." (Dkt. No. 25, Attach. 1 at 4.)

On October 21, 2010, Detective Wohlert provided Homeland Security Investigations Special Agent Matthew Myer with police and forensic reports associated with the investigation of Defendant by Canadian officials.  (*Id.* at 6.)  These reports included image files discovered on Defendant's Toshiba laptop and Attache thumb drives.  (*Id.*)  On April 1, 2011, Homeland Security Investigations took custody of seven of the ten of devices originally seized by CBSA officers, including the Toshiba laptop, Compaq laptop, Attache 8GB USB thumb drive, Attache 4 GB USB thumb drive, Attache 2GB USB thumb drive, Olympus digital camera, and Motorola cellular telephone ("Defendant's devices").  (*Id.*)

On July 6, 2011, United States Magistrate Judge George H. Lowe signed a search warrant authorizing a search of Defendant's devices.  (*Id.*)  Subsequently, a Homeland Security Investigation forensic examination of Defendant's devices revealed approximately 3,881 images and 109 multimedia files suspected of child pornography.  (*Id.* at 7.)

In addition to all of these allegations as set forth by the Government, Defendant's attorney's affirmation states that Defendant's devices were "sequestered in a forensic lab many miles from the point of [Defendant's] arrest and neither [Defendant nor his attorney] had access to [Defendant's devices] even at the outset of [Defendant's] Canadian trial."  (Dkt. No. 25, Attach. 1 at 2.)

## II.    THE PARTIES' ARGUMENTS

Liberally construed, Defendant makes the following two arguments in his memorandum of law.  (*See generally* Dkt. No. 25, Attach. 1.)  First, any evidence obtained as a result of a search of Defendant's devices should be suppressed because the search and seizure of those devices violated Defendant's Fourth Amendment right to be free from unreasonable searches and

seizures.  More specifically, Defendant argues that it was unlawful for CBSA officers to

confiscate those devices prior to arresting Defendant, transport them "many miles and several

hours away," and hold them for sixteen months without allowing Defendant access.  (Dkt. No.

25, Attach. 1 at 7.)  Second, any evidence, including statements by Defendant, obtained by

CBSA officers should be suppressed because Defendant was not advised of his *Miranda* rights.

(*Id.* at 10-11.)  In the alternative, Defendant requests a hearing to determine whether suppression

of either the evidence obtained from his devices or his statements to CBSA officers is

appropriate.  (*Id.* at 9, 11.)   In addition, Defendant asks the Court to compel the Government to

disclose any evidence that "would have caused the CBSA [officers] to stop and search"

Defendant's vehicle.  (*Id.* at 10.) Finally, Defendant requests "leave to bring any additional

motions which may become necessary . . . ." (*Id.* at 11.)

        In response, the Government makes the following five arguments.  (*See generally* Dkt.

No. 27.)  First, because Defendant has failed to comply with Rule 12.1(e) of the Local Rules of

Criminal Practice for this Court by neglecting to submit an affidavit that sets forth facts which, if

proven true, would entitle him to relief, Defendant's motion to suppress any evidence obtained

from Defendant's devices must be summarily denied.  (Dkt. No. 27 at 6-8.)  Second, Defendant's

motion to suppress any evidence obtained from his devices must be denied because, even

assuming that the search violated his Fourth Amendment rights, the exclusionary rule does not

apply to law enforcement activities of foreign law enforcement acting in its own country unless

the search shocks the conscience, or was the product of a cooperative investigation with United

States law enforcement.  (*Id.* at 8-9.)  Third, CBSA officers' search of Defendant's devices was

not "so extreme that [it] shock[s] the judicial conscience . . . ." (*Id.* at 10-13 [internal quotation

4

marks omitted].)  Fourth, CBSA officers' search of Defendant's devices was not the result of a

joint investigation with United States law enforcement, but even if it was, the search was not

unlawful because CBSA officers were not acting as agents of the United States "with the express

purpose of evading constitutional requirements."  (*Id.* at 13- 15.)  Fifth, Defendant's statements

to CBSA officers should not be suppressed for the following four reasons: (1) Defendant failed

to submit an affidavit in support of his request as required by the Local Rules; (2) the Fifth

