UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,    Case No. 5:11-cr-00602-GTS

v.

JOSEPH JENKINS,
                    Defendant.

# DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR DISCLOSURE OF FORM CJA 23 AND NOTICE TO THE COURT OF FACTS RELEVANT TO DEFENDANT'S ELIGIBILITY FOR ASSIGNED COUNSEL

1

## PRELIMINARY STATEMENT

Defendant, Joseph Jenkins, is charged in a two count indictment with the following;

1) knowingly and unlawfully transporting child pornography, using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2256(8)(A), and

2) knowingly possessing material that contained one or more images of child pornography, that had been transported using a means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and that was produced using materials that had been shipped and transported in and affecting such commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A).

Defense counsel submits this Memorandum in opposition to the Government's motion seeking a hearing over the issue of eligibility for court-appointed counsel and the disclosure of Defendant's Financial Affidavit (Form CJA 23).

## STATEMENT OF FACTS

As an initial matter, the Defendant strongly objects to the present motion as it serves to support the Government's efforts to procure an indictment on other, unrelated matters. Further, due to the admitted intention of the Government to pursue perjury charges and the wrongful interjection of the Grand Jury process into the case at bar, Mr. Jenkins has no choice but to assert

2

his 5th Amendment right to remain silent as to the facts of this matter. As well, due to matters pertaining to the attorney – client privilege and to protect the rights of my client, this attorney is unable to speak as to the facts as presented by the Government.

In taking this position the Defendant is mindful of the Second Circuit's solution to testimony in pre-trial hearings concerning the preservation of fundamental rights.

> While it is true that "intolerable tension[s]" between constitutional rights have been alleviated by applying the rule that a defendant's testimony at a pretrial hearing will not be admissible at trial on the issue of guilt unless he fails to object. See Simmons v. United States, supra, 390 U.S. at 394, 88 S.Ct. at 976; see also Note, Resolving Tensions Between Constitutional Rights: Use Immunity in Concurrent or Related Proceedings, 76 Colum.L.Rev. 674, 678-81 (1976). We have held that "the government should not be permitted to use as part of its direct case any testimony given by a defendant at a hearing where he is seeking forma pauperis relief or the assignment of counsel on the ground of his financial inability to ... afford counsel," United States v. Branker, 418 F.2d 378, 380 (2d Cir.1969), and that holding is directly applicable to the case before us. See, United States v. Peister, supra, 631 F.2d at 662; cf. United States v. Ellsworth, supra, 547 F.2d at 1098 (assurance given by court that information disclosed could not be used in further tax prosecution). United States v. Harris, 707 F.2d 653 (2d Cir. 1983).

However, that solution falls short in this case as the possibility that Defendant's testimony would eventually be used against him in a Grand Jury proceeding is nearly inevitable. There, of course, no objection as to the admissibility of the document may be procured and, as a result, Defendant faces the prospect of adding incriminating testimony to opposing counsel's indictment effort. As an uncomfortable consequence, the Defendant is unable to assert his right to counsel under the Sixth Amendment and must rely only upon the rule of law and the Court's good judgment to assure him a fair trial.

# ARGUMENT

### Point I: The Guide to Judiciary Policy Specifically Forbids the Disclosure of the CJA 23 Form for the Purposes Espoused by the Government.

> The prosecution and other interested entities may present to the court information concerning the persons eligibility, but the judicial inquiry into financial eligibility shall not be utilized as a forum to discover whether the person has assets subject forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act or other purposes not related to the appointment of counsel. Such determinations, if appropriate, *must be made at other stages of the proceedings in which the person seeking counsel is a party.* Exhibit B to the Government's motion, Guide to Judiciary Policy at §210.40.20, *emphasis added.*

As the Government admits that its use of the CJA 23 form is directed at matters presently before the Grand Jury and promises of a future indictment for perjury, it would seem that, without more, this rule would defeat the Government's motion in its entirety. The Grand Jury is certainly capable of conducting their own investigation as indicated by the bank records produced thus far.

Furthermore, as the duty of deciding whether a Defendant is eligible for an assigned attorney lies solely with the Court, there is no need for the CJA 23 Form to be disseminated. 18 U.S.C. §3006A(b). The Court need only make "appropriate inquiry" to render a decision. Id. Argument, therefore, is not a prerequisite to assignment and, as it is not contemplated that the Government take part in the "appropriate inquiry", the Court may proceed to a decision without debate. As such, the Government has no need for the CJA 23 Form other than to satisfy its needs before the Grand Jury.

## II. In the Alternative, if the Court Elects to Allow Disclosure of the CJA 23 Form it Should Occur *After Trial*

The Government's reliance upon the *Ponzo* case is appropriate although, taken as a whole, it strikes a compromise between the parties. United States v. Ponzo, 2012 WL 28065 (D. Mass.). While it is certainly conceded that the Government was allowed access to the CJA 23 Form in that case, Judge Hillman sealed the document until the conclusion of trial to avoid the inevitable conflict between the Defendant's 5th and 6th Amendment rights.

> Nonetheless, if there is any chance that such evidence could be used against Ponzo with respect to one of more of the charges currently pending against him, then the introduction of such evidence would create the previously described constitutional conundrum, i.e., use of such information would impinge on both his Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel. If, on the other hand, the information remains sealed until after conclusion of the trial on the pending charges, Ponzo's Fifth Amendment interest will diminish *vis a vis* the Government's interest in disclosure of the information for purposes of pursuing a perjury charge" "[t]he Government ….maintains the right to investigate possible perjury in [the CJA 23 and/or supplemental form] after trial and ultimately the truth seeking function will not be compromised." United States v. Hyde, 208 F.Supp.2nd 1052, 1054 (N.D. Cal. 2002)(internal citation omitted). United States v. Ponzo, 2012 WL 28065 (D. Mass.).

In the matter before us we have only opposing counsel's word, trustworthy though it may be, that issues pertaining to the Defendant's credibility and his financial status will not arise at trial. However, in this writer's experience the trial process is far too unpredictable to express such guarantees. In this regard, if one were to give free play to one's imagination, any number of scenarios might arise which would cause a misstep in deciding this motion to allow prejudicial matters to arise at trial. No doubt, for this reason the Guide to Judiciary Policy rightly forbids the disclosure of said form for purposes such as this. Guide to Judiciary Policy at §210.40.20.

Were the Court to seal the CJA Form 23 in the present matter however, the Defendant could speak freely and without fear that an errant word would bring indictment, conviction and, perhaps worse, the loss of counsel. This would serve the dual function of preserving respect for sworn statements while still preserving the Defendant's Sixth Amendment rights as well.

### III. A Review of the Court's Options in Reconsidering the Assignment of Counsel.

It is clear that the Court has the inherent power to assign counsel and to reconsider said assignment upon the showing of a change of financial circumstances. However, such decisions are certainly not to be taken lightly as the Defendant's Sixth Amendment rights hang in the balance. This becomes particularly applicable when trial approaches and the loss of counsel will inevitably prejudice a defendant.

In the present case, while no trial date has been set, a time will doubtless be chosen at the conclusion of motion practice. The time will be short and the Court should be aware that an immense amount of effort and preparation has been expended upon this case. Literally, and as the Court is aware, the Defendant indicated a desire to go to trial from the outset and he has not wavered from that desire since. As such, trial preparation has been lengthy.

Were this writer to be removed as attorney of record it would be impossible for another attorney, regardless of his or her skill, to prepare to this degree in the time remaining. As such, were the Court to exercise its authority in such a way as to deny counsel immense prejudice would result.

With this thought in mind, the Court may exercise several options:

1) The Court may continue representation unabated based upon Mr. Jenkins' earlier assertions that he cannot afford counsel.

2) The Court may require that Mr. Jenkins pay part of the costs of representation.

3) The Court may require that Mr. Jenkins pay for all representation.

4) The Court may simply deny counsel and leave Mr. Jenkins to his own devices.

In asserting this authority the Court, of course, must consider the recent submissions of the Government. Respectfully however, in reviewing these documents the Court should be mindful that we are now late in the case. The denial of counsel at this late stage raises issues which were simply not a concern at the time of arraignment. An unfair trial looms should a misstep occur.

Therefore, in choosing which option to pursue the Court is urged not to order this attorney to withdraw. In point of fact, at this late stage this is the only way in which to preserve Mr. Jenkins' Constitutional rights. Furthermore, this course would preserve the immense amount of work that has been expended on this case, a matter to be considered both for reasons of judicial efficiency and fiscal responsibility as well.

## CONCLUSION

A hearing on this matter will be brief. Nevertheless, the constitutional ramifications of this decision are immense. As such, I ask the Court to give this matter its most serious consideration and, regardless of the decisions made on the various other issues, allow this attorney to remain as attorney of record. Furthermore, I ask the Court to seal the CJA 23 Form until the conclusion of these proceedings as this procedure may well serve to allow Mr. Jenkins

to participate in the hearing without fear of repercussions. While it is foreseeable that the Court may exercise its discretion in other ways, only by following the path outlined above will Mr. Jenkins' rights be preserved.

Dated: September 7, 2012

Respectfully submitted,

Jeffrey R. Parry, Esq.
Attorney for Defendant Joseph Jenkins
Bar Roll No. 508023
The White House, Suite L103
7030 E. Genesee Street
Fayetteville, N.Y. 13066
(315)424-6115

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 11-CR-602(GTS) |
| v. | CERTIFICATE OF SERVICE |
| JOSEPH JENKINS,              Defendant. | |

---

I hereby certify that on September 7, 2012, I electronically filed a Reply to the Government's Motion for Disclosure with the Clerk of the Court for the United States District Court for the Northern District of New York using the CM/ECF system, which sent notification of such filing to the Court and the United States Attorney's Office.

Jeffrey Parry