UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                      5:11-CR-0602
                                                               (GTS)
JOSEPH JENKINS,
                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

HON. RICHARD S. HARTUNIAN              TAMARA THOMSON, ESQ.
United States Attorney for the N.D.N.Y.        GWENDOLYN E. CARROLL, ESQ.
   Counsel for the Government                   GEOFFREY J.L. BROWN, ESQ.
100 South Clinton Street                          Assistant United States Attorneys
Syracuse, NY 13261-7198

THE PARRY LAW FIRM                         JEFFREY R. PARRY, ESQ.
   Assigned Counsel for Defendant
The White House, Suite L 103
7030 East Genesee Street
Fayetteville, NY 13066

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this criminal proceeding against Joseph Jenkins ("Defendant") for one count of transporting child pornography in violation of 18 U.S.C.§ 2252A(a)(1) and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), is a pretrial motion filed by the Government requesting (1) the disclosure of the financial affidavit (completed on "Criminal Justice Act Form 23") submitted by Defendant on October 4, 2011, and (2) a hearing to determine Defendant's financial eligibility for court-appointed counsel. (Dkt. No. 33.) For the reasons set forth below, the Government's motion is granted in part and denied in part.

## I.   RELEVANT BACKGROUND

### A.   Relevant Procedural History

On September 12, 2011, a criminal complaint was filed and an arrest warrant was signed by the United States Magistrate Judge Andrew T. Baxter charging Defendant with one count of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1), and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Dkt. Nos. 1, 4.)  On October 4, 2011, Defendant was arrested and brought before Magistrate Judge Baxter for an initial appearance on the criminal complaint.  (Dkt. No. 4; *see also* Text Minute Entry filed Oct. 4, 2011.)  That same day, Defendant requested assigned counsel, and completed a financial affidavit on Criminal Justice Act Form 23, in support of that request.  (Text Minute Entry dated Oct. 4, 2011.)  Also that same day, the Court reviewed the financial affidavit and found the defendant eligible for assigned counsel.  (*Id.*)  No trial date is currently scheduled in the proceeding.  (Text Notice filed July 10, 2012.)

### B.   Parties' Arguments on the Government's Motion

#### 1.   Government's Brief in Chief

On August 20, 2012, the Government filed a motion for the disclosure of the above-described financial affidavit.  (Dkt. No. 33.)  Generally, in support of its motion, the Government argues as follows: (1) the Government has obtained evidence (including financial records and tape recordings of telephone conversations) that, at the time Defendant signed his financial affidavit he did, in fact, possess sufficient assets to pay for his own counsel; (2) the disclosure of the financial affidavit is necessary for the Government to determine whether Defendant falsely and/or fraudulently disclosed or failed to disclose all of his assets in the financial affidavit,

warranting the Government's pursuit a separate prosecution for perjury; (3) in addition, the disclosure of the financial affidavit is necessary for the Government to prepare for a hearing on Defendant's financial eligibility for court-appointed counsel, which should be scheduled based on the factual question created by the above-described evidence adduced by the Government; and (4) because the Government does not seek to use the financial affidavit in its case-in-chief against Defendant in this proceeding, and because there is no pending trial date in this proceeding, there is no possibility that the disclosure of the financial affidavit, and/or the termination of Defendant's appointment of counsel following a hearing, would impact the resolution of this proceeding. (*Id*. at 3-11.)

### 2. Defendant's Response

On September 7, 2012, Defendant filed his response to the Government's motion. (Dkt. No. 36.) Generally, in response to the Government's argument that it is entitled to disclosure of the financial affidavit to determine whether to separately indict Defendant for perjury, Defendant argues as follows: (1) the disclosure of the financial affidavit for such a purpose is specifically prohibited by Section 210.40.20(g) of the relevant Criminal Justice Act guidelines, which provides that "the judicial inquiry into financial eligibility shall not be utilized as a forum to discover whether the person has assets subject forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act or other purposes not related to the appointment of counsel"; and (2) in any event, such disclosure by this Court is not necessary because the grand jury that the Government used to obtain Defendant's bank records is "capable of conducting [its] own investigation." (*Id*. at 4.)

Generally, in response to the Government's argument that it is entitled to disclosure of

the financial affidavit to prepare for a hearing on Defendant's financial eligibility for court-appointed counsel, Defendant argues as follows: (1) no disclosure of the financial affidavit, or hearing following that disclosure, is required for the Court to decide whether to reconsider its appointment of counsel for Defendant, because the Court need only make an "appropriate inquiry" to render its decision on that issue, and that inquiry does not require (or even permit) the Government to be heard on the issue before the Court renders that decision; and (2) in any event, no such hearing would be fair and/or fruitful because Defendant will have to invoke his 5th Amendment right to remain silent at that hearing, given the Government's "admitted intention . . . to pursue perjury charges" against Defendant.  (*Id*. at 2-4.)

Generally, in response to the Government's argument that neither the pre-trial disclosure of the financial affidavit nor the termination of appointment of counsel (following the conducting of a hearing) would impact the resolution of this proceeding, Defendant argues that such things would impact the resolution of this proceeding for two reasons: (1) disclosing the financial affidavit before trial would create an "inevitable conflict between the Defendant's 5th [Amendment privilege against self-incrimination] and [his] 6th Amendment right[] [to counsel]," due to the "unpredictable" nature of the trial process, Defendant's desire to "speak freely and without fear" at trial in this proceeding, and "any number of scenarios [that] might arise which would cause a misstep in deciding [a] motion to allow [the admission of the financial affidavit] at trial"; and (2) terminating Defendant's appointment of counsel at this stage of the proceeding would unfairly prejudice him because of the "immense amount of effort and preparation has been expended upon this case" and the amount of time remaining before trial.  (*Id*. at 5-6.)

### 3. Government's Reply

On September 14, 2012, the Government filed its reply to Defendant's response. (Dkt. No. 37.) Generally, in its reply, the Government asserts the following six arguments: (1) the disclosure of the financial affidavit for the purpose of determining whether to indict an affiant for committing perjury on an application for the appointment of counsel is not prohibited by Section 210.40.20(g) of the relevant Criminal Justice Act guidelines, which prohibits disclosure for purposes *other* than that purpose; (2) while it is true that the Court has the sole authority for determining the appointment of counsel, it is also true that Government is authorized to be heard before that termination is made, pursuant to Section 210.40.20(g); (3) there exists no special need to seal Defendant's financial affidavit until after trial, because the Government will not (a) file a superseding indictment in this proceeding joining the pending child-pornography charges with any future perjury charge, (b) use the financial affidavit in its case-in-chief in this proceeding, or (c) file a motion in limine seeking the introduction of the financial affidavit at the trial in this proceeding under Fed. R. Evid. 404(b); (4) Defendant's stated intention to assert his Fifth Amendment privilege against self-incrimination during an appointment-of-counsel hearing held in this proceeding is not an adequate reason for not holding such a hearing, because the Government will not use, and indeed is prevented by the Second Circuit from using, Defendant's testimony at such a hearing in its case-in-chief in this proceeding; (5) under the circumstances, Defendant has, but has failed to meet, his burden of establishing that he is financially unable to afford counsel; and (6) even if the Court were to find Defendant ineligible for the appointment of counsel, Defendant would still be free to retain Jeffrey R. Parry, Esq., as his defense counsel, by paying Mr. Parry himself. (*Id*. at 3-11.)

## II.     GOVERNING LEGAL STANDARD

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, mandates that each United States district court have in place a plan for furnishing representation for any person financially unable to obtain adequate representation.  18 U.S.C. § 3006A(a).  Pursuant to the CJA guidelines, determination of eligibility is up to the court.  (Dkt. No. 33, Attach. 2, at 10-11 [attaching copy of § 210.40.20 of Ch. 2 of Part A of Vol. 7 of the Admin. Office of U.S. Courts' *Guide to Judiciary Policy*].)  The form used by the court to determine eligibility for assigned counsel is the Form "CJA 23," entitled "Financial Affidavit."  (Dkt. No. 33, Attach. 3.)  "Relevant information bearing on the person's financial eligibility should be reflected on [the form] . . . ."  (Dkt. No. 33, Attach. 2, at 10 [attaching copy of § 210.40.20(d) of Ch. 2 of Part A of Vol. 7 of the Admin. Office of U.S. Courts' *Guide to Judiciary Policy*].)  "The person seeking appointment of counsel has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination."  (*Id*. at 11 [attaching copy of § 210.40.20(f) of Ch. 2 of Part A of Vol. 7 of the Admin. Office of U.S. Courts' *Guide to Judiciary Policy*].)

Even after appointment of counsel is made, a magistrate judge or the assigned district court judge retains the authority to review a defendant's eligibility for court-appointed counsel. 18 U.S.C. § 3006A(c).  More specifically, Section 3006A(c) provides as follows, in pertinent part:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

18 U.S.C. § 3006A(c).

The government has standing to make a motion requesting that the court review (even after appointment is made) a defendant's eligibility for court-appointed counsel. *See, e.g.*, *U.S. v. Harris*, 707 F.2d 653, 654-63 (2d Cir. 1983) (affirming district court decision that considered, and essentially granted, the government's post-appointment motion for a determination of that defendant was not entitled to court-appointed counsel).[1] As part of that motion, the government "may present to the court information concerning the person's eligibility [for count-appointed counsel]." (Dkt. No. 33, Attach. 2, at 11 [attaching copy of § 210.40.20(g) of Ch. 2 of Part A of Vol. 7 of the Admin. Office of U.S. Courts' *Guide to Judiciary Policy*].)  *See also U.S. v. Herbawi*, 913 F. Supp. 170, 173 (W.D.N.Y. 1996) (concluding that "the government is entitled to be heard" on the issue of a defendant's eligibility for assigned counsel).[2]

Moreover, the government has the authority to request disclosure of the above-described

---

[1] As noted by one district court, the government "always has the right, and indeed is charged with the responsibility, of bringing to the Court's attention any possible misuse or waste of public funds." *U.S. v. Zelenka*, 112 F. Supp.2d 708, 713 (M.D. Tenn. 1999).

[2] *See, e.g., Harris,* 707 F.2d at 660 ("[W]hen the government moved to terminate the appointment of counsel, it provided Judge Leval with considerable detail, ascribing to the Harris family an income of $70,000 for 1980 and $30,000 for 1981."); *U.S. v. Hilsen*, 03-CR-0919, 2004 WL 2284388, at *11 (S.D.N.Y. Oct. 12, 2004) ("Based on the foregoing, Hilsen's motion for leave to submit a CJA 23 ex parte and under seal is denied. In light of this conclusion, should Hilsen decide to submit a CJA 23 or otherwise provide information concerning his financial status in support of an application for appointed counsel, the government will have the opportunity to respond to Hilsen's application . . . ."); *U.S. v. Hennessey*, 575 F. Supp. 119, 120 (N.D.N.Y. 1983) (Miner, J.) ("[On the date on which defendant was directed to show cause why the appointment of Mr. Dreyer should not be terminated for the defendant's failure to show that he is financially unable to obtain counsel], the Court considered the affidavit, exhibits and authorities submitted on behalf of the Government, as well as the affidavit in opposition submitted by Mr. Dreyer, and heard the arguments of counsel."), *aff'd*, 751 F.2d 372 (2d Cir. 1984).

financial affidavit on the ground that it is necessary for the government to determine whether to seek a separate indictment against the affiant for perjury. *See, e.g.*, *U.S. v. Venator*, 568 F. Supp. 832, 836 (N.D.N.Y. 1983) (Munson, C.J.) (granting government's motion for order "unsealing of defendant's CJA affidavit and other financial information at the close of trial to allow the Government to evaluate the necessity and wisdom of pursuing a recoupment proceeding under 18 U.S.C. § 3006A(f) or a perjury prosecution against defendant if it is determined that he has obtained appointed counsel through untruthful financial affidavits"); *cf. Harris*, 707 F.2d at 658 ("[F]alse statements in an application for counsel under the Act are subject to the penalties of perjury.").

### III.   ANALYSIS

After carefully considering the matter, including the legal standard recited in Part II of this Decision and Order, the Court grants the Government's motion to the extent that it requests an Order directing the disclosure of Defendant's financial affidavit, for all of the reasons stated in the Government's memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. (*See also* Dkt. Nos. 33, 37.) The Court would add only that the current case appears distinguishable from the cases that have denied such a motion based on the Fifth Amendment, in that Defendant's representations in his financial affidavit bear little, if any, relevance to his underlying prosecution for child pornography. In any event, the Court agrees with the parties that the Second Circuit precludes the Government from using the information contained in the financial affidavit as part of its case-in-chief in this proceeding (and the Court takes Government counsel at their word, as officers of the Court, that they will not even attempt to so use the information contained in the financial affidavit).

However, the Court denies as moot the Government's motion to the extent that it requests an Order scheduling a hearing to determine Defendant's financial eligibility for court-appointed counsel. No such hearing is necessary given (1) the fact that a financial affidavit, together with the *admissible* evidence adduced by the Government in its current motion, will constitute sufficient evidence on which the Court may base a decision, (2) the fact that Defendant has stated his intention not to testify at such a hearing, and (3) the fact that, indeed, Defendant has stated his belief that no such hearing is required. *See, supra,* Part I.B.2. of this Decision and Order. The Court highlights the word "admissible" in the first aforementioned fact because, while the CapitalOne financial records are accompanied by a declaration and are thus in admissible form (Dkt. No. 37, Attach. 6, at 2), the telephone transcript, Ameriprise Financial records, First Niagara Bank records, and LexisNexis records do not appear to be accompanied by a declaration (*see* Dkt. No. 33, Attach. 4-6; Dkt. No. 38 & Attach. 1-5, 7).

Finally, in order to give the Government an opportunity to correct the omissions referenced in the previous sentence, and to give Defendant another opportunity to adduce evidence demonstrating his eligibility for appointment of counsel, the Court will give each party until October 19, 2012, by which to file further papers on the issue of whether Defendant's appointment of counsel should be terminated. <u>After that date, the Court will render a decision on that issue, based on the submissions of the parties</u>.

**ACCORDINGLY**, it is

**ORDERED** the Government's motion for the disclosure of the financial affidavit submitted by Defendant on October 4, 2011 (Dkt. No. 33), is **<u>GRANTED</u>**; and

**ORDERED** that the Government's motion for a hearing to determine Defendant's financial eligibility for court-appointed counsel is **DENIED as moot**; and it is further

**ORDERED** that the Clerk of the Court shall mail to counsel in this action, by regular mail, a copy of the financial affidavit submitted by Defendant on October 4, 2011; and it is further

**ORDERED** that each party has until **OCTOBER 19, 2012**, by which to file further papers on the issue of whether Defendant's appointment of counsel should be terminated.

Dated: October 9, 2012
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge