UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    Case No.  5:11-cr-00602-GTS

v.

JOSEPH JENKINS,
                     Defendant.
_____

**DEFENDANT'S RESPONSE IN OPPOSITION TO A REVALUATION OF DEFENDANT'S ELIGIBILITY FOR ASSIGNED COUNSEL**

Based upon previous motion practice, the Court allowed the defendant the opportunity to be heard as to "adduce evidence demonstrating his eligibility for appointment of counsel". In turn, the Government was granted the opportunity to submit further papers on the issue of whether defense counsel should be terminated. This document constitutes the defendant's reply.

**I.**    **The Defendant Reiterates his Previous Objections to the Denial of Counsel.**

For the reasons previously stated in Defendant's earlier brief, the objections to this inquiry are hereby reiterated for the record.

**II.**    **The Denial or Even the Change of Counsel at this Late Stage in the Proceedings is inevitably Prejudicial as a Denial of Defendant's Sixth Amendment Rights**

This proceeding was initiated on October 4, 2011 and counsel was appointed at that time.

For over one year, the attorney/client relationship has developed and the work on Mr. Jenkins case has progressed. To deny counsel at this late stage would, therefore, place Mr. Jenkins at a disadvantage in that new counsel would require months to duplicate the legal work and investigation that have thus far been provided. Mr. Jenkins would be placed in the untenable position of never catching up in his preparation for trial. Inevitably a new attorney would remain one year behind in his mastery of each and every issue that will be presented at trial. As such, a change in attorneys at this point, whether financially justified or not, is an encumbrance upon Mr. Jenkins' fundamental right to counsel and should be avoided.

Furthermore, and as stated more completely in Defendant's original brief, the Court has other options short of relieving counsel. These include alternate payment options which would concern. Respectfully, it is strongly asserted that, if the Court changes its position as to the need for assigned counsel, it may well be the better choice to order reimbursement rather than a substitution of counsel.

### III. Mr. Jenkins Reasserts his Right to Remain Silent on this Issue Pursuant to the Fifth Amendment to the United States Constitution.

Most importantly, and even though the Court has precluded mention of these issues in the trial of this matter, Mr. Jenkins remains subject to an ongoing investigation by the Grand Jury. In this regard the United States Attorney has made it very clear that she intends to pursue a perjury charge based upon the issues raised by this very motion. As such, and in spite of the Court's Order precluding these matters from use at the trial of this matter, Mr. Jenkins remains in jeopardy of being indicted in a collateral proceeding. Literally, anything he says, no matter how benign, might serve to incriminate him.

As such, and with the advice of counsel, Mr. Jenkins hereby reasserts his right to remain silent pursuant to the Fifth Amendment.

Dated: October 19, 2012

Respectfully submitted,

*[signature]*

Jeffrey R. Parry, Esq.
Attorney for Defendant Joseph Jenkins
Bar Roll No. 508023
The White House, Suite L103
7030 E. Genesee Street
Fayetteville, N.Y. 13066
(315)424-6115