

**U.S. Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street*

*Room 900; P.O. Box 7198*
*Syracuse, New York  13261-7198*
*(315) 448-0672*

April 9, 2013

The Honorable Glenn T. Suddaby
United States District Court Judge
James M. Hanley Federal Building
100 S. Clinton Street
Syracuse, NY 13202

Re:   *United States v. Joseph Vincent Jenkins*
      Criminal Case No.: 5:11-CR-602 (GTS)

Dear Judge Suddaby:

  The government submits this following letter in order to apprise the Court of correspondence received by the government from defendant Joseph Jenkins concerning the government's discovery obligations and to respectfully request the scheduling of a status conference as soon as defendant Jenkins' pending appeal is dismissed.  Defendant Joseph Jenkins stands charged by Indictment with one count of transporting child pornography in violation of Title 18, United States Code, Section 2252A(a)(1) and one count of possessing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).  Doc. No. 10.  On June 25, 2012, defendant Jenkins filed a letter request seeking full discovery.  Doc. No. 21.  On July 6, 2012, the government filed a letter response indicating that it had fully complied with its discovery obligations, including by arranging a meeting with defendant Jenkins and his counsel on March 15, 2012, to review the evidence against defendant Jenkins.  Doc. No. 24 at 1-2.  During that meeting, defendant Jenkins declined to review the discovery presented by the government. Doc. No. 24 at 2.  Further, on July 6, 2012, the government extended another offer to defendant Jenkins to review the discovery, and the defendant again declined the opportunity.  Doc. No. 24 at 2.

  On July 9, 2012, defendant Jenkins filed a motion to suppress the electronic evidence seized from him by Canadian law enforcement officials and to compel discovery.  Doc. No. 25.  The government opposed the motion, and on August 24, 2012, this Court issued a Decision and Order denying the defendant's motion to suppress evidence and statements, denying the defendant's motion

to compel discovery, and determining that further motions would be allowed only on a showing of good cause.  Doc. No. 34 at 11-12.

On November 8, 2012, this Court issued a decision and order terminating the Defendant's appointment of counsel under the Criminal Justice Act on the grounds that the "Defendant was financially able when he filled out financial affidavit in October of 2011, and is still financially able at this time, to obtain counsel without appointment of such counsel under the Criminal Justice Act."  Doc. No. 48 at 8-9.  On November 12, 2012, defendant Jenkins filed a notice of appeal of this Court's November 8, 2012 decision and order.  Doc. No. 49.  On December 13, 2013, the United States Court of Appeals for the Second Circuit assigned case number 12-4543 to defendant Jenkins' appeal.  Doc. Entry dated December 13, 2013.

On January 11, 2013, defendant Jenkins filed a letter request for a pretrial status conference.  Doc. No. 52.  On February 5, 2013, defendant Jenkins filed a letter brief addressed to AUSA Tamara Thomson requesting discovery material and indicating that counsel Jeffrey Parry was no longer representing him.  Doc. No. 53.  On March 31, 2013, government counsel received a personally addressed letter from defendant Jenkins (attached as Exhibit A) on which this Court was copied again asserting that the government has failed "to provide detailed information about the case and materials needed for my purposes."  Exhibit A at 1.  On April 9, 2013, defendant Jenkins filed a copy of a letter addressed to the Second Circuit Court of Appeals indicating his desire to withdraw his appeal.  Doc. No. 55.  The Second Circuit has not yet issued a dismissal order in response to defendant Jenkins' request.

As the Second Circuit has recognized, "[a]s a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals. *United States v. Rivera*, 844 F.2d 916, 921 (2d Cir.1988) ('Simply put, jurisdiction follows the mandate.')." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996).  "With limited exceptions not relevant in this case, the jurisdiction of federal courts of appeals is limited to appeals from final decisions of the district courts." *Rodgers*, 101 F.3d at 251.  Thus, if an appeal from a "final decision" pends in the Second Circuit, the district court is divested of jurisdiction.

In *United States v. Parker*, 439 F.3d 81, n.9 (2d Cir. 2006), the Second Circuit determined that "the denial of mid-case appointment under § 3006A(c),. . . constitutes a 'final decision' under the collateral order doctrine," and therefore, is appealable.  *Id.* at n.9 ("While recognizing that 'the question appears close,' *United States v. Birrell*, 482 F.2d 890, 892 (2d Cir.1973) (per curiam), we follow the rationale of several earlier cases by "resolv[ing] the doubt in favor of appealability")(some internal citations omitted).

In view of the temporary divestiture of jurisdiction from the district court, the government has not responded previously to defendant Jenkins' correspondence, reflected in docket nos. 52, 53 and Exhibit A.  However, in light of the pending withdrawal of appeal filed by defendant Jenkins,

the government writes now to respectfully request that this Court schedule a status conference as soon as possible once the Second Circuit grants defendant Jenkins' request and issues a dismissal order of defendant Jenkins' appeal. Regarding the substance of defendant Jenkins' discovery requests, the government respectfully refers this Court to its memorandum filed on July 6, 2012 (Doc. No. 24) and this Court's previously issued decision concerning the government's compliance with its discovery obligations. *See* Doc. No. 34 at 11-12. The government again affirms for the Court that it is fully aware of its discovery obligations and will continue to comply with them.

                          Respectfully,

                          RICHARD S. HARTUNIAN
                          United States Attorney

By:   */s/ Gwendolyn E. Carroll*
       Gwendolyn E. Carroll
       Assistant United States Attorney
       Bar Roll No. 515777

CC:    Joseph Jenkins