**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Criminal Action No.** |
| | **11-CR- 602 (GTS)** |
| v. | |
| | **Speedy Trial Exclusion** |
| | **Pursuant to 18 U.S.C.** |
| **JOSEPH JENKINS,** | **§ 3161(h)(1)(D)** |
| **Defendant.** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES MOTION FOR A STATUS CONFERENCE AND TRIAL DATE**

**I.    INTRODUCTION AND PROCEDURAL BACKGROUND**

On September 12, 2011, a criminal complaint was filed and an arrest warrant was signed by the United States Magistrate Judge Andrew T. Baxter charging Defendant with one count of transporting child pornography in violation of Title 18, United States Code, Section 2252A(a)(1) and one count of possessing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). Doc. Nos. 1, 4. On October 4, 2011, Defendant was arrested and brought before Magistrate Judge Baxter for an initial appearance. Doc. No. 4. At the initial appearance Defendant completed a financial affidavit (Criminal Justice Form 23) in support of his request for assigned counsel. *See* Text minute entry dated October 4, 2011. After reviewing the financial affidavit, Defendant was found eligible for assigned counsel. *Id.* On December 21, 2011, Defendant was indicted by a federal grand jury for one count of transporting child pornography in violation of Title

18, United States Code, Section 2252A(a)(1) and one count of possessing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). Doc. No. 10.

On August 20, 2012, the government filed a motion to disclose Defendant's CJA Form 23 and for a hearing to determine Defendant's eligibility for assigned counsel. Doc. No. 33. On November 8, 2012, this Court issued a decision and order terminating Defendant's appointment of counsel under the Criminal Justice Act on the grounds that "Defendant was financially able when he filled out financial affidavit in October of 2011, and is still financially able at this time, to obtain counsel without appointment of such counsel under the Criminal Justice Act." Doc. No. 48 at 8-9. Moreover, the Court ordered that:

> "[t]he Defendant "shall have thirty days from the date of this order to retain an attorney. Defendant may retain either Mr. Parry or an attorney of his choice. Defendant is directed to advise this Court by DECEMBER 10, 2012 as to who his attorney will be by the filing of a notice of attorney appearance. In the event that an attorney has not filed a notice of attorney appearance on behalf of the defendant by December 10, 2012, the Court will schedule an immediate pretrial conference requiring the Defendant's attendance to determine Defendant's intentions with regard to representation."

Doc. No. 48 at 10.

On November 12, 2012, Defendant filed a notice of appeal of this Court's November 8, 2012 decision and order. Doc. No. 49. On December 13, 2013, the United States Court of Appeals for the Second Circuit assigned case number 12-4543 to defendant Jenkins' appeal. Doc. Entry dated December 13, 2013. On April 9, 2013, Joseph Jenkins filed a motion to the United States Court of Appeals for the Second Circuit to withdraw his appeal. On April 9, 2013, the government wrote to the Court to advise the Court of the pending withdrawal of appeal filed by defendant Jenkins and to request a status conference once the Second Circuit granted defendant Jenkins' request and issued

2

a dismissal order of defendant Jenkins' appeal. On April 15, 2013, the United States Court of Appeals for the Second Circuit filed a motion order granting Defendant's motion to withdraw appeal. Doc. Entry dated April 15, 2013.

## II.     MOTION FOR A PRETRIAL STATUS CONFERENCE

The United States respectfully moves this Court for a pretrial status conference, with Defendant present, to address Defendant's representation or lack thereof and address outstanding discovery issues.

### A.     *The Defendant is unrepresented by counsel*.

To date, Defendant is unrepresented by counsel, that is, no attorney has filed a notice of appearance on his behalf.[1] Prior to the divestiture of jurisdiction to the Court of Appeals, as previously noted, this honorable court directed Defendant to retain an attorney and file a notice of attorney within thirty days. The court ordered that if the defendant failed to do so, the Court would schedule an immediate pretrial conference to determine Defendant's intentions. In order to protect Defendant's right, and simultaneously protect both parties rights to a Speedy Trial, it is necessary for the Court to ascertain the intentions of the defendant with regard to his representation. Therefore, the United States respectfully requests a pretrial status conference to address Defendant's representation.

### B.     *Request for a Faretta Hearing, should Defendant wish to represent himself.*

The United States respectfully moves this Court to engage in a colloquy with Defendant to advise Defendant of his right to counsel, and right to waive counsel in favor of his right to self-

---

[1] In correspondence dated January 22, 2013, Defendant requests discovery and notes that "[t]here is more information missing, but I need to consult a lawyer before requesting it." Doc. No. 53. There is no indication whether or not Defendant has done so.

representation. Should the Defendant indicate that he wishes to represent himself, the United States respectfully moves for a *Faretta* hearing. *See Faretta v. California*, 422 U.S. 806 (1975) (holding that the Sixth Amendment implies a right of self-representation). While there is no precise script for the inquiry to be made of the defendant, the United States would ask the Court to address: the defendant's education or sophistication, the nature and complexity of the charges, the right to an attorney, the right to self-representation, the advantage of competent legal representation, the risks and disadvantages of self-representation, the range of possible penalties, whether the defendant has any prior experience with the law or representing himself, and the technical problems that he may encounter representing himself while incarcerated (such as lack of access to a law library).

The Sixth Amendment to the United States Constitution explicitly guarantees the accused the right to counsel and implicitly gives a defendant the right to self-representation. U.S.C.A. Const. Amend, 6; *See also Faretta v. California*, 422 U.S. 806. When defendants state an intention to proceed *pro se,* the trial court must make a record that the decision was made knowingly and intelligently, "with full awareness of the right to counsel and consequences of its waiver." *United States v. Tracy,* 12 F.3d 1186, 1191 (2d Cir. 1993). To make the determination if the waiver is knowingly and voluntarily, the trial court must examine the facts and circumstances of the case and the characteristics of the defendant. *Id.* In *United States v. Schmidt*, 105 F.3d 82, 88 (2d Cir.) *cert. denied*, 522 U.S. 846, 118 S.Ct. 130, 139 (1997), the court noted that the following factors should be carefully examined in making a determination regarding the waiver: defendant's education, family, employment history, general conduct, and any other relevant circumstances. In *United States v. Fore*, 169 F.3d 104 (2d Cir. 1999), the Court advised that:

> "[t]he district judge and defendant should engage in a colloquy on the record, but there is no scripted procedure for this...'full and calm discussion' with defendant during which he is made aware of the dangers and disadvantages of proceeding *pro se*." (citation omitted) The content of that discussion normally includes a discussion of 'the nature of the charges, the range of allowable punishments, and the risks of self-representation.'"

To ensure a valid waiver of counsel, the district judge should make a full record of the advisement to the defendant of the rights he has pursuant to the Sixth Amendment and the awareness of the disadvantages of self-representation. *See Iowa v. Tovar*, 541 U.S. 77, 92 (2004)(holding that the case-specific factors to be considered are the defendant's education or sophistication, the nature and complexity of the charge, and the stage of the proceeding); *Torres v. U.S.,* 140 F.3d 392, 401 (2d Cir. 1998) (explaining that the court should engage in a discussion on the record to ensure the defendant is aware of the risks and ramifications of self-representation).

    C.    *Discovery*

On June 25, 2012, Defendant filed a letter request seeking full discovery. Doc. No. 21. On July 6, 2012, the government filed a letter response indicating that it had fully complied with its discovery obligations, including by arranging a meeting with defendant Jenkins and his counsel on March 15, 2012, to review the evidence against defendant Jenkins. Doc. No. 24 at 1-2. During that meeting, defendant Jenkins declined to review the discovery presented by the government. Doc. No. 24 at 2. Further, the government, at Defendant's request, had arranged a transport order, issued on July 5, 2012, for Defendant and counsel to have another opportunity to review the evidence against Defendant. The government was advised by counsel that Defendant did not wish to attend the meeting scheduled for July 6, 2012 or view the evidence. Doc. No. 24 at 2.

On January 11, 2013, Defendant filed a letter request for a pretrial status conference. Doc. No. 52. On February 5, 2013, Defendant Jenkins filed a letter brief addressed to AUSA Tamara Thomson requesting discovery material and indicating that counsel Jeffrey Parry was no longer representing him. Doc. No. 53. On March 31, 2013, government counsel received a personally addressed letter from Defendant (attached as Exhibit A to the government's April 9, 2013 letter to the Court) on which this Court was copied, again asserting discovery violations against the government. Exhibit A at 1. As noted in the government's letter of April 9, 2013, and in view of the temporary divestiture of jurisdiction from the district court, the government did not respond to Defendant Jenkins' correspondence, reflected in docket nos. 52, 53 and Exhibit A.

As previously requested in the government's April 9, 2013 correspondence to the Court, the government moves the court for a pretrial status conference to address defendant's discovery complaints. The government respectfully refers the Court to its memorandum filed on July 6, 2012 (Doc. No. 24) and this Court's previously issued decision concerning the government's compliance with its discovery obligations. *See* Doc. No. 34 at 11-12. As previously noted, the government again affirms for the Court that it is fully aware of its discovery obligations and will continue to comply with them.

### III. MOTION FOR A TRIAL DATE

In addition to the scheduling of a pretrial status conference, the United States respectfully moves for a trial date of this matter. The government further represents that the matter is trial ready.

## IV. CONCLUSION

Based upon the foregoing, the Court should set a Pretrial Status Conference, on the record, during which the Court should address the defendant's representation and address any unresolved discovery issues. Further, the Court should schedule a trial date.

Dated: April 17, 2013

        RICHARD S. HARTUNIAN
        United States Attorney
        Northern District of New York

        /s/

By:    Tamara B. Thomson
        Assistant U.S. Attorney
        Bar Roll No. 515310

        /s/

By:    Gwendolyn E. Carroll
        Assistant U.S. Attorney
        Bar Roll No. 515777

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**

**v.**

**JOSEPH JENKINS,**

       **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal Action No.
11-CR-062 (NAM)

### CERTIFICATE OF SERVICE VIA ECF

I hereby certify that on April 17, 2013, I electronically filed the **UNITED STATES MOTION FOR A STATUS CONFERENCE AND TRIAL DATE** with the Clerk of the District Court using the CM/ECF system.

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of New York and is a person of such age and discretion as to be competent to serve papers.

That on April 17, 2013, the undersigned mailed a copy of the attached **UNITED STATES MOTION FOR A STATUS CONFERENCE AND TRIAL DATE** by mailing to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Room 900, 100 S. Clinton Street, Syracuse, NY  13261.

    Joseph Jenkins, Pro Se
    USMS 19324052
    Cayuga County Jail
    7445 County House Road
    Auburn, NY   13021

                            /s/
                            Lori A. Geer