

May 13, 2013 Motion

CASE 5:11-cr-00602-GTS

(17 pages-total)

US District Court
P.O. Box 7396
Syracuse, NY 13261
RE: US vs Jenkins

Joseph Jenkins
7445 County House Rd
Auburn, NY 13021

US Attorney - Thomson
100 South Clinton Street
Syracuse, NY 13261-7198

FILED
MAY 15 2013
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

Defendant asks the court for immediate relief and remedy(s) to the following issues. I cite Unjustified delays, improper conduct by police and lawyers, as well as US attorney, Dating back as far as May 25, 2009. Defense seeks dismissal of all charges or immediate hearings on the following issues.

I. Background

I refer to previous filings made April 17, April 28 and May 5, 2013. These filings are mainly to request discovery that the government has had in it's possession for years, documented by their paperwork. I believe there are extreme measures being taken to cover up Conspiracies on behalf of police agencies, In US and Canada which points to an International Conspiracy to improperly shift jurisdiction of proceedings and tamper with Original Evidence from previous Canadian court proceedings. These attempts to withold paperwork and physical evidence have caused unexcusable delays, all the time during my confinement, which has led to duress and life altering changes, being denied release for allegations unfounded and unsupported to date of happenings in a forign jurisdiction.

May 13, 2013 | US vs. Jenkins                                      ②

II   Statement of Facts, according to dates. This information
will be verified by requested discovery, some paperwork exists already.

May 24th 2009 - I took my work truck with a large trailer
needed for recreational equipment to the port of Landsdowne
to seek entry to canada. I was early and I was one
of the only vehicles there. Upon pulling up to the guard
booth the guard was already writing out (an) a secondary
inspection ticket. I was directed into inspection area, three
officers immediently converged on the vehicle. After a long
invasive and intrusive search which included a briefcase
with current computer. I was arrested for possession of child
pornography. Never being given any futher details or where fund.
May 25th 2009 - According to department of homeland security
paperwork through agencies in Ottawa Canada, C.B.S.A
(Canada border security agency), OPP (off Ontario provincial
police), I.C.E (Immigrations Customs Enforcement) DHS
(Department of Homeland security) Collateral Requests of
investigative findings began between the latter mentioned
agencies, concerning myself. Requests also were sent to
ICAC Syracuse to conduct an investigation in the United
States. DHS reported it would continue investigations.
May 26th 2009 - I was released on bail in Brockville, Ont
after retaining a lawyer. Steven Edgley of Brockville, Ont, CA.
Upon pulling up to the first US agent (Guard Booth), I
was immediently detained, searched, questioned asked to
waive constitutional rights and eventually released, much later.

May 13, 2013  Us vs Jenkins                                         ③

Attorney Edgley appeared on my behalf on/for court dates June 19, July 3, October 30, November 27, 2009 and again on January 8, 2010 all court dates were adjourned to lack of any discovery from Crown Attorney.

March 3, 2010 - A letter was sent from Edgley to Attorney Timothy Buckley who was hired as a go between he is a (Geneva area attorney (local). This letter outlined options and included a very preliminary report on forensic exams and investigations. It was favorable for the time, no child pornography was accessable on either computer and showed no indication it was acquired, viewed, transmitted, emailed or anything of the kind, it was decided to wait for the full report.

February 5, 2010 was a prior court date, no discovery was made but a trial date was set by Edgley to force discovery and to set up a speedy trial motion. September 13, 2010 was first available date, six months away.

July 28, 2010 - Edgley sent a letter to Crown Attorney in canada. Stated no discovery was made for Sept 13 up coming court date, time was needed for defense examination, preparation.

September 2, 2010 - Edgley said no discovery was made but and crown was to forfeit proceeding. Asked me to attend court on September 13, 2010. Request to Buckley in writing (fax)

September 10, 2010 - DHS issued investigative findings between CSBA, OPP and discussions on August 31, 2010 about my trial in Brockville CA. That the investigation would continue. Interm report origionally assigned 052609 report details CSBA, concerning myself.

May 13, 2013   US vs Jenkins                                                    ④

    September 13, 2010 - I traveled to Brockville Ont, CA to attend court as requested by my attorney. Session began in the afternoon. Edgley prepared a dismiss motion to dismiss the case for discovery violations/Time. Judge admitted on record that September 13, 2010 was way too far out/off from February 5th to set a court date, it should have been much sooner. Expert Computer guy from Toronto attended and brought computer equipment. He said that the forensic exam was less than half complete and made excuses for over an hour about why and admitted they failed to meet full discovery requirements and time lines (16 months into an investigation) Cross examination discussed chain of custody and time line. Expert admitted this was a small case and was given no priority. Court was adjourned. Judge to rule on the matter October 18, 2010.① Upon returing to US. No further discovery or forensic examination was submitted, I was not told to attend on October 18, 2010 this is confirmed in attorney to attorney paperwork.

October 18, 2010 - Edgley attended court on my behalf an adjournment or dismissal of charges was expected. He called me later in the day and said the judge decided to continue anyways because Crown assembled officers, 'a trick!' A warrant was issued for my arrest in Canada. Attorney said it was subject to extradition, was not serious enough for Canada to attempt, I would not be arrested unless attending Canada without clearing charges.

① I was once again detained, questioned, searched, harrassed by DHS

May 13, 2013  US vs Jenkins                                                    ⑤

### III  Issues of Joint Investigations; See Conspiracy Arguement (Ⅴ)

There is a motion (several actually) for production of all
materials associated with the governments involvement in
this collateral investigation of a US citizen. Including
interagency, international 'Flagging' by computer or
other means. I refer to my May 5, 2013 submissions and before.
This is to be used in conjunction with existing paperwork
dating to 5-26-09 detailing investigations that began 5-25-09.
I have witnesses of immediate detension on 5-26-09.

(forthcoming) Report/statement from a Canadian Attorney Edgley on issues
relating to another physical intervention by DHS on 9-13-10.

Depending on the outcome of a May 5, 2013 motion and
previous requests. The defense feels there is currently enough
evidence to ask the court to apply US constitutional rights
to the matter at hand.

Also to look into the government denials of a joint
investigation in response to a defense motion in July 2012.

Defense sights paperwork trails and physical interference
since the day I the defendant was released from Canada
in May 2009, as sufficient cause to apply rights such
as: Speedy Trial; Due Process; 4th amendment rights to
unlawful search and seizure, unreasonable government intrusion, to
all Canadian Proceedings, US government intrusion before and
after October 18, 2010, interfering with due process in Canada Proceedings.

The defense believes there is more than enough cause to
warrant dismissal of US proceedings for constitutional rights violations.

May 13, 2013   US vs Jenkins                                                    6

IV   Improper Forfeture of evidence; Improper Seizure of evidence;
Police and Federal agents acted beyond their authority; Government
had not properly conferred authority as required by treaty.


The US Extradition Treaty with Canada clearly requires ~~Executive~~
Executive, Judicial or Diplomatic authority to confir and consult to
decide issues reguarding purposes of prosecution and extradition
between the two countries.

The canadians clearly decided to prosecute the case and the
evidence almost four years ago. The case remains on the Canadians
Provincial Docket as trial ready.

The defense argues that since the Canadians decided to prosecute
and saw the case to trial, such as it was, presented, after sixteen
months, less than half a forensic analysis, presented at a trial
scheduled six months in advance and discovery requirements not met, they
have the obligation to follow through with due process. In this case
it would require a proper extradition hearing to settle obvious
investigation issues with the physical evidence and proper reports
being issued to comply with discovery requirements for trial.

OPP completely bumbled the investigation and ~~submited~~ submitted
incomplete reports days before a trial scheduled six months in
advance. According to DHS Paperwork, OPP investigator Vinette who
was involved from the start-was well aware, OPP investigator
Wohlert who was also in charge from the start and lost most
of the evidence should have been aware as well.

More disturbingly is the judge let the proceeding continue with
an incomplete investigation and without Canadas full discovery requirement.

May 13, 2013   US vs Jenkins                                                    (7)

   I the defendant was treated improperly by the Canadians, I'm not sure of the Due Process under Canadian Law, but believed I was entitled to assylum in the US subject to proper extradition proceedings. I was told this by the canadian Lawyer, I was subject to a formal proceeding and would not be arrested unless trying to attend Canada without clearing the charges, previously.

   According to the warrant to search the physical evidence that Wohlert obtained, returned, 'Report to a justice' Signed and dated July 2, 2009. Wohlert was to 'retain seized items' until the 'trial was completed.' The trial has obviously not been completed to date, Edgley did not inform me of further action.

   The defense sees that the evidence was held at a judicial level for trial. I see no where, where Wohlert sought proper release from the judge to forfeit this evidence that is being held for an open trial, thats led to two trials at once.

   This was an improper forfeiture of evidence by Wohlert and constitutes all of an illegal seizure by DHS who took possession without a warrant, neither had proper authority to forfeit of seize the evidence, or what remained of it, anyways.

   The paperwork that supposedly gave Willard cause to 'seize' the evidence that Wohlert 'turned over' to him, has not been provided to the defense two and a half years later. It was promptly provided to DHS myers on 10-21-10, never seen again.

   I further argue that Wohlert and Willard are not excutive authority, both are low level investigators that search Vehicles at the border. The case was submitted to trial and was quite over their heads, held by a judge for trial. (Canadian)

May 13, 2013 | US vs Jenkins (2.5)

I argue that this 'turn over' of evidence was an improper seizure of property without proper authority and was equal to an out the back door, or under the table transaction with the direct intent to bypass due process (Of an American Citizen) This has led to a violation of many Constitutional rights, besides several due process violations, right to fair trial, Proper Extradition proceedings. Fourth Amendment rights to be free of unlawful search and seizure, the whole matter from the start constitutes an unreasonable government intrusion, without just cause.

This case was obviously a collaboration from the start, a joint investigation and a scheme to improperly shift proceedings across borders to a jurisdiction with harsh penalties without proper proceedings. The US government should protect it's citizens from wrong doing in other countries when the citizen is within it's borders and entitled to constitutional protections and assylum.

This is either a conspiracy from day one or an attempt for a Canadian Investigator to somehow redeem himself for a completely botched and mishandled investigation in which he lost evidence and failed to complete an investigation for trial. He turned over what was left of two years of bumbling to DHS, improperly seeking redemption, or it was the final part of an improper conspiracy.

The defendant asks the court to see this whole transaction and case for exactly what it was, nothing more than improper scheming and conduct from police that was an attempt to bypass constitutional rights, improperly and without due process. I ask the court to dismiss the case immediantly.

May 13, 2013 | US vs Jenkins                                                    (8)

V. Defense alleges that police agencies engaged in an illegal international conspiracy to improperly shift jurisdiction of the case avoiding due process, violating the defendants constitutional rights, engaging in further conspiracies to cover up actions of physical detainment and joint investigations.

Beginning May 25th 2009 Investigating agencies collaborated efforts to purposely delay due process in Canadian proceedings while american agencies purposely interfered and physically interfered with ~~the~~ my traveling to and from Canadian proceedings in an attempt to harrass, bully and discourage further attendance of Candian proceedings, and sabotage proceedings. Paperwork trails to date indicated US border agents/DHS knew of my court dates ahead of time and were waiting and plotting to ~~~~ intercept me upon return state side. 9-10-10 paperwork from DHS details communications with OPP Investigator Vinette on August 31, 2010. Vinette informed them of my up coming trial date on September 13, 2010 two weeks away. Vinette was involved in the matter since May 24, 2009 as well as Wohlert both investigators from OPP who was also handling the forensic investigation into the case. Vinette seems to have known of the court date ahead of time as she informed DHS, however, OPP had only completed less than half of the forensic exam and had not made trial disclosure as of August 31, 2010. (To my knowledge, why I seek Sept 13, 2010 Transcripts) I am sure full disclosure had to be made 14 days in advance in Canada, It was not met.

May 13, 2013 | US vs Jenkins                                                    ⑨

For all of the discussion about my upcoming court date between all of these agencies, why was the forensic exam report submitted less than half complete for the trial scheduled September 13th 2000 by OPP when they knew of the upcoming trial six months ahead of time and had sixteen months to complete it?

I've stated to the best of my knowledge what I know of the two Canadian Court dates. I have sought the transcripts for some time to confirm this, with help from family we have been unable to obtain them. I believe the Canadian lawyer is looking into it now, recently obtained his new information, he moved.

Whatever happened October 18, 2010 which resulted in a warrant, the paperwork and forensic reports that my Canadian Lawyer could not obtain, even half complete, until days before September 13, 2010, were almost instantly provided to DHS Meyers strangely enough the next business day, in Buffalo N.Y.

When I attended court in Brockville CA on the 13th of September, I heard hours worth of excuses why the forensic reports were not complete, even one that the OPP investigator did not know the case was going to trial, despite all of the paperwork circulating inter agency and across the border, relating to it.

I myself have not seen these reports four years later or any even complete examination on any physical evidence, though three quarters of it seems to be either missing or damaged.

Further paperwork indicates Willard of DHS received (8) of (15) items of original seizure, only (7) were logged into evidence which counts (1) inoperable computer seized without a

May 13, 2013   US vs Jenkins                                    (10)

power supply. So of the (15) items seized by CBSA between Wohlert and Willard (6) are present for examination after Willard lost a camera card and possibly a power supply.

After this 'seizure' of questionable circumstances which included incomplete, unpreserved and inoperable evidence (see my other motions) The dates suddenly change on all DHS paper work from date assigned 5-26-09 to 3-7-11.

When Willard took possession of this well preserved evidence from OPP Wohlert, Wohlert stated that "Jenkins had chosen not to return to Canada to face Justice." This from the man who personally bumbled the Canadian Police investigation and lost evidence, with Willards help.

Willard then proceeds with his investigation after logging in what evidence remained at 'April 1, 2011 at exactly twelve noon.' Investigators proceeded to provide their own analysis of this incomplete, inoperable and unpreserved evidence. Now there is suddenly material there that was not present years before, all the while suppressing the 10-21-10 Forensic reports used to start their own investigation.' To date this is not available although it offers evidence against their indictment, proves Tampering.

DHS and Prosecutors never indicated their involvement prior to 10-21-10 and denied joint investigations to date, although paper-work clearly shows involvement of DHS and RAC Syracuse from start.

(DHS)
(5-26-09) →

The defendant sees this as cause for dismissal of all charges, it was intentional deception and scheming to violate constitutional rights by conspiring with forign police and US prosecution, this was all done with obvious mal-intent.

May 13, 2013 | US vs Jenkins                                                    (11)

VI | DHS agents seized incomplete, inoperable, and unpreserved
evidence with a highly faulted chain of custody, from OPP.
Defense believes this warrants dismissal of charges resulting from this evidence
Evidence originally seized by CBSA turned over to OPP
and later to DHS was mishandled by Canadians and later
mishandled by DHS.

On May 24th 2009, CBSA questionably searched and seized
(15 items)— Toshiba computer (98175808W), Compaq computer (CNF3362GPN),
(3) USB sticks (no serial numbers), (6) CD's (no distinguishable traits, one Compaq),
Wireless Notebook card (15822C9302697), Olympus Camera (408242909),
Olympus Picture Card (MDX 16P3K 5710655X30421MAD) Cell phone (no serial).
This all according to an evidence seizure receipt by CBSA not
signed but dated 5-24-2009. (15) items total.

It is reported that these items disposition, Queens
Warehouse. Not itemized, no value, not signed no date, according
to statement of goods seized.

It is reported no where where CSBA started a proper chain
of custody — Nor is it clear what happened to the items after
5-24-2009. Wohler[er] never signed for possession from CBSA.

Detective Kip Wohler to[OPP] reportedly applied for a search warrant
in Toronto, Ont on May 27, 2009 - This authorized him to execute
and seize property (11 items?) and secure them in the
Electronic Crime Sections vault on May 28, 2009 for further examination,
and to "retain these items" until court matter is complete.

Wohlert reported seizing the items may 28, 2009 and storing
them at Orillia, Ont on the search warrant, from CBSA.

To try and make a long story short as possible these

May 13, 2013  US vs Jenkins                                                    (12)

seized items were never together again after 5-24-09
or properly counted or accounted for, even to date. (Today)
   Wohler + reported seizing items in Lansdowne Ont on
5-28-09 although there is no proof he was physically there.
Paperwork provided with the physical evidence obtained by
DHS Willard contained eight items on April 1, 2011
Willard logged in seven items to US evidence, he seems to have
lost a camera card, in the transaction on (line #3), never reported.
This OPP property report with 8 items was recorded received/
started by Wohler + on 5-24-09 before he had a warrant and
officially 'seized' the items from CBSA, it is not clear what
happened to the remaining items and where they are to date.
   Between 5-24 and 5-28-09 the property was reported in
Lansdowne, Downsview and Orillia, Ontario - between three cities
and property reports. Not one date matches another and there
is no record of anyone signing for it on two Brockville court
dates, where it attended court. There are 15 to 20 errors
in the chain of custody and it's not clear where it was stored
for 23 months it was in Canadian possession. (Wohlers Possession)
(7) of The (8) items DHS took possession of out of the original (15) -
one item the Compaq Computer (DHS- 8/10/11 - Examination Report)
DHS Braisted says, "the laptop battery was discharged, and no
power adapter was included in the seizure." This means to
the defense it was not operable when seized and is still
not operable to date. From (seven) items down from the original
(fifteen) seized four years into the proceeding and over a year
and a half of my detainment (six) appear to remain for inspection.

May 13, 2013 | US vs Jenkins                                          ⑬

At one point the evidence, some of it anyways, appeared
to undergo a partial forensic exam by Canadian CSES
(electronic crimes section) in Downsview, Ont, CA. Some of this
was explained on September 13, 2010 trial date which should
be explained by missing discovery Transcripts, I've requested.
The forensic exam provided conviently and promptly by det.
Wohlert one business day after trial proceedings on October 18
2010 to meyers of DHS in Buffalo NY has been requested
but is not forthcoming by the government (used to initiate US proceedings)
Strangly enough the government was kind enough to provide their
own version which was a whole five pages, compared to one
I had seen by Canadians which was more ~~the~~ comprehensive and
even partially complete was some twenty pages at least. The
governments version strangly, shows completely different results and
items that simply were not there years ago, on computers that were clean.
The defense has requested these two different analysis countless
times and government refuses to provide them. (May 5th 2013 Requests)
The defense requests an immediate hearing citing missing,
inoperable and unpreserved evidence with a faulty chain of custody
that is really worthless. There are (9) items either missing or inoperable.
A complete accounting of the evidence is required - immediently -
with the burden of proof placed on the prosecution to prove the
integrity of the evidence, provide missing items, including the
power supply to make the computer operable, for examination.
After being put through four years of dealing with
lawyers, courts, incompetent police and a year and
seven months detention in the US for something that happened

May 13, 2013  US vs Jenkins                                          (14)

in another country four years ago that involved a bumbled police investigation and interference from the US government from day one – I will not be taken to trial on the left over garbage remaining that the Police in both countries have managed to retain after four years.

The defense demands immediate production and accounting for all evidence. 'Selected' items will not due. Evidence is Not operational, not complete and available for inspection by defense or a computer engineer, after a seventeen month detainment period.

Canadians will explain where every item was found in the search, the defense requires all evidence, it was in a work environment and subject to multiple users all has to be examined and accounted for, and operational as it was when seized, and of course complete, preserved and functional.

Government needs to provide the paperwork from both examinations and account for the differences. Wohlert needs to account for missing items and so does Willard–evidence tampering is not acceptable, neither is loss of property whether it be intentional or otherwise, meaning due to incompetence, trials cannot be held only on what the police have decided they want to use of items seized. All of the seized items need to be provided and explained why they were seized and where they were found, eta analysis need to be done and the items properly accounted for after four years, two in another country handled by various foreign police agencies, not properly I might add, and an improper forfeiture of evidence in which a camera cord and computer power supply were additionally lost years later.

May 13, 2013   US vs Jenkins                                     (15)

## VII   Summary

Citing a wide range of issues dating back years from the current date. Defendant asks the court to consider the major issues brought about by this motion four years into the case and nineteen months into my US detension without possible release, that cannot seem to be negotiated.

Issues that include basic paper work relating to computer analysis, an obvious joint investigation that went unreported and past previous ~~council~~ council, denied by the government itself until I manged to obtain paperwork, myself, almost a year later. Physical intevention by DHS that went unreported. Six items of physical evidence remaining out of fifteen original that went missing on both sides of the border, none of which can be accounted for. Improper forfeiture of evidence by an unauthorized police detective who failed to complete an investigation and gave away evidence held by a judge for trial that is incomplete, as well as he mishandled evidence.

I'm just scratching the surface here, I'm not sure how much proof, or how much more anyways the court needs to see a violation of constitutional rights, due process and a speedy trial clock that needs to be reset back to 5-24-09. This constitutes an unreasonable government intrusion from the start with physical intervention by US police into a matter that should not have concerned them, at least until due process was seen in Canada. Canada should have attempted extradition as they argumentatively saw the case to trial.

May 13, 2013   US vs Jenkins                                                (16)

The Canadian warrant for my arrest happened after scheming police officers sought to sabotage my Canadian court proceeding, which will be proven when more paperwork becomes available. They then acted beyond their authority and improperly shifted evidence from an open court proceeding violating due process which the extradition treaty should prevent, which brings in 4th amendment rights to an improper seizure of evidence by DHS and all around constitutes an unreasonable government intrusion into Canadian court proceedings from the onset back in May 26, 2009.

## VIII  Conclusion

The defendant asks the court to consider all of the issues presented and present relief in the form of dismissal of all charges, and/or release of the defendant from unwarranted custody and/or the court conduct immediate hearings with all canadians present to resolve the issues, all of which warrant dismissal of charges seperately. Together and all things (issues) considered there is no remedy more appropriate, than dismissal.

- I, Joseph Jenkins, certify all of the above is true, I respectfully submit this motion for relief, but do so under extreme prejudice. I have done so confined to a county jail with no legal resources. It has been done to the best of my abilities under the circumstances, I believe it deserves carefull consideration and immediate action, given the current circumstances, delays, lacking paperwork and physical evidence so far into a proceeding.   Joseph Jenkins



13261

1000

UNITED STATES
POSTAL SERVICE

Joseph Jenkins
7445 Co. House Rd.
Auburn, NY 13021-8297

U. S. District Court
P. O. Box 7396
Syracuse, N.Y. 13261-7396

MAY 15 2013