

**U.S. Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*100 South Clinton Street*

*Room 900; P.O. Box 7198*
*Syracuse, New York  13261-7198*
*(315) 448-0672*

May 27, 2013

The Honorable Glenn T. Suddaby
United States District Court Judge
James M. Hanley Federal Building
100 S. Clinton Street
Syracuse, NY 13202

Re:     *United States v. Joseph Vincent Jenkins*
         Criminal Case No.: 5:11-CR-602 (GTS)
         Discovery Status Update

Dear Judge Suddaby:

The government submits this following letter in advance of the hearing currently scheduled for May 29, 2013 at which this Court has ordered that "parties shall appear before the undersigned . . .  to discuss any discovery issues, to be held after the *Faretta* hearing scheduled on May 29, 2013." Doc. No. 68.  The government now writes to apprise the Court of the status of its discovery disclosures and to respond specifically to Defendant Jenkins' requests for additional disclosures.

On June 25, 2012, defendant Jenkins filed a letter request seeking full discovery.  Doc. No. 21.  On July 6, 2012, the government filed a letter response indicating that it had fully complied with its discovery obligations, including by arranging a meeting with defendant Jenkins and his counsel on March 15, 2012, to review the evidence against defendant Jenkins.  Doc. No. 24 at 1-2.  During that meeting, defendant Jenkins declined to review the discovery presented by the government. Doc. No. 24 at 2.  Further, on July 6, 2012, the government extended another offer to defendant Jenkins to review the discovery, and the defendant again declined the opportunity.  Doc. No. 24 at 2.

On July 9, 2012, defendant Jenkins filed a motion to suppress the electronic evidence seized from him by Canadian law enforcement officials and to compel discovery.  Doc. No. 25.  The government opposed the motion, and on August 24, 2012, this Court issued a Decision and Order denying the defendant's motion to suppress evidence and statements, denying the defendant's motion to compel

1

discovery, and determining that further motions would be allowed only on a showing of good cause. Doc. No. 34 at 11-12.

On January 11, 2013, defendant Jenkins filed a letter request for a pretrial status conference. Doc. No. 52. On February 5, 2013, defendant Jenkins filed a letter brief addressed to AUSA Tamara Thomson requesting discovery material and indicating that counsel Jeffrey Parry was no longer representing him. Doc. No. 53. On March 31, 2013, defendant Jenkins filed a letter (Doc. No. 57) indicating that the government has failed "to provide detailed information about the case and materials needed for my purposes." The government filed a response in which it affirmed to the Court that it had complied and would continue to comply with its discovery obligations. Doc. No. 56. On May 1, 2013, defendant Jenkins filed a request seeking discovery and providing a detailed list of sought-after discovery. Doc. No. 63. On May 8, 21013, defendant Jenkins filed an additional Motion for the Immediate Production of Discovery, again appending an listed dated April 28, 2013 of sought-after discovery. Doc. No. 65.

On May 21, 2013, this Court issued a Decision and Order granting the Government's Motion for a *Faretta* hearing and denying, without prejudice, the defendant's requests for discovery in the filings at Doc. Nos. 57, 60, 63, and 65. The Court further ordered the parties to appear for a conference concerning discovery issues on May 29, 2013. This letter is intended to apprise the Court of the current status of discovery and to address the specific requests raised by defendant Jenkins at Doc. Nos. 63 and 65.

In Doc Nos. 63 and 65, defendant Jenkins has supplied this Court and the government with a list of requested documents and evidentiary items as follows (Doc. No. 63 at 5-9; Doc. No. 65 at 9-12):

1.  Canadian Forensic Reports and C4P disclosure package, including any Canadian warrant applications;
2.  Analysis files and all reports that are maintained at the ICE-Buffalo Computer Forensics Lab;
3.  List of People that may have been interviewed in connection with the present investigation;
4.  Border crossing records and information concerning defendant Jenkins' entry into Canada;
5.  Department of Homeland Security paperwork relating to "incidents" on 8-31-10 and 9-10-10 in which the defendant was supposedly subject to "physical interference" by Canadian officials;
6.  Transcripts of Canadian Court proceedings.

The discovery given by the government to date is as follows:

| Date of Disclosure | Item Disclosed |
| --- | --- |
| 10/21/2011 | C4P Forensic Computer examination conducted by Canadian law enforcement |
| 10/21/2011 | Search Warrant Application by Canadian Officials regarding Digital Media seized from defendant Jenkins |

2

| Date of Disclosure | Item Disclosed |
|---|---|
| 9/7/2012 | Canadian Prosecutor Information Sheet dated 10/18/2010 |
| 10/21/2011 | Canadian Bench Warrant Issued by J.D.G. Waugh on 10/18/2010 |
| 10/21/2011 | Canadian Evidence Inventory (seizure receipt) and Ontario Province Police Query |
| 10/21/2011 | Canadian Property Seizure Report directed to Department of Homeland Security |
| 10/21/2011 | Canadian Warrant to Search Property + Appendices A, B, C |
| 10/21/2011 | Canadian Property Disposition of Items Report |
| 7/23/2012 | "Will Say" Statements of CBS Officers: Tristan Garrah; Glen Hache; Melany Boyd; Jarrett Johnston; Marie Josee Vinette |
| 7/23/2012 | Canadian Search Warrant Application (previously disclosed on 10/21/2011) |
| 7/23/2012 | Canadian Search Warrant + Attachments A, B (previously disclosed 10/21/2011) |
| 7/23/2012 | Canadian Bench Warrant issued by J.D.G. Waugh (previously disclosed on 10/21/2011) |
| 10/21/2011 | Department of Homeland Security Forensic Examination Report dated 8/10/11 |
| 3/15/2012 | Supplemental Second DHS Forensic Examination Report |

| Date of Disclosure | Item Disclosed |
|---|---|
| 10/21/2011 | DHS Reports Dated as Follows:<br>10/11/11<br>8/22/11<br>7/8/11<br>4/7/11<br>10/7/11<br>9/27/11<br>9/22/11<br>9/10/10<br>5/26/09<br>10/21/11<br>5/29/12<br>5/29/12 (separate report from initial 5/29/12 report)<br>12/19/12 |
| 10/21/2011 | Custody and Property Receipts w/ index nos. 3563259, 3563260, 3563261 |

It is worth noting that a number of the defendant's discovery requests relate to material created or obtained during the Canadian investigation into the defendant's conduct (*see* defendant's requests nos. 1, 4, 5, and 6). Documents and objects possessed by foreign governments or state agencies outside of the "prosecution team" are not considered to be within the government's possession within the meaning of Fed.R.Crim.P. 16. *See, e.g.*, *United States v. Mejia*, 448 F.3d 436, 444-45 (D.C. Cir. 2006) (government's authority under a mutual legal assistance treaty to seek tapes or transcripts from a trial held in Costa Rica does not place the items within the government's possession, custody or control under Rule 16); *United States v. Hughes*, 211 F.3d 676, 688 (1st Cir. 2000) (government's inability to secure photographs of cartridge casing from Mexican authorities did not require exclusion of the actual cartridge case at trial). As the government argued in its response to the defendant's suppression motion (Doc. No. 27 at 9-13), there was no joint investigation here by United States and Canadian officials, and thus, the government has no obligation to obtain or disclose documents created exclusively during the Canadian investigation and prosecution.

The government will now address each particular category of discovery as identified by defendant Jenkins as outstanding:

1.   Canadian Forensic Reports and C4P disclosure package, including any Canadian warrant applications;

   a.   As the above inventory indicates, the government has previously disclosed all warrant documentation and forensic examinations currently in its possession (10/21/2011; 7/23/2012); to the extent that the defendant seeks items from the Canadian investigation not currently in the possession of the government, the

    government has no obligation to invoke a mutual legal assistance treaty in order to obtain those documents or objects.

2.    Analysis files and all reports that are maintained at the ICE-Buffalo Computer Forensics Lab;

    a.    As the above inventory indicates, the government has disclosed the reports of both the initial forensic examination performed by DHS and the second supplemental examination report (10/21/2011; 3/15/2012).

3.    List of people that may have been interviewed in connection with the present investigation;

    a.    The government has previously exceeded its requirements under *United States v. Jencks*, as well as Fed.R.Crim.P. 16 and the Pretrial Scheduling Order issued in the present case; it has disclosed multiple witness statements in advance of *Jencks'* requirement that those disclosures be made at the close of the witness's testimony on direct examination; the government will disclose a witness list prior to trial in keeping with the requirements of the Pretrial Scheduling Order.  However, the government is not aware of any legal requirement that it make any advance disclosure of witness statements and interviews not otherwise falling within its disclosure obligations pursuant to *Brady v. Maryland*, Rule 16 and the Pretrial Scheduling Order.  Any such disclosure would be premature at this time, and the government can find no legal authority compelling the disclosure of witness names or statements in advance of the above-identified disclosure obligations.

4.    Border crossing records and information concerning defendant Jenkins' entry into Canada;

    a.    In view of the defendant's request, the government has obtained copies of these crossing records, which, it should be noted, are Canadian records, and not records maintained by the United States.  These records will be disclosed to the defendant in person on May 29, 2013.

5.    Department of Homeland Security paperwork relating to "incidents" on 8-31-10 and 9-10-10 in which the defendant was supposedly subject to "physical interference" by Canadian officials;

    a.    The government has made full disclosure of the DHS reports currently in its possession, including a report dated 9-10-10.  However, the government is not aware of and, upon inquiry of the relevant agency, cannot find any record of activity dated 8-31-10.  Should the government become aware of any such report, it will disclose it as soon as possible.

6.    Transcripts of Canadian Court proceedings.

    a.    The government is not at present in possession of any transcripts of Canadian court proceedings, nor does it have the means of compelling disclosure of such documents from Canadian officials.  As discussed above, the government has no obligation to obtain and disclose records of a foreign court proceeding by an agency that is not part of the domestic prosecution team.  Further, the government notes that, as a party to the Canadian action, the defendant may well have a greater ability to obtain

transcripts to those proceedings that does the government.  Any such documents are a matter of public record, unless otherwise sealed, and therefore not in the exclusive control of the government.  *See United States v. Smith*, 2009 WL 3584944, at *8 (E.D. Tenn. Oct. 22, 2009) (Rule 16 does not require "the government fish through public records and collate information which [is] equally available to the defense."). However, the government is currently in the process of determining whether any such transcripts exist, and if so, if the government is able to obtain them either through use of a Mutual Legal Assistance Treaty or other means.  In so seeking these records, the government does not concede that it is under any legal obligation to obtain or disclose records of a foreign government that are not otherwise discoverable in the present matter, independent of the defendant's request.

In conclusion, the government continues to affirm its awareness of its discovery obligations and its willingness and intention to continue to comply with those obligations.  Indeed, the government has, at present, well exceeded those obligations by providing advance disclosure of Canadian reports and witness statements, as well as by scheduling not one but two meetings at which the government intended to have the defendant review all discovery in person at its offices.  The defendant declined to participate in the second meeting, and refused to review the forensic, digital, and documentary evidence available during the first meeting.

To ensure that the defendant has all discovery that has been disclosed to his counsel, the government intends to resubmit to him all of the discovery at the discovery conference currently scheduled for May 29, 2013.

Respectfully,

RICHARD S. HARTUNIAN
United States Attorney

By:     */s/ Gwendolyn E. Carroll*
        Gwendolyn E. Carroll
        Assistant United States Attorney
        Bar Roll No. 515777

CC:     Joseph Jenkins
        Tamara Thomson, AUSA