

*U.S. Department of Justice*

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street*

*Room 900; P.O. Box 7198*
*Syracuse, New York  13261-7198*
*(315) 448-0672*

May 29, 2013

Hon. Glen T. Suddaby
United States District Judge
100 S. Clinton Street
Syracuse, NY 13203

Joseph Vincent Jenkins
Cayuga County Jail
7445 County House Road
Auburn, NY 13021
*PRO SE*


Re:     *United States v. Joseph Vincent Jenkins*
        Criminal Case No.: 5:11-CR-602 (GTS)
        Response to Doc. No. 74 - Defendant's Request for Continuation of Trial Date

Dear Judge Suddaby:

On June 5, 2013, defendant Joseph Jenkins filed a letter motion seeking reconsideration of this Court's May 21, 2013 Decision and Order denying, *inter alia*, the defendant's demand for the production of discovery materials and dismissal of the indictment.  Doc. No. 78.  The defendant also seeks a continuation of the July 8, 2013 trial date on the grounds that "examinations are needed for pretrial motions, as well of physical evidence, most of which is missing and non operational."  Doc. No 78 at 4.  The government opposes the defendant's request for a continuation of his trial date.

As indicated in the Court's May 21, 2013 Decision and Order, the defendant has been provided with numerous opportunities to review all of the government's discovery.[1]  On May 27, 2013, in response

---

[1] "[O]n October 21, 2011, Defendant's counsel was provided with the Government's first disclosure (which included, but was not limited to, all of the Department of Homeland Security reports then in the possession of the Government, the arrest warrant signed by U.S. Magistrate Judge Andrew T. Baxter, the search warrant signed by U.S. Magistrate Judge George H. Lowe,

to the defendant's continued assertions that he had been deprived of discovery, the government filed and copied to the defendant a description of the history of the disclosures and the items disclosed, as well as a point-by-point response to each of the defendant's discovery requests.  Doc. No. 69.  In addition to the disclosures referenced in the Court's May 21, 2013 Decision and Order, at the hearing held on May 29, 2013, the government provided the defendant with copies of materials previously disclosed to the defendant and additional material that it had obtained *at the defendant's request*.  Accompanied with that bates-stamped discovery was a letter from the government containing an index of the documents included in the disclosure.  Doc. No. 72.

Further, during the hearing held on May 29, 2013, the Court reviewed with the defendant, on the record, all of his discovery requests, evaluating each of them and seeking a response from the government.  *See* Doc. Entry dated May 29, 2013.  In the defendant's most recent filing, he states that "85% [of the discovery provided by the government] was being withheld by [his] former attorney."  Doc. No. 74 at 1.  As the defendant's former attorney, Jeffrey Parry, indicated in a letter filed with the Court on June 4, 2013, Mr. Parry "had previously, and in the presence of another attorney, copied Mr. Jenkins' entire file and given it to [the defendant]. [Mr. Parry] made the file available once again upon [his] being relieved."  Doc. No. 73 at 1-2.  In addition to these two previous transfers of the file to the defendant, Mr. Parry made a third transfer of the discovery materials to the defendant at Cayuga County Jail.  *See* Doc. No. 73 at 2-3.

The defendant has two outstanding discovery requests: first, pursuant to the Court's oral direction at the May 29, 2013 hearing (*see* Doc. Entry dated May 29, 2013), the government has "request[ed] one more time from DHS in Buffalo regarding any spreadsheets or other documents they may have." Government counsel has conferred with the forensic examiner in the present case, who advises that anything that could be characterized as "supplementary documentation for the forensic examination report, the supplemental examination report, and the second supplemental report," either a) contains images of child pornography or b) is contained on the image of the defendant's electronic media that

---

the warrant application and affidavit, the examination report of Brian Braisted, the custody receipts for seized property and evidence, the arrest warrant from Canada dated October 18, 2010, the CBSA evidence seizure receipt, the search warrant from Canada, the property report from Canada, and the forensic examination report from Canada); (2) on that same date, defense counsel was given access to the images and videos of child pornography in question for inspection, as well as the case agent, Chad Willard, the forensic examiner, Brian, for questioning; (3) on October 28, 2011, the Government disclosed to defense counsel the National Center for Missing and Exploited Children's report; (4) on March 15, 2012, the Government transported Defendant to the U.S. Attorney's Office to review the evidence against him; (5) on that same date, two additional forensic examination reports, dated March 14, 2012, were provided to defense counsel; (6) on June 28, 2012, the Government disclosed a CD of audio-recorded telephone calls made by Defendant while in custody; (7) on July 3, 2012, the Government had an additional meeting with defense counsel to review the images and videos (again) and audio-recordings of Defendant; (8) later that day, the Government provided defense counsel with a list of file titles for the images and videos in question; and (9) on July 6, 2012, Defendant was given the opportunity to be transported to the U.S. Attorney's Office to give Defendant a second opportunity to review the evidence against him. (Dkt. No. 24.)."  Doc. No. 78 at 6-7.

were the subject of the forensic examinations and was made available to the defendant for his review on both March 15, 2012 and July 6, 2012.  That being said, the government has attempted to reproduce in hard copy the documentation sought by the defendant.  Those disclosures are bates stamped and enclosed with the present filing.

The defendant's second discovery request, one he reiterates in his June 5, 2013 letter request, is for transcripts of the Canadian proceedings.  *See* Doc. No. 74 at 4.  As the government indicated in its May 27, 2013 discovery status update, it is not currently in possession of any such transcripts, and it is the government's position that it is under no legal obligation to obtain said transcripts, which are public records maintained by a Canadian government in an action to which the defendant was a party. Doc. No. 69 at 5-6.

However, the government has taken steps to ascertain the availability of said transcripts.  The government has learned that it would cost approximately $559 to reproduce the transcripts, which would be created by the Canadian court reporter.  The government is unwilling to bear the cost for the creation and production of non-discoverable transcripts which are not in its possession or control.  The defendant, of course, is free to obtain those transcripts independent of the government.  To that end, the government hereby notifies the defendant that the Canadian court reporter's name is Martha Russell.  She may be reached at (613) 341-2800 ext. 2233.  Should the defendant still feel he requires the transcripts, he may obtain them by reaching Ms. Russell.  The government notes that if the defendant obtains the transcripts and intends to use them in his case-in-chief at trial, the defendant will need to disclose those transcripts to the government pursuant to Fed.R.Crim.P. 16(b)(1), which obligates the defendant to disclose books, papers, documents, photographs, tangible objects, and buildings or places, or copies of portions of any of those items, which are within the defendant's possession, custody, or control, and which the defendant intends to use in the defendant's case-in-chief at trial.

In short, the government, the defendant's former counsel, and this Court have all gone to significant lengths to ensure that this defendant's discovery requests are addressed, including by, in the case of the government and the defendant's former counsel, making multiple, duplicative disclosures of evidence and scheduling two separate meetings at which the government's case agent and forensic examiner were present and ready to make all discovery available for the defendant's review.

The Speedy Trial Act, codified in 18 U.S.C. § 3161(h)(7), states that no "period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding *that the ends of justice served by the granting* of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A) (emphasis added).  The Supreme Court has held that this statute makes clear that "findings [that the ends of justice are served by the granting of a continuance] must be made, if only in the judge's mind, before granting the continuance." *Zedner v. United States*, 547 U.S. 489, 506 (2006).  *See also United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir.1985) (observing that while district court need not state "precise reasons" for its decision at time continuance is granted, "prospective statement that time will be excluded based on the ends of justice serves to assure the reviewing court that the required balancing was done at the outset"); *United States v. Shellef*, 2013 WL 2249127, 9 (2d Cir. May 23, 2013).

The defendant has not established that a further delay of this trial is required by the interests of justice. The defendant cites the need for additional "examinations" prior to trial, but does not specify what sort of "examination," or by whom said examination would be performed, or to what end. Indeed, the defendant himself has previously requested an immediate trial, even during the pendency of his interlocutory appeal when this Court was divested of jurisdiction.[2] No new information has developed since the defendant's first request for an immediate trial on June 25, 2012. Doc. No. 21. Nor, indeed, has any new information developed since the defendant's subsequent requests for an immediate trial. *See* Doc. Nos. 52, 53, 55, 57, 60, 63 (correspondence from defendant complaining of delays). The defendant does not make clear what has changed since May 1, 2013, when the defendant filed a letter complaining of "delays" and a "waste of a year-and-a-half of [his] life." Doc. No. 63 at 1-2. The defendant has not provided the Court with sufficient information to make a finding that the ends of justice will be served by the granting of a continuance. The government therefore opposes the defendant's request for a delay of the July 8, 2013 trial date.

To the extent that the defendant's June 5, 2013 submission contains other allegations of government misconduct by both attorneys and agents for the government, the government refutes those allegations. The defendant has been copied by hard mail on the present filing and its enclosures.

                                                  Respectfully,

                                                  RICHARD S. HARTUNIAN
                                                  United States Attorney

By:    */s/ Gwendolyn E. Carroll*
        Gwendolyn E. Carroll
        Assistant United States Attorney
        Bar Roll No. 515777

CC:    Joseph Jenkins
         Tamara Thomson, AUSA

Enclosures

---

[2] *See* Doc. No. 58 (Gov. Motion for Trial Date) (describing procedural history of the pendency of the defendant's appeal as follows: "On November 12, 2012, Defendant filed a notice of appeal of this Court's November 8, 2012 decision and order. Doc. No. 49. On December 13, 2013, the United States Court of Appeals for the Second Circuit assigned case number 12-4543 to defendant Jenkins' appeal. Doc. Entry dated December 13, 2013. On April 9, 2013, Joseph Jenkins filed a motion to the United States Court of Appeals for the Second Circuit to withdraw his appeal. On April 9, 2013, the government wrote to the Court to advise the Court of the pending withdrawal of appeal filed by defendant Jenkins and to request a status conference once the Second Circuit granted defendant Jenkins' request and issued a dismissal order of defendant Jenkins' appeal. On April 15, 2013, the United States Court of Appeals for the Second Circuit filed a motion order granting Defendant's motion to withdraw appeal. Doc. Entry dated April 15, 2013.").