```
 1  UNITED STATES DISTRICT COURT
 2  NORTHERN DISTRICT OF NEW YORK
 3  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
 4  UNITED STATES OF AMERICA,
 5       -versus-                              11-CR-602
 6                                         (INITIAL APPEARANCE)
 7  JOSEPH VINCENT JENKINS,
 8                   Defendant.
 9  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
10           **TRANSCRIPT OF ELECTRONICALLY-RECORDED PROCEEDINGS**
11  held in and for the United States District Court, Northern
12  District of New  York, at the James M. Hanley Federal
13  Building, 100 So. Clinton Street, Syracuse, NY  13261, on
14  **TUESDAY, OCTOBER 4, 2011**, before the **HON. ANDREW T. BAXTER**,
15  United States District Court Magistrate Judge.
16
17
18  **APPEARANCES**:
19  FOR THE GOVERNMENT:
    HON. RICHARD S. HARTUNIAN, United States Attorney - NDNY
20  BY:  TAMARA B. THOMSON, Assistant U.S. Attorney - NDNY
21  FOR THE DEFENDANT:
    HON. LISA A. PEEBLES, Federal Public Defender - NDNY
22  BY:  MELISSA TUOHEY, Assistant FPD - NDNY
23
24
25
```

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

1          (Beginning of proceeding not captured on
2                       recording.)
3          THE COURT:  -- counsel.  Mr. Jenkins, what we're
4   going to do is we're gonna appoint an attorney from our CJA
5   list.  We have a list of private attorneys who will
6   supplement the efforts of the Federal Public Defender's
7   Office in representing indigent defendants.  And the Federal
8   Public Defender's Office has got an educational retreat set
9   up at the end of this week, so they will not be available to
10  handle proceedings, and I think we're gonna need someone at
11  the end of this week.  So we're gonna pick a private
12  attorney off the list who is gonna represent you in this
13  action and you'll have an opportunity to meet with that
14  person in the next day or so, okay?  All right.  So,
15  Miss Gridley will find an attorney off the CJA list to
16  represent Mr. Jenkins.
17         Now, you also have the right, Mr. Jenkins, to
18  remain silent with respect to these charges.  Anything you
19  say to anyone about these charges can be used against you in
20  a prosecution.  Do you understand that?
21         THE DEFENDANT:  Yes.
22         THE COURT:  There is a very important exception to
23  that, and that is, you should feel free to and I encourage
24  you to speak candidly about the charges with your attorney,
25  and that will include both Miss Tuohey today and the

1  attorney that's ultimately appointed to represent you in the
2  ongoing case.  Whatever you say to your attorney is
3  protected by the attorney/client privilege, all right?
4          Miss Tuohey, you have a copy of the criminal
5  complaint?
6          MS. TUOHEY:  Yes, your Honor.
7          THE COURT:  And will you waive a reading of that?
8          MS. TUOHEY:  Yes, your Honor.
9          THE COURT:  I'm not gonna ask you to enter a plea
10 of guilty or not guilty with respect to the charge today,
11 Mr. Jenkins, but do you understand the nature of the
12 charges?
13         THE DEFENDANT:  I am confused about that.
14         THE COURT:  All right. Well, basically, you're
15 charged with crossing from the United States into Canada in
16 possession of a computer and some storage -- electronic
17 storage devices which contain child pornography.  So that
18 constitutes both a transportation charge and a possession
19 charge, 'cause each is a separate violation of Title 18.  Do
20 you understand that?
21         THE DEFENDANT:  Yes.
22         THE COURT:  Okay. All right.  Miss Thomson, can
23 you state what the penalties are with respect to these
24 charges and tell me what the Government's position is with
25 respect to release?

1    MS. THOMSON:  Yes, your Honor.  With regards to
2    the transportation charge, there would be a jail term of not
3    less than five years and not more than twenty years.  For
4    the possession charge, it would be not more than ten years.
5    For both charges, exposure of the supervised release would
6    be five years to life.  They both carry a fine potential of
7    up to $250,000, a special assessment of $100.  And if
8    convicted, the defendant would be required to register as a
9    sex offender.  He would also face all the collateral
10   consequences that go along with a felony conviction,
11   including the loss of the right to vote and the loss of the
12   right to bear arms, among others.  It's the Government's
13   position that the defendant should be detained.
14        THE COURT:  All right. Mr. Jenkins, because of
15   the nature of this charge, the Government has moved for
16   detention, presumably both on risk of flight and danger to
17   the community?
18        MS. THOMSON:  Yes, your Honor.
19        THE COURT:  All right.  And you are entitled to a
20   hearing to determine whether or not you should be released
21   pending trial.  That hearing needs to be held within three
22   days of today. And basically, at that hearing, the
23   Government would have to convince me by clear and convincing
24   evidence that you constitute a danger to the community as a
25   result of the risk of ongoing activity involving the

1    exploitation of children or child pornography or, second, by
2    a preponderance of the evidence that you are not an
3    unreasonable risk of flight and that no condition or
4    combination of conditions would reasonably assure your
5    appearance.
6              So we are going to schedule that hearing probably
7    on Thursday, but we'll figure out who your attorney's gonna
8    be and take his or her schedule into account in scheduling
9    that hearing.  Are you available Thursday, Miss Thomson?
10             MS. THOMSON:  I am scheduled to be in grand jury
11   for a good chunk of the day.
12             THE COURT:  Okay.  You have a sense of what chunk
13   of the day?
14             MS. THOMSON:  I'm expecting probably eleven 'til
15   three with, of course, a lunch break.
16             THE COURT:  Eleven 'til three.  So either late
17   afternoon -- late afternoon would be preferable for you,
18   right?
19             MS. THOMSON:  Right.
20             THE COURT:  Okay.  All right.  'Cause I know
21   Pretrial Services has a fairly hectic caseload this week, so
22   I don't think we want to do it earlier than that.  So, we
23   will shoot for the afternoon of Thursday, but we'll, of
24   course, check with your attorney and make sure that he or
25   she is available and has an opportunity to talk to you ahead

1  of time.

2           You also have a right to what we call a
3  preliminary hearing, which is a hearing to determine if
4  there is enough evidence to support the charge in the
5  criminal complaint.  That hearing has to be held within 14
6  days if you are held in custody.  Because you're gonna get a
7  different lawyer, I'm gonna wait until you have an
8  opportunity to consult with that lawyer to see if you want
9  to have the hearing and to schedule it since we have some
10 time to do that.

11          So, in the next day or so, we will appoint an
12 attorney to represent you.  That person will come and see
13 you where you are being held in custody and then we will
14 have a detention hearing probably on Thursday afternoon, at
15 which time you and your lawyer can present information to
16 try and convince me that you should be released pending a
17 trial on these charges.  Do you have any questions of me at
18 this point?

19          THE DEFENDANT:  No.

20          THE COURT:  Okay.  All right.  So I will remand
21 the defendant to the custody of the United States Marshal
22 pending a detention hearing which I expect to take place on
23 Thursday afternoon.

24          Is there anything else, counsel?

25          MS. TUOHEY:  No, your Honor.

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

*USA v. Jenkins - 11-CR-602*

1     THE COURT:  All right.  Court is adjourned.
2                 (This matter adjourned at 10:18 AM.)
3                          - - - - -
4
5
6              C E R T I F I C A T I O N
7
8
9     I, THERESA J. CASAL, RPR, CRR, CSR, Official Court
10 Reporter in and for the United States District Court,
11 Northern District of New York, do hereby certify that I
12 listened to the electronically-recorded hearing set forth in
13 the heading hereof; that I did make a stenographic record of
14 the recording and caused the same to be transcribed; that
15 the foregoing is a true and correct transcript of the same
16 and whole thereof.
17
18
19
20              **/s/ Theresa J. Casal**
21              THERESA J. CASAL, RPR, CRR, CSR
22              USDC Court Reporter - NDNY
23
24 DATED: June 13, 2013
25

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*