U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

JUN 1 4 2013

RECEIVED

Joseph Jenkins

7445 County House Rd

Auburn NY 13021

Court Clerk

Please file electronically

If possible send me confirmation / Docket No's

Enc

6-12-13        ① Motion 17 pages
               ② Personal Statement 7 pages
               ③ Motion 9 pages

6-12-2013

Motion

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
JUN 1 4 2013
AT____O'CLOCK____
Lawrence K. Baerman, Clerk-Syracuse

Case 5:11-cr-00602-GTS

Joseph Jenkins

7445 County House Rd.

Auburn, NY 13021

(15 pages)
(17 pages total)

US District Court

US Attorney

enc.

PO Box 7396

100 South Clinton Street

personal statement 7/8

Syracuse, NY 13261

Syracuse NY 13261-7198

Re: US vs Jenkins

Defense motion seeking dismissal of indictment and suppression of (or) forign evidence illegally acquired, this may be accompanied by additional requests to produce discovery and missing physical evidence, pending court dates after this was initially written, but before submitted. These may be attached following the arguements, along with a personal statement of events leading up to current proceedings.

I   Background on this motion, previous motions, events and delays.

This motion is intended to resolve pretrial issues and done with the intent that it will be appealed. I have been forced into representing myself after unfortunate circumstances leading to over twenty months of unwarranted detainment by the US government. I am not a lawyer but have resorted to doing legal work on my own to move this case forward. After being left without a lawyer by the court at the governments request over a year into the current proceeding, I began to make my own requests for missing information relevant to this case but not obtained by previous council. As of this writing and prior to previous requests

US vs Jenkins                                                    ②

the government has not been forthcoming with the paperwork and the court has been avoiding the issue. Some twenty months into this case, physical evidence is missing and basic analysis files have not been available to the defense to prepare for trial.

The case was tied up allegedly some time in late November by a former attorney who filed a notice of appeal on an issue I did not authorize for appeal. The attorney was removed by the court and through direct requests to the court I was never informed of the hold up. I was further informed that any requests made prior to April 15, 2013 I made were not accepted. These were mainly for paperwork.

I filed requests on April 28, May 5 for discovery and on May 13, 2013 filed a motion for relief which was promptly denied by the court. The May 13th motion had to be filed without proper discovery of course because it could not be obtained, however contained many issues that warrant further discussion regarding the very questionable circumstances and evidence on which this case is founded.

II | Purposes and Intent of this motion, Statement of Facts.

This is a follow up to a May 13, 2013 motion that brought up important issues not brought about by previous council. I maintain that this case in general is unconstitutional. It was based on a previous case in Canada resulting from a border stop that became a session of harassment by Canadian officers. The officers persisted in digging when nothing illegal was found in a random search.

US vs Jenkins                                                    ③

The Canadian proceedings were adjourned on Sept 13 and Oct 18, 2010 when investigators in Canada failed to complete their investigation. The US Government has interfered in the case literally from day one with me and the Canadian Investigation. (See Conspiracy May 13, 2013)

The US proceedings were instituted when the Canadian Detective immediately handed over incomplete, inoperational and unpreserved evidence with highly faulted chain of custody paperwork, against a warrant and court order to detain them from Canadian Justices. DHS agents of case had planned this all along.

I contend that this was an improper forfeiture/seizure of evidence without properly conferred authority from Executive Level of Government. DHS had no warrant of items to seize or reason to seize them, they were allegedly 'turned over' to them by another Canadian who did not seek Judicial release as the items were held for an open court case.

I believe this illegal transaction/seizure has forced me into to trials (two) at once which is unconstitutional as they are based on the same corrupt evidence. Or different variations of it, without due process in the first, in violation of the treaty that exists.

The following arguments overlap issues but this is a long drawn out and complicated case. There are basically three different arguments, ways of looking at / points of view I've presented.

There may be trailing requests at the end due to lingering issues the court will not resolve, once again this is meant to be presented in a total package meant to appeal.

As complicated as the case is it all comes down to an illegal seizure from Canadians by bottom level government employees who lacked proper authority, from both jurisdictions/countries.

Arguments                                                        ④

III    Violation of Treaty; Improper Forfeiture of evidence; Improper
seizure of evidence; attempted change of jurisdiction predicated on
a seizure by federal agents acting beyond their authority as required by
treaty; Governments had not properly conferred authority to conduct a seizure
at the place seizure was made; Illegal seizure of property of an american
citizen. (Case sitings in Summary) Seizure was damaging to evidence; Search
was unreasonable because it has not been Completed four years later. (By Either Agency)

     Article 17 BIS of the treaty between US and Canada clearly
requires Executive, Judicial or Diplomatic authority to consult and
consider all relevent factors between the two Countries to decide
prosecution or to submit the case for prosecution.

     Canada clearly decided to prosecute this case four years ago. They
have adjourned the case to date for reasons previously discussed. I put
the blame on Canadians for failing to complete an investigation after
over seventeen months and missing the first court date the prior month.
There were also factors with my being removed some three hours from
the proceeding and issues regarding adequate representation by a
foreign attorney who was left pretty much to deal with issue himself.
(See personal Statement, background May 13, 2013 motion) These issues
which were beyond my control ended up with a canadian bench warrant
for my arrest on Oct 18, 2010.

     Canadian Forensics never completed an examination of 15 seized items,
as a result, I was not asked by my Canadian Attorney to appear on
Oct 18, 2010. This is confirmed in attorney to attorney paperwork, also
by the forensics report turned over by Det Wohlert of Ott Ontario Provincial
Police promptly on Oct 21, 2010. (Article 17BIS, IV AVAILIBITY and location of the evidence)

     The Canadian trial is adjourned currently as it was on Oct 18, 2010.

US vs Jenkins                                                                                        (5)

The Canadians through treaty have the right to request my extradition to Canada. They have never expressed any intention to do so. My Canadian attorney would have informed me previously. I have been put in a difficult position by this warrant because I cannot return to Canada to hire a different attorney to deal with the matter. It had been discussed between myself and an attorney hired locally to handle go between issues with Canada. I was advised that my case was subject to proper extradition proceedings through US courts, essentially I would not be bothered further, unless attempting to enter Canada.

The problem came when a certain Canadian Investigator who was working with closely with US agents from day one, when I was released from Canada, decided to take matters into his own hands. (See Conspiracy from my May 13, 2013 motion) This investigator Wohlert was assigned (May 27, 2009) a warrant to search and seize property from Canadas Border Authority. He was to take these items and complete an investigation for court proceedings and to 'retain these items until the court matter is complete.' This was three times stated on the warrant in different sections.

Wohlert failed to complete the investigation after 15 moths and missed a trial scheduled six months in advance. In addition the 15 seized items where never examined and there is no explanation to date where they are located. (See May 13, 2013 motion for mishandling of evidence)

On October 21, 2010 Wohlert promptly turned over these items and reports that he was ordered to retain for trial, or what was left of them anyways 8 to ~~seven~~ DHS agents who were working a joint investigation into the matter. DHS agents took possession and reportedly 'seized' these items without a warrant, which means without authority. They then proceeded to log seven items into evidence.

US vs Jenkins                                                                      ⑥

The matter was brought to the United States in violation of the treaty providing for extradition, by means of an illegal seizure by attempted exercise of jurisdiction by federal agents acting beyond the authority conferred by treaty, conducted a US seizure. The extradition treaty comprehensively governs the delivery of all persons for trial for an offense committed outside the territory of the requesting party. It clearly states that this a matter for the executive branch of government, and requires it to be previously conferred. This matter to be properly conferred ~~at last~~ would require that the matter of court in Canada be dismissed, thus releasing and providing availability of evidence and issued an American search warrant specific to all of the seized items (15) to be properly executed by federal agents to insure due process without conducting illegal seizures of partial evidence, without proper authority. This matter once again points to scheming police officers (see Conspiracy I on May 13, 2013 motion) failing to complete an investigation forcing due process violations where I was not properly apprized of the pending charges or all of the evidence to be used against me at trial. This is more obvious by shifting evidence across borders the following day for an adjornment and once again without proper authority.

I was legally and lawfully living in the US when illegal seizure occured without a proper warrant or executive level authority, it constitutes an illegal seizure of property by federal agents acting beyond their authority by seizing improperly forfeited forign evidence where the government did not have authority to seize and was done with direct intent to violate proper procedure and fourth, fifth an six amendment rights, and as a result the fourth amendment is fully accomplished

US vs Jenkins                                        ②

in the form of an unreasonable government intrusion into Canadian Proceedings. This is all more problimatic because it was an incomplete seizure, no one can account for the missing items which includes in the 7 items one inoperable computer seized, which was functional when canadians had possession which leaves 6 items of the 15.

 Canadas treaty with the US is intended to Govern these transactions and two prevent these sort of occurances. This was a blatent *violation* of the treaty in which one unauthorized police detective who was responsible for the Canadian folly to begin with decided to take matters into his own hands. (Bates 25, Doc no 27-8 #4)

 The resulting illegal seizure by US agents, took property of an american citizen across borders without a warrant properly conferred by Judicial Branch. Without proper facts presented to Executive or Judicial officals reguarding this 'seizure' of the previous court matter taken into account. This has led to an improper indictment of an american citizen who has pending proceedings in Canada with the same incomplete, problematic evidence that is being held for that proceeding, without due process.

 The defense contends that being subjected to two court proceedings at the same time without all of the evidence and background from the first being admitted in the US or taken into consideration in the form of constitutional rights on my behalf from proper authority is unconscionable. The matter should not be decided by police officers where international treaties are in place, to prevent this sort of a violation of rights and being subjected to two trials at once, absent due process.

 The bottom line is property was seized without a warrant and properly conferred authority in violation of existing treaty and 4th amendment.

US vs Jenkins                                                                      (8)

IV   Faulty indictment by the US Government: Two count indictment dated December 21, 2011: This indictment is based on illegally obtained, incomplete and unpreserved evidence. (See May 13, 2013 Motion also) falsified computer exam. Based on two illegal seizures - one by CBSA - Later by DHS, second seizure. The US government alleges that I the defendant transported a toshiba computer (#281758080) knowing that it contained one or more images of illegal pornography. Furthermore possession of a 8gb and 4gb USB thumb drives (no serial #'s) into the Port of Landsdowne in Canada. The defense contends that this is an illegal and wrongful indictment for the following reasons. (Also see joint investigations in May 13, 2013 motion)

1) See personal statement of Canadian Seizure. (intrusive and invasive without cause)

2) Incomplete discovery at the time of indictment. The prosecution did not comply with timely discovery requirements. It is reported that prosecution turned over discovery of the original Canadian computer exam in July 2012 to a

(INADEQUATE representation) former attorney. This was six months after an indictment based on a falsified computer exam by the U.S government. This exam based on certain items of the original seizure was purposely made to support actions by Canadians on May 24, 2009. The report was made to show child pornography on the only functional computer returned by the canadians to support the illegal search and seizure that followed where illegal pornography was allegedly found on peripheral equipment contained with a work computer and briefcase which was passed around and out of my possession usually. Canadians exam showed nothing illegal on computers years before, which makes their search that continued without a warrant invasive, intrusive, without cause.

3) Illegal seizure by DHS without a warrant (see Violation of Treaty also)(III)

4) Illegal seizure included incomplete, non functioning and unpreserved evidence that was lost on both sides of the border (see Improper Handling of Evidence) V

US vs Jenkins                                                    ⑨

5) DHS own examination dated 8-10-11 reported that 'no clear evidence was found that child pornography content was received on the toshiba laptop computer.' Also, though returned inoperable - 'No child pornography was found on the Compaq computer.'

6) The alleged thumb drives contain no serial numbers for positive identification and there is no proof they were used in the computers.

7) Indictment alleges illegal images were aquired through use of internet. This is not true either according to their own exam and the canadians as well. (Bates 190-196)

8) Canadians method of search at the border was to use the two computers to search peripheral equipment all day long. This explains why the exam by DHS explained they were 'connected at one point in time.' It was improperly done by canadians who did not possess proper equipment.

9) Canadians all day search of the peripheral equipment with the two computers found in my vehicle was not proper forensic procedure and was done without a warrant, failed to preserve the original evidence.

10) Fact that no illegal content was found on either computer makes any warrantless search thereafter illegal and without probable cause. Proper procedure would have been to ① Identify illegal content on the computer ② obtain a proper search warrant ③ Take all items to a lab for a proper forensic analysis. (The canadians method was illegal and failed to preserve the original evidence.) ④ File appropriate charges as similar cases in the US have been prosecuted. The length of the canadians border search shows it was not obviously on the computer.

     The defense seeks dismissal of indictment on the grounds that the matter brought before the district court was so (isso) unconscionable as to constitute a violation of substantive due process.

US vs Jenkins                                                                ⑩

V    Improper handling of Evidence by Canadian Police was damaging, destructive and failed to preserve the integrity of the evidence. US agents seizure of this evidence was illegal and done without a warrant and properly conferred authority. US agents failed to preserve evidence and lost items. Defense seeks dismissal of US indictment and charges that resulted from this illegal seizure of incomplete and unpreserved evidence.

This has been outlined in a previous motion May 13, 2013. Topics associated include conspiracy (I), improper forfeiture (III), previous mishandling seizing (VII) which outlined some 15-20 errors in a chain of custody and lost items on both sides of the border. It is being resubmitted as part of unresolved pretrial issues, and to further urge an evidentiary hearing or a suppression hearing as the evidence has been so badly preserved 4 years later, obviously to warrant such, also appeal reasons.

On May 24, 2009 Canadians allegedly seized (see Personal Statement, indictment) 15 items. I have not seen them nor did I witness any seizure, I go by the original evidence seizure receipt by CBSA. Reportedly turned over to OPP detective Kip Wohlert (no affirmed date) or paperwork to confirm what he seized and where it went on what date.

Immediately following the Canadian Court Proceeding on October 18, 2010 in which Wohlert failed to provide a complete analysis on the alleged peripheral items seized, items were turned over to DHS agents (against instructions to detain them Wohlert had from a Toronto Judge on July 2, 2009), but not complete or operational.

DHS reported illegally seizing 8 items of the original evidence without a search warrant on April 1, 2011. Willard from DHS logged 7 items into evidence after loosing a camera card, one of these seized items was an inoperable laptop computer seized without a power supply.

US vs Jenkins                                                                    (11)

After four years of searching and seizing items by three different police agencies 6 items of the original seizure remain, to be inspected by defense after 9 items have gone missing or been rendered inoperable, out of the original 15 seized. These items have conviently gone missing on both sides of the border.

The defense sees many problems with this. The items were seized from a work vehicle with multiple users, I did not witness this seizure it was done outside of my presence. I did not witness these items being pulled out of possessions, and I did not see any thumb drives at all before the trip or being seized allegedly out my possessions, by C.B.S.A officers on May 24, 2009.

I noted on May 13th motion the defense needed all 15 items for inspection, the court inappropriately put the burden of proof on me to prove why I needed them. I do not feel the need to explain that, but I will briefly.

If fifteen items are seized for examination and between two and a half to four years later, 6 are available and not all of the 15 items underwent complete examinations and none have ever been available for defense examination in a previous preceeding or, ever, or, can be properly accounted for - it indicates that the items were vulnerable to tampering, items that may help my defense have gone missing or were intentionally lost (see conspiracy V May 13 2013)

In addition the left overs and one operable computer have shown different results years later, wildly different, to warrant Suppression

Once again the defense requests a hearing with the burden of proof placed on the US Goverment to provide all items and to prove the integrity of all of them or suppress from proceedings. (All 15)

US vs Jenkins                                                                    ⑫

Failing to provide these items constitutes a violation of due process and I cannot be adequately apperized of all the evidence that could potentially be used against be. Also I am being denied access to items that can prove my innocence or help my defense. The defense needs to establish what happened to these items, if they are in fact lost it heavily weighs against the credibility of the evidence and the officers who were responsible for it's safe keeping. It also intensifies the need to have a hearing to prove the integrity of the evidence since it was not well kept and well preserved and contained no serial numbers it may not well be the same evidence which would account for the two different examinations years apart.

The defense will not move on this issue, we insist all evidence allegedly seized by the canadians be provided and accounted for with intact chains of custody and proper paperwork saying these items were properly forfeited by the canadians on 10-21-10 and the complete original Forensics Report associated with their investigation. (Treaty - article 106X6), 17BIS) Certified Paperwork

The defense seeks an evidence suppression hearing on the following grounds.
1) Evidence is not complete, from Canada or from the illegal US seizure, items missing.
2) Evidence was illegally seized (see Violation of Treaty, Indictment, May 13, 2010)
3) Evidence yielded completely different results years later, indicates tampering.
4) Evidence was not accompanied with proper chain of custody paperwork (15-20 errors)
5) Neither US or Canadian Search warrants were issued for all items seized.
6) Neither US or Canadian Search warrants were fully and properly executed
   do to missing and inoperable evidence, improper forfeiture, damaged items

In the alternate, I ask all Forign Acquired evidence be suppressed.

US vs Jenkins                                                                    (13)

VI   Summary of Arguements and case citings, quotes.

 I have searched for some time with assistance from others and
have not found a case in anyway similar to the circumstances
surrounding this particular case. This all the more points toward
misconduct between police officers as I have thought from the start.
This case is far worse than double jeopardy or anything else, it
amounts to being tried at two different countries at the same
time, with the same faulted, incomplete evidence that adjourned
the first case.

 Similar cases involving Mexican treaties, not similar circumstances,
but cases that envoke trans-border crimes, they specifically
indicate that the matter is for Executive or Judicial Authorities
to decide. Also it always involved warrants being issued before
seizures were made. I believe that is so to prevent such occurances
that have taken place here.

 I will cite a quote from Justice Jackson in parts from  Johnson v.
United States 333 US 10, 13-14 1948  "The point of the fourth amendment,
which is not grasped by zealous officers .... It's protection consists in
requiring that those inferences be drawn by a neutral and detached
Magistrate instead of being judged by the officer engaged in the often
competitive enterprize of ferreting out crime.... The right to search is, as
a rule, to be decided by a judicial officer, not by a policeman or law enforcement
agent." I would think this might apply to a forign seizure of
evidence in this case. No warrants were issued before hand. If
the mentioned conferred Authority had occured at the Executive or
Judicial Level rather than the bottom of the ladder this particular

US vs Jenkins                                                                    (14)

incident would have been properly avoided, and my constitutional rights protected. (ie Release of evidence on warrant - US warrant issued for same items) An article in the Mexican treaty (9) states that if extradition is denied, (not granted) the requested party would submit the case to competent authorities if the party had jurisdiction over the offense. In the US-Canadian treaty it clearly states it should be decided ahead of time between Executive Branches of Government on any issues regarding prosecution or declining to extradite. Similar treatys state "In this way, respondent reasons, each nation preserved its right to choose whether it's own nationals who would be tried in it's own courts or by the courts of the other nation" (Mexican Treaty Article 9) (Verdugo, supra at 1350)

Verdugo 939 F. 2d at 1350   Court of appeals "The requirements extradition treaties impose, constitute a means of safeguarding the sovereignty of the signitory nations, as well as ensuring the fair treatment of individuals."

In addition to the treaty, the fourth amendment should have safe guarded me from this seizure without a warrant. The fourth amendment guarantees the right of "the people" to be free from unreasonable searches and seizures. The warrants shall be issued describing the things to be seized. In this case upon properly conferred authority a proper warrant could have been issued describing the property to be seized (all 15 items) - or - In this exact case it would have been denied as the evidence is held for an adjourned trial, also that the evidence is incomplete and unprocessed.

In any regard it would have prevented the illegal seizure among police officers that was also incomplete of damaged and unpreserved evidence of a citizen involved in a forign proceeding. That led to an unlawful arrest without the rights and safe guards entitled to citizens.

US vs Jenkins                                                    (15)

## VII  Conclusion

The US governments seemingly overwhelming need to punish everyone brought in front of them, no matter what the circumstances sets a bad precedent in this case. Supporting actions of an illegal seizure that was incomplete and unauthorized without a warrant, to use forign evidence illegally against one of its citizens living peacefully within its borders is an unconscionable act.

The further need to falsify this evidence to fit their own needs while trying to suppress the preceeding evidence and events years earlier in a forign jurisdiction to cover up misconduct by police and even executive level officials should be more than enough to shock the judicial conscious.

I once again ask that the current proceeding dismissed on the grounds that it was instituted by an illegal seizure by an unauthorized party and caused an unreasonable government intrusion into a forign judicial proceeding without conferred authority and seized forign evidence without a warrant. As an american citizen, I was entitled to asylum from unfair forign proceedings through existing ratified treaties. The US government has bypassed that right. I ask the court to remedy the situation. I Joseph Jenkins certify all of the above is true. I respectfully submit this motion but do so under extreme prejudice. I do so confined to a county jail with no legal resources. It has been done to the best of my abilities under the given conditions. I believe it deserves carefull consideration and immediate action citing length of detension and lack of progress. Needed paper work and physical evidence is missing twenty or months into my detension. I have not been allowed access to seized items over four years later, nor a computer expert. I have just received proof of pending canadian court matters. If I cannot copy them to include with this motion, I will produce them in person.          Joseph Jenkins

VIII  US vs Jenkins                                                    (16)

Motion for production of discovery that is in possession of
the government or reditily available.


Discovery has been requested by myself several times only to be
ignored. The court declaired requests on January 22 and March 20
invalid do to the fact the case was on an appeal I did not
ask for. I once again resubmitted a request on April 28, 2013
which prosecutors ignored and instead requested some Faretta hearing.
I made a motion to force production on May 5, 2013 and attached
the previous April 28 request to it. To date this is still not available


✓= item turned over - underline was not or double underline

① Canadian Forensic Reports - These were turned over by the
Canadian Investigator who botched the candian Investigation
on Oct 21, 2010 to DHS Meyers in Buffalo, NY. It is called a C4P
disclosure package it contains the following. (① Category reports, ②
XML files with location, date time and other technical aspects ③
a Final Report) along with any other Canadian Paperwork that was provided.
② DHS conducted it's own forensic examination and came up with
different results an 'Examination Report' dated 8/10/2011 was inadequate
for defense purposes. On Page 5 it indicated Analysis Files and
all reports such as 3 Excell Spreadsheets were avaiable the
defense seeks this additional information.
③ A former attorney alleged a lot of people were interviewed upon
investigating me. I was only provided with one statement. I
need the rest or confirmation there were no more people.

US vs Jenkins                                          (7)

④ Border Crossing Records and information - While attending court dates in Brockville Canada, upon returning to the US I was physically detained after being flagged by computer or other means. These incidents went unreported by agents I seek the investigative records and proof they detained and questioned me. Dates are 5-26-09 and 9-13-10. (DHS/Border Patrol.)

⑤ Transcripts from Canadian Court Proceedings - This case is allegedly based on a case currently being tried in ~~Canta~~ Canada. Prior proceedings are on Record, important information is contained in them and is needed for a proper defense. Brockville, Canada, Court House dates are 9-13-10 and 10-18-10. Joint investigations require this

Items numbered one and two are obviously needed as soon as possible for trial preperations and are in the governments possession, documented by their own paperwork but have not been fully submitted.

(pending)  Item number three is required because DHS agent upon submitting his statement, deviated from a written and signed statement provided by a ~~fired~~ friend, which means he lied and made up his own statement. (the agent)

☑ Item number four is needed for joint investigation purposes and it's applications to this case.

Item number five is needed because this case is an illegal proceeding based on a case adjourned in Brockville Court where testimony in the proceeding is needed in the American Version of the case for a proper defense.

Defendant asks that this discovery be ordered produced by the court from the government, it is essential for a proper defense and a fair trial

There are more details in my April 28, May 5, 2013 submissions previously.

Joseph Jenkins

May 28, 2013    Statement of relevant events.                                    1

I Joseph Jenkins make the following statement of events that
led up to a canadian warrant for my arrest on 10-18-10.
(More information in Court submissions April 17, 2013 to current)

I am an Electrical Contractor (or was) until I was improperly
charged and arrested by the US government who interfered in a
canadian court proceeding.

I took a work vehicle on a last minute Canadian trip after
a very grueling work week which ended up delaying the trip
by a few days. Work continued up until the night before I decided
to leave on a trip to Canada for the holiday weekend.

The following morning I threw a bag of clothes into the truck,
hitched up a trailer that was prepared for the trip and left
as early as I possibly could. Upon pulling into the Port of
Lansdowne at the entry point to Canada, I noticed that
I was pretty much the only person traveling that morning and
as soon as I pulled up to the guard booth the guard already
was writing an inspection ticket, which I was expecting noticing
lack of activity.

I pulled into the Secondary Inspection area and several
officers were standing around doing nothing, they immediantly
converged on the vehicle when I got out of it. I proceeded
inside and answered a few questions, lady said ok have a seat
and wait until they finish. After quite some time I got
up and went outside the door, it looked like they were just
finishing up.

One of the officers came up to me afterwards and

2

inquired about a laptop computer in the back seat that was in a box that had the flaps torn off of it. He asked me something like "Do you have a new computer to leave at the cottage, Athy?" I said "No, its not new it was purchased in Ottawa Canada almost a year ago and it's not staying it would be returning with me."

He then asked, "Why would you purchase a computer in Canada?" I said "We were shopping and I saw it and liked it." I don't remember exactly what was said after that but it turned into a two minute conversation, which was probably one of the stupidest conversations of my life, about why I purchased something.

He was totally obsessed with the computer for some reason, I would guess because four or five years ago it was a very nice and expensive computer for the time, cops don't seem to like it when you have nicer things than they do. I also had two four wheeled all terrain vehicles one was new, I think he was simply jealous as cops get, found the need to harass.

He decided he wanted to take a closer look at the computer after discussing it for five minutes, he did not ask permission to turn it on. I said that before that it was purchased in Canada and was not really an issue, but all he had to do was look at the box which was labled for sale in Canada and the keyboard had alternate markings on keys for french. That should prove it, without more debate.

He went to the backseat and must have turned it on after browsing for five minutes or so he and another cop

3

who was searching the front seat drivers side, grabbed the other computer that was on the floor on the passengers side and they went inside with them.

After another length of time, probably about a half hour I asked them what they were doing, he didn't really say. A few minutes later I was arrested and charged for possessing illegal pornography, never being given any further details.

On May 26th 2009, I was released on bail after retaining an attorney Steven Edgley of Brockville, Canada. Upon trying to return to the US, I was immediently detained by border patrol and searched and questioned about why I was in Canada and what happened, I was eventually taken into a room and asked my to wave my constitutional rights, talk more.

I was eventually released and returned home. My father insisted on hiring a local attorney to deal with Edgley and the Canadian Matter. Timothy Buckley was appointed as a go between. Court dates were adjourned in Canada on June 19, July 3, October 30, November 27, 2009 and again on January 8, 2010. Between myself and the two attorneys we decided ~~to have Edgley~~ to have Edgley set a court date on Febrary 5, 2010 as we could not obtain discovery and were looking to settle the matter. The first court date Edgley could get was September 13, 2010, six months away.

On March 3, 2010 a letter was sent from Edgley to Buckley outlining my options. We had had several conference phone calls at Buckleys office with Edgley over the matter previously. Edgley had insisted from the beginning

4

that I should not return to Canada and just forget the whole matter. He said I would not be arrested unless I encountered a Canadian Officer trying to enter Canada without first resolving the Charges. These conversations took place in attorney Buckleys Office on the conference calls and also on calls between Buckley and Edgley.

We insisted that that was not a valid option as I have family and friends in Canada and would not want a warrant hanging over my head. In a March 3rd 2010 letter he outlined these options, third simply not returning to Canada. He went on to say at the bottom that even if I took a plea that I would not be admitted into Canada afterwards and he recomended staying clear of Canada over accepting a plea.

The first forensic report was also included in this letter, it was Preliminary but the computers were examined completely at the time and showed no accessable illegal content of any kind and no proof it was downloaded, viewed, transmitted or anything of the kind it was decided to wait for the peripheral equipment to be completely examined and proceed further.

July 28, 2010 Edgley e-mailed the crown attorney and informed them we received no further paperwork or disclosure.

Edgley called me late August and said the crown was to forfeit the proceeding as no examination was complete and they did not have proper disclosure to make.

September 2, 2010 Edgley requested my appearance on September 13, 2010 at Court, sent to attorney in Geneua.

5

I attended court on September 13 as asked, the prosecution made a presentation and made excuses for hours why the forensic exam was only half complete. The matter was adjourned! ①

October 18, 2010 Council attended court on my behalf, I was not asked to appear, this is confirmed in attorney to attorney paperwork. The forensic exam had not yet been completed. Edgley called later in the day to inform us that for some reason the judge decided to continue the trial, despite no disclosure being made. Since I was not there, he issued a warrant for my arrest. It was subject to extradition and I would not be arrested unless caught in Canada.

At some point prior to this I do not recall when, I presented attorney Barkley with a list of higher rated lawyers that I looked up in Ottawa, Canada to try and assist edgley or take over the case. It was thought he did not know how to proceed to a trial, however no one would take the case while I had him and it ended up with a warrant. It was decided to wait as there was no hurry at that point.

At one time Edgley informed me that in approximately five years that they would review the outstanding warrants and likely dispose of them. At that point I would able to attend Canada once again.

It was decided the Canadians would not give me a fair trial after they proceeded with half a forensic analysis and never gave us a chance to view the evidence or a full report.

① Upon re-entering the US once again I was detained, questioned and harassed and accused of lying and smuggling a cell phone, though it was not found.

6

I would like to add a few more things and observations about the events prior to date.

I believe that I was unfairly singled out as part of the original search by the Canadians. The three of them thoughly went threw the vehicle for at least half an hour and found nothing illegal. This evidentally did not satisfy them and they felt the need basically to harass to purposely go back to the vehicle and dig until they found something. I was the only vehicle there at that time of the day and the officers apparently had nothing better to do than harass me.

Their own analysis found nothing illegal on either computer to warrant further exploration. This was all done out of my sight, I did not see them pull these out of the box or carrying case and search them for over half of an hour while I waited. After I was arrested though and put inside a holding room, I watched two or three of them all day on the computers that came from my vehicle searching related items with them. After, my own research afterwords, I found out that this was not proper procedure. They were not experts and did not have proper equipment or even a search warrant at the time.

To date I have not seen the items seized or any complete analysis of them. Former attorney Pinkey would not show any related paperwork or make requests on my behalf after well over a year nothing was acquired. I in turn asked for files from my Canadien attorneys and recieved one in July 2012 from Bockley which contained a Canadian report from January 2010, along with correspondance between attorneys.

I grew suspectious of Edgleys abilities to handle the case.

7

almost right away. I shared these thoughts with Buckley and we began searching for alternate attorneys, none would take the case because I had an attorney at the time.

To date I have not seen the physical evidence or the contents of it. I did my best to comply and settle the matter with canadions, I was too far removed from the case, subsequently, I was mistreated. Full disclosure was never made, Canadian Judge did not stand up for my rights, Edgley for some reason did not file a motion to dispute due process violatins that exist in this country, but are not eadily observed.

It is unfortunate illegal material was found in my possession. I did not knowingly possess it and have not been able to view the contents of the computer to date or any illegal images that allegedly exist.

I was just presented with disclosure not seen before, Canadian Forensics indicate the content on the alledged thumb drive did not pass through the computers, no illegal content was found on sent, received, viewed on websites or shared, anything of the sort. I cannot explain it, I have been given no details to date.

I have in my possession, just received confirmation of pending court in Canada, it is original and I can produce it on demand in person but have no way to copy it

I certify all of the above is true

Joseph Jenkins

6-12-2013

Motion                                              Joseph Jenkins
Case 5:11-cr-00602-GTS                              7445 County House Rd
                                                    Auburn, NY 13021

9 pages

US District Court/Court Clerk     US Attorney
PO Box 7396                       100 South Clinton St
Syracuse, NY 13261                Syracuse NY 13261
Re: US v Jenkins


Defendant respectfully submits this motion to resolve issues for trial, also dismissal of


I | Background


I rely on previous motions dated between April 15, 2013 and up to the
current date of this motion. Mainly April 28, May 5, May 13, 2013.
This case is based on a seizure of evidence from an unresolved and still
pending court case in Canada as a result of a border seizure four years
ago on May 24, 2009 by Canadian Border Agency. Issues were left
pending in Canada due to missing/lost physical evidence, incomplete forensic
investigations, issues with previous council, all that resulted in Civil rights
violations at trial.
This seizure of evidence by unauthorized US agents violated treaties in
place and carried over the same issues to be tried unresolved which
subjects me to two trials at the same time, I argue this is legally unconscionable.


II | See accompanied motion for background, purposes and intent of the same date.

2

**III**

This case in whole be ruled a joint investigation

Defendant requests that this motion, accompaning motions and previous motions be ruled on upon the basis that this matter was cooperative and jointly investigated with canadian officials since 5-25-2009.

I have previously noted on June 3, 2012 that proof of US investigations does exist, despite an affadavit by SA Willard of DHS. (Doc no 27-8) (1) TECS report dated 5-26-09 (Bates 94) says they were notified of my arrest on 5-25-09 by Canadians, (2) I was detained, searched by DHS and questioned on 5-26-09 as previously stated by (Bates 205) a TECS report. (3) I was once again detained, searched questioned and Harrassed on 9-13-10 over Canadian matters from returning US by (Bates 204, 206)

I previously identified Willard himself in previous correspondence. (4) further correspondance and TECS reports such as (Bates 91-93) illustrate communications about my court dates and Collaborating efforts with OPP.

Therefore I ask that (Doc no 69.04) and such documents be reconsidered that deny joint investigations, also:

a) Previous Decisions and Orders be ruled joint investigations and reconsidered.

b) This and any future motions/correspondance be ruled as such.

c) Government provides all discovery and evidence from Canadian Actions.

d) Sanctions be imposed on the government and DHS by the court.

e) Evidence be excluded by fourth amendment rights for reasons provided further in this motion and accompaning motion.

US agents Substantially participated in actions/investigations with Canadians by physically detaining myself for hours along with searches of vehicle and person. These actions were in violation of fourth amendment rights. I was searched twice by DHS/ICE/CBP for Canadians.

3

IV. Demand access to all physical evidence. Request time to file motions thereafter.

I have not been provided with access or any opportunities to view or examine physical evidence with a computer expert. I have repeatedly asked for technical information and access to equipment.

a) requests for paperwork are pending still

b) I have not been allowed access to seized items since they were taken, 5/24/09.

c) Defense computer expert has not examined the evidence.

d) Evidence was never completely examined, reports issued.

e) Complete contents of evidence were never disclosed. Meaning items needed for defense purposes. Items other than that useful to the government. Meaning full disclosure of contents on seized evidence meaning legal contents and photos as such disclosed on Canadian exams, not just items the government seeks and deems nessessary for their purposes. Defense seeks information not provided by the government, about contents that benefit the defense, show multiple users, uses as such the canadians analysis was presented.

f) Evidence has been lost and gone missing and inoperable.

g) Evidence has not been preserved. (h) chain of custody/acceptance issues.

This case is not yet ready for trial. Defense needs as much time as required with evidence to determine all of the above and to see why the U.S government has different analysis years later. I request nessessary time with equipment and computer expert, Pretrial. Previous council failed to address any issues, file motions there after as required.

4

| | |
|---|---|
| V. | **Production of Canadian Witnesses** |

Defendant requests the following witnesses be produced from Canada. The defense has no means of compelling their attendance. Since the government took this case from Canada along with foreign evidence and arranged for their own witnesses to attend court and provide statements from previous proceedings, the defendant asks for (the or)a remedy to the following.

A) Detective Constable Kip Wohlert - badge # 7253, 1201 Wilson Ave, Building "E", Suite 224, Downsview ONT M3M 1J8, phone 416-235-4552. Wohlert was involved in the case from the first day. His questionable actions reguarding execution of search warrants, evidence handling practices, investigative proceedings and forfeiture of evidence along with conspiring to illegally shift jurisdiction of the case across borders makes him an essential witness for any evidentiary hearings as well as testimony in the trial itself.

B) Marie-Josee Vinette, badge # 19367, 2265 St Laurent Blvd, Ottawa, Ont K1G4K3. Vinette was involved in the investigation from day one, handled evidence, shared information with DHS agents and attended previous court proceedings on Sept 13, 2010, her agency failed to produce required disclosure for court proceedings. She scheduled months in advance.

(leave for option due to issues pending) C) Steven J Edgley, ESQ - 2 Courthouse Ave, Brockville Ont, CA, K6V4TI 613 345 3899 Edgley is a former canadian attorney. He has been uncooperative to date. He is needed to explain the warrant for my arrest on Oct 21, 2010, after not advising me to attend court. Due Process violations should have allowed a continuance or dismissal of charges. I suspect he was inadequate council for the proceeding.

D) Project 'P' Officer, Unknown, who attended Brockville Court on Sept 13, 2010 with physical evidence. Transcripts from court will reveal name. I reserve the right to call this unknown officer when the name becomes available.

5

Canadian witness are required to establish the prior twenty three months to US involvement in the case. They were involved in the handling of evidence that is no longer accounted for, and failing to provide proper documentation and disclosure for a trial scheduled six months in advance.

They failed to complete investigations caused postponement of court dates which did not allow for proper defense preparation for trial. Despite all of this they immediately forwarded the case to US agents for continued prosecution) without proper releases, paperwork and without conferred executive authority, also incomplete.

Attorney Edgley gave advice to not to return to Canada as an acceptable means to resolve the situation. This advice was given in front of, or with a conference calls regarding foreign court proceedings① I believe Edgley failed to file proper motions in Canada Court and I was not told to attend court on October 18, 2010.

I was far removed from Canadian Court Proceedings and have found out more in the last year about the occurances than I knew previously, I have learned more about laws and know proper procedures were not followed in that case, that resulted in current US proceedings, although not rightfully so.

① Timothy Buckley witnessed these statements from Edgley, conferences were conducted in his office.

Without these witnesses to answer defense questioning it creates an imbalance and unfair prejudice to the defense/defendant/myself and gives the prosecution an unfair advantage. In the alternate I ask that all Canadian testimony be suppressed from this american trial.

6

II   Suppression of Canadian Witness and/or

Suppression of Government Exhibit 11

Defendant asks that Canadian Officers Johnstons will say statement be suppressed in part or in whole, (Doc no 27-4) as well as Johnston.

Johnstons statement (Doc no 27-4 p3 para 2) he observed a photo of myself and a young blond girl that resembles a young girl in suggestive poses - is totally ignorant and unfounded. He is not qualified to make such statements.

Johnstons statement in whole contributes nothing and is redundant, it has nothing to do with the seizure and is irrelevant in every way. His opinion as to the content of any seized evidence is meaningless. He played no part in the seizure and I had no communications with him.

Investigations turned up no such evidence, as to production of material or any relation to myself. I have not been allowed access to equipment or seen this picture.

Defendant asks Johnstones testimony in whole be suppressed from proceedings. Alternately, I ask his ignorant opinions of myself and any relations to producing of material of sexual content be suppressed from proceedings. No Evidence was ever found to support any such prosposterous opinions. It has no place in these proceedings.

7

VII   Items found to be in cache on either computer be suppressed from evidence and testimony

(1) Items are not known to user (2) Not prosecutable (3) Misleading as no user may have seen or been aware of their existence (4) Items do not have proper documentation to show they were secure (5) CBSA will say statements indicate they were looking at pornography on peripheral equipment (all day)

VIII   Request additional time to file motions - pre trial

(1) Transcripts not available currently from Canadian Courts (2) Legal paperwork pending from Canadian Attorney (3) physical evidence not complete and operational (4) physical evidence not examined for years later by defense (not my fault, previous council) (5) Witnesses and statements are not available (6) Penay files not accessible (7) Penay in 18 months or more never did any of the mentioned.

IX   Request an evidentiary hearing to discuss:
(1) address missing items (2) address non operational items (3) chain of custody/acceptance issues (4) outstanding paperwork discovery issues (5) when previous will be available (6) if there is enough evidence to go to trial (7) if the evidence is credible (8) if canadian proceedings are still pending and if in fact Wohlert acted improperly (should evidence be admitted)

8

## X   Summary

Defendant seeks suppression of physical evidence of all Canadian Proceedings (foreign Acquired) Despite repeated demands I have not yet been given access to or has a defense computer engineer, proper documentation has not been provided to even document the seizure of the equipment from Canadians. An arrest warrant in a foreign country does not allow for the release of evidence being held in an active court proceeding as documented and agreed in my other motions.

All of the physical evidence has not been included, defense is calling it lost until proven otherwise, physical equipment is inoperable (computer) from seizure entire forensic report has not been disclosed with file locations, USB info and technical data - CD's were to be included as cited by the final report (Bates 190-196) links are cited for more information. (Canadian Attorney confirmed)

In addition DHS disclosed no information of technical nature and Canadian reports contradict their claims on everything. I believe the prosecution is trying to bolster their case by concealing information. Denying defense access to this and physical evidence will not allow me or a lawyer to litigate the case correctly. Kyles, 514 US at 433, 115 S.Ct at 1565, "The question is not whether the defendant would likely have received a different verdict with the [concealed] evidence, but whether in it's absence he received a fair trial."

The same arguments made for witnesses if the defense is not able to obtain Canadian witnesses due to territorial jurisdiction the government should not be allowed the advantage. The government is controlling the evidence, paperwork and witnesses - This does not make for a fair trial.

9

XI

## Conclusion

The defendant asks the court to break up the governments monopolizing of the case. I ask the court to start leveling the playing field. I believe the government is concealing too much information and I am purposely being pushed into a trial unprepared to make up for the fact they do not have a real case.

I have proof I did not run from Canada, proceedings were unfair just like these, the governments resorted to falsifying computer analysis and hiding evidence that was illegally obtained from the start.

If I really am to be tried for a case still pending in another country in violation of treaties and constitutional rights, I still ask that it be a fair trial.

I certify all content is true

Joseph Jenkins

PLEASE PRESS FIRMLY

# PRIORITY MAIL

UNITED STATES POSTAL SERVICE

Rate Mailing Envelope

at usps.com

**ADDITIONAL RESTRICTIONS APPLY:**

Items are required. Consult the
Postal Mail Manual (DMM) at pe.usps.com
or ask your retail associate for details.

U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

JUN 14 2013

RECEIVED

**From/Expéditeur:**

Jenkins Joseph
Inmate Name.
Cayuga County Jail
7445 County House Road
Auburn, New York 13021

**To/Destinataire:**

U.S. District Court
Court Clerk
PO Box 7396
Syracuse, NY 13261

Country of Destination/Pays de destination:

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F-P-PP © U.S. Postal Service; June 2012; All rights reserved.

Please Recycle

