**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**                          **Criminal Action No. 5:11-CR-602**

**GOVERNMENT RESPONSE TO
DEFENDANT'S THIRD
MOTION TO SUPPRESS
EVIDENCE AND DISMISS THE
INDICTMENT AND RULE 41(g)
MOTION FOR RETURN OF
PROPERTY**

**v.**

**JOSEPH JENKINS**

**Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Defendant Joseph Jenkins stands charged by Indictment with one count of transporting child pornography in violation of Title 18, United States Code, Section 2252A(a)(1) and one count of possessing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).   On July 9, 2012, the defendant filed a motion to suppress the electronic evidence seized from him by Canadian law enforcement officials as well as statements made to Canadian law enforcement officers by the defendant.  Doc. No. 25.  The government opposed the motion (Doc. No. 27), and on August 24, 2012, this Court issued a Decision and Order denying the defendant's motion to suppress evidence and statements, and determining that further motions would be allowed only on a showing of good cause.  Doc. No. 34 at 12.  On October 19, 2012, the defendant filed a second motion to suppress evidence (Doc. No. 41), which the government opposed (Doc. No. 47).  On May 21, 2013, this Court denied the defendant's second motion to suppress evidence.  Doc. No. 68.  On April 2, 2013 and May 15, 2013, the defendant filed two separate motions to dismiss the Indictment.  Doc. Nos. 57 and 67.  On May 21, 2013,

this Court denied the defendant's first and second motions to dismiss the indictment.  Doc. No. 68.

On June 14, 2013, the defendant filed a third motion to suppress evidence and to dismiss the indictment.  Doc. No. 86.  On July 1, 2013, the defendant supplemented those motions with an additional filing.  Doc. No. 90.  As this Court's text notice (Doc. No. 89) reflects, the deadline for the filing of motions to dismiss and motions to suppress evidence was July 9, 2012, nearly a year prior to the defendant's latest motions.  Doc. Nos. 12, 15, 20, 22 and 89.  This Court extended "special solicitude" to the defendant given his *pro se* status and granted him leave to file his additional motions.  Doc. Nos. 86, 90 and 89.  Despite this Court's text order dated June 27, 2013 advising the defendant that "no further such motions to dismiss will be permitted," the defendant filed an additional motion on July 18, 2013 seeking return of the property seized from him.  Doc. No. 93.  Because this motion appears to have many of the same arguments as the defendant's repeated motions to suppress, the government has incorporated its response to Doc. No. 93's Motion for Return of Property in the present filing.  In addition to the defendant's motions to suppress evidence and dismiss the indictment, the defendant also seeks the production of discovery.  *See* Doc. No. 86 at 9, 17-18, *inter alia*.

Because many of the issues raised by the defendant in the present motions have been addressed previously by the government and ruled on by this Court, in the interests of efficiency, the government respectfully requests that this Court consider its previous submissions on the issues below that have already been briefed to and ruled on by this Court.  Below are the defendant's arguments that have been raised previously to this Court and that the defendant reiterates in his filing at Doc. Nos. 86 and 90 as grounds for suppression of the evidence seized from him at the Canadian border and dismissal of the indictment:

2

<u>**Defendant's Arguments for Suppression and Dismissal**</u>

I.    **The Canadian Forensic Examination and Any Delay in the Canadian Criminal Proceedings Have No Bearing on the Admissibility of the Evidence or the Sufficiency of the Indictment.**

Preliminarily, it is worth noting that the defendant seems mistakenly to conflate arguments concerning sufficiency or quality of the evidence with arguments concerning the facial sufficiency of the Indictment.   As the Second Circuit has held, an objection to the sufficiency of the evidence as a ground for dismissal of an indictment is not appropriately raised in a pretrial motion where an indictment meets the basic pleading requirements.  *See United States v. Perez*, 575 F.3d 164, 166 -167 (2d Cir. 2009) ("The Defendants, however, had no basis to challenge the sufficiency of the indictment before trial because it met the basic pleading requirements and was valid on its face. The defect of which the Defendants complain is the sufficiency of the Government's proof of the elements of the offense it chose to charge in the indictment. As we have stated, 'Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial ... the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss  an indictment.'") (citing United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir.1998)).  Any objections the defendant has to the nature or sufficiency of the evidence are not properly before the Court at this time.

The defendant argues that suppression of the evidence and dismissal of the indictment are warranted because the Canadian forensic examination of the digital media was incomplete and there was a significant delay in the Canadian proceedings.  Def. Motion - Doc. No. 86 at 5-6; 9-10.  The defendant has attacked the legality of the Canadian forensic examination and the due process compliance of the Canadian court proceedings in previous filings.  *See* Doc. No. 25, Attach. 1 at 9, Doc. No. 63, Doc. No. 57, Doc. No. 60.  As this Court ruled in its Doc. No. 34

Decision and Order, "[T]o the extent that Defendant's argument is grounded in Fourth Amendment principles, it is without merit." Doc. No. 34 at 7.  The lawfulness or thoroughness of the Canadian forensic examination should have no bearing on the admissibility of the evidence in the present proceeding for all the reasons identified in both this Court's ruling and the government's previous submission.  Doc. No. 27 at 8-10.  Regarding procedural delays in the Canadian case, as this Court determined, "any failure of the Canadian prosecution to comply with its own domestic law is irrelevant because '[t]he admissibility of evidence in a United States court depends solely on compliance with United States law.' *United States v. Rommy*, 506 F.3d 108, 129 (2d Cir. 2007) (collecting cases). . ."  Doc. No. 34 at 7.  As the record in this case indicates, the government has been willing to proceed to trial for several months, and it is in fact the defendant who now seeks a stay.  Doc. No. 58 (Gov't Motion for Trial Date); Doc. No. 86 at 28 (Defendant's request for a continuance of the trial date).

## II.     The Transfer of Evidence from Canada to the United States Does Not Provide a Grounds for Suppression of the Evidence or Dismissal of the Indictment

The defendant also asserts that the transfer of the evidence from Canadian officials to United States law enforcement was without a warrant, and was therefore in violation of the "US-Canadian treaty" Article 17B1S and United States domestic law.  Doc. No. 86 at 4, 7, 8.  Article II(4) of the United States' Mutual Legal Assistance Treaty with Canada expressly provides that "[t]he provisions of this Treaty shall not give rise to a right on the part of a private party to obtain, suppress or exclude any evidence or to impede the execution of a request."  *See* Attachment A (US-Canada MLAT) at 5.  In *In re Request from United Kingdom Pursuant to Treaty Between Government of U.S. and Government of United Kingdom on Mutual Assistance in Criminal Matters in the Matter of Dolours Price*, 685 F.3d 1, 13 (1st Cir. 2012), the Court of Appeals dealt with a nearly identical provision in the United States – United Kingdom Mutual

4

Legal Assistance Treaty, and determined that the private litigant had no right to seek suppression of evidence pursuant to the terms of the MLAT holding that "[b]ecause the US–UK MLAT expressly disclaims the existence of any private rights under the treaty, appellants cannot state a claim under the treaty upon which relief can be granted."

The government is not clear on the significance of the defendant's citation to Article 17. Article 17 of the US-Canada MLAT states only, "1. The Central Authority of either Party shall notify the Central Authority of the other Party of proceeds of crime believed to be located in the territory of the other Party. 2. The Parties shall assist each other to the extent permitted by their respective laws in proceedings related to the forfeiture of the proceeds of crime, restitution to the victims of crime, and the collection of fines imposed as a sentence in a criminal prosecution." See Attachment A at 8.  This provision appears to relate to forfeiture and restitution, but not to the suppression of evidence.  The defendant does not cite any provision of the MLAT requiring that Canadian law enforcement officials secure a warrant prior to the transfer of evidence to United States law enforcement officials, and the government is aware of no such provision. Even if such a provision were in place, the breach of that provision would not, as described above, create a grounds for suppression of the evidence.  As this Court is aware, the government did secure a search warrant prior to initiating any search of the defendant's digital media.  Doc. 27 at 5 (describing transfer of evidence from United States to Canada and issuance of search warrant by Hon. George Lowe).  The defendant has failed to articulate a basis for suppression or dismissal arising from the transfer of evidence from Canada to the United States.

III.    **Double Jeopardy Does Not Bar the Prosecution of the Defendant in the United States**

The defendant makes what appears to be a Double Jeopardy argument – that because he is subject to prosecution in Canada for conduct relating to his possession of child pornography,

he should not also be subject to prosecution in the United States.  Doc. No. 86 at 8 ("The defense

contends that being subjected to two court proceedings at the same time without all of the

evidence and background from the first being admitted in the US or taken into consideration in

the form of constitutional rights on my behalf from property authority is unconscionable.").

"The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall be

subject for the same offense to be twice put in jeopardy of life and limb." As the D.C. Circuit

Court has recognized, "[t]he clause forecloses multiple prosecutions for the same offense by the

same sovereign, *but not ones by different sovereigns*. The exception for dual sovereignty flows

from the understanding that every sovereign has the authority to punish infractions of its own

laws." *United States v. Rashed*, 234 F.3d 1280, 1282 (D.C. Cir. 2000) (emphasis added) (citing,

*inter alia*, *Heath v. Alabama*, 474 U.S. 82 (1985) (successive state-state prosecutions); *United

States v. Wheeler*, 435 U.S. 313, 317 (1978) (successive Navajo tribal court-federal

prosecutions); *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959)

(successive state-federal prosecutions); *United States v. Rezaq*, 134 F.3d 1121 (D.C. Cir. 1998)

(successive foreign-federal prosecutions)).

As *Rashed* observed

> In *Bartkus v. People of State of Illinois*, 359 U.S. 121 (1959),
> however, the Supreme Court implicitly suggested an exception to
> the dual sovereignty doctrine. Illinois had brought a robbery charge
> against a man who had been acquitted of the same charge in
> federal court. The Court upheld the state prosecution, but
> emphasized that the evidence failed to show that Illinois, in
> bringing its suit, had been "merely a tool of the federal authorities"
> or that its prosecution had been "a sham and a cover for a federal
> prosecution." *Id.* at 123-24. . . . *United States v. Balsys*, 524 U.S.
> 666 (1998), may indicate further support for such an exception.
> There the Court held that while fear of prosecution in a foreign
> country normally does not provide a basis for asserting the Fifth
> Amendment right against self-incrimination in a judicial
> proceeding in the United States, a different result might be

appropriate if the foreign nation brought its prosecution "as much on behalf of the United States as of the prosecuting nation" itself. *Id.* at 698-99.

However, this "sham prosecution" exception "is a narrow one and difficult to prove." *Rashed*, 234 F.3d at 1281 (citing *United States v. Guzman*, 85 F.3d 823, 827 (1st Cir.1996) (narrow exception); *United States v. Aboumoussallem*, 726 F.2d 906, 910 (2d Cir.1984) (same); *United States v. Figueroa-Soto*, 938 F.2d 1015, 1019 (9th Cir.1991) (difficult to prove). Still "[o]thers have questioned whether the exception even exists. *United States v. Brocksmith*, 991 F.2d 1363, 1366 (7th Cir.1993); *United States v. Patterson*, 809 F.2d 244, 247 n. 2 (5th Cir.1987)." *Rashed*, *id.* In Rashed, the D.C. Circuit noted that it has "uncovered no case where a court found successive prosecutions by different nations to fall under the *Bartkus* exception, though defendants have tried the theory in at least four cases. *See Guzman*, 85 F.3d at 827; *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1361 (11th Cir.1994); *United States v. McRary*, 616 F.2d 181, 185 (5th Cir.1980); *United States v. Richardson*, 580 F.2d 946, 947 (9th Cir.1978)." *Rashed*, 234 F.3d at 1281.

In order to invoke the extremely narrow "sham prosecution" Double Jeopardy exception, the defendant would have to demonstrate that the United States was acting "merely as a tool" of the separate sovereign. *Barktus*, 359 U.S. at 123-24. The present case does not provide a basis for expanding the so-called "sham prosecution" exception to extend to successive prosecutions by separate sovereigns. As the government articulated in its response to the defendant's initial motion to suppress, "[t]here is no evidence in this case either that Canadian officials were acting as agents of the United States government or that cooperation was intended to evade constitutional requirements applicable to domestic law enforcement entities. First, there was no contact between Canadian law enforcement officials before Jenkins rendered the involvement of

the United States necessary by failing to appear for his scheduled court appearance in Canada. was only once it became clear that Jenkins did not intend to comply with due process of law in Canada that Canadian law enforcement officials made contact with United States law enforcement. Second, none of the investigative steps performed by the Canadians were done at the behest or even with the knowledge of United States law enforcement agents." Doc. No. 27 at 14.  In short, Double Jeopardy does not bar the prosecution of the defendant by the United States.

## IV.     The Defendant Has Not Demonstrated that the Interests of Justice Require a Continuance of the Trial Date

The defendant reiterates the discovery requests he has made repeatedly, all of which have been addressed at length by both the government and this Court.  *See* Doc. No. 86 at 9, 17-18; Doc. Nos. 21, 53, 57, 60, 65, 74 (Defendant Motions for Discovery); Doc. Nos. 56, 69, 72, 75 (Government Responses to Motions for Discovery); Doc. Nos. 68 and 77 (Court Orders Addressing Discovery Requests).  The defendant continues to cite the supposed deficiencies in discovery as a basis for seeking a continuance.  Doc. No. 86 at 9, 28, 32.  As the government argued in its June 10, 2013 Opposition to the Defendant's Request for a Continuance, the defendant's repeated assertions that he has not received adequate discovery do not, in light of the record in this case, provide a basis for the Court to conclude that the ends of justice require the granting of a continuance.  Doc. No. 75 ("The defendant has not established that a further delay of this trial is required by the interests of justice."); *see also* Doc. No. 77, Decision and Order Denying Motion for Continuance ("After carefully considering the matter, Defendant's motion (Dkt. No. 74) is **DENIED** for each of the reasons stated in the Government's response brief (Dkt. No. 75).").  The defendant cites no new grounds in his present motion, and therefore, the government respectfully requests that this Motion for Discovery and Continuance be denied.

**V.    The Supposed Evidentiary Deficiencies Cited by the Defendant Do Not Warrant Suppression or Dismissal**

The defendant lodges several complaints regarding the government's evidence that he alleges warrant dismissal of the indictment or suppression of the evidence: (1) there was no child pornography on the Toshiba computer; Doc. No. 86 at 9; (2) there was no child pornography on the Compaq computer; Doc. No. 86 at 9; (3) there were no serial numbers on the thumb drive; Doc. No. 86 at 9; (4) the Canadian law enforcement officials may have contaminated the evidence; Doc. No. 86 at 10-12, 32 (5) there is an insufficient demonstration of chain of custody; Doc. No. 86 at 13, 32 (6) items found in the "cashe" on the computer were "not known to user" and were "not prosecutable" and were found on "peripheral equipment"; Doc. No. 86 at 32; (7) his understanding of events does not correspond to those identified in the Canadian Border Services Agency officer's Will Say Statements; Doc. No. 86 at 19-25, 31-32.  As the government indicated above, none of these supposed evidentiary deficiencies provide a basis for dismissal of the indictment.

Although the defendant does not specify under which rule of Federal Criminal Procedure he seeks dismissal of the indictment, the government believes the argument may be brought pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), which provides that a defendant may file, prior to trial, "a motion alleging a defect in the indictment."  At any point while the case is pending, "the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  Fed.R.Crim.P. 12(b)(3)(B).  Fed.R.Crim.P. 12 does not provide a forum for the defendant to dispute the sufficiency of the evidence supporting the Grand Jury's indictment.  It is axiomatic that an indictment valid on its face is not subject to challenge on the ground that the Grand Jury acted on the basis of inadequate or incompetent evidence.  *See United States v. Calandra*, 414 U.S. 338, 345 (1974); *Costello v. United States*,

350 U.S. 359, 363 (1956).  Moreover, the Supreme Court has consistently ruled that the proper functioning of our grand jury system depends upon the secrecy of its proceedings.  *See, e.g., United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958); *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 425 (1983).

The argument available to the defendant under Rule 12 is that the Indictment has failed to invoke the court's jurisdiction or to state an offense.  "In order to state an offense, '[a]n indictment need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him, ... state time and place in approximate terms.'" *United States v. Flaharty*, 295 F.3d 182, 198 (2d Cir.2002) (quoting *United States v. Bagaric*, 706 F.2d 42, 61 (2d Cir.1983)) (alterations in *Flaharty*).  In *Flaharty*, the Second Circuit held that an indictment was sufficient even though it merely stated that unspecified drug felonies in violation of 18 U.S.C. §§ 841(a)(1) and 846 had been committed "[i]n or about and between 1992 and April 1998 . . . within the Eastern District of New York and elsewhere."  *Id.* (alterations in original).

Here, the indictment specifically tracks the language of the statute, alleging in Count One that on May 24, 2009, the defendant, "did knowingly and unlawfully transport child pornography, using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in that the defendant made entry into Canada at the Port of Lansdowne, Ontario, from Wellesley Island, New York, in Jefferson County, transporting in a vehicle a Toshiba laptop computer, serial number 78175808W, that contained one or more graphic image files and multimedia files containing images of a minor and minors engaged in sexually explicit conduct" in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2256(8)(A)  Doc. No. 10 at 1.  The indictment

10

charges in Count Two that on May 24, 2009, the defendant "did knowingly possess material that contained one or more images of child pornography, that had been transported using a means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and that was produced using materials that had been shipped and transported in and affecting such commerce by any means, including by computer, that is: (1) a PNY Attache 8GB USB Thumb Drive that contained one or more graphic image files and multimedia files containing images of a minor and minors engaged in sexually explicit conduct; and (2) a PNY Attache 4GB USB Thumb Drive that contained one or more graphic image files and multimedia files containing images of a minor and minors engaged in sexually explicit conduct obtained by use of the Internet," all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A). Doc. No. 10 at 1-2. Not only does the indictment track the language of the statute, but it specifically identifies the property containing child pornography, which is not part of the statutory language.

As *Flaharty* makes clear, the indictment here exceeds what is required to satisfy the pleading requirements. The defendant's apparent objection to the sufficiency of the evidence of one of the elements of the offense is misplaced. As the Second Circuit has held, that objection is not appropriately raised in a pretrial motion where an indictment meets the basic pleading requirements. *See United States v. Perez*, 575 F.3d 164, 166 -167 (2d Cir. 2009) ("The Defendants, however, had no basis to challenge the sufficiency of the indictment before trial because it met the basic pleading requirements and was valid on its face. The defect of which the Defendants complain is the sufficiency of the Government's proof of the elements of the offense it chose to charge in the indictment. As we have stated, 'Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial ... the

sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss  an indictment.'") (citing *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir.1998)).

Should the defendant be relying on Fed.R.Crim.P. 12(b)(3)(A), which provides that a motion "alleging a defect in instituting the prosecution" must be raised before trial, that reliance would be misplaced, particularly in the absence of any evidence from the defendant that the Government had engaged in "outrageous" conduct undermining the defendant's Due Process rights.  *See United States v. Stewart*, 378 Fed.Appx. 201, 206 (3rd Cir. 2006) ("Even if the outrageous government conduct claim [made pursuant to Fed.R.Crim.P. 12(b)(3)(A)] were properly before us, the claim would fail on the merits. We have stated that we are "'extremely hesitant to find law enforcement conduct so offensive that it violates the Due Process Clause.' ". . . Accordingly, an indictment should be dismissed only if the government conduct is "most intolerable," and not "each time the government acts deceptively.") (internal citations omitted); *see also United States v. Reid*, 625 F.3d 977, 987 (6th Cir. 2010) (discussing a motion under Fed.R.Crim.P. 12(b)(3)(A) in the context of selective prosecution or prosecutorial misconduct).

The defendant's objections to the chain of custody and to the authentication of the evidence do not impact the admissibility of the evidence.  *See* Defendant's Objections 3, 4, and 5, *supra* at 9.  A break of the chain of custody, even if it did occur, "do[es] not bear upon the admissibility of evidence, only the weight of the evidence." *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir.1998).  The defendant's remaining objections (1, 2, and 6 at p. 9, *supra*) are all fact-based inquiries concerning whether a) the defendant did in fact possess child pornography and b) whether the defendant had the requisite intent and "knowingly" possessed the child pornography on his computer (Doc. 86 at 32, *e.g.*, "Items are not known to user"; "misleading as no user may have been aware of their existence").  These issues are fact questions that do not go

to the legality of any search of seizure of the defendant's digital media, and thus, cannot provide grounds for the suppression of the evidence.

## VI.    Conclusion

For the reasons stated above, the government respectfully requests that the defendant's motion to suppress evidence and dismiss the indictment be **DENIED**.

### Government Response to Defendant's Motion for Return of Property

## I.    Introduction

On July 18, 2013, the defendant filed a motion pursuant to Fed. R. Crim. P. 41(g), requesting a return of the following items:

1. One Toshiba laptop serial number 78175808W;

2. One Compaq laptop serial number CNF3362GPN;

3. One Attache USB stick 8 gig marked PNY on cap (black and blue);

4. One Attache USB stick 4 gig marked PNY on cap and back (all black);

5. One Attache USB stick 2 gig marked OPTIMAPRO (black and yellow);

6. Six compact discs (5 Staples and 1 Compaq);

7. One Belkin wireless G Plus MIMO notebook card serial number 15822C9302697;

8. One Olympus digital camera serial number 408242909;

9. One Olympus XD picture card serial number MXD16P3K57106SSX30421MAD;

and

10. One Verizon Motorola cellphone (silver color).

The defendant also requested a return of "[a]ny paperwork related to these items improperly forfeited under the Canadian Privacy Act [and] any documents and physical evidence

the product of the previously mentioned."  Defendant's Motion for Return of Property, Docket No. 93 at 7.  This response follows.

The following items that the defendant now seeks to recover are currently in the possession of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement in Buffalo, New York:

1.      One Toshiba laptop serial  number 78175808W;

2.      One Compaq laptop serial number CNF3362GPN;

3.      One Attache USB stick 8 gig marked PNY on cap (black and blue);

4.      One Attache USB stick 4 gig marked PNY on cap and back (all black);

5.      One Attache USB stick 2 gig marked OPTIMAPRO (black and yellow);

6.      One Olympus digital camera serial number 408242909; and

7.      One Verizon Motorola cellphone (silver color).

*See* Custody and Property Receipt, attached as Exhibit B. The following items that the defendant now seeks to recover are not in the possession of the United States Government:

1.      Six compact discs (5 Staples and 1 Compaq);

2.      One Belkin wireless G Plus MIMO notebook card serial number 15822C9302697; and

3.      One Olympus XD picture card serial number MXD16P3K57106SSX30421MAD.

*Compare* Defendant's Motion for Return of Property, Docket No. 93 at 8, and Exhibit B.

II.      **ARGUMENT**

a. **CRIMINAL PROSECUTION IS PENDING AND THE DEFENDANT HAS NOT SHOWN HE IS ENTITLED TO THE PROPERTY.**

Rule 41(g) of the Federal Rules of Criminal Procedure provides that:

14

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Because the Court must receive evidence on any factual issue necessary to decide a Rule 41(g) motion and because this will occur at trial, any motion for return of property before trial is premature.  *See United States v. Durante*, No. 11-277, 2012 WL 2863490, at *1 (D.N.J. July 11, 2012) (denying motion for return of property where criminal proceedings had not concluded and property was subject to forfeiture).  To succeed on a Rule 41(g) motion made while a criminal prosecution is pending, the defendant must show he is entitled to the property.  *United States v. Gotti*, 244 F. Supp. 2d 120, 124 (E.D.N.Y. 2003) (citing *United States v. Chambers,* 192 F.3d 374, 377 (3d Cir. 1999) (citing *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir. 1991)).  *See also Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (citing *United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987)) ("To prevail on a Rule 41(e) [, now 41(g),] motion, a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended."); *United States v. Uribe-London*, 177 Fed. Appx. 89, 90 (1st Cir. 2006) (citing *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)) ("[A] Rule 41[ (g) ] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.").

By its very terms, Rule 41(g) applies to property that has been seized.  The U.S. Government cannot return property that it never seized and does not currently possess.  *See*

*Ruotolo v. United States*, No. 07-4421-CV, 2009 WL 412991 at *1 (2d Cir. 2009) ("[A] court can order the return of property that is in the hands of the Government, but cannot order the Government to pay money damages if the property has been disposed of, for example through forfeiture."); *Mora v. United States*, 955 F.2d 156, 161 (2d Cir. 1992) (requiring evidentiary hearing to determine what property Government possesses and if Government's conduct in losing property renders it liable for damages).

Here, trial is pending; the defendant's Motion is premature.  Moreover, the defendant has not shown he is entitled to the property.  Rather, three items seized (Toshiba laptop, 8GB thumb drive, and 4GB thumb drive) are subject to forfeiture under 18 U.S.C. § 2253.  *Indictment*, Docket No. 10 at 1-3.  Four items seized (Compaq laptop, 2GB thumb drive, digital camera, and cellphone) are being held for evidentiary purposes.  Exhibit B.  The remaining three items specifically described in the defendant's Motion (compact discs, notebook card, and picture card) are not in the U.S. Government's possession.  Compare *Defendant's Motion for Return of Property*, Docket No. 93 at 8, and Exhibit B.  Finally, the defendant has not shown he is entitled to "[a]ny paperwork related to these items improperly forfeited under the Canadian Privacy Act [and] any documents and physical evidence the product of the previously mentioned" nor that such property was ever seized thereby entitling the defendant to return of such property under Rule 41(g).  Therefore, the defendant's Motion for Return of Property should be denied.

###    b. THE SEARCH AND SEIZURE CONDUCTED BY CANADIAN OFFICIALS CANNOT PROVIDE THE BASIS FOR RELIEF UNDER RULE 41(G)

Rule 41(g) provides a remedy where property is unlawfully searched or seized.  The Fourth Amendment provides the standard for what constitutes a lawful search or seizure.  U.S. Const. amend. IV.  Fourth Amendment protections do not apply to searches or seizures

conducted by foreign governments or officials. *See United States v. Janis*, 428 U.S. 433, 455 n. 31 (1976) (noting Fourth Amendment exclusionary rule does not apply to evidence obtained through searches conducted by foreign governments). Because the search and seizure here were conducted by Canadian officials, no Fourth Amendment protections support the defendant's claim that the search and seizure were unlawful as required by Rule 41(g), and his Motion for Return of Property should be denied.

### III.    CONCLUSION

The defendant's Motion for Return of Property should be denied because trial is pending and his Motion is premature. The defendant has not shown he is entitled to any property in the U.S. Government's possession because each item of property the defendant seeks to recover is either subject to forfeiture or being held for evidentiary purposes. Further, the defendant has not shown any basis for recovery of property that is not in the U.S. Government's possession. The defendant cannot recover any seized property under Rule 41(g) because the search and seizure here were conducted by Canadian officials. Even if Fourth Amendment protections applied, the search and seizure were lawful as a border search and seizure incident to arrest supported by probable cause.

//

//

//

//

//

//

//

//

For all of these reasons, the Government respectfully requests that the defendant's Motion for Return of Property be **DENIED** without a hearing.

Dated: July 29, 2013                                    Respectfully submitted,

                                                        RICHARD S. HARTUNIAN
                                                        United States Attorney

                                          By:    */s/ Gwendolyn E. Carroll*
                                                 Gwendolyn E. Carroll
                                                 Assistant United States Attorney
                                                 Bar Roll No. 515777

CC:     Tamara Thomson, Esq.
        Joseph Jenkins (via United States Mail)