AARON M. GOLDSMITH, ESQ. (519101)
225 Broadway Suite 715
New York, New York 10007
(914) 588-2679
Attorney for Mr. Jenkins

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

(HONORABLE  GLENN T. SUDDABY, USDJ)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 11-CR-602 (GTS) |
| Plaintiff, | ) | Date: November 6, 2013 |
| | ) | Time: |
| v. | ) | **DEFENDANT'S NOTICE OF MOTION** |
| JOSEPH VINCENT JENKINS, | ) | **FOR SUPPRESSION** |
| Defendant. | ) | |

TO:

TAMARA B. THOMSON,
ASSISTANT UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK

JOSEPH VINCENT JENKINS, by and through his counsel, Aaron M. Goldsmith, brings this motion to:

1) Suppress evidence seized from his computers and thumb drives on May 24, 2009; or in the alternative, for hearings to be held to determine the admissibility of such evidence; and for such other and further relief as this Court deems just and proper.

Mr. Jenkins also brings this motion pursuant to the Fourth Amendment of the United States Constitution, all other applicable statutes, case law and local rules.  This motion is based on the attached Affidavit of Mr. Jenkins, statement of facts and memorandum of points and authorities.

Respectfully submitted,

Dated: November 6, 2013
   New York, NY

AARON M. GOLDSMITH, ESQ.
Attorney for Mr. Jenkins

1  AARON M. GOLDSMITH, ESQ. (519101)
   225 Broadway Suite 715
2  New York, New York 10007
   (914) 588-2679
3
   Attorney for Mr. Jenkins
4
                    UNITED STATES DISTRICT COURT
5
                   NORTHERN DISTRICT OF NEW YORK
6
                   (HONORABLE GLEN T. SUDDABY, USDJ )
7
   UNITED STATES OF AMERICA,          )    Case No.: 11-CR 602 (GTS)
8                                      )
              Plaintiff,               )    Date: November 6, 2013
9                                      )    Time:
   v.                                  )
10                                     )    **AFFIRMATION IN SUPPORT of**
   JOSEPH VINCENT JENKINS,             )    **MOTION FOR SUPPRESSION**
11                                     )
              Defendant.               )
12

13        I, AARON M. GOLDSMITH, an attorney duly admitted to practice law before the State of New York

14  and the United States District Court, Northern District of New York, affirm the following under penalties of

15  perjury:

16        1. That I am the attorney of record for Defendant JOSEPH VINCENT JENKINS.

17        2. That I make this affirmation in support of the Motion to Suppress evidence seized from his

18  computers and thumb drives on May 24, 2009.

19        3. On May 24, 2009, Defendant JENKINS encountered the Canada Border Services Agency

20  (CBSAS), at the Port of Lansdowne, Lansdowne, Ontario, Canada; while seeking to enter Canada from

21  Wellesley Island, New York, in Jefferson County.

22        4. The 2003 Dodge Ram pickup truck bearing New York license plate 19322JL, of Defendant

23  JENKINS, was searched at approximately 9:00am by a CBSA Officer.

24        5. Defendant JENKINS was directed to the secondary inspection area where CBSA Officers

25  conducted an examination. A CBSA Officer searched the vehicle and the trailer of the pickup truck, and did

26  not develop any articulable suspicion that the vehicle contained either contraband or evidence of crime.

27        6. A CBSA Officer then located a Toshiba laptop bearing Serial Number: 78175808W in a box

28  located on the right rear passenger seat. The laptop is owned by Defendant JENKINS.

7: 11-MJ-373 (ATB)

7. A CBSA Officer also discovered a Compaq laptop in the vehicle, bearing Serial Number: CNF3362GPN; one (1) PNY Attache 8GB USB thumb drive; one (1) PNY Attache 4GB USB thumb drive; one (1) PNY Attache 2GB USB thumb drive; six (6) compact discs; one (1) Belkin Notebook card Serial Number: 158229302697; one (1) Olympus Digital Camera Serial Number: 408242909; one (1) Olympus XD Card Serial Number: MXD16P3K57106SSX30421MAD; and one (1) Motorola Cellular phone.

8. Without reasonable suspicion of contraband or evidence of a crime, and notably after the Officer felt that the rest of Defendant JENKINS vehicle and trailer were clean, the CBSA Officer **turned on** Defendant JENKINS's laptops, **plugged in** the PNY Attache 8GB USB thumb drive, and a video they believed to contain child pornography. The Officer then placed Defendant JENKINS under arrest for possession of Child Pornography.

9. Officers continued to further examine Defendant JENKINS's PNY Attache 8GB USB thumb drive and the hard-drive of the computers.

10. On May 27, 2009, **three days later**, a search warrant was obtained under authority of the Province of Ontario, Canada, authorizing a search of the aforementioned Toshiba laptop, Compaq laptop, PNY Attache 8GB thumb drive, PNY Attache 4GB thumb drive, PNY Attache 2GB thumb drive, Olympus Digital Camera and Verizon Motorola cell phone.

11. Defendant JENKINS was charged under Canada Criminal Code with Importing-Distributing Child Pornography and Possessing Child Pornography. On October 18, 2010, after JENKINS allegedly failed to appear for a scheduled trial in Canada on those charges, a warrant was issued for his arrest. Information on the CBSA's search of Defendant JENKINS's laptops and thumb drives were then sent to the United States' Department of Homeland Security (DHS), to have the DHS charge him in the United States.

12. On July 6, 2011, the Honorable George H. Lowe signed a search warrant authorizing a search of the aforementioned Toshiba laptop, Compaq laptop, PNY Attache 8GB thumb drive, PNY Attache 4GB thumb drive, PNY Attache 2GB thumb drive, Olympus Digital Camera and Verizon Motorola cell phone that had been seized from Defendant JENKINS on May 24, 2009. Upon information and belief, the basis for Judge Lowe's search warrant was the information collected from the search of Defendant JENKINS' computers initially conducted by Border Patrol then later by Canadian Authorities.

13. Following the search of Defendant JENKINS's aforementioned items, Defendant JENKINS was charged with knowingly transporting child pornography, using any means of facility of interstate and foreign

commerce in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(1); and knowing possession, and access with intent to view, child pornography that had been transported using any means of interstate and foreign commerce and in and affecting such commerce, and that was produced using materials which have been so transported, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A).

14.   While Defendant JENKINS made a prior request for the same relief, Denied by this Court in its Decision/Order dated August 24, 2012 and filed as Document Number 34 on this Docket, the grounds for the Courts decision lay in (a) Defendant's failure to include an Affidavit pursuant to Local Rule 12.1(e); and (b) Defense Counsel's Affirmation failing to include more specific and suitable arguments than the summary discussions of the Canadian authorities' failure to read Defendant JENKINS his *Miranda* rights and transporting the fruits of their seizure far away from Defendant and his then Counsel.

15.   Defendant JENKINS' instant application lies firmly within the protections provided by the Fourth Amendment and the more recent development of case-law specifically addressing the requirement of reasonable suspicion for border agents to search computer equipment due to the nature of information contained and the intrusive quality of a search of one's electronic devices.

16.   Accordingly, Defense Counsel is confident that this incarnation of Defendant JENKINS motion to suppress will withstand the largely procedural scrutiny applied to his first such application.  Additionally, the Court noted in its Decision/Order of August 24, 2012 that the motion(s) was denied **without prejudice** to file additional motions upon a showing of good cause in the future.

WHEREFORE, it is respectfully requested that the Court grant the instant motion, suppressing the use of any and all evidence seized from Defendant JOSEPH VINCENT JENKINS on May 24, 2009 prior to and at the time of his arrest; or in the alternative, for hearings to be held to determine the admissibility of such evidence; and for such other and further relief as this Court deems just and proper.

Dated:   November 6, 2013
         New York, NY

AARON M. GOLDSMITH (519101)

7: 11-MJ-373 (ATB)

1  AARON M. GOLDSMITH, ESQ. (519101)
   225 Broadway Suite 715
2  New York, New York 10007
   (914) 588-2679
3
   Attorney for Mr. Jenkins
4
                        UNITED STATES DISTRICT COURT
5
                      NORTHERN DISTRICT OF NEW YORK
6
                      (HONORABLE GLEN T. SUDDABY, USDJ )
7
   UNITED STATES OF AMERICA,                )   Case No.: 11-CR 602 (GTS)
8                                           )
              Plaintiff,                    )   Date: November 6, 2013
9                                           )   Time:
   v.                                       )
10                                          )   **AFFIDAVIT IN SUPPORT of**
   JOSEPH VINCENT JENKINS,                  )   **MOTION FOR SUPPRESSION**
11                                          )
              Defendant.                    )
12 -----------------------------------------------
   STATE OF NEW YORK         )
13                          )SS.:
   COUNTY OF CAYUGA          )
14

15        I, JOSEPH VINCENT JENKINS, depose and say the following under penalties of perjury:

16        1. That I am the Defendant JOSEPH VINCENT JENKINS, in the above-captioned matter.

17        2. That I make this Affidavit in support of my motion to suppress certain evidence. To wit: any and

18 all evidence discovered and/or seized as a result of the search of computers and portable storage devices,

19 commonly referred to as "thumb drives" initially performed by Canadian authorities on May 24, 2009.

20        3. On May 24, 2009, I was driving to a family-owned cottage in Canada from my home in the State

21 of New York.

22        4. After an initial inquiry was performed by Canadian border authorities, I was directed to a

23 secondary staging area. At said time and location a physical search of my vehicle and the trailer I was towing

24 was conducted.

25        5. During said inspection of my vehicle and trailer, no evidence of criminal activity nor contraband

26 was found. I was not subject to any ongoing criminal investigation nor of any pending criminal case in the

27 United States or Canada on May 24, 2009.

28

7: 11-MJ-373 (ATB)

6. After the completion of the search of the vehicle and trailer, members of the Canadian authorities inquired of the computers in the back seat of my vehicle.

7. Both computers were in boxes and were powered off.  Thumb drives were located in one box.

8. Members of the Canadian authorities proceeded to turn on the computers and conduct a search of the desktop and files located throughout various locations in the computers' hard-drives.  The authorities proceeded to engage the thumb drives and conduct searches of the contents of files therein.

9. The computers and equipment were the property of myself and were used by employees at my business.

10. Neither the computers nor the thumb drives were password protected, thus Canadian authorities were able to freely search all locations of the computers and drives without gaining further information from myself.

WHEREFORE, it is respectfully requested that the Court grant the instant motion, suppressing the use of any and all evidence seized from Defendant JOSEPH VINCENT JENKINS on May 24, 2009 prior to and at the time of his arrest; or in the alternative, for hearings to be held to determine the admissibility of such evidence; and for such other and further relief as this Court deems just and proper.

Dated:  ~~October~~ November 6, 2013
       New York, NY

_____
JOSEPH VINCENT JENKINS

Sworn to Before Me This
6 day of November, 2013

_____
NOTARY PUBLIC

AARON M. GOLDSMITH
Notary Public, State of New York
No. 02GO6091981
Qualified in Nassau County
Commission Expires August 15, 2015

1  AARON M. GOLDSMITH, ESQ. (519101)
   225 Broadway Suite 715
2  New York, New York 10007
   (212) 566-6212
3
   Attorney for Mr. Jenkins
4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF NEW YORK

7          (HONORABLE GLENN T. SUDDABY, USDJ)

8  UNITED STATES OF AMERICA,          )   Case No.: 11 CR 602 (GTS)
                                       )
9          Plaintiff,                  )   DATE: November 6, 2013
                                       )   TIME:
10 v.                                  )
                                       )   **MEMORANDUM OF POINTS AND**
11 **JOSEPH VINCENT JENKINS,**         )   **AUTHORITIES IN SUPPORT OF**
                                       )   **DEFENDANT'S MOTION TO SUPPRESS**
12         Defendant.                  )
                                       )
13

14                        I.

15              **INTRODUCTORY STATEMENT**

16         On May 24, 2009, a number of electronic items were seized from the vehicle of Defendant

17 JENKINS, during a search conducted by an official of the Canada Border Services Agency (CBSA), as

18 Defendant JENKINS applied for admission into Canada at the Port of Lansdowne, Lansdowne, Ontario,

19 Canada from Wellesley Island, New York, in Jefferson County. Upon examination of the vehicle and the

20 trailer of Defendant's pickup truck, no articulable suspicion of contraband, nor evidence of crime were

21 uncovered. In spite of the lack of even reasonable suspicion, the CBSA Officer conducted a search of

22 Defendant's laptop, by turning the laptop on, and plugging in the thumb drives. The search was conducted

23 without provocation by Defendant JENKINS. Upon inspection of the thumb drive's contents, the Officer

24 uncovered what he alleged to be child pornography, and placed Defendant under arrest. Upon Defendant's

25 alleged failure to show up for trial in Canada on October 18, 2010, his case was transferred to the United

26 States Department of Homeland Security (DHS).

27

28

On July 6, 2011, a search warrant was allegedly issued by the Honorable George H. Lowe  pursuant to an investigation allegedly performed by the Homeland Security Investigations on or about October 21, 2010. As a result of that search, On December 21, 2011, representatives of the United States Attorney's Office in and for the Northern District of New York (hereinafter referred to as "NDNY") filed a Complaint in this matter. Defendant JENKINS was charged with knowingly transporting child pornography, using any means of facility of interstate and foreign commerce in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(1); and knowing possession, and access with intent to view, child pornography that had been transported using any means of interstate and foreign commerce and in and affecting such commerce, and that was produced using materials which have been so transported, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A), as it relates to the above-captioned matter.

## II.

### ARGUMENT

### The Items Seized  as a Result of the Border Patrol's Search Were Improperly Taken.

The constitutionality of a border search, pursuant to the 4th amendment, turns on whether it is reasonable. <u>See</u> *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006). Under the border search doctrine, suspicionless border searches are *per se* reasonable; and pursuant to this doctrine, the DHS has held that computers can be searched without limit at the border. *Department of Homeland Security Civil Rights/Civil Liberties Assessment Border Searches of Electronic Devices,* located at http://www.dhs.gov/sites/default/files/publications/crcl-border-search-impact-assessment_01-29-13_1.pdf. However, the U.S. Supreme Court has identified three (3) situations in which suspicionless border searches might not be *per se* reasonable, and thus require at minimum reasonable suspicion: "(1) "highly intrusive searches of the person;" (2) destructive searches of property; and (3) searches conducted in a "particularly offensive" manner." <u>See</u> *United States v. Cotterman,* 709 F.3d 952 (9th Cir. *en banc* 2013), *citing United States v. Flores-Montano,* 541 U.S. 149, 152-56 (2004). Following the Supreme Court's ruling, recent circuit court decisions have held that, contrary to the DHS report, border patrol officials are required to demonstrate, at a

minimum, reasonable suspicion of criminal activity in order to conduct searches of laptops and other electronic devices at the border, in order to avoid violating one's 4th amendment rights. *United States v. Cotterman,* 709 F. 3d 952, 962-965 (9th Cir. *en banc* 2013). Evidence obtained as the result of an illegal search ("the tree") must be suppressed as "'the fruits" of the poisonous tree." *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920).

In *Cotterman*, U.S. Citizen Howard Cotterman's laptop was seized in 2007 at the Arizona-Mexico border. Following protocol, customs officials checked his name in a national database and found he had been convicted in California in 1992 of seven counts related to child molestation. Based on that information, customs officials sent Cotterman to a secondary inspection area where they seized two laptops and three digital cameras belonging to him. While an initial inspection found nothing illegal, the laptops were taken to Tucson, where a specialist looking into password-protected files found what he said were '75 images of child pornography.' *Id.* at 974.

In holding, *en banc,* that reasonable suspicion is required in order to search electronic devices at the border, the court stated that the "uniquely sensitive nature of data on electronic devices...carries with it a significant expectation of privacy and thus renders an exhaustive exploratory search more intrusive than with other forms of property." *Id.* at 966. 'Laptop computers, iPads and the like are simultaneously offices and personal diaries. They contain the most intimate details of our lives: financial records, confidential business documents, medical records and private emails. This type of material implicates the Fourth Amendment's specific guarantee of the people's right to be secure in their "papers."' *Id.* at 964.

While recognizing that "The effort to interdict child pornography is also a legitimate one," the *Cotterman* court further held that, "legitimate concerns about child pornography do not justify unfettered crime-fighting searches or an unregulated assault on citizens' private information. Reasonable suspicion is a modest, workable standard that is already applied in the extended border search, *Terry* stop, and other contexts. Its application to the forensic examination here will not impede law enforcement's ability to monitor and secure our borders or to conduct appropriate searches of electronic devices." *Id.* at 966.

Therefore, reasonable suspicion of criminal activity is required in order to conduct searches of electronic devices at the border. *Id.* Whether there is reasonable suspicion is based on a "totality of the circumstances" test. *Id.* Factors to be considered are: prior criminal history/convictions, frequent travels, password protection of files, whether Defendant has a Treasury Enforcement Communication Systems alert, crossing from a country known for criminal activity (such as sex tourism), collection of electronic equipment, and federal programs aimed at combating the issue the search is conducted for (i.e.: the Operation Angel Watch program aimed at combating child sex tourism). *Id.* Password protection of files in and of itself does not create reasonable suspicion, but is merely a factor that can be considered in the totality of circumstances as to whether reasonable suspicion for a search of the device exists. *Id.*

Turning to the case at bar, after a thorough search by the CBSA of both the vehicle and trailer of Defendant JENKINS's pickup truck, the **search came back clear, without even an assertion of any articulable suspicion of criminal activity**. In *Cotterman,* Defendant Cotterman's 15-year old criminal conviction for child molestation was used as the basis for the search of his laptop. *Id.* at 956. However, in the instant case, the CBSA had no reason to suspect Defendant JENKINS of any prior wrongdoings that would warrant a search of his electronic devices; nor did they uncover anything during the border search that created reasonable suspicion for the search. Nevertheless, the CBSA official confiscated Defendant's laptops and aforementioned electronic items, turned them on, and conducted an intrusive search. The DHS then used information gathered from the CBSA as a basis for the grant of a warrant to conduct further searches of Defendant JENKINS's electronic media, in violation of his 4th amendment rights. Accordingly, the evidence obtained from the illegal search of Defendant JENKINS's vehicle should be suppressed as "the fruits" of the poisonous tree (*Silverthorne Lumber Co. v. US, supra*), and precluded from admission during trial in this matter.

## **CONCLUSION**

Upon review of the factors and standards listed in the above cases, it is respectfully submitted that the CBSA did not have reasonable suspicion to seize and search Defendant's electronic items at the border, and the warrant granted to the DHS produced evidence that is the "tainted fruit" of the CBSA's unlawful search. For the foregoing reasons, Mr. Jenkins respectfully requests that this Court grant his motion suppressing the evidence seized at and before the time of arrest, or in the alternative, for hearings to determine the admissibility of such evidence; and for such other and further relief as this Court deems just and proper.

Dated:  November 6, 2013
New York, NY

Respectfully Submitted,

AARON M. GOLDSMITH, ESQ.(519101)
Attorneys for Defendant JOSEPH JENKINS
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679

TO:

UNITED STATES DISTRICT COURT, NDNY
Hon. Glenn T. Suddaby, USDJ
Syracuse, NY
*via ECF*

UNITED STATES ATTORNEY, NDNY
Tamara B. Thomson, AUSA
Syracuse, NY
*via ECF*

## CERTIFICATION OF SERVICE

AARON M. GOLDSMITH, an attorney duly admitted to practice law before the Courts of the United States, Northern District of New York, affirms the following under penalty of perjury:

That I am attorney for Defendant JOSEPH VINCENT JENKINS in the above-entitled action; that I am not a party to this action; and that on the 7th day of November, 2013, I served the annexed MOTION, by ECF and electronic means, to the following:

U.S. ATTORNEYS' OFFICE, NDNY
Attn.: Tamara B. Thomson, AUSA
Syracuse, New York
Bar Roll #515310

AND that I further filed the annexed MOTION, electronically.

This being the address of record within the State of New York, listed for service of the parties to the within action.

Dated: New York, NY
          November 7, 2013

Aaron M. Goldsmith, Esq.

7: 11-MJ-373 (ATB)