IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************************
| |
|---|
| UNITED STATES OF AMERICA, |
| |
| v. |
| |
| JOSEPH JENKINS |
| **Defendant.** |

Criminal Action No. 5:11-CR-602

GOVERNMENT RESPONSE TO DEFENDANT'S FOURTH MOTION TO SUPPRESS EVIDENCE

*******************************************

## GOVERNMENT RESPONSE TO DEFENDANT'S FOURTH MOTION TO SUPPRESS EVIDENCE

Defendant Joseph Jenkins stands charged by Indictment with one count of transporting child pornography in violation of Title 18, United States Code, Section 2252A(a)(1) and one count of possessing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).  On July 9, 2012, the defendant filed a motion to suppress the electronic evidence seized from him by Canadian law enforcement officials as well as statements made to Canadian law enforcement officers by the defendant.  Doc. No. 25.  The government opposed the motion (Doc. No. 27), and on August 24, 2012, this Court issued a Decision and Order denying the defendant's motion to suppress evidence and statements, and determining that further motions would be allowed only on a showing of good cause.  Doc. No. 34 at 12.  On October 19, 2012, the defendant filed a second motion to suppress evidence (Doc. No. 41), which the government opposed (Doc. No. 47).  On May 21, 2013, this Court denied the defendant's second motion to suppress evidence.  Doc. No. 68.  On April 2, 2013 and May 15, 2013, the defendant filed two separate motions to dismiss the Indictment.  Doc. Nos. 57 and 67.  On May 21, 2013, this Court denied the defendant's first and second motions to dismiss the indictment.  Doc. No. 68.

On June 14, 2013, the defendant filed a third motion to suppress evidence and to dismiss the indictment. Doc. No. 86. On July 1, 2013, the defendant supplemented those motions with an additional filing. Doc. No. 90. On July 29, 2013, the government filed is opposition to the defendant's third motion to suppress. Doc. No. 94. On August 7, 2013, this Court issued its Decision and Order denying the defendant's third motion to suppress. Doc. No. 99. This Court determined that the defendant's third motion to suppress was "unsupported by a showing of cause, for the reasons articulated in the Government's opposition papers. (Dkt. No. 94, at 3-13 & Attach. 1.)."

In the present motion to suppress (Doc. No. 116), the defendant relies almost exclusively on the Ninth Circuit's *en banc* decision in *United States v. Cotterman*, 709 F.3d 952 (9th Cir. *en banc* 2013). As the government explained in its previous response motion, *Cotterman*, which is not binding precedent in this Circuit, is readily distinguishable from the present case. *See* Doc. No. 27 at 11-13 ("*Cotterman* is distinguishable from the present case in three ways: (1) *Cotterman* deals with a search conducted by United States Border Patrol agents, not agents of a foreign government whose law enforcement activities do not fall within the purview of the Fourth Amendment; (2) the law enforcement agents in *Cotterman* did not obtain a search warrant for the laptop computer before transporting it 170 miles away from a border; the Canadian officers in the present case sought and obtained a search warrant for the forensic examination of the digital media; (3) in *Cotterman*, the Customs and Border Patrol agents failed to find any child pornography on the electronic media in either the initial or the secondary inspection before the computer was transported to Tucson for forensic examination. In the present case, CBSA Officer Johnston observed child pornography on the laptop computer during his initial inspection of the computer conducted at the border checkpoint. *Cotterman*'s facts are so dissimilar from

those of the present case that any opinion in *Cotterman* can be considered tangential at best."). Indeed, this Court has previously held that "the facts of *U.S. v. Cotterman*, 637 F.3d 1068 (9th Cir. 2011), are distinguishable enough from those of the present case to conclude that the outcome of the Ninth Circuit's pending en banc decision will not impact this case." Doc. No. 34 at 9.

The defendant's current motion also fails to address one of the chief flaws in his argument to suppress, a flaw also contained in his previous suppression motions and one that the government has previously addressed at some length: the search in question was performed by Canadian law enforcement, and therefore, is not subject to the exclusionary rule. *See* Doc. No. 27 at 8-15. Because the issues raised by the defendant in the present motion have been addressed previously by the government and ruled on by this Court, in the interests of efficiency, the government respectfully requests that this Court consider its previous submissions on the issues below that have already been briefed to and ruled on by this Court and deny the defendant's current motion to suppress evidence.

For all of these reasons, the Government respectfully requests that the defendant's Fourth Motion to Suppress be **DENIED** without a hearing.

Dated: November 24, 2013                                    Respectfully submitted,

                                                                                              RICHARD S. HARTUNIAN
                                                                                              United States Attorney

By:    */s/ Gwendolyn E. Carroll*
        Gwendolyn E. Carroll
        Assistant United States Attorney
        Bar Roll No. 515777

CC:    Tamara Thomson, Esq.
           Aaron Goldsmith, Esq. (*via* ECF)