UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                      5:11-CR-0602
                                                        (GTS)
JOSEPH JENKINS,

                            Defendant.
_____

APPEARANCES:                                OF COUNSEL:

HON. RICHARD S. HARTUNIAN              TAMARA THOMSON, ESQ.
  United States Attorney for the N.D.N.Y.    GWENDOLYN CARROLL, ESQ.
  Counsel for the Government               GEOFFREY J.L. BROWN, ESQ.
100 South Clinton Street                   Assistant United States Attorneys
Syracuse, NY 13261-7198

OFFICE OF AARON M. GOLDSMITH            AARON M. GOLDSMITH, ESQ.
  Counsel for Defendant
225 Broadway, Suite 715
New York, NY 10007

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this criminal proceeding against Joseph Jenkins

("Defendant") for one count of transporting child pornography in violation of 18 U.S.C.§

2252A(a)(1) and one count of possessing child pornography in violation of 18 U.S.C. §

2252a(a)(5)B), is Defendant's second motion to suppress evidence seized by Canadian officers

from his laptop computer and thumb drive on May 24, 2009, at a secondary inspection area at the

United States-Canadian border.  (Dkt. No. 116.)  The Government has opposed Defendant's

motion.  (Dkt. No. 119.)  Defendant was afforded the opportunity to file a reply but chose not to

do so.  (*See* Docket Sheet.)  For the reasons set forth below, Defendant's motion is denied.

## I.      RELEVANT PROCEDURAL BACKGROUND

Because this Decision and Order is intended primarily for the parties, the Court will not recite in detail the action's procedural history, but will merely highlight the most-recent portions of that history.

On July 9, 2012, after receiving an extension of time in which to do so, Defendant filed (through counsel) his first motion to suppress evidence seized by Canadian officers from his laptop computer and thumb drive on May 24, 2009, at a secondary inspection area.  (Dkt. No. 25; Text Order filed June 29, 2012.)  On August 24, 2012, the Court denied that motion.  (Dkt. No. 34.)  In that motion, Defendant also requested, inter alia, leave to "bring any additional motions which may become necessary based upon any possible new developments in the Government's prosecution of the case, the Government's response to the present motions or new facts uncovered by the Defendant's ongoing investigations."  (Dkt. No. 25.)  The Court denied that particular request without prejudice to "refiling in this action upon a showing of good cause."  (Dkt. No. 34, at 11-12.)

On June 27, 2013, the deadline for motions to suppress closed, after being extended nunc pro tunc for nearly a year, out of special solicitude to Defendant.  (Text Order filed June 27, 2013.)  The expiration of that deadline on June 27, 2013, was expressly acknowledged by the Court on August 7, 2013.  (Dkt. No. 99.)

On October 15, 2013, new counsel appeared for Defendant.  (Dkt. No. 111.)  On November 8, 2013, Defendant filed his second motion to suppress evidence seized by from his laptop computer and thumb drive on May 24, 2009, at the secondary inspection area.  (Dkt. No. 116.)

## II.     GOVERNING LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, a search conducted without a warrant is *per se* unreasonable. *United States v. Irving*, 452 F.3d 110, 123 (2d Cir. 2006). However, one of the exceptions to the warrant requirement is searches conducted at the border, or its functional equivalent. *Irving*, 452 F.3d at 123.[1] The main rationale for this exception is "the long-standing right of a sovereign to protect itself by stopping and examining persons and property crossing into [the] country." *United v. Ramsey*, 431 U.S. 606, 616 (1977). It is this decision of a person to enter into the country that makes the suspicionless search of his belongings reasonable. *See United States v. Asbury*, 586 F.2d 973, 975 (2d Cir. 1978) ("Routine searches of a person's belongings and effects are made reasonable by his decision to cross the border."); *Irving*, 452 F.3d at 123 ("[R]outine border searches of a person's belongings are made reasonable by that person's decision to enter this country . . . ."); *United States v. Maigar*, 568 F. Supp.2d 245, 247 (N.D.N.Y. 2008) (Kahn, J.) ("[B]order searches are made reasonable by the person's decision to cross the border . . . .").

Pursuant to this border-search exception, the Second Circuit has long held that "routine" searches conducted at the border do not require probable cause or even reasonable suspicion. *Irving*, 452 F.3d at 123; *United States v. Charleus*, 871 F.2d 265, 267 (2d Cir. 1989). "Routine" border searches include searches of personal belongings, such as luggage. *Charleus*, 871 F.2d at 267-68. Generally, these personal belongings also include electronic devices (so long as the

---

[1]     The "border" includes the secondary inspection area as well as "a reasonable extended geographic area in the immediate vicinity of any entry point." *Irving*, 452 F.3d at 123-24.

search is cursory in nature).  *See, e.g., United States v. Young*, 12-CR-0210, 2013 WL 885288, at

*2 (W.D.N.Y. Jan. 16, 2013) ("Searches of computers and electronic devices are likewise

considered routine searches that may be conducted in the absence of reasonable suspicion. . . .

Therefore, I conclude that the review of the contents of defendant's cellular telephones was a

permissible border search."); *cf. United States v. Borello*, 766 F.2d 46, 58-59 (2d Cir.1985)

("[T]he opening of the cartons and the screening of the films were plainly permissible steps in a

reasonable border search."); *see also United States v. Pickett*, 598 F.3d 231, 234-35 (5th Cir.

2010) (holding that border search of thumb drives, portable hard drives, and laptop memory card

was permissible without a warrant); *United States v. Arnold*, 533 F.3d 1003, 1008 (9th Cir. 2008)

(holding that border search of laptop computer, separate hard drive, computer memory stick, and

six compact discs found in vehicle was permissible without a warrant); *United States v.

Linarez-Delgado*, 259 F. App'x 506, 508 (3d Cir. 2007) (holding that border search of contents

of camcorder during search of belongings was permissible without a warrant); *United States v.

Ickes*, 393 F.3d 501, 504 (4th Cir. 2005) (holding that border search of computer and disks found

in vehicle was permissible without a warrant).

　　　　With regard to whether a forensic examination of such an electronic device (revealing

password-protected files, deleted files, etc.) can be a "routine" search, it appears possible that it

can be–unless it is destructive of the device, or carried out in a "particularly offensive manner."

*See United States v. Flores-Montano*, 541 U.S. 149, 152 (2004); *United States v. Montoya de

Hernandez*, 473 U.S. 531, 540 (1985).  However, at least one Circuit Court has held that a

forensic examination of such an electronic device is not "routine," thus requiring reasonable

suspicion.  *See United States v. Cotterman*, 709 F.3d 952, 960-68 (9th Cir. 2013) (distinguishing

between a cursory manual inspection of a laptop conducted at a border and a comprehensive "forensic examination" conducted at a different time and place, which requires reasonable suspicion).

## III.   ANALYSIS

After carefully considering the matter, the Court denies Defendant's second motion to suppress based on each of the following three alternative grounds: (1) the violation of the Court's Scheduling Order; (2) the law-of-the-case doctrine; and (3) the merits.

### A.   Violation of Court's Scheduling Order

As a threshold matter, Defendant's motion is denied as untimely.  The deadline for motions to suppress closed on June 27, 2013 (*see* Text Order dated June 27, 2013; Dkt. No. 99). As a result, the motion is four-and-a-half months late.  Ordinarily, the Court might grant an extension to the deadline, given defense counsel's appearance in the case on October 15, 2013. However, the Court will not do so because Defendant has not shown that he was unable to retain counsel before October 15, 2013.  Indeed, Defendant was found to be able to afford counsel on November 8, 2012 (Dkt. No. 48), and he subsequently acknowledged that his delay in obtaining counsel was his inability to find a lawyer that "wants to do what I want them to do" (*see, e.g.,* Dkt. No. 87, at 5).

### B.   Law-of-the-Case Doctrine

In the alternative, Defendant's motion is denied based on the law-of-the-case doctrine. Contrary to what Defendant argues, the Court's denial of Defendant's previous motion requesting this relief (Dkt. No. 34) was not "without prejudice."  Rather, the denial was with prejudice.  (Dkt. No. 34, at 12.)  *Cf. Shockley v. Vermont State Colleges*, 793 F.2d 478, 481 (2d

Cir. 1986) (applying point of law that dismissal of action for failure to state claim is with prejudice where district court fails to state that it is without prejudice). What Defendant is referring to is the disposition of Defendant's separate request for leave to "bring any additional motions which may become necessary based upon any possible new developments in the Government's prosecution of the case, the Government's response to the present motions or new facts uncovered by the Defendant's ongoing investigations." (Dkt. No. 25, Attach. 1, at 11.) It was *that* motion which the Court denied "without prejudice," requiring Defendant to both renew that motion and show good cause, if he wanted to file another motion to suppress the evidence in question. (Dkt. No. 34, at 11-12.) This he has not even attempted to do.

Moreover, contrary to defense counsel's suggestion, the prior denial was not based exclusively, or even "largely," on procedural grounds. (Dkt. No. 116, Attach. 1, at ¶¶ 14, 16.) Rather, the denial was based on the merits. Granted, the prior denial was partially based on the lack of an affidavit based on personal knowledge. However, the prior denial was also expressly based on the following grounds: (1) the fact that the exclusionary rule does not apply to the law enforcement activities of foreign law enforcement officials acting in its own country, where those activities neither shock the conscience nor result from a cooperative investigation with United States law enforcement; (2) the fact that the search was lawful under the United States border-search doctrine; and (3) the fact that the *Cotterman* case is distinguishable from the current case. (Dkt. No. 34, at 4-9.)

As a result, the Court's rejection of the issues presented by the current motion is the law of the case, and Defendant has not even attempted to move for reconsideration with regard to the decision.

6

### C.     The Merits

In the alternative, Defendant's second motion to dismiss is denied on the merits.
Contrary to Defendant's suggestion, the search of the laptop and thumb drive was not materially
distinct from the search of the vehicle.  Rather, the search of those personal belongings–which
were found *inside* Defendant's vehicle–was part of the search of the vehicle, occurring at the
same approximate time and place as the search of the vehicle (i.e., a forty-five minute period at
the secondary inspection area).  (Dkt. No. 27, Attach. 1, at 2 [attaching CBSA BSO Garrah's
Will Say Stmnt., stating that search of vehicle began at 9:00 a.m., search of laptop found inside
vehicle began at 9:10 a.m., and search of thumb drive found inside vehicle occurred at 9:50
a.m.]; Dkt. No. 27, Attach. 2, at 2-4 [attaching CBSA BSO Hache's Will Say Stmnt., stating that
search of vehicle began at 8:59 a.m., search of laptop found inside vehicle began at 9:10 a.m.,
and search of thumb drive found inside vehicle occurred at 9:45 a.m.]; Dkt. No. 27, Attach. 4, at
2 [attaching CBSA BSO Johnston's Will Say Stmnt., stating that search of vehicle began at 9:00
a.m., search of laptop found inside vehicle began at 9:05 a.m., and search of thumb drive found
inside vehicle occurred at 9:50 a.m.].)

Stated differently, the search of Defendant's non-password-protected laptop and thumb
drive was both routine and cursory under the relevant law.  *See, supra,* Part II of this Decision
and Order (citing cases).  The Court notes that *Cotterman* is distinguishable in the three ways
described by the Government.  (Dkt. No. 119, at 2-3; *see also* Dkt. No. 34, at 9.)  In any event,
the case is not controlling in this Circuit.

The Court notes also that it rejects any suggestion of impropriety regarding the post-
arrest search, on May 24, 2009, of the computers and/or thumb drives found in Defendant's

vehicle, due to the inventory-search exception, the inevitable-discovery doctrine, and/or the independent-source doctrine. *See, e.g., United States v. McCargo*, 464 F.3d 192, 201 (2d Cir. 2006) ("[N]on-discretionary inventory searches of vehicles are constitutional, without any quantum of suspicion, in order to protect the police from the potential danger posed by items left behind."); *United States v. O'Brien*, 498 F. Supp.2d 520, 547 (N.D.N.Y. 2007) (Sharpe, J.) ("Despite the unlawful seizure of the notes and correspondence on the desktop and given the material left behind in the desk drawers, it was inevitable that Schatzel would do as Sheeley did–obtain a search warrant and seize all of those items."); *United States v. Howe*, 09-CR-6076, 2011 WL 2160472, at *13 (W.D.N.Y. May 27, 2011) ("Although Howe's privacy interests were violated by the warrantless searches, I find that suppression of the evidence seized from the laptop is not required. Under the independent source doctrine, evidence originally discovered by illegal means, but seized later pursuant to lawful means will not be suppressed.").

**ACCORDINGLY**, it is

**ORDERED** that Defendant's second motion to suppress evidence seized by Canadian officers from his laptop computer and thumb drive on May 24, 2009, at a secondary inspection area at the United States-Canadian border (Dkt. No. 116) is **DENIED**.

Dated: December 12, 2013
     Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge