IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 5:11-CR-602 (GTS) |
| v. | (Hon. Glenn T. Suddaby) |
| JOSEPH JENKINS, | UNITED STATES' REQUESTED JURY INSTRUCTIONS |
| Defendant, | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Dated: January 13, 2014 | Richard S. Hartunian<br>United States Attorney |
| By: | */s/ Gwendolyn E. Carroll*<br>Gwendolyn E. Carroll<br>Assistant U.S. Attorney<br>Bar Roll No. 515777 |

## **PREFACE**

In accordance with Federal Rule of Criminal Procedure 30, the United States requests that the court instruct the jury as hereinafter set forth. The requested jury instructions are based upon the defendant, evidence and issues which are anticipated, and are intended to be comprehensive. Before submitting the case to the jury, the court may be asked to remove any requested instruction which turns out to be inapplicable, and the United States may request additional instructions depending upon the issues which arise at trial.

The sources for these instructions generally are: L. Sand, J. Siffert, W. Loughlin, S. Reiss, S. Allen, & J. Rakoff, Modern Federal Jury Instructions (2013) (Sand).

TABLE OF CONTENTS

REQUESTED JURY INSTRUCTION

1. Defendant's Interest if Defendant Testified …………….....………………………………...5

2. Variance – Dates ………….…....…………………………………………………………….6

3. The Charges…………….....………………………………………………………………....7

4. 18 U.S.C. §2252A(a)(1)…………….....…………………………………………………...8

5. Elements of the Offense……………….…………………………...……...………………9

6. First Element – Transporting…………….………………………………………………..10

7. Second Element – Effect on Interstate Commerce..……………………………………………11

8. Third Element – Visual Depiction Was Child Pornography…....……………………………12

9. Sexually Explicit Conduct Defined……………………………………………………………13

10. Fourth Element – Defendant Acted Knowingly…………….....………………………………15

11. Count Two: The Indictment & The Statute ………....…………………………………….16

12. Elements of the Offense.………………………………………………………………..17

13. First Element – Possession…………….....………………………………………………..18

14. Consciousness of Guilt from Flight…....……………………………………………………..19

REQUESTED INSTRUCTION NO. 1

DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES[1]

[IF APPLICABLE]

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

---

[1] Sand, Instruction 7-4

REQUESTED INSTRUCTION NO. 2

VARIANCE-DATES[2]

I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.

---

[2] Sand, Instruction 3-12

REQUESTED INSTRUCTION NO. 3

THE CHARGES[3]

The Indictment contains two counts.  Count One charges on or about the dates named, the defendant, Joseph Jenkins, violated sections 2252A(a)(1) and 2256(8)(A) of Title 18 of the United States Code by knowingly and unlawfully transporting child pornography.  Count Two charges that on or about the dates named, the defendant, Joseph Jenkins, violated sections 2252A(a)(5)(B) and 2256(8)(A) of Title 18 of the United States Code by knowingly possessing child pornography.

I will now read the indictment to you.

[Read Indictment]

The defendant has denied that he is guilty of these charges.

---

[3] Sand, Instruction 3-2

REQUESTED INSTRUCTION NO. 4

18 U.S.C. § 2252A(a)(1) – THE STATUTE[4]

Count One of the indictment charges the defendant with transporting child pornography.

The indictment reads as follows:

[Read Indictment]

The indictment charges the defendant with violating section 2252A of Title 18 of the United States Code. That section provides in relevant part:

> If transporting or shipping is charged: Any person who knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography [shall be guilty of a crime].

---

[4] Sand, Instruction 62-25.

7

REQUESTED INSTRUCTION NO. 5

ELEMENTS OF THE OFFENSE[5]

In order to prove the defendant guilty of transporting child pornography, the government must prove each of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly transported a visual depiction, as I will explain that term to you.

**Second,** that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

**Third,** that the visual depiction was child pornography, as I will define that term; and

**Fourth,** that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

---

[5] Sand, Instruction 62-26.

REQUESTED INSTRUCTION NO. 6

FIRST ELEMENT - TRANSPORTING[6]

The first element which the government must prove beyond a reasonable doubt is that the defendant knowingly transported a visual depiction in interstate or foreign commerce.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason. It is not necessary for the government to show that the defendant personally transported or shipped the depiction. It is sufficient if the government proves that the defendant knowingly caused the interstate shipment to take place.

---

[6] Sand, Instruction 62-27.

REQUESTED INSTRUCTION NO. 7

SECOND ELEMENT – EFFECT ON INTERSTATE COMMERCE[7]

The second element which the government must prove beyond a reasonable doubt is that the child pornography was transported in or affecting interstate or foreign commerce.

The indictment alleges that the child pornography was transported in or affecting interstate or foreign commerce. This means that the government must prove that the child pornography crossed between one state and another or between the United States and a foreign country.

---

[7] Sand, Instruction 62-33.

REQUESTED INSTRUCTION NO. 8

THIRD ELEMENT – VISUAL DEPICTION WAS CHILD PORNOGRAPHY[8]

The third element which the government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and which portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

---

[8] Sand, Instruction 62-36.

REQUESTED INSTRUCTION NO. 9

SEXUALLY EXPLICIT CONDUCT DEFINED[9]

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child.

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

---

[9] Sand, Instruction 62-37

12

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance which you give to any one factor is up to you to decide.

REQUESTED INSTRUCTION NO. 10

FOURTH ELEMENT – DEFENDANT ACTED KNOWINGLY[10]

The fourth element which the government must prove beyond a reasonable doubt is that the defendant knew that the material he possessed was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

---

[10] Sand, Instruction 62-39.

REQUESTED INSTRUCTION NO. 11

COUNT TWO: THE INDICTMENT AND THE STATUTE[11]

The indictment charges the defendant with possessing child pornography. The indictment reads as follows:

[Read Indictment]

The indictment charges the defendant with violating section 2252A(a)(5)(B) of Title 18 of the United States Code. That section provides in relevant part:

> Any person who . . . knowingly possesses . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer [shall be guilty of a crime].

---

[11] Sand, Instruction 62-25.

15

REQUESTED INSTRUCTION NO. 12

ELEMENTS OF THE OFFENSE[12]

In order to prove the defendant guilty of possessing child pornography, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that the defendant knowingly possessed a visual depiction, as I have explained that term to you;

**Second**, that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

**Third**, that the visual depiction was child pornography, as I have defined that term; and

**Fourth**, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct. I have previously instructed on the Second, Third and Fourth elements. Please rely on my instructions concerning those elements.

---

[12] Sand, Instruction 40-3 (modified to reflect the overlapping elements of the charges in the Indictment).

REQUESTED INSTRUCTION NO. 13

FIRST ELEMENT – POSSESSION[13]

The first element which the government must prove beyond a reasonable doubt is that the defendant knowingly possessed or knowingly accessed with intent to view a visual depiction.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The government must prove that defendant possessed the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

---

[13] Sand, Instruction 62-31.

17

REQUESTED INSTRUCTION NO. 14

CONSCIOUSNESS OF GUILT FROM FLIGHT[14]

You have heard evidence that the defendant fled after he learned that he was going to be prosecuted in Canada for the same conduct giving rise to the charges for which he is now on trial. If proved, the flight of a defendant after he knows has been accused of a crime may tend to prove that the defendant believed that he was guilty. It may be weighed by you in this connection, together with all the other evidence.

However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt. Flight does not create a presumption of guilt.

Whether or not evidence of flight does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

---

[14] Sand, Instruction 6-9 (modified to reflect specific facts of this case).