IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

            v.

JOSEPH JENKINS,

                 Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal Action No.
11-CR-602 (GTS)

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS ON FORFEITURE

The United States submits the following proposed jury instructions relating to the forfeiture alleged in the Indictment. These instructions are applicable in the event that the defendant is convicted.

Leave is respectfully requested to include such additional instructions as may become appropriate during the course of the trial.

Dated: January 13, 2014

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney

By:   */s/ Gwendolyn E. Carroll*
      Gwendolyn E. Carroll
      Assistant United States Attorney
      Bar Roll No. 515777

## TABLE OF CONTENTS

| Instruction Number | Instruction |
|---|---|
| 1. | Introductory Charge: Criminal Forfeiture |
| 2. | Forfeiture Allegation Summarized: List of Items Subject To Forfeiture |
| 3. | The Statute Read to the Jury: 18 U.S.C. § 2253(a)(3) |
| 4. | Burden of Proof: Preponderance of the Evidence |
| 5. | Limitations of Jury's Determination as to Property Subject to Forfeiture |
| 6. | Explanation of Special Verdict Form |

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**:
**Introductory Charge: Criminal Forfeiture**

Members of the Jury, in view of your verdict that the defendant, **JOSEPH JENKINS**, is guilty of committing the offenses charged in Counts 1 and 2 of the Indictment, you have one more task to perform before you are discharged. I now must ask you to render a special verdict concerning property the United States has alleged is subject to forfeiture.[1]  "Forfeiture" means to give up ownership or interest in property, as a penalty for committing a violation of a certain federal law.

All of my previous instructions apply with respect to these special verdicts. You should consider all of my previous instructions when deliberating as to the forfeiture.

---

[1] 18 U.S.C. §§ 2252A(a)(1) and 2256(8)(A) (Count One) and 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A) (Count Two) and 18 U.S.C. § 2253(a)(3); *Libretti v. United States*, 516 U.S. 29, 39 (1995) (criminal forfeiture is an aspect of punishment imposed following conviction of a substantive criminal offense).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2:**
**Forfeiture Allegation Summarized:  List of Items Subject To Forfeiture**

It is charged in a Forfeiture Allegation in the Indictment that in the course of committing the offense alleged in Counts 1 and 2 of the Indictment pertaining to the offense of conviction, the defendant, **JOSEPH JENKINS**, used or intended to use the following property to commit or to promote the commission of said offense, namely:

1. One Toshiba laptop, serial number 78175808W;

2. One PNY Attache 8GB USB Thumb Drive; and

3. One PNY Attache 4GB USB Thumb Drive.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3:
### The Statute Read to the Jury: 18 U.S.C. § 2253(a)(3)

Under Title 18, United States Code, Section 2253(a)(3), upon conviction of offenses in violation of Title 18, United States Code, Sections 2252A(a)(1) and (a)(5)(B) and 2256(8)(A), any person who is convicted of the offenses for which the defendant, **JOSEPH JENKINS**, has been found guilty shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to promote the commission of such offenses, and any property traceable to such property.

This statute provides in part:

A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2252B of this chapter, or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in—

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.[2]

---

[2] 18 U.S.C. § 2253(a)(3) (2006).

### GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4:
### Burden of Proof: Preponderance of the Evidence

It is your duty to determine if the property should be forfeited. You must determine whether the United States Government proved that the property was either property which was used, or intended to be used, in any manner or part to commit or to promote the commission of the violations of Title 18, United States Code, Sections 2252A and 2256.

To be entitled to forfeiture of property as a result of the defendant's conviction on Counts 1 and 2, the Government must prove by a preponderance of the evidence that the property sought to be forfeited was used or intended to be used to commit or to promote the commission of that offense.[3]

Unlike the underlying criminal charges that you have already considered, the United States is not required to establish the necessary elements of the forfeiture allegation by proof beyond a reasonable doubt. Rather the government must prove every essential element of the forfeiture allegation by a preponderance of the evidence.[4]

To establish a fact by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, "preponderance of the evidence" means that the Government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that more likely than not that the property was used or intended to be used to commit or to promote the commission of the offenses charged in Counts 1 and 2. A preponderance of the evidence is a lower standard of proof, that is, a less strict standard, than is proof

---

[3] 18 U.S.C. § 2253(a)(3) (2006); *United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999) (because forfeiture is part of sentencing, and fact-finding at sentencing is established by a preponderance of the evidence, the preponderance standard applies to criminal forfeiture); *see also United States v. Gaskin,* 354 F.3d 438, 461–62 (2d Cir. 2004) (following *Bellomo*).

[4] *United States v. Schlesinger,* 396 F.Supp.2d 267, 271 (E.D.N.Y. 2005) ("[I]t is well-settled in the Second Circuit that once the defendant is convicted of an offense on proof beyond a reasonable doubt, the government is only

beyond a reasonable doubt.

While deliberating, you may consider any evidence offered by the parties at any time during the trial, including testimony offered by the Government or the defendant before or after your previous deliberations.[5]  In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

However, you must not reexamine your previous verdict regarding guilt of the defendant in question.  Your previous finding that the defendant is guilty of the offenses charged in Counts 1 and 2 is final, conclusive, and binding.  Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of the crimes charged in Counts 1 and 2.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.  However, my previous instructions concerning the Government's burden of proving the defendant's guilt beyond a reasonable doubt do not apply to your deliberations and verdict regarding forfeiture.  In the forfeiture portion of this trial, the Government must prove, by a preponderance of the evidence, that the property is subject to forfeiture.[6]  The Government is not required to prove beyond a reasonable doubt that the property is subject to forfeiture.

---

required to establish the forfeitability of the property . . . by a preponderance of the evidence.").

[5] *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (citing Fed. R. Crim. P. 32.2.(b)(1)(B), which states: "The Court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.").

[6] *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (citing *United States v. Libretti*, 516 U.S. at 49, which

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5:**
**Limitations of Jury's Determination as to Property Subject to Forfeiture**

I instruct you that your previous determination that the defendant, **JOSEPH JENKINS**, is guilty of the offenses of which he is charged in Counts 1 and 2 of the Indictment is binding on this part of the proceedings and you must not discuss or determine anew whether he is guilty or not guilty of these charges.

I further instruct you that what happens to any property that you declare forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property should be declared forfeited. In this connection, you should disregard any claims that other persons, including innocent spouses, may have to the property. The interests that other persons may have to the property, if any, will be taken into account by the Court at a later time in an ancillary proceeding.[7] Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time. Finally, you are not required to consider whether the property is presently available. That matter also will be considered solely by the Court in imposing sentence.

---

held that criminal forfeiture was "an aspect of sentencing" falling beyond the purview of the Sixth Amendment).
[7] Fed. R. Crim. P. 32.2(c)(4) ("An ancillary proceeding is not part of the sentencing.").

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6:**
**Explanation of Special Verdict Form**

A Special Verdict Form has been prepared for your use. With respect to the property, you are asked to determine whether it is subject to forfeiture to the United States. You may answer by simply writing the word "yes" or "no" in the space provided next to the words "Yes" or "No." The foreperson must then sign and date the Special Verdict Form.

Additionally, you must reach a unanimous verdict as to each question on the verdict form.[8] Every juror must agree that the Government has proved by a preponderance of the evidence that the property to be forfeited was used or intended to be used to commit or to promote the commission of the crimes charged in Counts 1 and 2.

A verdict form has been prepared for your use. The form lists the property that the Indictment states was used or intended to be used to commit or to promote the commission of the crimes charged in Counts 1 and 2.

---

[8] 18 U.S.C. § 3531 (2013).