# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

United States of America,

                                          Docket No.: **11 CR 602 (GTS)**

      -against-

                                           **DEFENDANT'S**

JOSEPH VINCENT JENKINS,                     **REQUESTS TO CHARGE**

                 Defendant.

-------------------------------------------------------X

Dated: January 13, 2014                       Respectfully submitted,

                                           Law Office of
                                           AARON M. GOLDSMITH, PC
                                         Attorneys for Defendant

_____/s/_____

                                           By: Aaron M. Goldsmith, Esq.
                                         Bar Roll No.: 519101
                                         225 Broadway, Sutie 715
                                         New York, NY 10007
                                         (914) 588-2679
                                         aarongoldsmithlaw@gmail.com

TO:    US DISTRICT COURT, NDNY
        Hon. Glen T. Suddaby, USDJ
        100 S. Clinton Street
        Syracuse, NY 13261
        *Via ECF*

        US ATTORNEY, NDNY
        Attn.:  Tamara B. Thomson, AUSA   (Bar Roll No.:515310)
               Gwendolyn E. Carroll, AUSA (Bar Roll No.:515777)
        100 S. Clinton Street
        Syracuse, NY 13261
        *Via ECF and email*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

United States of America,

Docket No.: **11 CR 602 (GTS)**

-against-

JOSEPH VINCENT JENKINS,

Defendant.

-------------------------------------------------------X

<u>**DEFENDANT'S REQUESTS TO CHARGE**</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant
JOSEPH VINCENT JENKINS respectfully requests that the Court include the following in
its charge to the jury.

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>

1.      General Requests . . . . . . . . . . . . . . . . . . …. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..      1

2.      Summary of the Indictment           . . . . . . . . . . . . . . …. . . . . . . . . . . . . . . . . . . .      2

3.      Counts One and Two:General Instructions .. . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . .      4

4.      Count One : Transporting…………………………………………….      6

5.      Count Two: Possession…………………………………………………      8

6.      "Child Pornography" Defined…………………………………………..      9

7.      Knowledge and Intent: Conscious Avoidance                  . . . . . . .      10

8.      Limited Evidence . . . .                  . .      . . . . . . . .                  . .      .      .      .      .      13

9.      Venue      . . . . . . . .                  . .      . . . . . . . .                  . .      .      .      .      .      14

10.     Particular Investigative Techniques Not Required . . . .      16

11.     Use of Evidence Obtained Pursuant To Search                  . . . . . .      17

12.     Preparation of Witnesses . . . . . . . . . . . . . . .      18

13.  Persons Not On Trial or Not Indicted . . .                . . . . . .              .    19

14.  Uncalled Witnesses -- Equally Available to        Both Sides        .    20

15.  Expert Testimony . . . . . . . . . . . . . . . . . . . .                            21

16.  Character Witnesses              . . . . . . . . . . . . . . . . . .                23

17.  Defendant's Testimony            . . . . . . . . . . . . . . . . .                  25

18.  Defendant's Right Not to Testify . . . . . . . . . . . .                            26

19.  Testimony Of Law Enforcement Witnesses . . . . . . . . .                            28

20.  Statements Of Defendant          . . . . . . . . . . . . . . . .                    29

21.  Use of Audio Recordings and Transcripts                    . . . . . . . .          30

22.  Use of Charts and Summaries              . . . . . . . . . . . . . .                31

23.  Mere Presence . . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    33

24.  Similar Act Evidence . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    34

25.  Conclusion . . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    37

**REQUEST NO. 1**

**<u>General Requests</u>**

Defendant JOSEPH VINCENT JENKINS respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel not Evidence

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Jury's Recollection Controls

g.   Inferences

h.   Government Treated Like Any Other Party

i.   Definitions and Examples of Direct and Circumstantial Evidence

j.   Credibility of Witnesses

k.   Interest in Outcome

l.   Right to See Exhibits and Have Testimony Read During Deliberations

m.   Sympathy:  Oath as Jurors

n.   Punishment Is Not to Be Considered by the Jury

o.   Verdict of Guilt or Innocence Must be Unanimous

**REQUEST NO. 2**

**Summary of the Indictment**

The defendant, JOSEPH VINCENT JENKINS, is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains two counts.  Each Count is a separate offense or crime.  Each Count must therefore be considered separately by you, and you must return a separate verdict on each Count.

Count One of the Indictment charges that the defendant with knowingly Transporting Child Pornography, on or about May 24, 2009, at the United States/Canadian Border, located at the junction of Port of Lansdowne, Ontario and Wellesley Island, New York, in violation of 18 USC §§ 2252A(a)(1) and 2256(8)(A).

Count Two of the Indictment also charges that the defendant knowingly Possessed with the intent to view Child Pornography, on or about May 24, 2009, at the United States/Candadian Border, located at the junction of Port of Lansdowne, Ontario and Wellesley Island, New York, in violation of 18 USC §§ 2252A(a)(5)( B) and 2256(8).


Both Counts are alleged to have taken place in the Northern District of New York.

3

**REQUEST NO.
3**

## Counts One and Two: General Instructions

Counts One and Two of the Indictment charge the defendant with Transporting and Possessing with intent to view Child Pornography.          I will now read the Indictment to you:

> [The Court is respectfully requested to read Counts One and Two of the Indictment.]

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Sand et al., Modern Federal Jury Instructions, Instr. 19-2.

**REQUEST NO. 4**

**Count One Elements of Transporting**

In order to sustain its burden of proof with respect to the charge of knowingly Transporting Child Pornography contained in the Indictment, the Government must prove beyond a reasonable doubt the following elements:

First, did the defendant knowingly possess any media that contains child pornography;

Second, knowingly mail, or transport or ship Child Pornography using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

18 USC §2252A(a)(1)

**REQUEST
NO. 5**

**<u>Count Two: Possession of Child Pornography</u>**

<u>First</u>, did the defendant knowingly possess any media that contains child pornography;

<u>Second</u>, did the defendant possess such media that contains child pornography with the intent to access it;

<u>Third,</u> was the media containing child pornography transported by any means or facility of interstate commerce, including by computer.

The term "media" as I have used it may mean "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography."

18 USC § 2252A(a)(5)(B)

**Request No. 6**

**"CHILD PORNOGRAPHY" Defined**

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

**(A)** the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

**(B)** such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

**(C)** such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

18 USC §2256(8)

9

**REQUEST NO. 7**

**Knowledge and Intent: Conscious Avoidance [If Applicable]**

I have just instructed you that the Government must prove beyond a reasonable doubt, that the defendant must have knowingly possessed Child Pornography as an element of each count.

Let me say one other thing about the knowledge element regarding the objectives or purposes of the case. In determining whether a defendant acted knowingly and intentionally regarding the objectives or purposes of each case, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant regarding the object or objects of each charge cannot be established by showing that he was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact that is material and important to one's conduct in order to escape the consequences of criminal law. Thus, if you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that he was possessing with the intent to view child pornography, but that the defendant deliberately and

10

consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he and his co-conspirators were not attempting to possess with the intent to distribute, distribute narcotics.

I would also like to point out that this legal principle regarding the "deliberate closing of eyes" has no bearing on the other elements of each offense.

Adapted from the charge in United States v. Mang Sun Wong, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge), cert. denied, 493 U.S. 1082 (1990).

"A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts [sic], but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990). See United States v. Rodriguez, 983 F.2d 455, 457-58 (2d Cir. 1993) (clarifying when charge is appropriate: "[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt"). See also United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir.) (same), cert. denied, 479 U.S. 861 (1986); United States v. Guzman, 754 F.2d 482, 489 (2d Cir. 1985) (same), cert. denied, 474 U.S. 1054 (1986)

**REQUEST NO. 8**

**<u>Limited Evidence</u>**
**<u>[If Applicable]</u>**

Some of the evidence in this case was introduced for a limited purpose.  Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 3-5.

13

REQUEST NO. 9

**Venue**

In addition to all the elements of Counts One and Two, that I have just described for you, you must decide, separately with respect to each count whether any act in furtherance of the crime occurred within the Northern District of New York.  The Northern District of New York includes, among other places, Syracuse, Albany, Binghamton, Plattsburg and Utica, New York. It also includes the counties and land running from the St. Lawrence River to the New York, Pennsylvania Border in certain areas and from points west of Syracuse to New York's Borders with Vermont and Massachusetts to the East.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Northern District of New York.  Thus, with respect to Counts One and Two,

14

the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred within this District.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant of the charge.

> Adapted from the charges of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and Tr. at 439; the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11. See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), cert. denied, 112 S. Ct. 660 (1991).

**REQUEST NO. 10**

## Particular Investigative Techniques Not Required
### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

16

**REQUEST NO. 11**

**Use Of Evidence Obtained Pursuant To Search**

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992), and United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

17

### REQUEST NO. 11

### Preparation Of Witnesses
### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

18

**REQUEST NO. 13**

<u>**Persons Not On Trial or Not Indicted**</u>
<u>**[If Applicable]**</u>

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that certain persons other than the defendant were not named as defendant in the Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from Judge Leisure's charge in <u>United States</u> v. <u>Parra, et al.</u>, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004), Judge Werker's charge in <u>United States</u> v. <u>Barnes</u>, S 77 Cr. 190 (Nov. 29, 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979), <u>cert</u>. <u>denied</u>, 446 U.S. 907 (1980), and Judge Pollack's charge in <u>United States</u> v. <u>Bynum</u>, 71 Cr. 1169 (S.D.N.Y. 1971).  <u>See</u> <u>also</u> Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 3-4.

19

**REQUEST NO. 14**

**Uncalled Witnesses -- Equally Available to Both Sides**
**[If Applicable]**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on the defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 6-7.  See United States
> v. Super, 492 F.2d 319, 323 (2d Cir. 1974)
> (proper to instruct jury that no inference
> should be drawn from the absence of a witness
> who was equally unavailable to both sides);
> accord United States v. Brown, 511 F.2d 920,
> 925 (2d Cir. 1975).

20

**REQUEST NO. 15**

**<u>Expert Testimony</u>**
**[If Applicable]**

You have heard testimony from what we call an expert witness.  An expert is a witness who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinion which was received in evidence in this case and give it as much or as little weight as you think it deserves.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the

21

other evidence does not give you reason to doubt the expert's

conclusions, you would be justified in placing great reliance on

the expert's testimony.

> Adapted from the charge of Judge Pierre N.
> Leval in United States v. Mucciante, 91 Cr.
> 403 (PNL) (S.D.N.Y. 1992) and from the charge
> of Judge Michael B. Mukasey in United States
> v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

**REQUEST NO. 16**

**<u>Character Witnesses</u>**
**[If Applicable]**

You have heard testimony that the defendant has a reputation for [insert character trait testified to, e.g., honesty and truthfulness] in the community where he lives and works.  That testimony bears on the defendant's character. Character testimony should be considered together with all of the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that a defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit that defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant.  The guilt or non-guilt of the defendant is for you alone to determine, and should be based on all the evidence you have heard in the case.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u>
<u>Instructions</u>, Instr. 5-15, and the charge in
<u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24,

23

27-31 (2d Cir. 1991) (specifically approving charge).

A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. United States v. Pujana-Mena, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30 (citations omitted).

**REQUEST NO. 17**

**<u>Defendant's Testimony</u>**
**[Requested Only If a Defendant Testifies]**

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and a defendant is presumed innocent.  In this case, the defendant JOSEPH VINCENT JENKINS did testify and was subject to cross-examination like any other witness.   You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

United States v. Brutus, 505 F.3d 80, 88 &
n.7 (2d Cir. 2007); United States v. Gaines,
457 F.3d 238, 249 &  n.9 (2d Cir. 2006).

**REQUEST NO. 18**

**<u>Defendant's Right Not to Testify</u>**
**[If Requested by Defense]**

The defendant JOSEPH VINCENT JENKINS did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant JOSEPH VINCENT JENKINS did not testify.  No adverse inference against him may be drawn by you because the defendant(s) did not take the witness stand.  You may not consider this against the defendant(s) in any way in your deliberations in the jury room.

Sand <u>et</u> <u>al</u>., <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 5-21.

26

**REQUEST NO. 19**

**Testimony Of Law Enforcement Witnesses**

You have heard testimony of law enforcement officers. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, defense counsel may to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

28

**REQUEST NO. 20**

**<u>Statements of Defendant</u>**
**[If Applicable]**

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 5-19 and from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (S.D.N.Y. 1999) (in context of government's use of tape recordings).

29

**REQUEST NO. 21**

**Use of Audio Recordings and Transcripts**

Audio recordings and transcripts of those recordings have been admitted into evidence.  Whether you approve or disapprove of the recording of the activity may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

If you wish to hear any of the recordings again, or see any of the transcripts, they will be made available to you during your deliberations. [**If applicable**: Certain redactions, or deletions, have been made in the transcripts and from the CD copies of the recordings at the direction of the Court.  You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.]

Adapted from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

30

**REQUEST NO. 22**

<u>**Use of Charts and Summaries**</u>
**[If Applicable]**

Some of the exhibits at this trial were charts and
maps.  These charts and maps were introduced basically as
summaries.  They are not direct evidence.  They are summaries of
the evidence.  They are visual representations of information or
data as set forth either in the testimony of a witness or in a
stipulation or in some documents.  They are admitted as aids to
you.  They are not in and of themselves evidence.  They are
intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it
is clearly easier and more convenient to utilize summary charts
and maps than to place all of the relevant documents in front of
you.  It is up to you to decide whether those charts and maps
fairly and correctly present the information in the testimony and
the documents.  The charts are not to be considered by you as
direct proof of anything.  They are merely graphic demonstrations
of what the underlying testimony and documents are.

Ladies and gentlemen, it is up to you to determine
whether these charts should be accepted or rejected on the basis
of the underlying evidence and whether they have any value or
significance whatsoever.

To the extent that the charts maps conform with what
you determine the underlying evidence to be, you may accept them.

31

But one way or the other, you should realize that charts are not in and of themselves direct evidence.   They are merely visual aids.

> Adapted from the charge of the Honorable
> Kevin T. Duffy in <u>United States</u> v.
> <u>Castellano</u>, SSS 84 Cr. 63, <u>aff'd in part
> and rev'd in part sub nom</u>. <u>United States</u>
> v. <u>Gaggi</u>, 811 F.2d 47 (2d Cir.), <u>cert</u>.
> <u>denied</u>,
> 482 U.S. 929 (1987), Tr. at 7019-20, and from
> Sand, Instr. 74-12.

**REQUEST NO.: 23**

**<u>IMPERMISSIBLE TO INFER PARTICIPATION FROM MERE PRESENCE</u>**

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.

**AUTHORITY**

*Hicks v. United States*, 150 U.S. 442, 14 S. Ct. 144, 37 L. Ed. 2d 1137 (1893).

**REQUEST NO.: 24**

**SIMILAR ACTS--INTENT, KNOWLEDGE, ABSENCE OF MISTAKE**

**[IF APPROPRIATE]**

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

## AUTHORITY

*Huddleston v. United States*, 485 U.S. 681, 108 S. Ct. 1496, 1502, 99 L. Ed. 2d 771 (1988) .

*United States v. Brauning*, 553 F.2d 777, 781 (2d Cir.), cert. denied, 431 U.S. 959 (1977) .

**REQUEST NO. 25**

## Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.   You are judges – judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United</u> <u>States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).   <u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated: New York, New York
       January 13, 2014

                              RESPECTFULLY SUBMITTED,


                              _____/s/_____
                              AARON M. GOLDSMITH, ESQ,
                              Attorney for Defendant JENKINS
                              225 Broadway, Suite 715
                              New York, NY  10007
                              (914) 588-2679
                              aarongoldsmithlaw@gmail.com
                                38

## CERTIFICATION OF SERVICE

AARON M. GOLDSMITH, an attorney duly admitted to practice law before the Courts of the United States, Northern District of New York, affirms the following under penalty of perjury:

That I am attorney for Defendant JOSEPH VINCENT JENKINS in the above-entitled action; that I am not a party to this action; and that on the 13th day of January, 2014, I served the annexed PROPOSED REQUESTS TO CHARGE, by ECF and electronic means, to the following:

US ATTORNEY, NDNY

Attn.:   Tamara B. Thomson, AUSA   (Bar Roll No.:515310)

Gwendolyn E. Carroll, AUSA (Bar Roll No.:515777)

100 S. Clinton Street

Syracuse, NY 13261

AND that I further filed the annexed document, electronically.

This being the address of record within the State of New York, listed for service of the parties to the within action.

Dated:  New York, NY
        January 13, 2014

_____/s/_____
Aaron M. Goldsmith, Esq.
Bar Roll No.: 519101

39