# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
United States of America,

  -against-

JOSEPH VINCENT JENKINS,

   Defendant.

-------------------------------------------------------X

Docket No.: **11 CR 602 (GTS)**

**DEFENDANT'S
<u>PROPOSED VOIR DIRE</u>**

Dated: January 13, 2014

Respectfully submitted,

Law Office of
AARON M. GOLDSMITH, PC
Attorneys for Defendant

_____/s/_____
By: Aaron M. Goldsmith, Esq.
Bar Roll No.: 519101
225 Broadway, Sutie 715
New York, NY 10007
(914) 588-2679
<u>aarongoldsmithlaw@gmail.com</u>

TO: US DISTRICT COURT, NDNY
   Hon. Glen T. Suddaby, USDJ
   100 S. Clinton Street
   Syracuse, NY 13261
   *Via ECF*

   US ATTORNEY, NDNY
   Attn.: Tamara B. Thomson, AUSA (Bar Roll No.:515310)
      Gwendolyn E. Carroll, AUSA (Bar Roll No.:515777)
   100 S. Clinton Street
   Syracuse, NY 13261
   *Via ECF and email*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
United States of America,

                                                                                    Docket No.: **11 CR 602 (GTS)**

      -against-

JOSEPH VINCENT JENKINS,

      Defendant.
---------------------------------------------------------X

### DEFENDANT JOSEPH VINCENT JENKINS' PROPOSED VOIR DIRE QUESTIONS

      Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the defendant respectfully requests that the Court supplement its examination of prospective jurors by including the following questions. The Court is further respectfully requested to conduct more detailed questioning (outside the presence of the panel of prospective jurors) if a prospective juror's answer(s) reveal(s) that further inquiry is appropriate and, in such an instance, to conclude by asking the prospective juror whether such fact or circumstance would prevent the prospective juror from serving as a juror in a fair and impartial manner.

### BIOGRAPHICAL INFORMATION

1.    (A)   Do you have any difficulty reading or understanding the English language?
      (B)   What other languages do you speak?

2.    Do you have a physical problem (i.e. hearing impairment, vision impairment, hypertension, back injury, etc.) that would interfere with your ability to serve on the jury?

3.    What is your place of birth (limit answer to the state, or if outside of the United States, the Country)?

4.    Are you:
           Married; Single; Divorced/Separated; Widow/Widower; living with
           a significant other; living with a roommate?

5. If you are married or living with another adult, where was the birthplace of your spouse/significant other?

6. Do you have any children?

6(a). If you have children, please indicate their: Age; Sex; Education; Type of Employment and
Employer.

7. If employed full or part-time, what type of work do you do and whom is your employer?
(For example: teller/Citibank)

8. If retired or unemployed, what type of work had you been doing and whom was your most previous employer.

9. (A) Do you have a second job?
   (B) What type of job is it and whom is your employer?

10. What neighborhood and County do you reside in (i.e., Cayuga, Liverpool, etc)? How long have you lived at your residence?

11. Do you: Own a home? Rent? Live with relatives or friends?

12. Are you: Self-employed? Employed part-time? Work at home? Unemployed/laid-off? Retired? Student? Disabled and unable to work?

13. If you work at home, do you have a job skill which qualifies you for employment outside of the home? If so, please describe.

14. If you are self-employed, do you own your own business?

15. Is your spouse or any adult with whom you live: Self-employed? Employed part-time? Work at home? Unemployed/laid-off? Retired? Student? Disabled and unable to work?

16. If employed full or part-time, what type of work does your spouse/or adult with whom you live do, and who is their employer? (i.e. teller/Citibank).

    (A) How long at present job?

    (B) Does s/he supervise others at your job?

17. If retired or unemployed, what type of work had your spouse/or the adult with whom you live been doing and who was his/her employer?

18. (A) Does s/he have a second job?
    (B) What type of job is it and whom is his/her employer?

19. List any jobs s/he has had in the past five years. Describe the type of work and who the employer was.

20. (A) Have you ever been a member of any labor union?
    (B) If yes, state which union.

21. (A) Were you ever in a military service?
    (B) Any service as Military Police?
    (C) Any service in a Courts martial defense attorney, prosecutor or investigator?
    (D) If yes, would that experience prevent you from rendering a verdict based solely on the evidence presented in this case?

22. (A) What level of education did you complete?
    (B) If college or post-graduate, please state the degrees, or your major area of study.
    (C) If you are currently a student, please describe briefly your area of study.

23. What newspapers and magazines do you read? Indicate how frequently (e.g., daily, often, occasionally, rarely).

24. Do you watch the news on TV? If yes, how frequently (e.g., daily, often, occasionally, rarely)?

25. What are your three favorite television shows?

26. What radio stations do you listen to?

27. If you have bumper stickers on your car, what do they say?

28. Do you belong to any clubs, associations or civic groups, such as, but not limited to, Kiwanis, Rotary Club, Knights of Columbus, Veterans of Foreign Wars, American Legion or any other association? If yes, please list the associations to which you belong.

29. Do you have any hobbies? If yes, what are they?

30. Have you ever attended law school?

31. Do you have any close friends or relatives who are lawyers, or who have attended law school?

32. This case will involve an allegation that the defendant was involved in the Possession and Trafficking of Child Pornography.

33. Is there anything about the nature of the charges themselves (i.e., obtaining and viewing child pornography) which would affect your ability to serve as an impartial juror in this case?

34. Have you, or any close friend or family member, had personal experiences with child pornography that would affect your ability to serve as an impartial juror in this case?

35. The defendant is from Geneva, NY, does the fact that the defendant is from Geneva make it difficult to remain fair and impartial in this case.

36. The defendant is a United States Citizen.

37. Are you a United States Citizen either by birth or Naturalization?

38. If you are not a United States Citizen, what is your citizenship status?

## LAW SCHOOL AND GOVERNMENTAL TIES

39. Have you or any family member or close friend ever been a member of any group that lobbies or takes public positions on law enforcement issues?

40. Do you or does any relative or close friend work for or with any federal, state or local law enforcement agency, such as, but not limited to, a police or sheriff's department, district attorney's office, United States Attorney's office, Federal Bureau of Investigation, Drug Enforcement Administration, or any private security/investigation firm?

41. Would you tend to give the testimony of a law enforcement officer or other government agent more weight solely because of that person's position as a law enforcement officer or government agent?

42. Have you or a relative or close friend ever applied to a federal, state or local agency for employment?

43. Have you or a relative or any close friend ever done business or sought to do business with the federal, state, or local government?

44. Do you or does any relative or close friend work for a criminal lawyer or private investigator?

45. Are you or do you have any relatives or close friends who are judges, law clerks, court clerks, court attendants, or other types of court personnel, probation officers or persons connected with any penal institution, jail or penitentiary?

46. Have you or has a family member or any close friend ever been charged with a crime or been subject to a criminal investigation?

47. Have you ever appeared or testified as a witness in any investigation or legal proceeding?

48. Have you ever been questioned in any matter by the Police, any state or local law enforcement agency or by the Department of Justice or any United States investigative agency such as the Federal Bureau of Investigation, Drug Enforcement Administration, Internal Revenue Services, Bureau of Alcohol, Tobacco and Firearms, Homeland Security, Bureau of Immigration and Customs Enforcement, or the Securities and

Exchange Commission?

49. Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, employee thereof, or have you ever had any financial interest in such a dispute?

**EXPERIENCE, KNOWLEDGE & OPINIONS OF THE CRIMINAL JUSTICE SYSTEM**

50. (A) Have you or has a family member ever been the victim of a crime?
    (B) If yes, please provide details on: the type of crime, approximately how long ago, was anyone injured, was a weapon involved, was anyone arrested, did you participate in the identification procedure (i.e., line-up or photographs), did you participate in the prosecution (i.e., testify at trial), did you lose any money or property?
    (C) If yes, is there anything about that experience that would make it difficult for you to serve as a fair and impartial juror in this case, given the subject matter of the indictment?

51. Can you accept the Court's instructions that no defendant may be found guilty unless the evidence submitted at trial proves that individual's guilt beyond a reasonable doubt?

52. Is there anything about the nature of the charges (conspiracy to distribute narcotics and witness tampering) which would interfere with your ability to decide, based solely on the evidence, of whether the defendant has been proven guilty beyond a reasonable doubt?

53. Do you personally know or have any connection (personal, professional, social or otherwise) with the defendant JOSEPH VINCENT JENKINS here on trial?

54. Do you personally know or have any connection with the attorneys for defendant and/or their respective lawyers/paralegals: AARON M. GOLDSMITH, ESQ.,

55. Do you have any connection (personal, professional, social or otherwise) with the prosecution, the United States Attorney for the Northern District of New York, or the Assistants TAMARA THOMSON and/or GWENDOLYN CARROLL.

56. Do you have any impression, opinion or belief concerning the Police Department, the Federal Bureau of Investigation, the Department of Justice, the Bureau of Immigration and Customs Enforcement, Canadian Border Services Agency or law enforcement agencies generally which would lead you to be prejudiced in favor of or against the Government in this case?

57. Conversely, do you have any impression, opinion or belief concerning the defendant or law enforcement that would lead you to be prejudiced in favor of or against the defendant?

**PRIOR JURY EXPERIENCE AND ACCEPTANCE OF BASIC LEGAL PRINCIPLES**

58. Have you had previous jury duty experience? If yes, was it a civil case, criminal case or a Grand Jury?

59. Have you ever served as a jury foreperson?

60. If you have served on a jury previously, please list:

    (A) The approximate dates.

    (B) Whether the service was in Federal or State Court.

    (C) Whether the service was as a trial juror or Grand Juror.

    (D) General nature of the case (robbery, murder, tax fraud, etc.)

    (E) Whether a verdict was reached - without revealing the verdict.

    (F) Have you ever been a juror in a case which was dismissed because the jury was

      deadlocked?

61. Was there anything about your experience of serving on a trial jury or a Grand Jury that would affect your ability to sit as a juror in this case?

62. It is not uncommon for people to feel that if a defendant has been indicted by a Grand Jury, that defendant is probably guilty. Do you share that view in any respect?

63. Do you feel that simply because a defendant is charged with a crime by a Grand Jury, that a defendant is probably guilty?

64. Do you feel that a defendant would not be on trial unless he had done something wrong?

65. Do you believe the fact that a defendant is indicted is entitled to any weight at all in deciding whether that defendant is innocent or guilty?

66. Can you accept that the defendant is, at this moment, presumed to be innocent of any crime and that she is presumed to be innocent throughout the entire course and duration of this trial and during your deliberations?

67. Do you understand that it is the sole obligation of the prosecution to prove, if it is able, the defendant guilty beyond a reasonable doubt?

68. Do you have any difficulty accepting this proposition?

69. Under the law, the facts are for the jury to determine and the law is for the Court to determine. These two functions are separate and distinct. At the end of the case the Court will instruct you on the law. You are required to accept the law as it is explained to you, not withstanding your own personal view. It will be your job to determine the facts under the Court's explanation of the law. Would you have any difficulty in following this rule?

70. Under the law, a defendant may elect whether or not s/he will testify. If the defendant elects not to testify, the jury may not draw any inference against the defendant based on that decision. That fact may not enter into the jury's deliberation. Would you have any difficulty in following this principle?

71. Under the law, the defendant is under no obligation to present any evidence or case in his own behalf. If the defendant elects not to present any evidence on his own behalf, the jury may not draw any adverse inference against the defendant based on that decision. That fact may not enter into the jury's deliberation. Would you have any difficulty in following this principle?

72. Conversely, should the defendant decide to put on a case in his own behalf, that fact does not shift the burden of proof to the defendant, nor does it diminish the obligation of the Government to prove the defendant's guilt beyond a reasonable doubt. Would you have any difficulty in following this principle?

73. Several witnesses in this case will be law enforcement officers. Their testimony is not entitled to any greater or lesser weight simply because they are law enforcement officers. Would you have any difficulty in following that instruction?

74. If the evidence establishes a defendant's guilt beyond a reasonable doubt, would you be unable to return a guilty verdict against that defendant for some reason that has nothing to do with the law or the evidence?

75. If the evidence fails to establish a defendant's guilt beyond a reasonable doubt, would you be unable or reluctant to return a "not guilty" verdict for some reason that has nothing to do with the law or evidence?

Dated: New York, New York
       January 13, 2014

                              RESPECTFULLY SUBMITTED,


                              _____/s/_____
                              AARON M. GOLDSMITH, ESQ,
                              Attorney for Defendant JENKINS
                              225 Broadway, Suite 715
                              New York, NY  10007
                              (914) 588-2679
                              aarongoldsmithlaw@gmail.com

## CERTIFICATION OF SERVICE

AARON M. GOLDSMITH, an attorney duly admitted to practice law before the Courts of the United States, Northern District of New York, affirms the following under penalty of perjury:

That I am attorney for Defendant JOSEPH VINCENT JENKINS in the above-entitled action; that I am not a party to this action; and that on the 13th day of January, 2014, I served the annexed PROPOSED VOIR DIRE, by ECF and electronic means, to the following:

US ATTORNEY, NDNY
Attn.:  Tamara B. Thomson, AUSA   (Bar Roll No.:515310)
        Gwendolyn E. Carroll, AUSA (Bar Roll No.:515777)
100 S. Clinton Street
Syracuse, NY 13261

AND that I further filed the annexed document, electronically.

This being the address of record within the State of New York, listed for service of the parties to the within action.

Dated:  New York, NY
        January 13, 2014

_____/s/_____
Aaron M. Goldsmith, Esq.
Bar Roll No.: 519101