UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                              5:11-CR-0602
                                                (GTS)
JOSEPH VINCENT JENKINS,

                          Defendant.
_____

**<u>JURY INSTRUCTIONS</u>**

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................1
      A.    Roles of Court and Jury....................................................1
      B.    Role of Attorneys..............................................................2
      C.    Government as Party..........................................................3

II.   NATURE OF EVIDENCE.................................................................4
      A.    Testimony and Exhibits.....................................................4
      B.    Direct and Circumstantial Evidence.................................5
      C.    Indictment Is Not Evidence................................................6
      D.    Potential Punishment Is Not Evidence...............................7

III.  EVALUATION OF EVIDENCE.......................................................7
      A.    Verdict Based on Evidence, Not Sympathy.......................7
      B.    Improper Considerations: Race, Religion, National Origin,
            Sex, or Age.........................................................................8
      C.    Quality Not Quantity of Evidence.....................................9
      D.    Credibility of Witnesses....................................................9
      E.    Testimony of Law Enforcement Witnesses.......................10
      F.    Pretrial Statements of the Defendant................................11
      G.    Testimony of the Defendant...............................................11
      H.    Use of Evidence Obtained..................................................11
      I.    Expert Testimony................................................................12
      J.    Transcript of Audio Recording..........................................13
      K.    Particular Investigative Techniques Not Required...........14
      L.    Variance in Dates – Immaterial.........................................14

IV.   BURDEN OF PROOF.........................................................................15

V.    SUBSTANTIVE LAW.........................................................................16
      A.    Count One: Transportation of Child Pornography...........18
            1.    First Element............................................................19
            2.    Second Element........................................................20
            3.    Third Element...........................................................20
            4.    Fourth Element.........................................................22

**B.**     **Count Two: Possession of Child Pornography**...................................**24**

    **1.**     **First Element**.................................................................**25**

    **2.**     **Second Element**.............................................................**26**

    **3.**     **Third and Fourth Elements**...........................................**27**

**C.**     **Venue Requirement for Both Counts**..................................**28**

**VI.**     **CONCLUSION**.............................................................................**29**

# I.    INTRODUCTION

## A.    Roles of the Court and the Jury

Now that you have heard all the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case.

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence.  Once you have determined the facts, you must follow the law as I state it, and apply the law to the facts as you find them.

You are not to consider one instruction alone as stating the law, but you are to consider the instructions as a whole.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not concern yourself with the wisdom of any rule of law; you are bound to accept and apply the law as I give it to you, whether or not you agree with it.

In deciding the facts and applying the law of this case, you must not be swayed by feelings of bias, prejudice or sympathy toward any party.  The Government and the Defendant, as well as the general public, expect you to carefully and impartially consider all the evidence in this case, follow the law as stated by the Court, and reach a decision regardless of the consequences.

Nothing I say in these instructions is to be taken as an indication that I have any

opinion about the facts of the case, or what that opinion may be.  It is not my function to determine the facts; that is your function.

### B.    Role of the Attorneys

The function of attorneys is to call your attention to those facts that are most helpful to their side of the case.  What the attorneys say, however, is not binding on you; and, in the final analysis, your own recollection and interpretation of the evidence controls your decision.

Let me further elaborate on the role of attorneys.  Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties.  It is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that role, they have not only the right, but the obligation, to make objections to the introduction of evidence they feel is improper.

The application of the rules of evidence is not always clear, and attorneys often disagree.  It has been my job as the judge to resolve these disputes.  It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys.  However, it is important for you as jurors to recognize that this is

not a contest between attorneys.  You are to decide this case solely based on the evidence.  Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their opening and/or closing arguments helpful, take advantage of them; but keep in mind that it is your memory and your evaluation of the evidence in the case that counts.

In addition, you must not infer from anything I have said during this trial that I hold any views for or against either the Government or the Defendant.  In any event, any opinion I might have is irrelevant to your decision.

### C.      The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.  The case is important to the Government, because the enforcement of criminal laws is a matter of prime concern to the community.  It is equally important to the Defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether the Government or individuals, stand as equals at the bar of justice.

The question before you can never be: "Will the Government win or lose the

case?"  The Government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

## II.    NATURE OF EVIDENCE

### A.    Testimony and Exhibits

As I stated earlier, your duty is to determine the facts based on the evidence I have admitted.  In this case, the term "evidence" includes (1) the sworn testimony of witnesses (both on direct examination and cross-examination) and (2) the exhibits received into evidence (regardless of who may have produced them).

Regarding the first form of evidence (that is, sworn testimony), arguments and statements of attorneys, questions to witnesses, and material excluded by my rulings, are not evidence.  For example, at times during trial, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true; if the witness denied the truth of the statement, and if there is no evidence in the record providing that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.  Similarly, at times during the trial, I sustained objections to questions and either prevented a witness from answering or ordered an answer stricken from the record; you may not draw inferences from unanswered questions and you may not consider any responses that I ordered stricken from the record.

4

Regarding the second form of evidence (that is, exhibits), exhibits that have been marked for identification but not received may NOT be considered by you as evidence.  Only those exhibits received may be considered as evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.  However, you are to base your verdict only on the evidence received in the case.  Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

### B.      Direct and Circumstantial Evidence

As I explained to you during my preliminary instructions to you at the start of trial, the law recognizes two types of evidence – direct and circumstantial.  Now that the trial is over, a more elaborate instruction on the subject is appropriate.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  I will give you an example other than the snow example I gave you during my preliminary instructions.  Suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting

5

here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

### C.    The Indictment Is Not Evidence

As I explained to you during my preliminary instructions, the Defendant has been charged with a crime about which I will further instruct you shortly.  The instrument through which he has been charged is called "the Indictment."  The Indictment is not evidence.  Rather, it is merely an accusation, describing the charge made against the Defendant.  As a result, it may not be considered by you as any evidence of the guilt of the Defendant.

6

### D.      Potential Punishment Is Not Evidence

Similarly, the question of possible punishment of the Defendant should be of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the Defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## III.    EVALUATION OF EVIDENCE

### A.      Verdict Based on Evidence, Not Sympathy

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided by the evidence in this case.  The crucial, hard-core question that you must ask yourself as you sift through the evidence is this: Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the Defendant is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that, once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the guilt of the Defendant, then you should not hesitate for any reason to render a verdict of not guilty.  But, on the other hand, if you should find that the Government has met its burden of proving the guilt of the Defendant beyond a reasonable doubt, then you should not hesitate, because of sympathy or any other reason, to render a verdict of guilty.

**B.    Improper Considerations: Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, sex or age.  All persons are entitled to the presumption of innocence and the Government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

8

### C.      Quality Not Quantity of Evidence

The fact that one party has introduced more evidence than the other does not mean that you should find the facts in favor of the side offering more evidence.  It is the quality of the evidence that governs, not the quantity.  As a matter of fact, a defendant in a criminal case is under no obligation to present any evidence.

### D.      Credibility of Witnesses

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In evaluating a witness's testimony, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party, as well as the interest the witness may have in the outcome of the case.  You should consider the following: (1) the opportunity the witness had to see, hear, and know the things about which he or she testified; (2) the accuracy of the witness's memory; (3) his or her candor or lack of candor; (4) the reasonableness and probability of the witness's testimony; (5) the testimony's consistency or lack of consistency; and (6) its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other

9

evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

The existence or non-existence of a fact is not determined by the number of witnesses called. Again, your concern is not with the quantity but the quality of the evidence.

### E.    Testimony of Law Enforcement Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

### F.      Pretrial Statements of the Defendant

There has been evidence that the Defendant made certain statements to, or overheard by, law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that the Defendant's rights were not violated during the making of these statements, and that the Government's use of this evidence is entirely lawful.

### G.      Testimony of the Defendant

In a criminal case, the defendant cannot be required to testify; but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the Defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

### H.      Use of Evidence Obtained

During this trial, you have heard testimony about evidence obtained by law enforcement officers through searches.  You are instructed that the evidence

obtained from these searches was properly admitted in this case, and may be properly considered by you.  Such searches were entirely appropriate law enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

In addition, the Government has offered evidence in the form of a recording of a telephone call between the Defendant and another person.  You are instructed that this recording was lawfully obtained, and the Government is entitled to use the recording in this case.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the Defendant's guilt beyond a reasonable doubt.

### I.    Expert Testimony

You have also heard testimony from what we call an expert witness.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it

deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

### J.    Transcript of Audio Recording

With regard to the audio recording that I mentioned earlier, a certain typewritten transcript was provided to you.  This transcript, which purports to identify the speakers engaged in an oral conversation, was provided to you for the limited and secondary purpose of aiding you in following the content of the conversation as you listened to the audio recording, and aiding you in identifying the speakers.

However, you are specifically instructed that whether the transcript correctly or incorrectly reflect the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the audio recording itself.  If you noticed a difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read.  Similarly, if you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

### K. Particular Investigative Techniques Not Required

In the questions and arguments of defense counsel in this case, you have heard reference to the fact that certain investigative techniques may not have been used by law enforcement authorities.  However, there is no legal requirement that the Government prove its case through any particular means.  Law enforcement authorities have no legal duty to employ in the course of an investigation all of the many tools at their disposal, and the failure to use any particular technique or techniques does not tend to show that a defendant is not guilty of a crime with which he is charged. Thus, you are not to concern yourself with why law enforcement authorities used the techniques they did or why they did not use other techniques.  Rather, your concern is to determine whether or not, based on the evidence or the lack of evidence, the guilt of the Defendant has been proven beyond a reasonable doubt.

### L. Variance in Dates – Immaterial

Please note that it does not matter if the Indictment charges that a specific act occurred "on or about" a certain date, and the evidence indicates that, in fact, it was on another date. The law requires only a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits.

## IV.    BURDEN OF PROOF

Now, before discussing the alleged crime charged here, I want to remind you that the Indictment here is a mere accusation.  It is not evidence, and you are to draw no inference of guilt from the mere fact that the Defendant has been charged.  As a result, in reaching your determination of whether the Government has proved the Defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The Defendant has no burden of proof whatsoever in this case.  He is under no obligation to produce any witnesses.  He is presumed to be innocent, and the presumption of innocence continues through the trial and during your deliberations.  The presumption of innocence is overcome when, and only when, the Government establishes the guilt of the Defendant by proving each element of the offense you are considering beyond a reasonable doubt.

Now, what do I mean by "beyond a reasonable doubt?"  It is not some vague or speculative doubt.  As the phrase implies, a reasonable doubt is a doubt that is based upon reason, a reason that appears in the evidence or in the lack of evidence.  The Government is not required to prove a defendant guilty beyond every conceivable or every possible doubt.  Nor is the Government required to prove a defendant guilty to an absolute mathematical certainty, because, of course, in human affairs, that is usually impossible.  But, you should review all of the evidence as you remember it, sift out what you believe, discuss it, analyze it, compare your views of the evidence with that of your fellow jurors, and, if that

15

process produces in your mind some belief or conviction that you would be willing to accept without further hesitation, then you may say that you have been convinced beyond a reasonable doubt.

On the other hand, if going through that same process in your mind, your mind is wavering, or it is so uncertain that you would hesitate before acting if it were an important matter of your own, then you have not been convinced beyond a reasonable doubt.

## V.   SUBSTANTIVE LAW

The Indictment in this case contains two counts.  Each count is a separate offense or crime.  Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One of the Indictment charges the Defendant in this case with transportation of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2256(8)(A).  Specifically, Count One of the Indictment reads as follows:

> "On or about May 24, 2009, in the Northern District of New York, **JOSEPH JENKINS**, the defendant herein, did knowingly and unlawfully transport child pornography, using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in that the defendant made entry into

Canada at the Port of Landsdowne, Ontario, from Wellesley Island, New York, in Jefferson County, transporting in a vehicle a Toshiba laptop computer, serial number 78175808W, that contained one or more graphic image files and multimedia files containing images of a minor and minors engaged in sexually explicit conduct."

Count Two of the Indictment charges the Defendant in this case with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A).  Specifically, Count Two of the Indictment reads as follows:

"On or about May 24, 2009, in the Northern District of New York, **JOSEPH JENKINS**, the defendant herein, did knowingly possess material that contained one or more images of child pornography, that had been transported using a means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and that was produced using materials that had been shipped and transported in an affecting such commerce by any means, including by computer, that is: (a) a PNY Attache 8GB USB Thumb Drive that contained one or more graphic image files and multimedia files containing images of a minor and minors engaged in sexually explicit conduct; and (2) a PNY Attache 4GB Thumb Drive that contained one or more graphic image files and multimedia files containing images of a minor and minors engaged in sexually explicit conduct obtained by use of the Internet."

Having read the two counts of the Indictment to you, I will now discuss in more detail the elements of those two counts, which the Government must prove beyond a reasonable doubt.

### A.      Count One – Transportation of Child Pornography

Title 18, United States Code, Section 2252A(a)(1) provides as follows: "Any person who . . . knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography . . . [shall be guilty of a crime]."

As a result, in order to satisfy its burden of proof with regard to Count One, the Government must establish each of the following four elements beyond a reasonable doubt:

(1) that the Defendant knowingly transported a visual depiction, as that term will be defined;

(2) that the visual depiction was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer;

(3) that the visual depiction was child pornography, as that term will be defined; and

18

(4) that the Defendant knew of the sexually explicit nature of the material, and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

Having briefly described these four elements, I will now discuss them in more detail.

### 1.    First Element

The first element that the Government must prove beyond a reasonable doubt is that the Defendant knowingly transported a visual depiction.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason. It is not necessary for the Government to show that the Defendant personally transported or shipped the depiction. It is sufficient if the Government proves that the Defendant knowingly caused the interstate shipment to take place.

### 2.      Second Element

The second element that the Government must prove beyond a reasonable doubt is that the visual depiction was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means (including by computer).  This means that the Government may establish this element by proving that the visual depiction crossed between one state and another or between the United States and a foreign country.

### 3.      Third Element

The third element that the Government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and which portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The Government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

20

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

(a) whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area;

(b) whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity;

(c) whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child;

(d) whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

21

(e) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

(f) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance which you give to any one factor is up to you to decide.

### 4.    Fourth Element

The fourth element that the Government must prove beyond a reasonable doubt is that the Defendant knew that the material he possessed was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The Government must show that the Defendant had knowledge of the general nature of the contents of the material. The Defendant need not have specific

knowledge as to the identity or actual age of the underage performer. The Defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the Defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the Defendant's belief as to the legality or illegality of the material is irrelevant.

Finally, a few additional words are appropriate regarding consciousness of guilt from flight.  You have heard evidence that the Defendant fled after he learned that he was going to be prosecuted in Canada for the same conduct giving rise to the charges for which he is now on trial. If proved, the flight of a defendant after he knows he has been be accused of a crime may tend to prove that the defendant believed that he was guilty. It may be weighed by you in this connection, together with all the other evidence.

However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt. Flight does not create a presumption of guilt.

Whether or not evidence of flight does show that the Defendant believed that he was guilty, and the significance, if any, to be given to the Defendant's feelings on this matter are for you to determine.

**B.     Count Two – Possession of Child Pornography**

Title 18, United States Code, Section 2252A(a)(5)(B) provides as follows, in pertinent part: "Any person who . . . knowingly possesses, . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . [shall be guilty of a crime]."

As a result, in order to satisfy its burden of proof with regard to Count Two, the Government must establish each of the following four elements beyond a reasonable doubt:

> (1) that the Defendant knowingly possessed a visual depiction, as I have defined that term;

> (2) that the visual depiction had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign

commerce by any means, including by computer, or that the visual depiction was produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

(3) that the visual depiction was child pornography, as I have defined that term; and

(4) that the Defendant knew of the sexually explicit nature of the material, and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

Having briefly described these four elements, I will now discuss them in more detail.

### 1.    First Element

The first element that the Government must prove beyond a reasonable doubt is that the Defendant knowingly possessed a visual depiction.

As I previously instructed you, a "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

To "possess" something means to have it within a person's control. This does not

25

necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the Defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The Government must prove that Defendant possessed the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

### 2.    Second Element

Please note that the second element of Count Two is different from the second element of Count One in that it contains the additional language "or that the visual depiction had been produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

This means that, instead of establishing this element by proving (beyond a reasonable doubt) that the visual depiction had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, the Government may also establish this element by proving (beyond a reasonable doubt) that the visual depiction had been produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means.

### 3.     Third and Fourth Elements

I have previously instructed you on the Third and Fourth elements.  Please rely on my instructions concerning those elements.

Before I proceed to a discussion of the venue requirement, I would like to add a few words about the knowledge requirement contained in the first and fourth elements of Count One, and the first and fourth elements of Count Two. In determining whether the Defendant acted knowingly, you may consider whether the Defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that the Defendant acted with – or that his ignorance was solely and entirely the result of – a conscious purpose to avoid learning the truth of the facts referenced in those elements, then this knowledge requirement may be satisfied. However, guilty knowledge may not be established by demonstrating that the Defendant was merely negligent, foolish or mistaken.  It is entirely up to you whether you find that the Defendant deliberately closed his eyes and any inferences to be drawn from the evidence on

27

that issue.

### C.    Venue Requirement for Both Counts

In addition to the elements of Counts One and Two, you must consider whether any act in furtherance of the crime occurred within the Northern District of New York.

You are instructed that the Northern District of New York includes, among other places, Syracuse, Binghamton, Oswego, Watertown, Plattsburg, Albany and Utica, New York.  It also includes the counties and land running along the St. Lawrence River, including Jefferson County.  In this regard, the Government need not prove that the crime itself was committed in this District or that the Defendant himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

I should note that on this issue the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence, which is a lower standard than proof beyond a reasonable doubt.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Northern District of New York.  Thus, with respect to Counts Ones and Two, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the conduct charged occurred within this District.

If you find that the Government his failed to prove that any act in furtherance of the crime occurred within this district then you must acquit the Defendant of the charge.

Finally, please note that, depending on the verdict you reach, there may be a brief additional proceeding after you have returned your verdict.

## VI.    CONCLUSION

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes, you will retire to the jury room for your deliberations.  Your first order of business in the jury room will be to elect a Foreperson.  The Foreperson's responsibility is to ensure that deliberations proceed in an orderly manner.  This DOES NOT mean that the Foreperson's vote is entitled to any greater weight than the vote of any other juror.

When you are in the jury room, listen to each other and discuss the evidence and issues.  You will have at your disposal all of the exhibits. It is the duty of each of you, as jurors, to consult with each other.  You must deliberate with a view to reaching an agreement, but only if you can do so without violating your individual judgment and conscience.  Your job as jurors is to reach a fair conclusion from the law and evidence.  The Defendant, the Government and the Court are relying on you to give full and conscientious consideration to the issues and the evidence

29

before you.

In order to return a verdict, it is necessary that each juror agree.  Your verdict must
be unanimous.

As you know, I have permitted you to take notes during the trial.  As I explained
during my preliminary instructions to you, those notes are simply an aid to your
memory.  Because the notes may be inaccurate or incomplete, they may not be
given any greater weight or influence than the recollections of other jurors about
the facts or the conclusions to be drawn from the facts in determining the outcome
of this case.  You may base your determination of the facts and, ultimately, your
verdict on the Court record, rather than on any juror's notes.

Having said that, if, in the course of your deliberations, your recollection of any
part of the testimony should fail, or if you should find yourself in doubt concerning
my instructions, it is your privilege to return to the courtroom to have the
testimony read to you or my instructions further explained.  Please remember that
it is not always easy to locate what portion of the testimony you might want; so be
as specific as you possibly can in requesting the portion or portions of testimony
that you may want.  In addition, I caution you that the reading back of testimony
may take some time and effort.  You should, therefore, make a conscientious effort
to resolve any questions as to testimony through your collective recollections.

Should you desire to communicate with the Court during your deliberations, please
put your message or question in writing.  The Foreperson should sign the note and

pass it to the Marshal who will bring it to my attention.  I will then respond, either in writing or orally, by having you returned to the courtroom.  However, do not tell me or anyone else how the jury stands on the issue of the Defendant's guilt until after a unanimous verdict is reached.

During your deliberations, do not hesitate to reexamine your views and change your mind.  Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict.  Remember you are not partisans.  You are the judges – judges of the facts.  Your duty is to seek the truth from the evidence presented to you, while holding the Government to its burden of proof.

Once you have reached a unanimous verdict, your Foreperson should fill in the Verdict Form, date and sign it, and inform the Marshal that a verdict has been reached.  A Verdict Form has been prepared for you.  I will now review it with you.