UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                 5:11-CR-0602
                                                                   (GTS)
JOSEPH VINCENT JENKINS,

                Defendant.
_____

## JURY INSTRUCTION ON FORFEITURE

You have found the Defendant guilty of the offenses charged in Counts One and Two of the Indictment. You are now asked to render a special verdict concerning property that the Indictment alleges is subject to forfeiture by the Defendant to the Government.  In this context, "forfeiture" means the giving up of ownership or interest in property, as a penalty for committing a violation of a certain federal law.

In the Indictment, the Government alleges that three items of the Defendant's personal property are subject to criminal forfeiture pursuant to Title 18, Unites States Code, Section 2253.  Specifically, the Indictment's Forfeiture Allegation reads as follows:

      "The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purposes of alleging forfeiture, pursuant to Title 18, Unites States Code, Section 2253.

Pursuant to Title 18, Unites States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, the defendant, JOSEPH JENKINS, shall forfeit to the United States of America:

    a.    Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252 or 2252A, and any book, magazine, periodical, film, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and

    c.    Any property, real or personal, used or intended to be used or to commit or to promote the commission of such offenses, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

    (a)    Toshiba laptop, serial number 78175808W;
    (b)    PNY Attache 8GB USB Thumb Drive; and
    (c)    PNY Attache 4GB USB Thumb Drive.

If any of the property described above, as a result of any act or omission of the defendant

    (a)    cannot be located upon the exercise of due diligence,
    (b)    has been transferred or sold to, or deposited with, a third

     party,

  (c) has been placed beyond the jurisdiction fo the court,

  (d) has been substantially diminished in value, or

  (e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2471(c)."

Having read the Forfeiture Allegation in the Indictment, I will now discuss in more detail the elements of this Forfeiture Allegation, which the Government must prove by a preponderance of the evidence.

Title 18, United States Code, Section 2253(a)(3), provides as follows: "A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2252B of this chapter, or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in . . . any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property."

AI instruct you that you are bound by your previous finding that the Defendant is guilty of the offenses charged in Counts One and Two of the Indictment.  As a

result, in order to satisfy its burden of proof with regard to the Forfeiture Allegation, the Government must establish each of the following two elements by a preponderance of the evidence:

> (1) the Defendant has an interest in personal property specified by the Government; and
>
> (2) the specified personal property was used by the Defendant, or intended to be used by the Defendant to commit or to promote the commission of, the offense(s) charged in Counts One and/or Two of the Indictment.

With regard to the first element, you should not concern yourself with, or consider, whether any other person may own or have an interest in the property in question. I will resolve any such claims. Similarly, you are not to consider what might happen to the property if it is forfeited. Nor are you to consider whether the property is currently available.

With regard to the second element, property that "was used, or was intended to be used, to commit or to promote the commission of an offense" means property that makes the commission of the offense easier or which is used to assist in the commission of the offense. This includes, but is not limited to, property that is used or intended to be used to purchase, manufacture, transport, store, conceal, or protect the contraband used in the offense, or the persons committing the offense. Property that was used or was intended to be used to commit or facilitate the offense is subject to forfeiture even if only a portion of it was so used, or if it was

also used for other purposes.

Please remember that the Government's burden of proof with regard to this forfeiture allegation is not proof beyond a reasonable doubt but merely proof by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. For example, if you put the credible evidence that is favorable to the Government and the credible evidence that is favorable to the Defendant on opposite sides of a scale, the scale would have to tip somewhat on the Government's side in order for you to find that the property is subject to forfeiture. However, if the scale tips in favor of the Defendant, or if the credible evidence appears to be equally balanced, or if you cannot say on which side the credible evidence is weightier, then you must find that the property is not subject to forfeiture.

In making this determination, you should consider all of the evidence presented on the subject during this proceeding and during the trial, regardless of who offered it. In addition, all of my previous instructions apply to this special verdict, and you should evaluate the evidence and its credibility according to the instructions I gave you earlier.

Finally, a few words are appropriate regarding the Special Verdict Form that has been prepared for your use. With respect to each item of property in question, the Special Verdict Form asks you to determine whether the item is subject to forfeiture to the Government.  You may answer by writing the word "yes" or "no," or writing a checkmark, in the space provided next to the words "Yes" or "No."

You must reach a unanimous verdict as to each question on the Special Verdict Form. Once you have reached a unanimous verdict, your Foreperson should fill in the Special Verdict Form, date and sign it, and inform the Marshal that a verdict has been reached. I will now review the Special Verdict Form with you.