UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiff,

vs.                                    11-CR-602

JOSEPH JENKINS,

                        Defendant.
-------------------------------------------------x

        Transcript of *HEARING*  held on

June 13, 2013, at the James Hanley Federal Building,

100 South Clinton Street, Syracuse, New York,

the HONORABLE GLENN T. SUDDABY, Presiding.

                  A P P E A R A N C E S

For Plaintiff:      OFFICE OF THE UNITED STATES ATTORNEY
                    100 South Clinton Street
                    James Hanley Federal Building
                    Syracuse, New York 13261
                       BY:  TAMARA THOMSON, Esq.
                            Assistant United States Attorney

For Defendant:      JOSEPH JENKINS, Pro se

US v. Jenkins – 11-CR-602

1           (Open court, 1:10 p.m.:)

2           THE CLERK:  Case number 5:11-CR-602, United States

3     of America versus Joseph Vincent Jenkins.

4           Counsel, please note your appearance for the

5     record.

6           MS. THOMSON:  Good afternoon, your Honor, Tamara

7     Thomson on behalf of the United States.

8           THE DEFENDANT:  Joseph Jenkins.

9           THE COURT:  Good afternoon, Mr. Jenkins.

10          Okay, Mr. Jenkins, I don't know if you've received

11    through the mail yet a decision order that I issued on

12    Tuesday, June 11.  It addressed your latest motions.

13          One, you asked for reconsideration of a decision

14    that I already made denying defendant's motion for production

15    of discovery materials and dismissal of indictment.

16          So, we've addressed your most recent motions but

17    then after that, you sent a second letter to the Court.  I

18    don't know if you copied the United States Attorney's

19    Office --

20          Did he?

21          MS. THOMSON:  Yes, he did.

22          THE COURT:  -- indicating that you wanted to get an

23    attorney for trial.

24          Is that still your intention, sir?

25          THE DEFENDANT:  Yes, I mean, I'm still looking for

US v. Jenkins - 11-CR-602

1  an attorney.  I just, I mean -- I don't know how to do a

2  trial.  I just -- I think I said it before.  I wanted to

3  represent myself so I could get all of the material I needed

4  to make the decisions on what I really wanted to do.  I mean,

5  I don't know anything about conducting a trial myself.

6        THE COURT:  Well, that's what I tried to explain to

7  you in the last appearance, Mr. Jenkins, was the issues with

8  regard to that.

9        THE DEFENDANT:  Yeah, it just seemed that the last

10  attorney I had was filtering everything before it got to me

11  and I didn't really appreciate it that much and I wanted all

12  the paperwork.

13        (Handing document.)

14        Thank you.

15        THE COURT:  Just for the record, my courtroom

16  deputy has just handed you a copy of the decision order which

17  was issued on Tuesday.  You may not have seen that yet.  I

18  don't know if it got to you in the mail.

19        A couple things.  We have a trial date of July 8th.

20  The government's preparing for trial, getting their witnesses

21  subpoenaed, I'm sure, and doing everything they need to do to

22  put their case in.  You have speedy trial rights that is a

23  concern to me and we talked about that in your last

24  appearance.  You've indicated you've been in jail now for a

25  couple years on this matter, correct?

US v. Jenkins - 11-CR-602

1          THE DEFENDANT:  Yes.

2          THE COURT:  And, you know, a lot of that time has

3    not counted against the speedy trial clock because you

4    brought motions, you brought an appeal to the Second Circuit,

5    any number of things.  So my concern is that we move this

6    case forward.

7          Now, I have been trying to encourage you and give

8    you every opportunity to get an attorney and I still feel

9    that way.  You need to have an attorney for trial.  It's very

10   necessary, for all the reasons we talked about last time.

11   So, I'm willing to assist you in any way I can to help you

12   get an attorney, but I'm reluctant at this point to change

13   this trial date because we need to move your case forward.

14         THE DEFENDANT:  I mean, at this point, I mean, I

15   can't possibly prepare -- the last attorney in 18 months he

16   didn't do anything and you gave me two weeks or three weeks

17   to -- I mean, that's -- I -- I'd like a speedy trial but

18   that's just not possible, I mean.

19         THE COURT:  Well, Mr. Jenkins, this case has been

20   sitting around.  You've been bringing motions.  I've been

21   trying to encourage you to get a lawyer.  Your parents have

22   been trying to encourage you to get a lawyer.  We're just

23   spinning our wheels.  We're not going to do that any more.

24   We're going to move this case forward.

25         Now, you've had all sorts of an opportunity to

US v. Jenkins – 11–CR–602

1   contact attorneys, interview lawyers.  I sent you lawyers to

2   talk to and you continually indicate, oh, you don't like this

3   person, you don't like that person, you don't want to take

4   anybody's advice.  You want to do things on your own.

5            If you're going to work with an attorney, you're

6   going to have to work with that attorney and follow their

7   advice and get engaged with them and understand that they

8   have the education and legal training to know what they're

9   doing.  And until you accept that fact and are willing to

10  work with somebody, you know, I don't know what more I can do

11  for you.

12           So, you tell me what you want to do.  But, please

13  understand:  This case is going to get tried.  Now, am I

14  willing, if you hire an attorney, to listen to that attorney

15  and say, hey, I need some more time to get ready?  Yes, I

16  will listen to that.  But please understand:  The government

17  is getting witnesses.  They have to make arrangements for

18  those people to travel here, to get hotel rooms, to do all

19  those things and we're not going to put them to that expense

20  and then have you say, oh, I need further time.

21           So you need to decide today either we're going to

22  trial on July 8th or you can tell me the name of an attorney

23  that's going to contact me within the next couple days to

24  tell me what they want to do with regard to this trial date.

25           THE DEFENDANT:  I haven't had any control over this

US v. Jenkins - 11-CR-602

1  case up until April -- whenever that appeal got over with. I

2  couldn't --

3           THE COURT: Mr. Jenkins, you've been exercising all

4  sorts of control. You send letters almost daily, if not

5  certainly weekly, complaining about this, asking for that,

6  asking for discovery. I've made continual rulings about

7  this, answering all your motions. The government has

8  provided you documentation. They provided you opportunities

9  to see stuff. You are never satisfied.

10          Sir, you need to understand something, I am not

11 going to sit on this case. We are going to go forward and

12 you are either going to give me the name of an attorney who

13 can contact this court and make some sort of a motion very

14 quickly so that this United States Attorney's Office knows

15 whether or not they're going on July 8th because that's what

16 they're preparing for or you're going to be trying the case

17 on your own on July 8, as you requested to do, despite my

18 warnings and pleading with you and, you know, with your

19 parents to assist you to get a lawyer.

20          THE DEFENDANT: Once again, I -- the whole 18

21 months with Jeff Parry, it was a waste of time. That was not

22 my fault.

23          THE COURT: That's according to you, sir. That's

24 according to you.

25          Mr. Parry is admitted in this court. He represents

US v. Jenkins – 11-CR-602

1  defendants every single day in this court.  He was here

2  yesterday.  He does an outstanding job.  You did not get

3  along with him.  That is your issue and there's the other

4  issue, sir, that you're not qualified to get assigned counsel

5  anyway because you have assets and resources.  So, you know,

6  that's the other problem that was going on here.  You weren't

7  entitled to Mr. Parry.  You should have hired your own

8  attorney.  I've given you plenty of opportunity to do that.

9          And, again, I'm saying to you today, you need to

10  let me know immediately –– if not sooner –– that you have an

11  attorney, you're hiring an attorney and give me a name of

12  somebody who's going to appear of counsel for you in this

13  matter on the record so that I know who that person is and I

14  can discuss with them a trial date, if they feel they need

15  more time.  I'm not going to give them a lot of time because

16  this case has been sitting, most of which is the result of

17  what you've been doing, nobody else.  With regard to your

18  motions, your appeals and everything else that you

19  continually write and send from your jail cell to this Court

20  and to the United States Attorney's Office.

21          So, sir, again, you can tell me now what is your

22  intention.  If it's to hire an attorney, you need to get me a

23  name right away.

24          THE DEFENDANT:  I just, I can't –– none of the

25  pretrial work was done in the 18 months.  Nothing was gotten

US v. Jenkins - 11-CR-602

1   together.  I can't -- I just -- I still don't have stuff from

2   Canada.  I've been trying to do that.  Parry did none of

3   that.  He did nothing for 18 months.  I can't put a case

4   together in two or three weeks.  I've been asking for stuff

5   over and over.  I've asked Parry to get it.  Nobody wants to

6   help me.  I can't --

7            THE COURT:  What stuff?

8            THE DEFENDANT:  -- do it from a jail cell.

9            THE COURT:  I tried to tell you that, sir.  That's

10  why you need a lawyer.

11           THE DEFENDANT:  I know.  But I've been talking to

12  Parry for 18 months.  I've been writing letters.  Nobody

13  wants to listen to me.

14           THE COURT:  And what is it that you think you're

15  entitled to that you have not been provided?  Because I have

16  the stack of discovery here.  I've been advised Mr. Parry has

17  turned the file over -- his entire file to you, it's at the

18  jail and you refused to accept it.

19           THE DEFENDANT:  Because --

20           THE COURT:  I don't know who you think you are or

21  what you think you're entitled to.

22           Your rights, as far as a criminal defendant, have

23  been observed every step of the way.  The government has

24  provided the discovery.  This case is ready for trial.  My

25  patience is wearing very thin with you, Mr. Jenkins.  We're

US v. Jenkins - 11-CR-602

1   going to try this case.  You either get a lawyer or you're

2   going by yourself, like you requested to do.  One or the

3   other.

4           THE DEFENDANT:  I had not seen that discovery until

5   they gave it to me a couple weeks ago.  He only gave me a few

6   things.  I've seen the stuff there that I have never seen

7   before and it makes a difference on what has to happen.

8           So I've just been trying to make decisions recently

9   and I still need paperwork from Canada.  That was very

10  important.  My parents are trying to get it.  My 80-year-old

11  parents are running around trying to do stuff because Jeff

12  Parry couldn't do it in 18 months.  I mean -- and now, all of

13  a sudden, now everybody's trying to bully me into a trial.

14  This, you know --

15          THE COURT:  Mr. Jenkins, nobody's trying to bully

16  you into anything.  You have a right to a trial.

17          THE DEFENDANT:  Okay.

18          THE COURT:  There's only a few options here.

19  You've been indicted.  The government's going to proceed.

20  They know what their responsibilities are.  You can have your

21  trial.  You can plead guilty.  It's decisions that you need

22  to make.

23          Now, granted, you should make them with the advice

24  of counsel.  And you have consistently rejected counsel's

25  attempts to help you and any assistance and argue with them.

US v. Jenkins - 11-CR-602

1  I sent you -- not only is Mr. Parry a qualified, competent

2  counsel in this court -- I sent you two other counsel that I

3  had made arrangements for them to go visit.  You said I don't

4  like either one of those guys because they don't want to do

5  what you think you want to do with regard to this case.

6          THE DEFENDANT:  Well --

7          THE COURT:  Sir, you're not an educated, trained

8  lawyer and that's very clear because you don't understand the

9  decisions that have been issued that you're not entitled to

10  things, what the government's responsibilities are to give

11  you things.  They have satisfied their requirements, in this

12  Court's view, and they're ready for trial and this Court's

13  ready for trial.

14          So, you have some decisions to make, sir.

15          THE DEFENDANT:  Well, I --

16          THE COURT:  And, you're right, you've been sitting

17  on those decisions for over 18 months playing games with this

18  court and with everybody else because you think you want

19  things that you're not entitled to.  Well, if you can get

20  them on your own, get them.  That's what I told you the last

21  appearance here.

22          THE DEFENDANT:  I --

23          THE COURT:  And, so, if -- again, we're going to

24  come back to that same decision.  Either you're going to

25  proceed with a lawyer or you're going to proceed without a

1   lawyer.  I've given you all your warnings last time and you

2   said you wanted to go ahead without a lawyer.  Tell me what

3   is it that you want to do, sir.

4          THE DEFENDANT:  I didn't know you were going to

5   give me two weeks to go ahead without a lawyer for trial.

6          THE COURT:  It's not two weeks.  You've had 18

7   months, as you said.

8          THE DEFENDANT:  No, I have not had 18 months.  That

9   was Jeff Parry.  Anything that happened with Jeff Parry is

10  just irrelevant.  He didn't do anything.  He didn't listen to

11  me.  He did nothing.  He did nothing for 18 months.

12          I have -- I have been trying to -- Sullivan was the

13  only one that didn't irritate me.  I've been trying to get a

14  hold of him for two weeks.  But he didn't -- he was going to

15  get back to me.  He came -- he was only there -- he wasn't

16  there that long.  And he was going to try and get back to me

17  before that hearing last time and he didn't and my parents

18  have been trying to get a hold of him for a couple of weeks.

19          THE COURT:  We can contact Mr. Sullivan for you;

20  but I'm not sure -- you're going to have to retain him.  He's

21  going to have to agree to represent you and, you know, I

22  don't know what happened in your meeting with him, but that's

23  between you and him.

24          THE DEFENDANT:  He was going to get back to me and

25  he didn't.  I didn't have the discovery yet.  And I'm still

US v. Jenkins - 11-CR-602

1    missing some discovery.  I mean, I'm just -- I'm not ready to

2    go to trial on the 8th.  I just, I can't do it -- or whenever

3    it was.

4           THE COURT:  It is July 8th.

5           THE DEFENDANT:  At this point it doesn't matter.

6    I've already lost my business and most of my money.  So, it

7    doesn't matter if I get a speedy trial or not.  A year ago it

8    might have been made a difference but it doesn't make a

9    difference any more.  I mean, I'll waive the right to a

10   speedy trial.

11          THE COURT:  It does make a difference to me, sir.

12   I'm going to move this case.  It's been sitting on my docket

13   now for a long time and it's not the way we handle criminal

14   cases.  As I indicated, these things have gone on in this

15   case, based on your motions and the things that you asked to

16   do and we've allowed you to do.  You have a right to do a lot

17   of these things.  I'm not going to prevent you from doing

18   them but it's taken a lot of time with all the things that

19   you have done.

20          THE DEFENDANT:  But that was Mr. Parry and he just

21   wasted --

22          THE COURT:  We're not talking about --

23          THE DEFENDANT:  16 months on he filed some notice.

24          THE COURT:  Mr. Jenkins.  Mr. Jenkins, you cannot

25   blame on Mr. Parry all the motions that you have personally

US v. Jenkins – 11-CR-602

1   filed, the appeal you took to the Second Circuit --

2            THE DEFENDANT:  I didn't do that.

3            THE COURT:  -- which stopped --

4            THE DEFENDANT:  I didn't do that.  He did that on

5   his own.  I swear to God I didn't do that.  He did that on

6   his own.

7            THE COURT:  All right.  So what is it you're

8   telling me you want to do, sir?

9            THE DEFENDANT:  I want the rest of the discovery

10  and I want some time --

11           THE COURT:  Sir --

12           THE DEFENDANT:  -- to find a lawyer.

13           THE COURT:  Sir, you have been given all the

14  discovery you're entitled to.  The government's provided

15  that.  Get that --

16           THE DEFENDANT:  But I need this --

17           THE COURT:  Understand -- excuse me.

18           Understand:  They have provided the discovery that

19  they are responsible for providing, okay.  So, don't expect

20  to see anything else from the government.

21           If there's other information out there that you

22  think you need for your trial, that's your responsibility.

23           THE DEFENDANT:  And I'm trying to get that.

24           THE COURT:  Okay.  So, the discovery issue is done,

25  closed.  Do not mention it again.

US v. Jenkins - 11-CR-602

1        Now, what else is it that you want to do?

2        THE DEFENDANT:  Well, I still need to look for a

3    lawyer.  I mean, my parents are in Canada.  They're 80 years

4    old.  They can't do much.  So -- and we don't know what to do

5    financially.  I mean, it's not --

6        THE COURT:  Mr. Jenkins.

7        THE DEFENDANT:  I can't do it from --

8        THE COURT:  We will contact Mr. Sullivan.  I'll

9    have my clerk check to see if he's willing to go see you a

10   second time to discuss possible representation.

11       Anybody else you'd like us to contact for you?

12       THE DEFENDANT:  Well, I mean, somebody that's

13   qualified to do this case.  I mean --

14       THE COURT:  Mr. Jenkins, every lawyer that's been

15   to see you and has represented you, which is at least three

16   at this point, has been qualified to handle this case --

17   maybe not in your mind -- but I'm telling you, in this

18   Court's view, which is the view that matters, they're on the

19   Court's panel; they're admitted to this Court and they're

20   more than competent to handle this case.  Just because they

21   don't want to do everything that you feel you want to do

22   doesn't mean they're not qualified and competent because you

23   don't agree with the way they want to represent you, based on

24   their education and training and experience.

25       THE DEFENDANT:  Well, I mean, I want a lawyer to

US v. Jenkins - 11-CR-602

1    defend me and none of the lawyers I talk to want to do that.

2    I mean, one lady came and she took out a sentencing book and

3    she wanted to talk about sentencing.  I told her -- I threw

4    her out.  I told her to get out.  It's not -- I want a

5    defense based on what's happened the last four years of my

6    life.  I mean, I want them to do what I want.  I don't want

7    them to do what they want.

8            THE COURT:  Well, I don't know if you're going to

9    find that lawyer, sir, because they have certain ethical

10   obligations and they have to follow the law.  They have --

11           THE DEFENDANT:  I mean --

12           THE COURT:  They have to follow the rules of this

13   court, which you're going to have to follow if you, you know,

14   whether you're represented or not, whether you like it or

15   not.  That's the way it is.  We're going to follow the law in

16   this courtroom and you're going to have to abide by that and

17   there's no way around it.

18           So, if you think that you're going to be able to do

19   whatever you want or have some lawyer do whatever you think

20   you're entitled to, you're not.  You're going to have to be

21   required to follow the law, as well as that attorney.  So

22   understand that.  They cannot do things that you think you

23   want to be done, if it's not required under the law.

24           THE DEFENDANT:  All right.  But I just haven't had

25   a lawyer that can come in and talk to me intelligently about

US v. Jenkins - 11-CR-602

1    this case.  Mr. Sullivan was the only one that didn't --

2            THE COURT:  We will contact Mr. Sullivan, see if

3    he's willing to come see you again, sir, a second time.

4            Anybody else?

5            THE DEFENDANT:  No, I mean, I mean -- like I said,

6    I can't look for lawyers.

7            THE COURT:  We're going to give you a list,

8    Mr. Jenkins, of attorneys who are admitted in this court.

9    It's called the CJA panel and we'll give you a copy of that

10   list and you can start contacting lawyers and see if somebody

11   is willing to come discuss with you a possibility of

12   representation.

13           But what we're going to do today, all right, and

14   you've indicated, if you want more time to do this, you're

15   going to have to sign what's called a stip of continuance so

16   that you can put off this trial because I have to make sure

17   that your speedy trial rights are observed and, therefore, if

18   you want more time and you're requesting more time --

19           THE DEFENDANT:  That's fine.

20           THE COURT:  -- then you're going to have to sign

21   off on that and I'll have my -- you probably don't have one

22   with you.  We'll see if we can print one out for you.

23           THE CLERK:  I'm working on it.

24           THE COURT:  It's going to take a minute.

25           Anything else you'd like to put on the record, as

US v. Jenkins - 11-CR-602

1  far as -- you want time to get an attorney; is that my

2  understanding?

3          THE DEFENDANT:  Yes, I'm still trying to find

4  out -- I'm still on trial in Canada.  I don't even understand

5  how this is even happening.  I mean, this is, this is -- this

6  is ridiculous what's going on here.  I want a lawyer that

7  knows how to deal with this, whatever's going on here across

8  the border.  That certainly doesn't seem right to me.  And

9  nobody can answer any questions about it.  I mean, I just --

10  I don't understand how I can be tried twice at the same time.

11  I mean, this is ridiculous.  I've got money into Canada and

12  that's not resolved.

13          THE COURT:  Mr. Jenkins, we're not here to resolve

14  all your problems, all right.  You have an indictment pending

15  against you.

16          THE DEFENDANT:  But --

17          THE COURT:  That's what you need to address.

18          THE DEFENDANT:  But you --

19          THE COURT:  That's got to be your concern.

20          THE DEFENDANT:  But you interfered in that.  I

21  mean, I don't get --

22          THE COURT:  Excuse me.

23          THE DEFENDANT:  The U.S. government interfered with

24  what I had going on in Canada.  That wasn't -- I want

25  somebody to explain that to me and then maybe we can move

US v. Jenkins – 11-CR-602

1   ahead here.  No lawyers can explain to me what exactly is

2   going on here.  I mean, it seems like I was entitled to

3   rights that got skipped over here and that's what the problem

4   is.

5          THE COURT:  Ms. Thomson, what's the status of the

6   government's trial preparation?

7          MS. THOMSON:  We're preparing for trial.  We have a

8   trial date of July 8, so we're preparing for trial.  We do

9   have one witness whose pregnancy status is of concern to the

10  government.  If we have a trial date of July 8, we'll seek

11  her testimony to be done via deposition.

12         THE COURT:  While my clerk's preparing the

13  stipulation, I want it clear on the record, sir, that you

14  understand that what you're doing by signing this is that

15  we're going to put off your trial at your request so that you

16  can have more time to prepare and hire an attorney and that

17  this -- what this essentially is doing, there's something

18  called the speedy trial clock.  We have a certain amount of

19  time to try your case, okay, and there's certain things that

20  stop that clock from going forward, such things as we've

21  already talked about, motions that you've made, the appeal

22  that was made, all those sort of things.

23         And now what we're going to do, if this is what you

24  want to do, is you're saying I'm requesting that we stop this

25  speedy trial clock to give me more time, Mr. Jenkins more

US v. Jenkins – 11–CR–602

1   time to get ready for trial and to hire an attorney.

2           And is that what you're telling me you want to do?

3           THE DEFENDANT:  Yes, I mean, I can't –– nobody's

4   done any work for trial the whole time I've been in here.

5           THE CLERK:  How many days, 30?

6           THE COURT:  How much time do you want, sir?  You

7   want 30 days, 60 days, 90 days?  How much time?

8           THE DEFENDANT:  I don't know how long it's going

9   to –– I don't know how long it's going to take somebody to

10  prepare.  I mean, as long as it takes.

11          THE COURT:  Well, you can always request more time.

12  You can always stip out more time.  That's a right you have.

13          Ms. Thomson, you want to be heard, you're up?

14          MS. THOMSON:  The government's amenable to a 90–day

15  stipulation.

16          THE COURT:  We'll give you the 90 days.  If you and

17  your lawyer are ready before that, you can let me know and

18  we'll do our best to get you a trial date as quickly as we

19  can.  But we'll give you 90 days.  That should be more than

20  sufficient time to get a lawyer and consult with them and

21  make a determination of how much time you need to be ready,

22  okay.

23          THE DEFENDANT:  All right.

24          THE COURT:  Is that acceptable to you?

25          THE DEFENDANT:  Yeah, I mean, if that's not enough

US v. Jenkins – 11–CR–602

1   time, we could extend it?

2            THE COURT:  You can always ask for more.  Once you

3   have counsel, they can have ask –– you can always ask for

4   more time and you're going to have to obviously check with

5   their calendar and what they have going on with their

6   practice of law and whether that might conflict, but, yeah,

7   for now, if that's what you're asking to do, we'll prepare a

8   90–day stip that you and the government can sign, okay.

9            THE DEFENDANT:  All right.  I –– I just submitted

10  whatever the motions were for Monday.  I just submitted

11  whatever I could for that so I'd like that to count for

12  something.  I worked all night on it.  But I submitted

13  paperwork for the deadline Monday that just went out this

14  morning.

15           THE COURT:  Okay, well, we haven't seen that yet.

16           THE DEFENDANT:  Yeah, it will probably be here this

17  week.

18           THE COURT:  And what's that paperwork for?

19           THE DEFENDANT:  Well, it was pretrial motions or

20  whatever, whatever, whatever I could do by myself, I'd like

21  it to count.

22           THE COURT:  Well, I don't know what you mean by

23  count.  We'll take a look at it.

24           THE DEFENDANT:  That's all I want.

25           THE COURT:  Obviously anything you submit, we're

US v. Jenkins - 11-CR-602

1    going to review and take a look at it.

2              THE DEFENDANT:  Okay.  The thing about -- I'm

3    sorry.

4              THE COURT:  Go ahead.  You want to be heard on

5    anything else?  You're looking at the decision order that was

6    issued on June 11th, you have some question about that?

7              THE DEFENDANT:  I've not been provided any access

8    to the evidence.

9              MS. THOMSON:  Your Honor, may I address that for

10   the record, please, I'm happy to do so.

11             THE COURT:  For the fifth time.

12             MS. THOMSON:  The fifth, sixth time, perhaps.

13             THE COURT:  Yeah, go ahead.

14             MS. THOMSON:  The defendant was brought to our

15   office with all the evidence present, the agents present,

16   everything there for the defendant to see, and, while facing

17   this assistant United States Attorney, the defendant refused

18   to look at it.

19             THE DEFENDANT:  Nobody asked me.

20             MS. THOMSON:  He asked a second time to come to our

21   office to review the evidence.  We did a transport order to

22   have the defendant brought over so that he could see it.

23   Brought the evidence and the agents down, had everything

24   available for the defendant and the defendant refused to come

25   out of his jail cell.  That's the status of it.

US v. Jenkins - 11-CR-602

1          THE COURT:  And that's what you've told me at least

2    three or four times already.

3          THE DEFENDANT:  That's not true.  That must have

4    been some miscommunication through Parry.  The first time we

5    got here she talked about --

6          THE COURT:  Mr. Jenkins --

7          THE DEFENDANT:  I don't know.

8          THE COURT:  -- you've got to stop blaming

9    everything on Mr. Parry, okay --

10          THE DEFENDANT:  Well, that's --

11          THE COURT:  It seems like that's your favorite

12    thing to do.

13          THE DEFENDANT:  Well --

14          THE COURT:  You have refused advice.  You have

15    refused to work with attorneys.  I've sent you attorneys.

16    Again, you know, you're provided these opportunities and you

17    get something in your head like you think your rights aren't

18    being observed and you refuse to do things.

19          THE DEFENDANT:  Well --

20          THE COURT:  You have a packet of files from

21    Mr. Parry's office that you requested and I ordered him to

22    send to you and I've been advised that you refused to accept

23    it.

24          THE DEFENDANT:  I did.

25          THE COURT:  Yep.

US v. Jenkins - 11-CR-602

1          THE DEFENDANT:  Because he said he's been doing all

2     this pretrial work and I don't believe he did it and I didn't

3     want any misunderstanding.

4          THE COURT:  Explain to me how that makes any sense

5     that:  You've asked for this file; I get it for you and then

6     you refuse to accept it because you think he didn't do

7     something.

8          THE DEFENDANT:  He didn't itemize it.  He just

9     threw it -- none of the attorneys itemize stuff.

10          THE COURT:  Now he needs to itemize stuff for you;

11     is that what you're asking?

12          THE DEFENDANT:  Whenever I've gotten things from an

13     attorney, it was itemized and he just kind of dumped all this

14     stuff off.  Obviously him and I have major issues.

15          And the other thing was I haven't -- I wanted to

16     see the actual physical evidence, my computer and all that

17     and that's what --

18          THE COURT:  Do you need to have her say it again?

19          MS. THOMSON:  Your Honor --

20          THE DEFENDANT:  I was never given an opportunity.

21     He said that he never -- I was never given, jeez.  I said I

22     wanted to see my computer.  I said I wanted to see the

23     paperwork, what they found and I wanted to see my computer

24     and it never happened.  I don't know what he said or what got

25     said.  It was never mentioned that my computer was here to

US v. Jenkins – 11–CR–602

1 | look at.

2 |      MS. THOMSON:  If the defendant would like to review

3 | any of the evidence and, in particular, the defendant has

4 | made requests for evidence that only exists in an electronic

5 | format, the defendant may do so.  He will be brought to our

6 | office, as we have images of child pornography.  We can't

7 | send that to him.  If the defendant would like to look at any

8 | of the electronic evidence, he is welcome to do so and I will

9 | make arrangements to have the defendant brought over.

10 |      Now, if we make arrangements to have the items here

11 | and have the defendant brought here and he chooses not to

12 | look at it, that is on the defendant.  We are under an

13 | obligation to make it available.  It has been made available.

14 | It will continue to be available to the defendant any time he

15 | wants to look at it.  Say the date.  Say the name.  Say the

16 | time.  We will make it available for you.

17 |      THE COURT:  Thank you, Ms. Thomson.

18 |      THE DEFENDANT:  Okay, it was just, it must have

19 | been a miscommunication.  I didn't know the actual evidence

20 | was here.  He just said they wanted to show me --

21 |      THE COURT:  Mr. Jenkins, I advise you that you wait

22 | until you have an attorney who's willing to work with you

23 | before you make that arrangement to go see that evidence.

24 |      THE DEFENDANT:  It must have been something

25 | happened.  It must have been a miscommunication with Parry.

US v. Jenkins – 11–CR–602

1    I didn't know the physical evidence was actually here.

2            THE COURT:  Certainly some type of

3    misunderstanding.

4            But you understand, sir, that they met their

5    obligation and continue to meet their obligation by having it

6    available and saying that it's been available and you were

7    provided two opportunities to view it and you refused to do

8    it both times so, you know.

9            THE DEFENDANT:  Okay.

10           THE COURT:  Now you just heard again on the record

11   that they have it, it's available, you can come see the

12   evidence that they intend to use to support the charges

13   against you in that indictment, their evidence that they're

14   going to offer in this case against you.  You'll have an

15   opportunity to see that, if you'd like.

16           THE DEFENDANT:  Okay.  It must have been, like I

17   said, a miscommunication through Parry or something.  I

18   didn't...

19           (Pause in proceedings.)

20           THE COURT:  What we're going to do is give a copy

21   to everybody.  I'll read it.  But give a copy to them so they

22   can read it while I'm reading it, and, so, if there's any

23   corrections that need to be made or any typos or anything

24   like that, please point them out, Mr. Jenkins, Ms. Thomson,

25   and we'll take care of them.

US v. Jenkins – 11–CR–602

1         MS. THOMSON:  The only thing I would say and I'm

2    fine with the way it is, just as long as I can say it for the

3    record.

4         Paragraph number two, the defendant has requested

5    the continuance.  The United States has consented.

6         THE COURT:  I agree with that change.

7         Do you have any issue with that, Mr. Jenkins?

8         THE DEFENDANT:  No.

9         THE COURT:  You've had an opportunity to review it.

10   Do you have anything you want to suggest with regard to this

11   stipulation and order for enlargement of time?

12        THE DEFENDANT:  No, I don't think so.

13        MS. THOMSON:  I just note that there's no Paragraph

14   number three.  I just noticed that.

15        THE COURT:  Yeah, it should be three and four.

16        (Discussion held off the record.)

17        THE COURT:  Mr. Jenkins, what we're going to do

18   is my assistant's going to put together a list of attorneys

19   that are on the panel that have been admitted to this court

20   to handle criminal cases and we're going to send that to you.

21   It will include their name, telephone number and an address

22   so that, hopefully, that will assist you in your search to

23   get an attorney to represent you and we will contact

24   Mr. Sullivan's office and request that -- well, first of all,

25   we'll find out if he's willing to meet with you again and, if

US v. Jenkins – 11–CR–602

1   he is, we'll ask him to make arrangements to do that as

2   quickly as possible.

3           (Defendant signing stipulation.)

4           THE DEFENDANT:  The problem I've been having is I'm

5   not really sure of what attorney is going to be able to help

6   me with this.  I mean, this is –– this is an international

7   matter.  I just –– the problem I have is –– I mean, you know,

8   you people have your charges that you want to push, but there

9   are still pending matters and it just –– what's going on here

10  doesn't sit right with me.  I know it's wrong and I know the

11  U.S. government likes to do what they want to do but I

12  just –– I want, I want an attorney that can talk to me

13  intelligently about how this whole thing happened and why it

14  happened because it's very unclear to me and I don't think

15  I'm going to be able to move ahead until that happens.  I

16  mean, I just don't think a local Syracuse attorney is going

17  to ––

18          THE COURT:  Then find yourself an attorney that you

19  want, sir, and get it done quickly because I've just agreed

20  to let you stip this case out for another 90 days.

21          THE DEFENDANT:  That's fine.

22          THE COURT:  I'm not going to do another 90 days.

23  I'm letting you know that right now, not unless you're

24  represented and an attorney comes in here and says I need

25  additional time.  This case, as I've said, is going to get

US v. Jenkins - 11-CR-602

1    tried, okay, either with counsel of your choice or if you

2    decide that you can't find this mystery attorney, whoever

3    that is, that can explain the world to you, we're going to go

4    ahead without an attorney, as you indicated you wanted to do.

5           So, you need to make a decision.  You've got 90

6    days to do it.  Get a lawyer is my best advice to you.

7    Follow their advice and listen to them and understand that

8    they may not be able to get everything that you want, they

9    may not be able to answer all the questions that you have.

10   They will be qualified and trained and educated to deal with

11   this indictment that's been brought against you by the United

12   States government, by this U.S. Attorney's Office and assist

13   you in defending yourself against those charges.  But you

14   need to work with that person.  You need to put an effort in

15   and understand that they can't solve all your problems.

16   They'll do what they can do to represent you effectively.

17          I'm going to ask you to give it your best effort to

18   do that because probably the best thing that you've done so

19   far is coming in here today and saying I need a lawyer for

20   trial.  You need a lawyer, for sure, but you need to listen

21   to whatever that may be.

22          THE DEFENDANT:  The other thing is the financial

23   thing.  I don't -- I can't really do it myself.  I know -- I

24   had money two years ago but --

25          THE COURT:  We'll deal with that.  You find a

US v. Jenkins – 11–CR–602

1    lawyer.  We'll make sure that they get paid and if the

2    government has to go after your assets to get that money

3    back, we'll do it.  More important to me is that you have a

4    lawyer, okay.

5             THE DEFENDANT:  All right.

6             THE COURT:  One way or another.

7             THE DEFENDANT:  If I want to fill out that,

8    whatever it was, the form, the CJ lawyer or whatever.

9             THE COURT:  Financial affidavit, yeah.

10            THE DEFENDANT:  Is that something I can still do?

11            THE COURT:  You can.  You've done it once and

12   that's created a problem last time.  I'm going to caution

13   you:  I think you should do that only with the advice of

14   counsel after you explained to them whatever assets you may

15   have and what you do you have and if you talk to an attorney,

16   I think you need to have an attorney's advice so you

17   understand what you're signing and swearing to before you do

18   it because I don't want to see you get in any more trouble.

19   Okay.

20            THE DEFENDANT:  All right.

21            THE COURT:  All right.  We're going to -- okay,

22   understand what we're doing.

23            We're going to get you a list and we're going to

24   contact Mr. Sullivan's office to see if he's willing to come

25   talk to you again, okay.

US v. Jenkins - 11-CR-602

1          THE DEFENDANT:  All right.

2          THE COURT:  We're going to do those two things for

3  you.  But you need to continue to actively search however you

4  can with your parents' assistance, however you're doing, find

5  yourself an attorney.  We've got 90 more days for you to get

6  that accomplished and get this matter ready for trial because

7  it needs to get resolved.  I can't have you sitting in jail

8  without something moving on this case.  I'm not going to let

9  that happen, okay.

10          THE DEFENDANT:  All right.

11          THE COURT:  All right, Mr. Jenkins.

12          (Discussion held off the record.)

13          THE COURT:  We're going to put it down for 30 days,

14  approximately, from now for a status report as to where you

15  are, if I don't hear from an attorney before that point in

16  time -- hopefully I will -- but in case we don't, I'm going

17  to just calendar your case 30 days from now so that, if I

18  haven't heard anything, I'm going to bring you back in here

19  to say, what's going on, what's happening so I don't lose

20  track of it and we have you just sitting there.

21          THE DEFENDANT:  All right.

22          THE COURT:  Fair enough?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Anything further from the government?

25          MS. THOMSON:  No, your Honor.

US v. Jenkins - 11-CR-602

1          THE COURT:  Thank you for your patience.

2          Mr. Jenkins, hopefully we'll hear from you right

3   away, okay.

4          THE DEFENDANT:  All right.

5          THE CLERK:  Court is adjourned.

6          (Proceedings adjourned at 1:51 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

US v. Jenkins - 11-CR-602

1

2

3           C E R T I F I C A T I O N

4

5

6           I, DIANE S. MARTENS, Registered Professional

7    Reporter, DO HEREBY CERTIFY that I attended the foregoing

8    proceedings, took stenographic notes of the same, that

9    the foregoing is a true and correct copy of same and the

10   whole thereof.

11

12

13

14

15

16

17

18

19                              _____

20                              DIANE S. MARTENS, FCRR

21

22

23

24

25