IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   Case No.   11- CR -602 (GTS)

UNITED STATES OF AMERICA

                                        GOVERNMENT'S SENTENCING
                                        MEMORANDUM

      v.

JOSEPH JENKINS,
         Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the court sentence the defendant to a term of incarceration within the applicable guideline imprisonment range.  The government seeks a term of supervised release following incarceration of no less than 10 years and the imposition of a fine in the amount of $20,000 and the imposition of the special assessment of $200.

## I.   INTRODUCTION

      On February 6, 2014, the defendant was convicted by a jury of one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  The defendant is scheduled to be sentenced on September 25, 2014.

## II. APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### A. Statutory Maximum and Minimum Sentences

The defendant's conviction for transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) subjects the defendant to a statutory maximum term of 20 years imprisonment and a statutory minimum term of 5 years imprisonment. The defendant's conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) subjects the defendant to a statutory maximum term of 10 years imprisonment. Each count of conviction carries a mandatory term of supervised release of at least 5 years, and up to life, *see* 18 U.S.C. § 3583(k); and a fine of $250,000. *See* 18 U.S.C. § 3571. In addition, the defendant will be required to register as a sex offender. 42 U.S.C. §16913.

### B. Guidelines Provisions

#### 1. Offense Level

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for transportation of child pornography is 22. *See* U.S.S.G. § 2G2.2. That level should be increased by 13 as a result of the following Chapter Two specific offense characteristics: material depicting a prepubescent minor (add two pursuant to U.S.S.G. § 2G2.2(b)(2)); material depicting bondage of children (add four pursuant to U.S.S.G. § 2G2.2(b)(4)); use of a computer (add two pursuant to U.S.S.G. § 2G2.2(b)(6)); and the number of images exceeding 600 (add five pursuant to U.S.S.G. § 2G2.2(b)(7)(D)).

2. **Obstruction of Justice**

The government maintains that the court should impose a two level enhancement for obstruction of justice pursuant to U.S.S.G. §3C1.1. In the application notes to Guideline 3C1.1, the Sentencing Commission lists as examples of conduct warranting this enhancement both committing perjury and providing materially false information to a judge. There were several examples of the defendant committing perjury.

First, the defendant testified on cross-examination that he did not have the three thumb drives found in his truck. He was asked repeatedly whether the 3 thumb drives in evidence were in his truck, and he repeatedly testified that they were not and that he had no knowledge of them being in his truck. During the testimony of Forensic Examiner Brian Braisted, it was established that the 8 GB and 4 GB thumb drives had been connected to the laptop that the defendant acknowledged was his. Yet, the defendant testified that he had never seen the thumb drives (found in his truck, inside his computer bag) before.

Second, the defendant testified on direct examination that his attorney told him to get rid of his cellular phone and told him not to show up for his October trial date. He stated that his attorney advised him to break the law and to not go to his own trial in October. Later in his testimony, when asked again whether his attorney instructed him not to appear on October 18, 2010, as he had previously testified, the defendant stated that he wasn't told to appear. The government had sought use of his failure to appear at his trial in Canada as proof of consciousness of guilt; the defendant perjured himself to come up with an alternate explanation.

Third, the defendant committed perjury when he testified during trial that he had employees working for his company that obtained work orders via fax or email and that they

would check the e-mail and fax machine at least once a day at his home when he was on vacation. The purpose of the testimony was to show that other people had access to his computers and could have been responsible for the child pornography that was on the computers and devices. On cross-examination, the defendant reiterated that as a function of working for him, the persons that worked for him would access his computers. The defendant was asked about prior testimony in Canada, wherein he testified that he had to pay someone to do his computer work because he was not allowed to have access to the internet. That testimony was part of a hearing based on the defendant's motion to dismiss the charges against him citing unreasonable pretrial delay. To support his motion, at the hearing, the defendant testified that the delay had a negative impact on his work because he had to hire someone to do the computer work that he would ordinarily do himself because of the prohibition against using computers and the Internet. When asked at trial, the defendant acknowledged his prior testimony in Canada was that the prohibition against using computers and the Internet caused him problems at work because he had to hire someone to do what he would normally have done himself. Again, during cross-examination the defendant admitted that he did not have to hire anybody and that he didn't really remember what the prior testimony was about. The defendant tailored his testimony to suit both matters and perjured himself in the process as both cannot be true.

      Each of the three cited examples of perjury falls within the purview of 3C1.1 and merits the two level increase accorded under that Guideline. If the court adds the obstruction enhancement, the total offense level would be 37 and result in a Guideline imprisonment range of 210-262 months.

### 3. Acceptance of Responsibility

The defendant is not entitled to any downward adjustment to his offense level for acceptance of responsibility.   *See* PSR ¶32.

### 4. Criminal History Category

According to the presentence report, the defendant's criminal history category is I.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

### 5. Guidelines Range and Sentence

As described above, the combined offense level is 35 (without an adjustment for obstruction) and 37 should the court find that the defendant engaged in obstructive conduct.

As a result of the above-described calculations, absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 168 to 210 months imprisonment without the obstruction enhancement, and 210-262 with the obstruction enhancement; a fine of $20,000 to $200,000 and a supervised release term of five years to life.

### 6. Restitution

To the extent that the victims depicted in the image and video files Jenkins transported, and possessed may request restitution, they are entitled to recover from him "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role."   *Paroline v. United States*, 134 U.S. 1710, 1727

(2014).

Four victims have notified the government, and probation, of their desire to pursue restitution.  *See* PSR § 17.  The restitution requests received by the government are appended hereto in the following manner: the victim depicted in the Vicky series restitution request in the amount of $500,875.30 is appended as government exhibit 1; the victim, L.S., who is depicted in the Jan-Feb. series, restitution request in the amount of $150,000 is appended as government exhibit 2; the victim depicted in the Cindy series restitution request in the amount of $1,293,257.51, is appended as government exhibit 3; and the victim identified in the PSR as "Margaret" who is depicted in the Angela series restitution request in an amount between $12,100.20 to $16,520.20 is appended as government exhibit 4.  In keeping with the ruling in *Paroline*, the Court must fashion a reasonable restitution award that is neither token nor nominal. 134 S.Ct. at 1727.   In fashioning said award, the government attaches to this memorandum for the Court's review the most current restitution award lists compiled by Department of Justice's Child Exploitation and Obscenity Section, as Exhibits: 1-A (Vicky); 2-A (Jan-Feb); 3A (Cindy); and 4A-(Angela).  The National Center for Missing and Exploited Children (NCMEC), found 106 known victims among Jenkins' collection.[1] The report identified the following files as it relates to each victim seeking restitution:  three multimedia files of Vicky; three .jpg files of Jan-Feb; one .jpg file of child pornography depicting Cindy; and one .jpg of Angela.

---

[1]     The image and video files recovered from the defendant were forwarded to the National Center for Missing and Exploited Children, and compared with NCMEC's Child Recognition & Identification System for known child victims that have been identified by law enforcement in past investigations.  This number represents the findings of their analysis, and a copy of the report is available for the Court's review upon request.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of incarceration within the applicable guideline imprisonment range. The government seeks a term of supervised release following incarceration of no less than 10 years, the imposition of a fine in the amount of $20,000, and the imposition of the special assessment of $200. The government maintains that such a sentence is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

Joseph Jenkins collected image and video files depicting the sexual abuse and rape of children. *See* PSR ¶12. Jenkins' collection contained over 3800 image files and over 100 video files depicting children engaged in sexual activity. As noted, NCMEC found 106 known victims among Jenkins' collection. All of these children, as well as those whose identities are still undiscovered, are Jenkins' victims.

Jenkins' collection included image and video files of the abuse of the most vulnerable of victims. His image and video collection included children being subjected to horrific acts of violence, including: a video file of a young prepubescent girl performing oral sex on an adult male; bondage with chains; the insertion of an object into a child's anus; and adult men having vaginal sex with prepubescent girls. *See* PSR § 9, 12.

The Government maintains that the defendant's blatant activity of amassing a large collection of child pornography on various pieces of media owned by him and under his control gives this Court ample reason to impose a Guidelines sentence. Moreover, the defendant's

conduct in transporting that collection to Canada while on vacation demonstrates his compulsion and penchant for child pornography. Not only will such a sentence deter Jenkins, and offenders like him, from committing similar offenses, but it is also a sentence that at least begins to address the danger Jenkins poses to vulnerable and voiceless victims. As noted in *United States v. Schenberger*, 498 F.Supp. 2d 738, 744 (D.N.J. 2007) "[e]ven in the absence of evidence of active sexual abuse of children by a defendant, child pornography is an insidious offense that is dangerous to the entire community, not just minors."

A guidelines sentence would also address the seriousness of the offense and the great harm it inflicts not only upon the children depicted in the videos and images Jenkins transported, collected, viewed, and possessed, but also upon those children who will be abused to feed the continuing need for images people like Jenkins foster by searching for these depictions in the first place. As recently reiterated by the Second Circuit Court of Appeals:

> …child pornography crimes at their core demand the sexual exploitation and abuse of children. Not only are children seriously harmed—physically, emotionally, and mentally—in the process of producing such pornography, but that harm is then exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse. *See New York v. Ferber*, 458 U.S. 747, 757–59 & nn.9–10, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (citing congressional and scholarly reports, and court cases).

*United States v. Reingold*, 731 F.3d 204, 216 (2d Cir. 2013).

In making its sentencing recommendation, the Government is mindful that in *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010 ) the Second Circuit faulted the district court for not providing a reason why the maximum sentence of incarceration was required to deter Dorvee and offenders with similar history and characteristics or a clear reason why the maximum available sentence, as opposed to some lower sentence, was required to deter an offender like

Dorvee. Here, the guidelines recommended sentence is not at or near the statutory maximum sentence of 30 years, and is, accordingly, outside the criticism of Dorvee. *See United States v. Swackhammer*, 09-3546-cr (2d Cir. November 30, 2010)(upholding a 168 month sentence in a child pornography case over challenges for procedural and substantive unreasonableness)

Since the decision in *Dorvee,* the defense bar has been lauding the decision as some sort of directive that district courts must reject the child pornography guidelines but it does no such thing. *See United States v. Miller*, 665 F.3d.114, 121 (5th Cir. 2011)(disagreeing with the reasoning of Dorvee: "Empirically based or not, the Guidelines remain the Guidelines. It is for the Commission to alter or amend them. The Supreme Court made clear in *Kimbrough v. United States* that '[a] district judge must include the Guidelines range in the array of factors warranting consideration,' even if the Commission did not use an empirical approach in developing sentences for the particular offense.")(internal footnotes omitted) Instead, while a district court has the discretion to reject the child pornography guideline on policy grounds, it is not required to do so. "*Kimbrough* does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue." *United States v. Lopez Reyes*, 589 F.3d 667, 671 (3d Cir. 2009), cert. denied, 559 U.S. 1057 (2010); *see United States v. O'Connor*, 567 F.3d 395, 397-98 (8th Cir.) cert. denied, 558 U.S. 977 (2009) (same). In fact, despite the fact that *Dorvee* continues to be held out as requiring lenient below-Guidelines sentences, substantive unreasonableness arguments continue to fail in the courts of appeals. *United States v. Shay*, 478 Fed. App'x 713, 714 (2d Cir. 2012) (upholding a 210 month sentence for one count of distribution and one count of receipt of child pornography); *United States v. Miller*, 451 Fed. Appx. 60 (2d Cir. 2012)(upholding a 192 month sentence for

one count each of receipt, distribution, and possession of child pornography); *United States v. Magner*, 455 Fed. Appx. 131, 136 (2d Cir. 2012)(upholding a 108 month sentence for one count of receiving child pornography). *United States v. Rosenberg*, 423 Fed. Appx. 54, 57 (2d Cir. 2011)(upholding 210-month uppermost Guidelines sentence for receipt and possession of child pornography); *Miller* at. 114 (5th Cir. 2011)(upholding a 220-month sentence for one count of transporting child pornography); *United States v. Mantanes*, 632 F.3d 372, 377 (7th Cir. 2011) (upholding a 210 month Guidelines sentence for receiving child pornography); *United States v. McNerney*, 636 F.3d 772, 780 (6th Cir. 2011) (upholding a 120 month upper end Guidelines sentence for one count of receiving child pornography).

## CONCLUSION

Given all of these considerations, a Guidelines sentence is warranted, justified, and sufficient but not greater than necessary to account for the nature and circumstances of the offense and the seriousness of the crime, while promoting respect for the law, providing just punishment, and protecting the public from future crimes of the defendant.   18 U.S.C. §3553(a).

Respectfully submitted this 4th day of September, 2014,

RICHARD S. HARTUNIAN
United States Attorney


By:   /s/
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310