Joseph Jenkins
103 Corporate Dr.
Owego, NY 13827

District Court of Northern NY
PO Box ~~7396~~ 7367
Syracuse, NY ~~13202~~ 13261

U.S. DISTRICT COURT - N.D. OF N.Y.

**F I L E D**

SEP - 9 2014

AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

To whom it may concern.

The defendant reluctantly agreed at the time to allow the public defenders office to represent him at sentencing after finding out in court that the presiding judge had for some reason dismissed HIS RETAINED COUNCIL.

The "Sentencing Memorandum" submitted by the PDO was lacking in content in issues the defendant felt were important. Council would not include them.

I hereby submitt the attached document as a supplement to that submitted document by the PDO. If there is some underlying issue with accepting the document other than the fact that the court and government care not to address the issues, or cannot without ignorantly misconstruing and misinterpreting them and making fools of themselves as in the past - then it should be considered as a request for self-representation. The defendant was already found competent to conduct his own defense through previous courtroom antics and hearings.

I request the document be accepted as a supplement to the Public defenders document and then litigated at sentencing if the court wishes to continue its deprivation of integrity in this case rather than dismissing it.

Sincerely,

*[signature]*
9-7-14

Joseph Jenkins
Defendant

Enclosed:
Sentencing Memorandum as a supplement to public defenders memo.
Exhibits a,b

| United States | ) | Case 5:11-cr-602 |
| | ) | Sentencing memorandum, motion to recuse from |
| V | ) | final judgment, complaint of misconduct, motion |
| | ) | to dismiss for lack of jurisdiction, motion |
| Jenkins | ) | for judgment of acquital, motion to dismiss |
| | | for several counts of double jeopardy. |

Defendants response to "pre sentence investigation report" and supplemental "sentencing memorandum" to address issues that were not addressed by the Federal Public Defenders Office.


Items the defendant intends to address:

1.    There is no jurisdiction over the origonal event, cause or proceeding. United States (US) courts have origonal jurisdiction over events arising/occuring under US law on US soil. The event in question arose under Canadian Law on Canadian Soil. The Canadian courts have origonal and exclusive jurisdiction over the event and any seized property.
     The basics - When a court invokes jurisdiction over a specific thing or first arrests an individual it acquires exclusive jurisdiction over him, as well as the specific thing or property, this creates "subject matter" or "res". This jurisdiction continues and remains "withdrawn" from the judicial power of other courts until judgment is entered by that [first] tribunal/court/sovereignty or until all remedies and jurisdiction is exhaused without interference of another (court). The principals are very basic and fundamental and are required to promote due and orderly proceedure. They relate to Comity, Res judicicata, Due Process, Etc. Citations p6.

2.    Based on the Northern District of NewYorks (NDNY) failure to grasp this basic concept, the defendant will argue for recusal under 18USCS 144/455 for items previously addressed in complaint of misconduct or disability (02-14-90023-jm) for bias and incompetence related to this total usurpation of an existing court proceeding.
     Subject judge has shown disreguard for other court proceedings along with basic individual rights under the constitution. The virdict of guilty was obtained through conspired fraud, misrepresentation, misconduct and inadequate council through an incompetent tribunal possessing no jurisdiction over the offense as charged.
     This irresponsible act by the NDNY has created an outrageous situation and a 'trial within a trial' that simply defiles due Process as most people would interperate the concept. The courts intent being malicious or just incompetence is irrelevent. There is no justification or cause legally for the proceeding.

3.    The court/government attempt to justify this ridiculousness with a "dual sovereign law" concept. It is not applicable. It applies to state and federal prosecutions in the US. There is no application to Canadian Law, Courts or Charter. "Universal Jurisdiction" concept would not apply to their efforts as the case does not involve any "war crimes" (ie. aircraft hijacking, slavery, torture, terrorism, etc.) There is no relevant case to apply to their antics, motive. This is why motions and replies (#2) where incoherent nonsense.

4.    It is the defendants contention the NDNY has absolutely no authority to sentence the defendant. However I will make the following arguments in my defense in the likely event the court and goverment decide to continue their deprivation of integrity.

5.    Two convictions for one offence. I add the following—the public defenders memorandum (pdm). The alleged offence "occured once at same time and place, possession and transportation constitute the same statutory offence within the meaning of the double jeopardy clause such that defendant cannot be constitutionally convicted of both transportation and posession." State v Goldson (1979) 178 Conn 422, 423 A2d 114. "Plain language of [2252a] memoralized congress intent that one who simultaniously posesses multitude of forbidden images at single time and place will have committed only single offense; defendant may have possessed two matters (ie. two computers) that collectivly contained thousands of images, but his simultanious possession of 'one or more' matters transgressed statute only once" US v Chiaradio (2012,CA1 R1) 684 F.3d 265.

6.    Governments witnesses (special agents) commited perjury as most people would interperate the meaning. Affadavits, testimony reguarding joint investigations and alleged computer findings are false.
        Willard gave false testimony reguarding the defendant being harassed by US agents. (detainment,searches,interrogations) done without warrants or probable cause at attendence of court dates in Canada.
        Braisted lied about findings and"file transfers" their testimony should be strickened form the record. Mistrial decared.

7.    Governments repeated attempts to "misconstrue" a phone call are pathetic. The call simply confirms the defendants testimony that he had no knowledge of any illegal images or thumbdrives. The phone call simply was a recall of prior knowledge of what was known of the origonal findings of the canadian forensics before the US government came along and "phonied things up" their "analysis" is simply preposerous. Their case required evidence to be falsified so their "special faggots" did as much.

8. The US goverment "went forward here"..."to retrieve the items from Canada." In doing so (re:Victim Impact) they needlessly subjected any "victims" to further humiliation, subjecting them to further scrutiny by "playing" or "showing" another at least thirty or more people associated with this malicious prosecution their videos or images. Most,by way are "webcam" videos, they(victims) intentionally produced and broadcast (themselves) over the internet and should be prosecuted (themselves),
        This is nothing more than bringing business to the courts and needlessly at that. The court should not be entitled to levy any fines or make money off of this farce. The victims can also seek their restitution elsewheres, there is absolutely no evidence that the defendant so much as even looked at the images, let alone downloaded,shared, e-mailed or even possessed file sharing programs or any thing associated with(CP). Rather 1000's of adult files where located and (CP) was erased indicating good faith intent or lack of knowledge.

9.   <u>Re:Acceptance of responsibility</u> – The defendant took his case to trial to preserve his constitutional rights against the total failings of the district court. And antics. Defendant seeks some integrity in a higher court.

10.   <u>Re:Offense characteristics</u> – The defendant requested a trial by jury. The decision on what constitutes legal/illegal content resided with the jury. No specific findings where ruled on. It is not up to the government or court to decide after the fact. A general finding was made (of guilt). Therefore the images cannot be accumulated the way the government desires. Nor ruled violent or sadistic, etc. The defendant can only be sentenced on <u>one image</u> on <u>one count</u>. The computer or thumbdrives (one or other) needs to be deleted from the conviction. This would seriously affect any sentencing determination.

11. It was the Canadians intent that the defendant only serve a year to a year and a half in custody.(seven months goodtime) The US interference in that process has resulted in two to three times the incarceration to date. The eighth amendment prohibits cruel and unusual punishment. The proposed sentencing range is simply rediculous. The defendant should be given "time served" and simply released.

12.   <u>Re:Forfeiture of property</u> – The US government or court has absolutely <u>no authority</u> to order the forfeiture of property held by the defendant and the canadian government. <u>The concept is absurd</u>. The proceeding is pending and no US interference was authorized.

13.   <u>Pending Charges</u> – Canada – simply proves no jurisdiction as argued in (#1). The governments allegations of "cell phone" charges pending are unsubstantiated garbage, like their whole case. The Canadian prosecution has not discussed the case or intentions with any US official. It is a violation of their law, charter and my rights under Canadian law.
    US – The governments <u>perjury charge</u> is frivolous as their allegations of CP based on stolen propery. It <u>is a product of judicial misconduct and incompetence</u>.

14.   The courts continued interference with the defendant and his council. Retained and appoined. Along with other antics have severly prejudiced the defendant, caused finacial hardships and stress to family members as well. The actions are unjustifed.
      The courts last interference cost the defendant time and money. Dismissal of retained council was another total abuse of discretion. The defendant seeks restitution of $15,000.00 for this ignorant act to recover this breech of a retainer between the court and council.  This on top of the close to but in excess of a million dollars this vigil-antism by the court(NDNY) has cost the defendant and family.

15.   The defendant reserves the right to refer to previous filings and exhibits (9:14-cv-338) appealed to (14-1486) for purposes of discussion / arguements at this foolish upcoming proceeding.

16.   Findings reguarding computers and equipment not previously discussed in either sentencing memorandum. Noteworthy Items.
   a)1166 adult files were found on the toshiba computer along with 45,453 totally non pornographic pictures. (b) No Peer to peer programs used "often as a source" for CP. (c) Canadians refer to "browsing history"as present along with deleted files - government claims of "wiping software" constantly being used are not credible. (d) the compaq computer showed no evidence of CP. (e) "first and last" plug(USB) in dates are redily available to even novice users of computers. The government did not provide these because they would reflect that the dates of first and last use would be when the canadians insterted them into both computers and corrupted the data. (f) The  thumbdrives were half (at least) erased. (g) Candians found no illegal files or any folders on the desktop of the computer - any testimony of "plain sight" is uncredible.(h) Files on the thumbdrives are dated past the time of the defendants border stop - proving contamination and that the defendant was not the source.

17.   Braisted is uncredible/lied. Both Canadian forensics and US examinations show a last accessed/written date on both thumbdrives - (gov't exhibit 3B p24,25) of May 16,2009. Braisteds testimony was that 100's of/or 1000's of files were transfered to the thumbdrive on May 22, 2009 is false. His own reports prove it. He lied about all of the tranfers. One creation/date and alleged transfer in January 2009 is also false. The defendant was out of town in January 2009. Witnesses would confirm.

18.   References to any "membership site(s)" are unsubstantiated as well. The government obtained the defendants finacial records though "courtroom follies and antics" there is absolutely no proof and this theory is unsubstantiated as well.

19.   The Canadians report discussed internet activity and never mentioned any "lolita" sites/bookmarks or anything of the kind the information/links were planted on the image by the government as well as any desktop links. They did not exist 5 years ago. "teen sites" mentioned are perfectly legal and prove nothing.

20.   Files of CP were not downloaded/erased/transfered by either computer. THEY WERE NEVER THERE. NO PROGAMS ASSOCIATED WITH CP ACTIVITY WERE THERE. NO FILES WERE DOWNLOADED, TRANSMITTED, SHARED TRADED, VIEWED or any thing of the kind. The governments case was fabricated mostly two weeks before the trial - Defense has some documents that prove fabrication as well as proof of border stops and harassment by US "special agents". This will be discussed.

21.   Defendant gives notice of intent to make motions under civil and criminal proceedure as well for recusal/reassignment of case to another judge, motions for sanctions, retrial, mistrial, etc.

Conclusions:

1.   There was no prosecutable offence committed in the US. The government tampered/medeled/interfered in a foreign Canadian court proceeding - destabilized the situation through scheming unauthorized activity by incompetent police officers - invaded under false pretenses and authority in some effort to enforce a canadian bench warrant that has no effect or meaning in the US - attempted to seize jurisdiction through an illegal theft of property without a warrant or due process of law - to evade due process requirements - then attempted to misconstrue a legal assistance treaty that was not invoked to meet their needs - and the folly just continues on through  courtroom antics and misconduct until an illegal conviction is obtained.

2.   Research indicates that Federal courts, judges, lawyers and processes operate at [lower] sub standard levels, ie. requirements to obtain search warrants, etc. The NDNY has just taken the matter too far. This is lawless, vigil-anti conduct. The total lack of integrity the proceeding was instituted under and brought to trial constitutes outright conspired fraud between the government and their puppet judge,

3.   Under US testimony Canadian detective wohlert admitted he failed to complete the investigation, didnt know if anyone else did, was not authorized to forfeit property that was secured under a canadian judges court order, did not seek permission/was not instructed to act by superiors, did not remember where the illegal "turnover" of official canadian documents and property exactly took place [to a US agent] without court orders --- where it was "seized" by the US without a warrant, put in a drawer for some three or more months - when a search warrant was allegedly obtained under the low standards of the [NDNY] federal court system thereby usurping the canadian courts origonal jurisdiction and violating every conceivable right the defendant was entiled to under US constitution and law.

4.   The US court and NDNY should styfle, cease and desist, step off and get out of the middle of the defendants existing/pending court proceeding. The court has absolutely no authority over the event or property, ITS JUDGMENT AND AUTHORITY IS INFERIOR, THERE IS NO JURISDICTION OVER THE OFFENSE OR SUBJECT-MATTER. The defendant needs to be released, the US needs to stop its interference in processes of the Canadian court and the defendants rights.

5.   PRESIDING JUDGE NEEDS TO RECUSE FOR ALL OF THE REASONS PREVIOUSLY DISCUSSES. HIS CONDUCT IS OUTRAGOUS OR HE IS INCOMPETENT. HE SHOWS NO UNDERSTANDING OF THE BASIC FUNDAMENTALS OF LAW, JURISDICTION, RIGHTS OF CITIZENS OR RESPECT OF JURISDICTION OF OTHER COURTS.

Exhibits attached:
(A) pgs 6-12 of (9:14-cv-338) for references on law & facts
(B) Complaint of conduct as support for motion to recuse from judgment

[Respectfully] Submitted,

Joseph V. Jenkins   9-7-14

Citations:

"In the context of successive criminal prosecutions by different sovereignties, the sovereignty which first arrests the indivdual acquires the right to prior and exclusive jurisdiction over him, and this plenary jurisdiction is not exausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgement of conviction entered against the individual by the courts of that first sovereignty. In Re: Liberatore 574 F.2d 78 (oct 1977).

"Where same act constituted offense against laws of state and against United States, court which first had control of subject-matter continued to exercise jurisdiction until judgement, without interference [molestation] from other. United States v Wells (1878, DC Minn) 28 F Cas 522, No 16665.

"Since two sovereignties exist, each with it's own jurisdiction, definate rules fixing powers of courts in cases of jurisdiction over same persons and things in actual litigation must be established and spirit of reciprocal comity and mutual assistance to promote due and orderly proceedure must be observed; cheif rule preserving courts fromconflict of jurisdiction is that court first taking subject-matter jurisdiction, whether of person or property, must be permitted to exhaust its remedy before other court may have jurisdiction for this purpose." Ponzi v Fessenden (1922) 258 US 254, 66L Ed 607, 42 S Ct 309, 22 ALR 879.

"Where problems of Double jeopardy or mutiplicity arise, question is one of fundamental fairness or prejudice to defendant; defendant should not be charged, tried, or convicted for offenses that are substantially alike when they are part of same general transaction or episode, for to do so imposes jeopardy of multiple trials or convictions for single offence. State v Eisch (1980) 96 Wis 2d 25, 291 NW2d 800.

"[courts] having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction and remedy is exhausted and no other sovereignty, or its courts, has the right or power to interfere with such custody or possession." US v Pleau 680 F.3d 1 (may 2012)

Governments - Courts - Judicial comity -- "A common law rule of long standing prohibits a court, whether state or federal, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court. The purpose of the rule is maintenance of comity between courts. The rule is equally applicable to requested interference by american courts with a res under the jurisdiction of a foreign court. Todd v United States (9th cir) Lexus 100692 (june 2012)

-6-

Citations: Continued

In the case of <u>Taylor v Carryl, 20 How., 583 [61 US, XV., 1028]</u>
"[as authority on the point] that the property seized by a sheriff
under the process of attachment from the state court, could not be
seized or taken by a process from the district court of the US,
and that attempt to seize it by the marshal, by notice or otherwise
was a nullity, and gave the court no jurisdiction over it, inasmuch
as to give jurisdiction in a proceeding in rem, there must be a valid
seizure and an actual control of the res under the process."

<u>Freeman v Howe, supra</u> "WHEN property is taken and held under process
itis in the custody of the law and within exclusive jurisdiction
of the court from which the process is issued...to disturb that
posession would be to invade the jurisdiction of the court by whose
command itis held and to violate the law which that jurisdiction is
appointed to administer...the same principle protects the possession
of property thus held, by process...against any disturbance under
the process of the courts of the US. - Further - "no other court
has a right to interfere with that possession."

<u>Hagan v Lucas, 10 Pet., 400</u> "Property could not be subject to two
jurisdictions at the same time. The first levy...withdraws the
property from the reach of the process of the other...it is not
liable to be taken by another execution in the hands of a different
officer; and especially by an officer acting under[another]different
jurisdiction."

Memorandum in support of recusal:

28 USCS 144. Bias or prejudice of a judge

Allows for a motion to be made at any time upon showing of good cause. That judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

Disqualification may occur where "a reasonable person would conclude that a judge (district) harbored a special bias or prejudice towards defendants." - Further - Disqualifacation is apprpriate where rulings "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible" Liteky v United States (1994) 510 Us 540, 127 L Ed 2d 474, 114 Sct 1147, 94 CDOS 1668, 94 Daily Journal Dar 2985, 7 FLW Fed S 793

Defendant attaches complaint of misconduct as an affadavit in support of recusal and will further argue issues in court if necessary.

Defendant attaches Canon 1 of Judical Conduct

## CANON 1

### A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

### COMMENTARY

Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges. The integrity and independence of judges depend in turn upon their acting without fear or favor. Although judges should be independent, they should comply with the law, as well as the provisions of this Code. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of this Code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.

The Canons are rules of reason. They should be applied consistent with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances. The Code is to be construed so as not to impinge on the essential independence of judges in making judicial decisions.

The Code is designed to provide guidance to judges and nominees for judicial office. The Code may also provide standards of conduct for application in proceedings under the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 (28 U.S.C. §§ 332(d)(1), 372(c)), although it is not intended that disciplinary action would be appropriate for every violation of its provisions. Whether disciplinary action is appropriate, and the degree of discipline to be imposed, should be determined through a reasonable application of the text and should depend on such factors as the seriousness of the violation, the intent of the judge, whether there is a pattern of improper activity, and the effect of the improper activity on others or on the judicial system. Many of the proscriptions in the Code are necessarily cast in general terms, and it is not suggested that disciplinary action is appropriate where reasonable judges might be uncertain as to whether or not the conduct is proscribed. Furthermore, the Code is not designed or intended as a basis for civil liability or criminal prosecution. Finally, the purpose of the Code would be subverted if the Code were invoked by lawyers for mere tactical advantage in a proceeding.

EXHIBIT

A

6

## III     Facts Reguarding the Issues

The applicant of this writ was arrested at home in the United States after an alledged 'transfer of evidence' from an incomplete and still pending Trial in the Ontario Court of Justice in Brockville, Canada, after some seventeen months of litigation, much personal time and personal expense was expended on the matter.

This U.S. arrest was initiated by the Department of Homeland Security (DHS) on October 4, 2011. After some twenty eight months of detension in the U.S. and following some rampant misconduct and antics in the Northern District Court of New York, the case began trial in Syracuse, NY on February 3, 2014.

On or about Febrary 4, 2014 the government called as a witness Ontario Provincial Police (OPP) Investigator Kip Wohlert, one of a dozen witnesses the government secured from Canada. On May 28, 2009, Wohlert was provided with electronic media seized from my work vehicle on May 24, 2009. This followed an hour long search by three Canadian Border Services officers that would have been unconstitutional by American Standards.

Following this searched I was charged with importation/smuggling by means of electronic equipment pictures of a minor under eighteen engaged in explicit sexual conduct. Violations of Canadian Law. I was never given further details, posted bail, and returned to the United States to be immediately detained by US agents on May 26, 2009 at the port of entry

7

where my vehicle was seized and searched by US officers while I was interrogated and continuosly asked to waive my constitutional rights and discuss recent Canadian Events. I was eventually released as a US citizen over an hour later.

I had at that point already retained a canadian attorney before returning to the US, after the harassment returning to the states, I hired a second attorney at recommendation of another family member. This local attorney was to deal with (Edgley) the canadian lawyer, and report to me. All correspondance was run between the attorneys. I was provided with copies.

Reports turned over by Wohlerts Investigative unit in January/February 2010 related to the investigation showed no illegal Content was found in live files on either of two laptop computers seized. Six files of alledged illegal content (Six Pictures) were found in Cashe or unallocated deleted space and were not visible to the user or subsequently any border patrol officers on May 24, 2009.

Some alledged illegal content was found on peripheral equipment but reports indicate it was half deleted. Further Reports were pending, but were not completed. Items had multiple users.

A trial date was set for September 13, 2010 six months in advance on or about February 5, 2010, following the report by my lawyer. I appeared as requested on Sept 13, 2010 to find the reports were incomplete. Another preliminary report was furnished to me by the attorney. This indicated only signs of Adult pornography where present on the laptops and did not seem to be connected to the peripheral equipment, except for where Canadian officers viewed it themselves by inserting into the laptops, during the search.

8

The trial began, I was arreigned, pled not guilty and elected to a bench trial. (at attorneys recommendation) Edgley proceeded with motions for charter violations ① Seventeen month delay, no defense waivers ② Report was not complete ③ Further adjournment was required. (Eight months was considered unreasonable delay in Canadian Charter, the trial was twice past unreasonable time) Judge was to rule on motions on October 18, 2010. (Transcripts obtained by myself of all proceedings July 2013) I returned from Brockville Court immediantly to US, to be immediantly detained once again, my vehicle was seized again and searched for two hours while I was interrogated about Canada, what was happening, why was I there, what was happening, waive my rights, they knew everything, etc. I was eventually released as a citizen.

We awaited the Final Forensic Report, prior reports seemed to contain a good faith defense or affirmative defense. It was never disclosed. My attorney appeared on my behalf. I did not want to attend as a stay or adjournment was expected. I also was expecting border harassment by US officials. It had become routine.

The Judge gave a lengthy decision on October 18, 2010 on the charter motion. He found some way to reason, to himself, the delay was not really eighteen, but eight and a half months, which was not unreasonable. He denied the stay. Wohlert was at court, but instead of furnishing the final examination report, he brought border officers to continue the trial. My attorney asked for an adjournment, crown opposed, requested a bench warrant for my arrest in Canada. Which was issued. No additional actions were authorized by the court or government.

On October 21, 2010 Wohlert began to forfeit Non Public documents and personal property / evidence to DHS and some forensic reports.

DHS paperwork confirms ① all items were seized without a US warrant over a span of six months ② Prior shared knowledge with the Canadians beginning May 25, 2009 ③ US involvement in my detainments and several searches upon attending Canadian Court Dates prior to the (a) 'Transfer of evidence' (b) warrants being obtained by either agency

OPP Wohlerts US testimony confirmed ① Canadian Forensic Exam was not complete for Canadian Trial Disclosure on September 13 or October 18, 2010 ② Forfeiture of Official Documents and Property were not authorized by any Executive Official, Diplomat or the Court.

IV      Reasons why the writ should issue

Habeas Corpus, act of September 24, 1789, ch 20, § 14, 1 Stat 73 81-82 "To ensure no arbitrary authority might act without warrant or due process of law." "The writ is available not only to determine 'points of jurisdiction,' stricti juris, constitutional requirements and questions; but whenever a resort is necessary to prevent a complete miscarriage of Justice." Wakey v Johnston 316 US 104  In February 1867, ch 28 § 51, 14 Stat 385 expanded to include "all cases where any person may be restrained of his/her liberty in violation of the constitution or any Treaty or Law of the United States" Rasul v Bush 542 US 466 473 (2003)

This offense was charged, investigated and prosecuted in the Ontario Provincial Court in Canada, litigation followed. Despite repeated demands Neither the US government or Court could produce any official documents from any authorized Canadian Official reguarding the 'transfer of evidence' or any part of this legal proceeding to the United States.

10

This US proceeding drew it's only source from a 'transfer of evidence' (personal property) across an international border by police officers acting beyond their authority authorized by treaty, Canadian Law and US Constitution. This unauthorized jurisdiction and venue change caused substantive due process violations to my rights in both countries. Particularly with the onset of litigation in Canada Substantial Overreaching Resulted. US prosecution was initiated on mere hearsay from police officers. Information provided to the US courts was inaccurate and incomplete, they should have declined jurisdiction - lacking proper paperwork and documents (conferred authority) from Canadian courts. Comity - since two sovereignties exist, each with its own jurisdiction, definite rules fixing powers of courts in cases over same persons and things in actual litigation must be established and spirit of reciprocal comity and mutual assistance to promote due and orderly procedure must be observed; chief rule preserving courts from conflict of jurisdiction is that court first taking subject-matter jurisdiction, whether of person or property, must be permitted to exu exhaust its remedy before other court may have jurisdiction for this purpose. Ponzi v. Fessenden (1922) 258 US 254, 66 L Ed 607, 42 S Ct 309, 22 ALR 879

Improperly intermingling police officers must have thought it a more expedient method, using Wohlert as a tool, possibly manipulating him to bypass these processes. All documentation indicates the evidence/property should be secured in Canada pending completion of the trial in Ontario Provincial Court (No Judicial release(s) obtained)

This was/is a matter for the executive branch of government, it should not have been decided by Police Officers. Ontario Court

11

Justice simply issued a bench warrant. I obtained official documents through the Canadian Court Clerk (certified and genuine) Last May and July 2013. The court dockets and transcripts confirm ① Case is trial ready, simply adjourned ② there was no finding of guilt in the matter ③ No part of the proceeding was 'transfered' to any other court. As of May 28, 2013. This confirms US proceedings initiated in 2010-2011 are based on inaccurate and false information. Jurisdiction (acclaimed) is only based on illegal possession of the property, district court errors.

This US proceeding, not authorized by Canadian Courts or treaties meant the defense was denied compulsory process and the right to confrontation in the chain of custody. The government purchased its needed testimony, left out needed defense witnesses (at courts discretion).

This allowed the government to introduce new, absurdly and fraudulently different evidence at the second trial by their expert! They subsequently left out the needed defense witness who authored the original exculpatory exam of the evidence, it was impeachment material and to a large degree proved my innocence in the matter. The court ruled it an inadmissible item. It could have acquitted me at the first, incomplete trial in which case the property would have been returned. I was convicted on February 6, 2014 at this unconstitutional proceeding as a result, of an unauthorized, warrantless US seizure.

I now face twenty times the penalty from this unauthorized venue change. Under Canadian Law. I only faced a year in jail, which is another denial of due process, (fundamental fairness) increased penalty

When the Canadian Warrant was issued, attorney indicated it applied only to Canada. I would not be arrested unless Court extradited.

12

Extradition would be a formal proceeding, all of the issues leading up to the Canadian Warrant could be challenged at that time. He advised not returning to Canada because of the bench warrant but would notify me if the government decided to take further action, none was planned by the government or the court.

I heard nothing until I was arrested at my home in Geneva, New York by the DHS. I was lawfully and peacefully living in the United States as a citizen at the time as well as throughout this whole proceeding, thus entitled to all of the protections under the constitution from both the US and any Foreign Authority. I did not waive my rights to a formal extradition proceeding nor agree to the forfeiture of my property to the US government without the benefit of any process, legitimate terms were not established under any treaty or 'official requests'. Therefore I was denied the right to challenge these invasions which led to restraint of liberty without due process of law. I am confident this petition not only meets but __exceeds__ the requirement for the __writ of Habeas Corpus__: ① Lack of legal Jurisdiction ② Various forms of Double Jeopardy through Overreaching ③ Violations of Treaty law and procedures ④ Violation of right to a Speedy Trial and Fair Trial ⑤ Denial of Compulsory Process of two witnesses ⑥ Substantive Due Process Violations overall including governmental and judicial misconduct prior to trial in United States, all of which are a ⑦ Substantive denial of Constitutional Rights and ⑧ Complete miscarriage of justice.

__Exceptional Circumstances warrant the Exercise of the courts discretionary power.__

Federal Habeas Corpus statute (28 USCS 2241 et seq.) does

Exhibit

B

Affadavit in support of recusal

Statement of Facts: Re: Complaint of Misconduct, Judicial
            In Re: Joseph V Jenkins, complaintant

This complaint was difficult to decipher between "Misconduct" or "Disability." The judge in question either (1) Conspired rulings with the government to prejudice and gain advantage over myself (defendant) in proceedings or (2) Has some mental disability that prevents logical interpretation of a written instrument put in front of him and what it plainly implies or requests. The case in question 5:11-cr-602-GTS.

The rulings throughout (Decisions and Orders included) consistantly reflect (1) Bias (2) improper motives (3) fail to disapline attorneys and hold them to acceptable standards (4) No signs of independent thinking (5) insufficient knowledge of constitutional rights, defendants are entitled to, particularly due process of law.

Defense motions were ignored or responses were evasive, incomplete, misconstrune and completely illogical. I would provide details of improprieties on request, however are not included as they are some eight to ten pages in length. Although throughout the entire case, particularly notable May through October 2013. The court simply obstructs, misfiles and ignores anything in opposition to the governments case.

The proceeding was completely unsupervised. The government enjoyed unlimited overreaching. The court was unwilling or unable to control the government, recognize this conduct or sanction them. Rulings in question simply agreed with government responses. It did not matter how foolish, ridiculous or irrelevant these responses were, they were approved.

2

Lack of Supervision applied to defense attorneys as well. One filed a suppression motion after ten months on the case. It failed to show proper knowledge, was counter productive, damaging and failed to include an affadavit. The subject judge praised him some eleven months later at a pretrial conference. Six months after I was left 'pro se' to clean up the trail of his incompetence.

Following months of motions misconduct, I filed a brief commentary in reply to a ridiculous government response in July 2013. The way a judge should. Subsequently, I was sent to Manhattan for a competency exam. Local attorney commented it was because "(I) you had embarrassed him [subject judge]."

To embarrass a judge you would have to show, superior knowledge? Or, maybe because he was doing his job incorrectly, prejudicing or quite frankly just trying to screw over the defendant?

Regardless, the rulings are irresponsible, substantive violations of due process. The courts have a duty to protect citizens from arbitrary governmental conduct, not become a part of it. I maintain the court went too far. This conduct seriously affects fairness and integrity of the judicial system.

These actions were carried out with willfull blindness and reckless disregard for the truth. They put me in an impossible situation no one should be subjected to. Appellate remedies exist for such circumstances but are time consuming and expensive. Writs seem to be a more expedient method, but if judges cannot be responsible and impartial they have no business making such important rulings that affect peoples lives substantially and can cause or inflict irreparable damage.

3

Throughout the case, the court seemed baffled over the fact "[I] had questions about how charges [against me] ended up in the United States." Further, "[I couldn't] find a lawyer that wants to do what I want [done]." What the court couldn't seem to understand is that I wanted, technically, was a real lawyer to challenge the jurisdiction of the case. Syracuse attorneys [likely his golf buddies] were unwilling to do this.

The case quite simply is based on stolen property from Canada, inaccurate and incomplete information from police officers. There is no glorifying the police or what they did. They are skulking thieves. Claimed US jurisdiction was only supported by illegal possession. No rules or procedure were followed at any level by the US government or the Court, in this case. No Comity, due process was non existant and no official paperwork was provided by anyone but myself to prove this whole prosecution was a sham, the real case (trial) is incomplete (pending).

For my troubles to obtain Genuine, Certified Court documents from Canada they were ignored and misfiled, effectively buried on the court docket along with whatever else the court did not want to see or hear. The fact that the court was going to ignore such seemingly important issues led me to file a first 'Complaint of Misconduct' which was of course misfiled on the docket under "Motion for independent review of the current case" as I made the mistake of sending it to the local district court.

I was subsequently convicted as a result of these antics recently, which apparently was the reasoning behind them. Filing this complaint I am hoping that this is not widely accepted conduct in the court system. It is unsettling to think that once someone is

4

suspected or accused of a crime they do not stand a chance because "the ends justifys the means" mentality by the courts will deny them basic rights and protections.

Subject judge did not understand why I requested an attorney assert a "described defense" that "the [United States] government [improperly] jumped into the middle of a Canadian Proceeding and took evidence." Again, this shows a lack of knowledge of Due Process of Law. If he had properly reviewed or understood defense motions along with due process he would have been able to understand that [people] defendants have a right to a completed trial by particular tribunal. Canadian court dockets submitted indicated the trial was not complete, it was not transfered to the US government or his court, nor was any evidence. Under the don't want to see or hear, Double Jeopardy was ignored as well.

Notable as well, (decision ~ Order 100)(was a result of the incident I described on page 2, "embarrassed him". (competency exam)) was more effort than was expended on all other decision ~ Orders combined. Results of this exam, "his writings and thought processes are clear and logical." (After a review of documents) Would make one wonder who really needs the competency exam. This exam was further the result of conspiring with the government, and meant to hinder an appeal of (D~O 99) which agreed with a nonsense government reply.

Ridding myself of an incompetent attorney, I was certain that acquiring proper documents, putting forth truthful facts in front of this court I could thereby reason that this was an improper proceeding and that there was a major denial of process and fundamental fairness in this prior to trial. However after a few weeks it was obvious that the court had even less integrity than my attorney.

5

Submitting this second complaint to the Court of Appeals, I am confident it will be properly inquired into without further prejudice to the complaintant. Subject Judge has shown he is not impartial and in fact is likely some tool under control, influence or just dominated by the federal government.

I ask he be removed from my proceeding immediantly. Such conduct to aide the governments case and harassment to further gain advantage is unacceptable. The government with all of their bullying power is already at a major advantage over anyone. The court contributing a hundred percent toward / behind the governments case to join in bullying is not fair or practical administration of justice.

I also suggest a 'competency examination' may be in everyones best intrests, including future 'targets' of this misconduct, or disability.

Respectfully Submitted,

3-18-14

Joseph V Jenkins,
Complaintant

Name: Joseph Jenkins
Tioge County Jail
103 Corporate Dr.
Owego, N.Y. 13827



District Court
PO Box 7367
Syracuse, NY 13261