IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************************

UNITED STATES OF AMERICA,

v.

JOSEPH JENKINS,

Defendant.

Criminal Action No.
11-CR-602 (GTS)

GOVERNMENT'S RESPONSIVE
SENTENCING MEMORANDUM ADDRESSING
DEFENDANT'S SENTENCING
MEMORANDUM

*******************************************

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its responsive sentencing memorandum addressing the defendant's sentencing memorandum filed September 2, 2014.

## I.  OFFENDER CHARACTERISTICS/OFFENDER CONDUCT

### A.  The defendant's criminal history

The defendant alleges that he has no criminal history and that "there is nothing in his history that would indicate he is in any way a danger to the community."  *See* Def. Sent. Memo., Dkt. 175.  As noted in the presentence investigation report, the defendant was arrested for Aggravated Harassment in the Second Degree, a misdemeanor offense, December 22, 1997.  *See* PSR ¶36.  He was convicted of the offense and sentenced to a fine on February 10, 1998.  *Id.* The facts of the case included the defendant threatening his former paramour and her new boyfriend.  *Id.*

### B.  The trial evidence

1

The defendant alleges that the proof in the instant matter "is markedly different from a typical possessor of child pornography as the Toshiba laptop only contained four suspect child pornography multimedia files and all other suspect images were discovered in the System Volume Information or thumbcache." *See*, Dkt. 175, page 3-4. Giving due consideration to the fact that assigned counsel was not trial counsel, but noting that all of the trial evidence and discovery (including the three American forensic reports and the Canadian forensic report, several of which are attached as defense exhibits to the sentencing memorandum) was made available to assigned counsel, the defendant's assertion is incorrect and misleading.

As the Court is well-aware having listened to the trial testimony, the so-called "suspect images" from the System Volume Information represented the majority of 594 graphic files on the Toshiba Laptop, one of the several pieces of electronic media the defendant transported and possessed. *See* Dkt. 175, Exhibit A. That was only a portion of his collection on only one of the several pieces of the defendant's electronic media. The Toshiba laptop, transported by the defendant, also contained multimedia files in a folder on the desktop. *Id.* The 8 GB USB thumb drive, possessed by the defendant, contained 96 multimedia files and 15 graphic files. *Id.* The 4 GB USB thumb drive, possessed by the defendant, contained 10 multimedia files and 3,250 graphic files.

The defendant's argument that the mere discovery of images on a defendant's temp folder is insufficient to demonstrate possession is made in a vacuum, without giving consideration to all of the evidence. The Court should not give any credit to the defendant's argument. The defendant also tries to compare the American forensic report with the Canadian report and somehow argue that there is a significant discrepancy. *Id.* The trial testimony established that the Canadian and American designation and classification systems were

2

different.  Therefore, no <u>fair or accurate</u> comparison may be made.

### C.  Double Jeopardy

The defendant argues that the possession of child pornography is a lesser-included offense of the transportation of child pornography, and that therefore, the Double Jeopardy Clause prohibits his conviction for both.  *Id.*   Citing to the 9th Circuit opinion of *U.S. v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011), the defendant argues that he was convicted of both possession and transportation and some courts have reasoned that possession is a lesser-included offense of transportation and therefore he cannot be sentenced for both.  *Id.*

In *Kennedy* the defendant arrived at the airport from a trip overseas and underwent an inspection of his laptop computer.  *Id.* at 1252.  Agents observed images of child pornography on the laptop computer.  *Id.*  A forensic analysis of the laptop computer revealed 30 images of child pornography in the laptop's active files and over 5,000 files of child pornography in the deleted cache files.  *Id.* at 1253.  The defendant was indicted for one count of possession of child pornography and one count of transportation of child pornography.   The district court found that the defendant was convicted of transporting and possessing the same images of child pornography on the same piece of electronic media.  *Id.* at 1258.  The district court sentenced the defendant on the transportation count, finding that the possession count was a lesser-included offense of the transportation count.  This decision (the only authority cited by defendant) did not hold that possession of child pornography was a lesser-included offense of transportation of child pornography, nor does the government concede that it is; instead, the Ninth Circuit noted that "[a]lthough we have not held that possession of child pornography is a lesser-included offense of transportation of child pornography, the government has not appealed this determination, and therefore we do not reach the issue here…"  *Kennedy*, 643 F.3d at 1258, fn. 11.

3

The Double Jeopardy Clause "'protects against multiple punishments for the same offense.'"  *United States v. Polouizzi,* 564 F.3d 142, 154 (2d Cir. 2009) (quoting *Schiro v. Farley*, 510 U.S. 222, 229 (1994)).  When "a defendant has violated two separate criminal statutes, whether the defendant may be punished for both violations turns on whether the legislature intended to authorize separate punishments for the offensive conduct under separate statutes." *Polouizzi*, 564 F.3d at 158 (internal quotation marks omitted).  In considering whether two convictions "arising from the defendant's involvement in a single event or a common series of events" violate double jeopardy, this Court considers "the language of the statutes, how those statutes fare under the *Blockburger*[1] test and express congressional intent, if any, on the issue of multiple punishments."  *Id.* (internal quotation marks omitted).  The test under *Blockburger* is whether each offense "requires proof of a fact which the other does not."  See *Blockburger,* 284 U.S. at 304.  Two different statutes define the "same offense" when, under the *Blockburger* test, one is a lesser included offense of the other.  *Rutledge v. United States*, 517 U.S. 292, 297 (1996).

Under 18 U.S.C. § 2252A(a)(1), any person who:

knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in affecting interstate or foreign commerce by any means, including by computer . . . . shall be punished . . . .

Under 18 U.S.C. § 2252A(a)(5)(B), any person who:

knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce . . . . shall be punished . . . .

---

[1] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

There is no double jeopardy error here.  The *Blockburger* test is implicated only "where the same act or transaction constitutes a violation of two distinct statutory provisions." *Blockburger*, 284 U.S. at 304 (emphasis added).  The Double Jeopardy Clause does not prohibit the government from prosecuting a defendant for multiple offenses in a single prosecution.  *Ohio v. Johnson,* 467 U.S. 493, 500 (1984).  There is no double jeopardy violation when the transportation and possession counts are based on different pieces of electronic media; furthermore, the various pieces of electronic media contained different images and content (as shown to the jury and as entered into evidence).  *See Polouizzi*, 564 F.3d at 159 (noting that where receipt and possession counts are predicated upon different images, "it would appear that Congress intended to allow separate convictions"); *Unite States v. Bowman*, 523 Fed.Appx. 767 (2d Cir. 2013)(holding that a conviction for both possession of child pornography and receipt of child pornography, based upon different files, did not violate double jeopardy);  *United States v. Irving*, 554 F.3d 64, 79 (2d Cir. 2009) ("If the jury's verdicts on counts 4 [receipt] and 5 [possession] were based on different images, there was no double jeopardy in the entry of judgment on both counts."); *United States v. Anson*, 304 F. App'x 1, 4 (2d Cir. 2008) (summary order) (same).  As the Second Circuit recognized in *United States v. Calhoun*, 450 F. App'x 74, 76 (2d Cir. 2011) (summary order), it is "possible for [a defendant] to [plead] guilty to receipt with respect to certain of the items of child pornography at issue and to [plead] guilty to possession with respect to other items without any double jeopardy concern."

In the instant matter, the forensic analysis revealed that the defendant transported and possessed child pornography on various forms of media including two USB thumb drives and a laptop computer.  The evidence at trial established separate multimedia and image files on each piece of electronic media.  As the Second Circuit noted *Calhoun*, 450 F. App'x at 76, other

Circuits have found that "'the transfer and storage of previously downloaded Internet images – to a memory card or diskette, for example – describes conduct separate from the act of downloading pornography' and, thus, may provide a sufficient basis for a possession count independent of any possession associated only with the initial receipt." *Id.* at 76 (quoting *United States v. Overton*, 573 F.3d 679, 698 (9th Cir. 2009)); see also *United States v. Dudeck*, 657 F.3d 424, 431 (6th Cir. 2011); *United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008).   The defendant may be sentenced, and should be sentenced, on both charges.  Doing so would not run afoul of the Double Jeopardy Clause.

### D.  Canadian Charges

The Court should disregard the speculation proffered by the defendant that if he had known that his failure to appear in Canada could result in a greater sentence than the one described unilaterally by the defendant in the defendant's sentencing memorandum he "undoubtedly would have appeared in Canada."  *See* Dkt. 175, page 7.  The defendant made the choice to disregard his charges and trial in Canada, and just because it didn't work out for him, he is not entitled to any sympathy or leniency that decision.

### II.  SENTENCING GUIDELINES ENHANCEMENTS

The defendant cites to the U.S. Sentencing Commission Report to Congress (2012) to support his position that the sentencing enhancements for non-production child pornography cases are inadequate as they fail distinguish offenders based upon their individual degree of culpability.  *See* Def. Sent. Memo., Dkt. 175.  This report has not been adopted or endorsed by Congress.   It merely represents one perspective on these issues which is plainly open to

interpretation and in no way binding on any court.[2]

### III.   LOW RISK OF RECIDIVISM AND LACK OF DANGER TO THE COMMUNITY

The defendant argues that he has no criminal history and is therefore among a population who would have the lowest rate of recidivism, based again, on a 2004 Sentencing Commission Report. *See* Def. Sent. Memo., Dkt. 175, page 9. The defendant does have a criminal history, including an arrest and conviction. The argument that the defendant is at a low risk of recidivism is speculation at best.

### <u>CONCLUSION</u>

For the reasons set forth herein, the government recommends the Court sentence the defendant to both counts of conviction within the applicable guidelines range.

Respectfully submitted,

Richard S. Hartunian
United States Attorney

By:    s/Tamara B. Thomson
Tamara B. Thomson
Assistant U.S. Attorney

---

[2] The defendant also argues in his sentencing memorandum that the cases of *United States v. Dorvee,* 616 F.3d 174 (2d Cir. 2010) and *United States v. Tutty*, 612 F.3d 128 (2d. Cir. 2010) support his proposition that his total offense level punishes him more severely that a defendant with higher culpability. *Id.* See the government's sentencing memorandum, docket number 178, for the government's position regarding *Dorvee* and *Tutty.*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************

UNITED STATES OF AMERICA,

                                        Criminal Action No.

v.                                      11-CR-602 (GTS)

JOSEPH JENKINS,

        Defendant.

*****************************************

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2014, I electronically filed the **RESPONSIVE SENTENCING MEMORANDUM OF THE UNITED STATES** with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing. In addition, I hereby certify that I have e-mailed the document to the following CM/ECF participant:

                Lisa Peebles, Esq.



                                Tamara B. Thomson, Esq.

8