# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Albany - Main Office** | **Syracuse - Branch Office** |
| 39 NORTH PEARL ST. | 4 CLINTON SQUARE |
| 5TH FLOOR | 3RD FLOOR |
| ALBANY, NY 12207 | SYRACUSE, NY 13202 |
| (518) 436-1850 | (315) 701-0080 |
| (518) 436-1780 FAX | (315) 701-0081 FAX |

**Lisa Peebles, Federal Public Defender**

**RESPOND TO SYRACUSE OFFICE**

September 17, 2014

Hon. Glenn T. Suddaby
United States District Court
United States Courthouse
James M. Hanley Federal Building
100 South Clinton Street
Syracuse, New York   13261

RE:   UNITED STATES V. JOSEPH JENKINS
      CASE NO. 11-CR-602 (GTS)

Dear Judge Suddaby:

Defense counsel received a 170 page exhibit on September 15, 2014 in support of restitution on behalf of "Cindy" in connection with Joseph Jenkins' upcoming sentencing hearing, which is currently scheduled for September 24, 2014.  As we indicated in our Sentencing Memorandum with regard to three potential victims identified in the PSR, specifically, Vicky, L.S. and Margaret, there is no proof that Jenkins knowingly possessed images of "Cindy."  In fact, Counsel is not aware of any reference to "Cindy" in either the trial transcript or the PSR.

Second, even if it is determined that Jenkins' conduct amounted to knowingly possessing her image, he is classified as the lowest culpable offender involving crimes from possession to distribution to predatory abuse that exploits children and, therefore, any restitution award should be the lowest amount deemed not trivial.  If the Court intends to order restitution in an amount greater than the lowest amount not trivial, Counsel respectfully requests that the Court bifurcate the restitution hearing to allow more time to review and respond to the voluminous exhibit filed on behalf of "Cindy."

      Specifically, the exhibit seeks compensation for lost income based upon "Cindy's" inability to earn a college degree and a claim that she will only be able to obtain minimum wage employment in the future. This assertion is not substantiated in any way, nor is it based on any indicia of reliability. First, the figures provided assume that the current minimum wage amount will remain stagnant and does not account for any likely future increase. There is proposed legislation that, if passed, would increase the hourly minimum wage and, therefore, the amount for future lost wages would have to be reduced. Second, there is an assumption that "Cindy" requires a college education to earn more than minimum wage and there is certainly nothing to support this particular assertion. Lastly, as a general matter, there is no particularized condition of "Cindy", which would suggest that she is incapable of earning a college degree. It appears that her therapist may have made these generalized assumptions with nothing to support such conclusions.

      Based upon the foregoing, counsel respectfully submits that the restitution claim by "Cindy" cannot be supported by any basis in fact and, therefore, should be denied. If the Court is inclined to award restitution beyond the lowest amount not trivial, Counsel requests bifurcation of the restitution request and 30 days to respond to the governments submission.

      Very truly yours,
      OFFICE OF THE FEDERAL PUBLIC DEFENDER


      By:    *S/Lisa A. Peebles, Esq.*
            Federal Public Defender

LAP:vlb