Amendment protections extended by *Miranda v. Arizona*, 384 U.S.436 (1966), do not apply to

foreign law enforcement investigations; (3) CBSA officers' administered "secondary warnings[,]

which are the Canadian equivalent of the *Miranda* warnings used in the United States"; and (4)

even if *Miranda* applied to foreign law enforcement investigations, Defendant's statements are

not subject to suppression because they were the product of routine border interrogations, which

do not require *Miranda* warnings.  (*Id.* at 15-16.)[2]

## III.    ANALYSIS

### A.    Whether Defendant Is Entitled to Suppression of the Evidence Obtained From His Devices

After carefully considering the matter, the Court answers this question in the negative for

all of the reasons stated in the Government's memorandum of law.  (Dkt. No. 27 at 6-15 [Gov't's

Memo. of Law].)  The Court adds only four brief points.

First, in addition to the Local Rules of Criminal Practice for this Court, courts in the

Northern District of New York have made it clear that motions to suppress require a supporting

---

[2]      The Government did not respond to Defendant's motion to compel discovery or request for leave to bring any additional motions that may become necessary.  (*See generally* Dkt. No. 27.)

affidavit that is based on personal knowledge. *See e.g., U.S. v. Lonzo*, 793 F. Supp. 57, 58 (N.D.N.Y. 1992) (Cholakis, J.) ("From this day forward, (1) suppression motions made before this Court must be supported by affidavits based upon personal knowledge, and (2) where such affidavits contain facts which, if true, would result in suppression, the opposition filed by the Government must also include affidavits based upon personal knowledge."). Here, Defendant's motion does not meet this requirement because his attorney's affirmation does not contain facts, which if true, would result in suppression of the evidence obtained from Defendant's devices. (Dkt. No. 25, Attach. 1 at 2.) More specifically, although Defendant's attorney affirms that he has personal knowledge that Defendant's devices were "sequestered in a forensics lab many miles from the point of [Defendant's] arrest," proof of that fact does not result in suppression of the evidence because, as explained more completely below, Defendant's devices were lawfully searched under United States constitutional law either (1) pursuant to the border search doctrine, or (2) pursuant to a warrant obtained within three days of Defendant's arrest. (Dkt. No. 25, Attach. 1 at 2.) Failing to comply with Local Rule 12.1(e) is sufficient grounds for summary denial of Defendant's motion to suppress.[3] In any event, as discussed below, Defendant's motion fails on the merits.

Second, Defendant's argument focuses on whether it was lawful for Canadian officials to *hold* and *withhold from Defendant* the seized evidence for sixteen months pending trial in Canadian courts, rather than whether the *actual search and seizure* of Defendant's devices was

---

[3]     *See, e.g., U.S. v. Ventura*, 97-CR-1251, 1998 WL 186737, at *1 (S.D.N.Y. Apr. 17, 1998) (denying motion to suppress because the defendant submitted only an attorney's conclusory affidavit); *U.S. v. Ruggiero*, 824 F. Supp. 379, 393-94 (S.D.N.Y. 1993) (denying motion to suppress because, inter alia, the defendants "submitted attorney's affidavits," which the court found "completely inadequate to raise a factual issue justifying a hearing").

lawful at the time Defendant attempted to enter Canada.  More specifically, Defendant

articulates his argument by saying, "[T]he Defendant respectfully requests that the evidence

seized and kept from him for such a protracted period be suppressed and this matter be

dismissed."  (Dkt. No. 25, Attach. 1 at 9.)  In addition, Defendant's recitation of the facts

emphasize that he was "deprived access to the evidence against him . . . [despite his] Canadian

attorney['s] . . . repeated demands

 . . . to produce this material."  (*Id.* at 5-6.)   This argument, however, more closely resembles an

argument that the Canadian prosecution did not comply with its discovery obligations (to the

extent it had any under domestic Canadian law) rather than an argument that the actual search

and seizure was conducted unlawfully.  In any event, however, any failure of the Canadian

prosecution to comply with its own domestic law is irrelevant because "[t]he admissibility of

evidence in a United States court depends solely on compliance with United States law."  *U.S. v.

Rommy*, 506 F.3d 108, 129 (2d Cir. 2007) (collecting cases).

Third, to the extent that Defendant's argument *is* grounded in Fourth Amendment

principles, it is without merit.  The evidence demonstrates that the searches of Defendant's

devices occurred both before and after Defendant was arrested on May 24, 2009; and the Court

concludes that any and all searches were lawful under United States constitutional law.

For example, the Will Say Statements of CBSA Border Security Officers ("BSO")

Garrah, Johnston, and Hache, and CBSA Investigator Vinette reveal that the pre-arrest searches

of Defendant's Toshiba computer, Compaq computer, and the Attache 8GB USB thumb drive

revealed videos and pictures of young girls of inconclusive ages, but some definitively

prepubescent.  (Dkt. No. 27, Attach. 1 [CBSA BSO Garrah's Will Say Stmnt.]; Dkt. No. 27,

Attach. 2 [CBSA BSO Hache's Will Say Stmnt.]; Dkt. No. 27, Attach. 4 [CBSA BSO Johnston's Will Say Stmnt.]; Dkt. No. 27, Attach. 6 [CBSA Invgr. Vinette].)  These searches occurred at the border crossing immediately upon Defendant's attempt to enter Canada.  (*See, e.g.,* Dkt. No. 27, Attach. 1 at 2-3 [CBSA BSO Garrah describing that, at approximately 9:00 a.m., Defendant reached Port of Landsdowne, at approximately 9:50 a.m., he discovered a video titled "9yo_vicky_stripping_and_sucking_kiddy_pedo_illegal_underage_preteen" containing child pornography on Defendant's Attache 8 GB USB thumb drive, and at 9:55 a.m., Defendant was arrested].)  This search was lawful under the United States border-search doctrine.  *See U.S. v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985) ("Routine searches of the persons and effects of entrants [to the United States] are not subject to any requirement of reasonable suspicion, probable cause, or a warrant . . . . Automotive travelers may be stopped at fixed checkpoints near the border without individualized suspicion . . . ."); *U.S. v. Irving*, 452 F.3d 110, 123-24 (2d Cir. 2006) ("[W]e have long ruled that searches of a person's . . . personal belongings are routine searches."); *cf. U.S. v. Nieves*, 609 F.2d 642, 647 (2d Cir. 1979) (finding that the secondary search of the defendant, after she underwent an initial customs inspection, was lawful because the defendant was still in the border-inspection building, a "relatively short time had elapsed since she had undergone the initial . . . inspection," and border officials had "ample grounds" to suspect unlawful activity).

In addition, following Defendant's arrest, Detective Wohlert applied for, and was issued, a search warrant for all of the devices seized by CBSA officers on Mary 24, 2009.  (Dkt. No. 27, Attach. 5.)  Of course, any search conducted pursuant to this search warrant was also lawful under United States constitutional law.

Fourth, the Court finds that the facts of *U.S. v. Cotterman*, 637 F.3d 1068 (9th Cir. 2011), are distinguishable enough from those of the present case to conclude that the outcome of the Ninth Circuit's pending en banc decision will not impact this case.  More specifically, the issue in *Cotterman* was whether the border search doctrine (which allows routine searches of personal belongings at the border) justifies border officials' decision to transport a person's personal belongings away from the border, without reasonable suspicion or probable cause, to adequately complete the border search.  *Cotterman*, 637 F.3d at 1074.  Here, however, the searches of Defendant's devices that gave rise to his arrest occurred directly at the border within hours of Defendant's attempt to cross the border, and it was only after Defendant was arrested that his devices were transported from the border.  (Dkt. No. 27, Attach. 1 at 2; Dkt. No. 27, Attach. 2 at 3-4; Dkt. No. 27, Attach. 4 at 2; Dkt. No. 27, Attach. 6 at 3.)

For all of these reasons, Defendant's motion to suppress the evidence obtained from his devices is denied.  In addition, Defendant's motion for an evidentiary hearing on this issue is denied.

### B.    Whether Defendant Is Entitled to Suppression of His Statements Made to CBSA Officers

After carefully considering the matter, the Court answers this question in the negative for all of the reasons stated in the Government's memorandum of law.  (Dkt. No. 27 at 15-16.)  The Court adds only two brief points.

First, in addition to being a procedural violation of the Local Rules of Criminal Practice for this Court, Defendant's failure to support his motion to suppress with an affidavit (as required by Local Rules 12.1[e]) makes it impossible to discern with any degree of certainty which statements Defendant seeks to suppress, or whether the questioning that induced those

statements was undertaken lawfully by CBSA officers.  Defendant has only submitted an attorney affirmation, and it does not contain any facts regarding the statements Defendant seeks to suppress.

Second, only involuntary statements made to foreign law enforcement will be inadmissible in a United States court as a result of foreign law enforcement's failure to give a defendant his *Miranda* warnings.  *See U.S. v. Yousef*, 327 F.3d 56, 145 (2d Cir. 2003) ("As for [the defendant's] claim that his statements should be suppressed because he was not read *Miranda* warnings, the law is settled that statements taken by foreign police in the absence of *Miranda* warnings are admissible if voluntary."); *see also U.S. v. Abu Ali*, 528, F.3d 210, 227 (4th Cir. 2008) ("[V]oluntary statements obtained from a defendant by foreign law enforcement officers, even without *Miranda* warnings, generally are admissible."); *U.S. v. Chavarria*, 443 F.2d 904, 905 (9th Cir. 1971) ("[T]o exclude this confession, [the defendant] had to argue that the Miranda requirements are applicable to custodial interrogations performed by the police of foreign countries.  We are convinced that they are not . . . . [S]o long as the trustworthiness of the confession satisfies legal standards, the fact that the defendant was not given Miranda warnings before questioning by foreign police will not, by itself, render his confession inadmissible.").

Here, instead of arguing that his statements to CBSA officers were involuntary, Defendant argues that the "secondary warnings" given by CBSA officers at the time of his arrest were not an adequate substitute *Miranda* warnings.  (Dkt. No. 25, Attach. 1 at 10-11.)  Because the Court has found no legal authority to support this position, and because Defendant has not cited any authority in support, the Court finds this argument meritless.

For all of these reasons, Defendant's motion to suppress his statements made to CBSA officers is denied. In addition, Defendant's motion for an evidentiary hearing on this issue is denied.

**C.      Whether Defendant Is Entitled to a Order to Compel Discovery**

After carefully considering the matter, the Court answers this question in the negative, because Defendant has not met his burden for a motion to compel discovery by failing to comply with the Local Rules of Criminal Practice for this Court. More specifically, Local Rule 14.1(g) states that "[n]o attorney shall file a discovery motion without first conferring with opposing counsel, and the Court will not consider a motion unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel." L.R. Cr. P. 14.1(g); *see also* L.R. Cr. P. 12.1(b) ("The Court shall not hear a motion to compel discovery unless the attorney for the moving party files with the Court, simultaneously with the filing of the moving papers, a notice stating that the moving party has conferred and discussed in detail with the opposing party the issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution.")

Here, Defendant's attorney has submitted an affirmation that makes no mention of either a conference with opposing counsel, or his good-faith effort to resolve the discovery matter by agreement with opposing counsel. (Dkt. No. 25, Attach. 1 at 2.) For this reason, Defendant's motion to compel discovery is denied.

**D.      Whether Defendant Is Entitled to Leave to File Future Motions**

After carefully considering the matter, the Court answers this question in the negative

because, at this time, Defendant has not identified any specific motions.  However, the Court

denies this motion without prejudice for refiling in this action upon a showing of good cause.

    **ACCORDINGLY**, it is

    **ORDERED** that Defendant's motion to suppress the evidence obtained from his devices

(Dkt. No. 25) is **<u>DENIED</u>**; and it is further

    **ORDERED** that Defendant's motion to suppress his statements made to CBSA officers

(Dkt. No. 25) is **<u>DENIED</u>**; and it is further

    **ORDERED** that Defendant's requests for a hearing on his motions to suppress (Dkt. No.

25) are **<u>DENIED</u>**; and it is further

    **ORDERED** that Defendant's motion to compel discovery (Dkt. No. 25) is **<u>DENIED</u>**; and

it is

    **ORDERED** that Defendant's motion for leave to file any other motion that may become

necessary (Dkt. No. 25) is **<u>DENIED</u> without prejudice** for refiling in this action upon a

showing of good cause.

Dated:  August 24, 2012
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge