9/21/14

Joseph Jenkins
103 Corporate Drive
Owego, NY 13827

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 23 2014
AT ____ O'CLOCK ______
Lawrence K. Baerman, Clerk - Syracuse

District Court
PO Box 7367
Syracuse, NY 13262

Re:US v Jenkins (5:11-cr-602)

To Whom it may concern

I request the following submission (27 pages) a supplemental memorandum be added to the court docket for/to be litigated on or about Sept,25 2014 at the defendants sentencing. It is necessary to fill in blanks and illustrate misconduct that occured in the prosecution that lawyers refused to address.

If needbe the defendant as on 9-9-14 a previous submission requests self representaion if it necessary for some reason to accept the document. It is being submitted ahead of time as a courtesy of the issues the defendant intends to address.

The defendant would understand if more time is needed to process the document or conspire replies to the issues.

The issues are well known and the documents have been seen by all parties.

Exhibits attached
A - Affadavit
B - Border Cross Records
C - Canadian Seizure Receipt

Sincerely

Joseph Jenkins

27 page Document with/including exhibits

United States ) 5:11-cr-602
V ) Document 6 pages, Exhibits A (3pgs), B (12 pgs), C (3pgs)
Jenkins )

On 9-9-14 the defendant submitted a supplemental sentencing memorandum. The defendant feels the need to elaborate on the issues somewhat as government incompetence may impair the defendants ability to calmly articulate issues at the upcoming event in person.

1. Items (#'s1,2) in the previous submission. Lack of subject matter jurisdiction (SMJ), Lack of control over (invalid seizure of) property held by the Canadian government (held under the process of another court) means the court (Northern District of New York) NDNY acted in the 'clear absence of all jurisdiction and without due process of law'.

The defendant feels that recusal is required because [subject judge] basically conducted a trial about nothing. The defendant made repeated requests personally after ridding himself of an incompetent attorny. This was when the outrageous types of conduct began as described in the complaint. (When asked to prove jurisdiction and official paperwork required under treatys through proper authority).

The only conclusion to be reached is that [subject judge] acted with malicious intent or is plainly incompetent. Either way after the antics and errors along with the motions misconduct, he has absolutely no right to cast judgment over the defendant and should recuse/be removed.

2. Two convictions for one offence (#5) previous submission. The defendant argues that with the mandate one conviction must be dropped, there is insufficient evidence to sustain a conviction. Count 1 (toshiba computer) there was no illegal content only (5 deleted pictures) in unallocated, deleted space. The government failed to prove beyond a reasonable doubt that the multimedia files on the laptop constitute C.P. The defendant demands a full review of the three alleged files. The government only showed a few seconds of each. Canadians law reguarding C.P. is essentially the same. Either the files did not exist on the computer five years ago or under Wohlerts training they were 'mid teens' which are classified as adult. The defendant is not a doctor nor has the government verified any ages as such with any expert. Braisted is not an expert, he is not even credible his examination of computers was inferior to the origional done by the canadians, he manufactured evidence that the government (US) needed.

The second count 2 (thumbdrives) is unsustainable without the first. Also the government alleged obtained by the use of internet, this was not proven on any count nor by any forensic exam. The canadians report offered suggestions as alternate that files could have been loaded onto them by others (users) and different computers (in reguard to little to no evidence found on the two laptops in the investigation). REASONABLE DOUBT. This is why the government did not want to use the canadians forensic report. It was not enough to obtain an indictment.

If the court/government elects to drop the 'thumbdrives' from conviction the defendant will move for a judgment of acquittal for lack of evidence. There was no visible illegal content anywhere on the computer nor any proof of any illegal activity whatsoever. Only adult pornography.

IF the court/government drops the computer from conviction there is no proof (wasn't anyways) of knowledge of thumbdrives. Judgment of acquittal would be appropriate in this case as well.

3. Joint Investigations, interference, Harassment - The defendant made several requests to have US constitutional rights applied to the Canadian proceeding due to the fact the case was jointly investigated before being submitted to canadian prosecutors. THESE WERE INGNORED,MISCONSTRUED AND EVADED BY BOTH COURT AND GOVERNMENT. The defendant has a right [also] to be free of bad faith prosecutions.

On July 28,2012 Willard and Thomson((9:14-cv-338)COA(14-1486)doc#7,ex.E) or Bates (197-204) Requested border cross information related to myself.(May 23,2009-Jan 1,2011) This revealed that the defendant was actually part of a formal investigation by US officals, along with the other DHS documents produced. These indicate that I was flagged on two occasions, physically detained, searched vehicle and person as well as interrogated by US agents on two different occasions for some three hours upon returning from attending court dates in Brockville, Onatario, CA.

Trial Transcripts (p.367-) Willard was specifically asked. "No, there was not" "No, the first investigation into Mr Jenkins was opened on March 7,2011, by myself," "No formal investigation had opened by my office in the US" -- More importantly -- "Lack of Origional evidence means lack of a case" -- Exactly -- There was NO EVIDENCE & NO CASE in the US.

Apparently these physical detainments on May 26, 2009 & Sept 13, 2010 along with all of the searches done without warrants prior to the conclusion of the canadian investigation/trial "were done at the behest or even with the knowledge of United States law enforcement agents." (Doc#94p.8) Of course there was also

"No contact between Canadian law enforcement officials before Jenkins rendered the involement of the United States necessary..." It was ONLY then when ..."Canadian law enforcement officials made contact with United States law enforcement agents".

According to the government when you word things in these documents willy-nilly like Willards affadavit [also] (Doc#27-8) "In short, Double Jeopardy does not bar the prosecution of the defendant by the United States." The affadavit was drawn up in Onondaga county (obviously with tutoring) on 7-23-12 and filed on the court docket. It avoids the dates of harassment, but is totally illogical as is/ are the rest of the governments filings/responses. The court remains oblivious to these documents or ignores this conduct. Very Nice. Exhibits A, B (Border Cross Records)

Few notable items also from Document 94. (a) inre: the defendant claiming no warrant was obtained by US agents before seizing these items - "The MLAT (legal asstance treaty not invoked) ...[does not require] "canadian law enforcement officials to secure a warrant prior to the transfer of evidence to United States law enforcement officials" Because of course they did (US) obtain a warrant after the items sat in a drawer forthree months. (b) Dual Sovereign Law cases ((as defendant cited in his prior submission) (#3)) (Doc#94p.6) Reguarding Rashed,Rezaq are related to aircraft hijackings. AGAIN, The court remains oblivious. These are but a few of the examples.

4. The public defender provided Exhibits. In (A) ICE report dated 8/10/2011 was pretty much a copy of the Canadians findings by braisted, except for boosting numbers and adding some mutimedia files the Canadians did not find illegal. (Basically trying to invent a crime, where there was none)

There were also "Supplemental" Reports done in March 2012 revolving around a meeting between Defense and Prosecutors. (Done without securing an additional warrant) These are based on information "leaked" by puppet Parry (an appointed sabatour) reguarding information the defendant was going to use as a defense. They are completely uncredible compared to Canadians report and some of his testimony. The reports are dated a day before and a day after this meeting, he would have been able to pick up on such obvious descrepancies on the first exam. (File transfers, desktop icons are important items to miss on a forensic exam.) Pages 10-11 of grand jury testimony briaisted said he was unable to determine any images were received on the computer and any times, yet trial testimony he gave file creation dates. Also that his finding were his opinions. Trial he admitted he received no training in identifing C.P. Also his findings were consistant with the Canadians which they are not.

Inshort in March 2012 and thereafter he manufactured evidence and findings to the prosecutors specifications they are unsupported.

5. Pretend Jurisdiction - (4-25-13 p.10-(Suddaby)) " The charges are about what happened in the United States. These prosecutors have no intrest, Ihave no intrest what happened two years ago in Canada, None whatsoever. That's not what this case is about. You may be obsessed about it and think that it's important. It has nothing to do with your case here and you've got to accept that." (5-29-13p.8-(Suddaby)) "these assistant United States Attorneys, I'm quite certain, unless they tell us otherwise, are not really intrested in what happened in Canada. They're interested in what happened at the united states border...that's what you need to focus on." Okay. Do you have any questions?" ---YES--- The only thing that happened at the US border was (#3. Joint investigations, interference, searches and harassment). The government certainly didnot seem interested in discussing those events, along with court as evident by the antics. If the case was not about what happened in Canada, why did all of the evidence and witnesses come from Canada? The Canadian bench warrant dated January 2014, the US government claims gives them jurisdiction over the Canadian events in Canadian Court?

When the defense requested a witness from Canada (Jan,21,2014 p14(Suddaby)) in reguard to jurisdictional and venue issues "I'm glad you do, because thats the biggest hurdle you have. I mean you can attempt to get this individual to appear voluntarily, but certainly I'm not going to sign something that has no legal force or effect. And which it does not. In Canada...but other wise, theres all sorts of proceedures that need to be followed, to attempt to get a witness from another country. There's MLAT proceedures and there's treaties and there's all sorts of that stuff, you know, I just cant help you with." ---REALLY!---HOW COME "that stuff" DID NOT APPLY TO THE GOVERNMENT WHEN THEY NEEDED PAPERWORK, EVIDENCE, WITNESSES. THESE ARE THE "stuff" THAT IN THE PROCESSES BETWEEN COUNTRIES WHOULD PROTECT A PERSONS RIGHTS. THAT "stuff" IS ONLY AVAILABLE THROUGH PROPER Procedures/ PROCESSES WHICH WHERE BYPASSED TO GAIN ADVANTAGES IN PROSECUTION OVER THE DEFENDANT.

On pages 6-7 also of the "pretrial conference" [subject judge] encourages defense council not to "challange foundational type issues" --- That foundation apparently being a canadian bench warrant issued canada wide. Any time the defense refers to a treaty it is not applicable. The defense cannot scheme and bypass legal treaties as the US government and court apparently can.

[Subject Judge], his statements, conduct, bias, incompetence are evident all though this case. They are good at scheming, misconstuing, ignoring but that is the extent of it. He shows no ability to oppose the government or make them follow any proper procedures, or even act with intgrity let alone himself. This conduct makes the defendant certain he is not capable of proper judgment.

Conclusions:

1.   US prosecution in general was plain error. The government basically stole property and manufactured incriminating evidence then presented incomplete, inacurate, unofficial information to a grand jury to obtain an indictment. The defendant was charged "upfront" in Canadin proceedings. The investigation thereafter did not support their charges. the investigation was bumbled:(a) Canadian court ruled on Oct 18,2010 that delays were "caused by the crowns oversight" and that "defense did nothing to delay this matter" - The investigation remains incomplete. Wohlert testified in Canadian Court (When asked to compare this case to cases)(Sept13,2010,p31)) "In relation to other cases I've had the overall numbers are on the lower end." That overall the case was not a priority.

The closing of proceedings on Sept 13,2010 (p101) the judge(Canadian) stated (when discussing court dates) "No, your client will not have to attend on that date." (End of proceedings) The defendant was never sent an appearance notice after September 13, 2010. (Will provide attorney to attorney paperwork.)

Proceedings did not advance on that date not because of defence motions (as the government played out (US) at trial) but because, the incomplete forensic report was turned over on August 31,2010 in violation of Section 657.3(3) Canadian charter that states such reports are requiring 30 days before trial. "Saturation Point" was another way of saying we screwed up. Wohlert described large cases involving images of 500,000 plus images to be sorted.

The Final report disclosed on that date to canadian defense was (p37) "quite extensive" (p47)"Mike Harrington competed the FINAL FORENSIC REPORT" Which was not disclosed to the US defense. Wohlert testified that "I remove those [images] then submitted new copies to crown and defense." Missing CD's that were not disclosed (PDM Exh C on page7) contained Destop and registry reports among other items. That fact on top of Harrington being unavailable for US trial after being the primary handler/forensics who was not the chain of custody is Fraudulent, intentional, purposly done overlooked. Another product of conducting a Trial out of venue and jurisdiction to gain advantages over the defendant.

2.   Under rule 12(h)(3) - If a court determines it lacks Subject Matter Jurisdiction, it must dismiss the action. THAT IS EXACTLY WHAT THE US TRIAL PROVED. --OR-- Didn't prove in the governments case. The Canadian Court has exclusive jurisdiction over the event and property. Exhibit C

3.   Double Jeopardy clause applies. Evenif the courts/governments dual sovereignty law was applicable (a) Defendant was entilted to a complete proceeding in the first tribunal (Canadian Court) (b) government participation in the canadian investigation precludes any futher prosecution by the same sovereign (c) It is the exact same event, property, witnesses -- all of which is under the process jurisdiction of another court. (d) the double jeopardy clause also protects against prosecutorial misconduct and judicial overreach.

4.   The incompetence and malicious conduct by the ADA/NDNY has created quite a novel case. There simply is no precedent for this outrageous conduct and vigilanteism. The defendant demands that the case be properly supported by case law and documentation or dismissed. "a case for which no precedent can be found." 52 AM J1st Torts S8.

5.   Sovereign immunity is affimative defense under rule 12, deprives a federal court of jurisdiction over the subject matter. McGinty v NewYork (2001, Ca2 NY) 251 F.3d 84, 26 EBC 1257, 85 BNA FEP Cas 1493. The defendant and his property are protected under the process of the Canadian court, the action is superior to that of the United States. The court has no dominion or control over the event, cause or any property. It is totally divested of jurisdiction. It should dimiss the action.

6.   The court engaged in fraudulent conduct with the government making intentional representations, preventing the defense from presenting a complete and proper defense by conducting a trial out of proper jurisdiction/venue to gain additional advantages over the defense. Under the "Plain Error Standard" FedRCrimP(52) the case should be dismissed under the "miscarriage of justice" standard as it is (1)Plain Error under Jurisdictional Defect (2) Accumulated errors are plain (3) It affects substantial rights of the defendant (4) Seriously affects fairness, integrity and public reputation of judicial proceedings. [subject judge] Has created a certified unprecedented and malicious act by misuse of process without justification or legal excuse. The matter is a clear abuse of power (usurper) the acts are in a manner inconsistant with due process of law. THE DEFENDANT DEMANDS RECUSAL UNDER 28 USCS 144,455 and all misconduct, disability motions previously discussed to/from judgment. He is resposible/part of the fraudulent and incapable of fair judgment.

Respectfully Submitted,

Joseph V Jenkins, Defendant

9-21-14



Exhibit

A

Affadavit

Doc 27-8

AFFIDAVIT

STATE OF NEW YORK )
COUNTY OF ONONDAGA )
CITY OF SYRACUSE )

I, Chad Willard, depose and state the following:

1. I am a Special Agent with United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed since August 6, 2006. I am currently assigned to the ICE resident agent office in Alexandria Bay, NY. As part of my of my daily duties as a Special Agent with ICE, I investigate criminal violations involving child exploitation and child pornography including violations pertaining to the illegal transportation, production, distribution, receipt, and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2252, and 2252A. I have participated in investigations of persons suspected of violating child pornography laws and have had the opportunity to observe and review numerous examples of child pornography as defined under Title 18, United States Code, Section 2256, in various forms of media including computer media.

2. As a federal agent, your affiant is authorized to investigate violations of laws of the United States and to

execute warrants issued under the authority of the United States.

3. On May 27, 2009, the attaché office of Homeland Security Investigations located in Ottawa, Ontario, Canada notified the Office of Homeland Security Investigations in Buffalo, New York that Canadian authorities had arrested the defendant, Joseph Jenkins, on May 24, 2009 on charges related to the possession of child pornography. Agents of Homeland Security Investigations had not participated in either the investigation or arrest of Jenkins by Canadian authorities at that point.

4. Agents of the United States had no further involvement in the Jenkins matter until October 21, 2010. On or about October 21, 2010, Detective Constable Kip Wohlert provided Homeland Security Investigations Special Agent Matthew Meyer with Ontario Provincial Police reports and forensic reports associated with the investigation of Jenkins. Because Jenkins had become a fugitive from the Canadian prosecution, Detective Constable Wohlert referred the investigation to Homeland Security Investigation agents for further action.

5. I, Special Agent Willard, have conferred with Special Agent Meyer and with Special Agent Spencer Schneider of the Homeland Security Investigations Ottawa

attaché office and attest that the Homeland Security Investigations Office in Buffalo, New York was not involved in any capacity with the arrest or prosecution of the defendant in Canada and did not become involved with the investigation of the defendant until after his arrest by the Canadian authorities.

Chad Willard
Special Agent
Homeland Security Investigations

Sworn to before me this ______
~~day~~ of July 23, 2012.

Notary Public - State of New York

PAULA D. BRIGGS
Notary Public, State Of New York
No. 6068241
Qualified In Onondaga County
My Commission Expires 12/31/2013

# Exhibit

# B

Bates stamped TECS Reports
197-206

24, 25, 19, 20, 21, 91, 92

Re Joint Investigations / Border Stops



DATE: Monday, July 23, 2012

A. I HEREBY CERTIFY that the annexed documents listed or described below, as redacted to remove sensitive personal identifying information (PII) of CBP employees and/or sensitive internal security codes, are true and correct copies of official records (or extracts there from) maintained TECS and that I am the custodian thereof:

Information on the following for May 23, 2009 through January 01, 2011

Joseph Vincent JENKINS, DOB 01/22/1970

| | |
|---|---|
| Person Crossing History | 2 Records |
| IO95 Inspection Report QJ034886939C07 | 1 copy |
| Landborder Secondary Inspection Report VL008116461C07 | 1 copy |
| Landborder Secondary Inspection Report VL012418970C07 | 1 copy |

*Signature*

Custodian of Record

*Title*

B. I HEREBY CERTIFY that Ronald Thornton who signed the foregoing certificate was at the time of signing Designated Custodian of Record and as such, was the legal custodian of the above listed documents, and that full faith and credit should be given to such a certificate.

IN TESTIMONY WHEREOF I have hereunto set my hand, and caused the seal of the Department of Homeland Security to be affixed this Twenty Third day of July Two Thousand and Twelve.

By direction of the Secretary, U.S. Department of Homeland Security:

799 9th Street NW
Washington, DC 20229

U.S. Customs and
Border Protection

DATE: JUL 10 2012

FILE: DIS-4-01 OT:RR:RD:PA
H224124 AEB
Certified Request: #2135

TO: Resident Agent in Charge
U.S. Immigration and Customs Enforcement
Alexandria Bay, NY

ATTN: Special Agent Chad J. Willard
U.S. Immigration and Customs Enforcement
Alexandria Bay, NY

FROM: CBP Privacy Officer
Office of International Trade
Washington, D.C.

SUBJECT: Authorization to Release Certified Records

This memorandum is in response to requests forwarded via email and supplemental information received on June 28, and July 2, 2012, respectively (*see* attached), from Special Agent Chad J. Willard, Homeland Security Investigations, U.S. Immigration and Customs Enforcement (ICE), Alexandria Bay, New York, on behalf of Ms. Tamara Thomson, Assistant United States Attorney (AUSA) for the U.S. Department of Justice, Northern District of New York, for Privacy Act release authorization for certain certified U.S. Customs and Border Protection (CBP) records.

Specifically, ICE requests certified CBP TECS records with respect to border crossing information and secondary inspection for the individual identified in the requests for the time period dating from May 23, 2009, through January 1, 2011. ICE advises that any responsive records are needed in preparation for a criminal prosecution, *inter alia*, for criminal violation of child pornography laws (18 U.S.C. § 2252A). ICE further advises that the information is not intended to be shared outside of any hearings or court proceedings relevant to the prosecution.

The records will be used, *inter alia*, to establish that the individual entered the United States to flee a Canadian bench warrant for the individual's alleged violation of Canadian child pornography laws, and accordingly whether the individual is more likely to have violated 18 U.S.C. § 2252A based on the flight from the Canadian prosecution. Accordingly, any records with respect to the individual's entry, including CBP personnel remarks relevant to the entry, may be presented at trial.

Based on the information submitted by ICE, the release of any responsive certified TECS records is authorized for the purpose described above. Please be advised that this information is provided only for the purposes stated in the request, that it should not be employed for any other use that is not consistent with said request, and that the information provided must not be further disseminated to a third party without the express written consent of CBP. However, ICE and the AUSA are authorized to release the requested information in furtherance of any court and/or administrative hearing proceedings that may relate to or may develop from the matters for which the information is being sought.

However, by accepting this information, ICE and the AUSA, through their representatives agree that in the event of any unauthorized release of the information, outside of presenting this information in court or in a hearing, each will intercede on CBP's behalf to assume full responsibility for any and all expenses, costs, and/or liabilities arising from such unauthorized disclosure.

Please note that the Custodian of Records will have redacted any identifiable names, marks, and/or numbers of CBP officers who are not testifying in court, as well as any computer screen codes and internal file codes. Upon completion of the certification process, the Custodian of Records will forward the responsive records, to the attention of: **U.S. Immigration and Customs Enforcement, Homeland Security Investigations, Special Agent Chad J. Willard, 46735 U.S. Interstate 81, Alexandria Bay, NY 13607.**

Please track the release of information on a "*Privacy Act Disclosure Record*" ("DHS Form-191"), a copy of which has been attached. The Headquarters case file number "H224124 AEB," should be listed on the form. A copy of the completed form should be sent to Alex Bamiagis, Privacy Act Policy and Procedures Branch, via scanned e-mail attachment to Alex.Bamiagis@dhs.gov.

If you have any questions regarding this matter, please contact Mr. Bamiagis, by telephone, at the Privacy Act Policy and Procedures Branch at (202) 325-0415.

Laurence E. Castelli

Laurence E. Castelli

Attachments
cc: CBP Custodian of Records

*Homeland Security Investigations*

**U.S. Department of Homeland Security**
412 South Warren Street
Syracuse, NY 13202

Homeland
Security
Investigations

Doc#: 2135 Date Rec'd: 6/28/12 Due Date:____
Sent To: Priv. Date: 6/29/12 Misc:____
Sent To:____ Date:____ End Date:____

Custodian of Records
Software Development Division (TECS/SEACATS)
U.S. Customs Service
7375 Boston Blvd. Suite 210
Springfield, VA 22315

Re: Certified Records Request

Dear Custodian of Records:

This letter is for the purpose of requesting certified records. These records will be used at trial in the Northern District of New York. I am seeking certified records of passenger arrival/border crossing and secondary inspection results for the subject listed below during the time period of 05/23/2009 to 01/01/2011.

Subject:
Joseph Vincent JENKINS
DOB: [redacted] 1970

Thank you in advance for your time. If there are any questions please feel free to contact me at (716) 818-6424.

Sincerely,

Mark Tayler
Mark Tayler
Resident Agent in Charge

**GROUT, BABETTE E**

---

**From:** Willard, Chad J

**Sent:** Thursday, June 28, 2012 11:35 AM

**To:** TECS CertifiedRecords

**Subject:** Request

**Attachments:** JENKINS Cert Records Request001.pdf

Please see the attached request.

Thank you for your time.

Best regards,

Chad Willard

SPECIAL AGENT
DEPARTMENT OF HOMELAND SECURITY
HOMELAND SECURITY INVESTIGATIONS
RA ALEXANDRIA BAY, NY
(C) 315-523-1067
(O) 315-482-3747 X1
(F) 315-482-3752
CHAD.WILLARD@DHS.GOV

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

--- PASSENGER ACTIVITY REPORT SELECTION CRITERIA ---

```
CROSSING LINE TYPE :
QUERY API ONLY     : NO
INCLUDE API DATA   : YES

LAST NAME          : JENKINS?
FIRST NAME         : JOSEPH
OTHER NAME         :
DATE OF BIRTH      : [REDACTED]70

DOCUMENT NUMBER    :
DOCUMENT COUNTRY   :
LANDBDR/AIRPRT CDE :
TERMINAL ID        :
LANE NUMBER        :
INSPECTOR ID       :
API AIRLINE CDE    :
API FLIGHT NUMBER  :

DATE FROM          : 05/23/09
TIME FROM          : 00:00
DATE TO            : 01/01/11
TIME TO            : 00:00
```

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

RUN DATE = 07/12/12 RUN TIME = 16:45
NOTE: TIME SHOWN IS SYSTEM HOST TIME.

TECS II
PASSENGER ACTIVITY REPORT PAGE NO. 1

REQUESTED BY: [redacted] ID: [redacted]
FROM 05/23/09 AT 00:00 TO 01/01/11 AT 00:00
PRINTER LOCATION: VPC27972

```
PASSENGER SURNAME                               FIRST NAME       OTHER NAME    BIRTHDTE
CROSS DATE/TIME   LOCA  TERMID    LTYP   DOCUMENT NUMBER  CTRY  TYP  INSPECTOR
QYAGN   QYRSLT   TECS-RECORD-ID   API    ARCDE    FLNBR    ARRLC    DEPLC
SITE - DESCRIPTION              DIRECTION     AGN REF IND
--------------------------------------------------------------------------------
JENKINS                                         JOSEPH VINCENT                 [redacted]70
09/13/10  17:28   0708  [redacted]  VEH    104901419        US    P    [redacted]
CUS     TECSHT   P8B31278600COT    N
L074 - CBP-WELLESLEY ISLAND, POE    I      C

JENKINS                                         JOSEPH VINCENT                 [redacted]/70
05/26/09  16:41   0708  [redacted]  VEH    104901419        US    P    [redacted]
CUS     TECSHT   P8B31278600COT    N
L074 - CBP-WELLESLEY ISLAND, POE    I      C
```

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

REQUESTED BY: [redacted]

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

071212 I095 Inspection Results PAGE

TECS RECORD ID: QJ034886939C07

*=============================================================================*

SITE: L074 CBP-WELLESLEY ISLAND, POE
CNVY*: A LIC. NBR*: NY 19322JL

DOCPR*: Y DOCTYP*: P #*: 104901419 CTRY*: US UNITED STATES ST: M/F: M
DNAME (LAST): JENKINS FRST: JOSEPH VINCENT DOB: [redacted]70

RFRD BY: ABRAM/L-CBP OFFCR-C DTE: 09132010 TME: 1924
REASON:
TECS LOOKOUT ON PRIMARY

SNAME (LAST): FRST: DOB:

NATIONALITY: US UNITED STATES
DISPOSITION: USC U.S. CITIZEN
ADMIT UNTIL DTE: CCD USED: N FIN #:
CHARGE (CODED):
DEFERRED TO POE:

SECONDARY OFFICER: ABRAM/L-CBP OFFCR-C DTE: 09/13/2010 TME: 19:24

REFERRAL CODE: REFER TYP: C

COMMENTS:
JENKINS WAS IN CANADA FOR A COURT APPERANCE INVOLVING CHILD PORONGRAPHY IN CANADA. RCMP CONTACTED ALEXANDRIA BAY POE AND SAID JENKINS MIGHT BE CARRYING A CELL PHONE, WHICH WAS AGAINST HIS PROBATION. A POCKET DUMP AND A A SEVEN POINT VEHCILE EXAM WAS NEGATIVE. JENKINS WAS ADMITTED USC PER SCBPO BAKER.

*=============================================================================*
* R E C O R D   I N F O R M A T I O N *
*=============================================================================*
DATE/TIME ENTERED: 09/13/10 19:27:29 LAST UPDATE: 09/13/10 19:27:29
OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY
REQUESTED BY: [redacted]

*=============================================================================*
* R E C O R D   I N F O R M A T I O N *
*=============================================================================*

DATE/TIME ENTERED: 09/13/10 19:27:29 LAST UPDATE: 09/13/10 19:27:29

REQUESTED BY: [redacted]

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

07/12/12 LANDBORDER SECONDARY INSPECTION PAGE 1
TECS RECORD ID: VL008116461C07 INL INSP NBR: 001
*==========================================================================*

ENTRY DATE: 05/26/2009 17:33:14 LAST UPDATE: 05/26/2009 17:41:12
INSPECTION DATE: 05/26/2009 PORT/SITE: 0708/L074 CBP-WELLESLEY ISLAND, POE

SITE ID:* L074 CBP-WELLESLEY ISLAND, POE EXAM DTE: 05262009

LAST NAME:* JENKINS
FIRST:* JOSEPH VINCENT DATE OF BIRTH:* [redacted]70
DOC TYPE: P #: 104901419 ISSUING CNTRY: US UNITED STATES

GENDER:* M RACE:* W HISPANIC:* N (Y/N) CONVEYANCE:* A

LICENSE STATE:* NY PLATE NUMBER:* 19322JL INBOUND/OUTBOUND:* I

AMENDED CF-4790: CURRENCY AMT:

REFERRING OFFICER CODE:* PRI PRIMARY
REASON FOR REFERRAL:* ENF ENFORCEMENT REFERRAL
REFER TYPE: C CUSTOMS

REMARKS CAPTURED AT TIME OF REFERRAL:
JOSEPH VINCENT JENKINS HAS TECS HIT.
JENKINS, JOSEPH VINCENT 22 JAN 70 COB/COC: USA PP#: 104901419
NYDL#: 888554819 ADDRESS: 4072 DWYER LANE, GENEVA, NY 14456
JENKINS ATTEMPTED TO ENTER CANADA 24 MAY 09 AT LANSDOWNE, ON AND WAS CAUGHT WITH CHILD PORN IMAGES ON HIS COMPUTER. JENKINS WAS DESTINED TO 48 CHEMIN FAUBERT, LAC DU SUR, PQ, A SECOND HOME HIS PARENTS OWN. JENKINS ARRESTED IN CANADA AND HELD 2 NIGHTS. JENKINS' VEHICLE WAS SEARCHED W/ NEGATIVE RESULTS. HIS COMPUTERS, CELLPHONE, AND CAMERA WAS DETAINED BY CBSA. JENKINS WAS EXAMINED AND ICE (ON SIGHT) READ JENKINS HIS MIRANDA WARNING WHEN ATTEMPTING TO INTERVIEW JENKINS, AND JENKINS DECLINED TO WAIVE HIS RIGHTS. JENKINS IS SELF EMPLOYED AS AN ELECTRICIAN AND THE VEHICLE IS HIS PERSONAL/WORK TRUCK. JENKINS HAS FBI RECORD FOR CONVICTION OF 2ND DEGREE HARASSMENT IN 1998. JENKINS RELEASED AS US CITIZEN.

VEHICLE SEARCH:* S #PEOPLE IN VEH:* 01
POS/NEG EXAM:* N (P/N/U) PERSONAL SEARCH:* N (Y/N) EXAM START TIME:* 16 : 41
CCD USED: N PERSON HIT: COMPLETION TIME:* 17 : 30
IOIL/SAS # : INSP COMPLETE:* Y (Y/N)

INSPECTION STATUS: COMPLETE ** SECONDARY INSPECTION COMPLETE **

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

REQUESTED BY: [redacted]

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

07/12/12 LANDBORDER SECONDARY INSPECTION PAGE 1
TECS RECORD ID: VL012418970C07 INL INSP NBR: 001
*==========================================================================*

ENTRY DATE: 09/13/2010 19:27:42 LAST UPDATE: 09/13/2010 19:32:53
INSPECTION DATE: 09/13/2010 PORT/SITE: 0708/L074 CBP-WELLESLEY ISLAND, POE

SITE ID:* L074 CBP-WELLESLEY ISLAND, POE EXAM DTE: 09132010

LAST NAME:* JENKINS
FIRST:* JOSEPH VINCENT DATE OF BIRTH:* [redacted]70
DOC TYPE: P #: 104901419 ISSUING CNTRY: US UNITED STATES

GENDER:* M RACE:* W HISPANIC:* N (Y/N) CONVEYANCE:* A

LICENSE STATE:* NY PLATE NUMBER:* 19322JL INBOUND/OUTBOUND:* I

AMENDED CF-4790: CURRENCY AMT:

REFERRING OFFICER CODE:* PRI PRIMARY
REASON FOR REFERRAL:* ENF ENFORCEMENT REFERRAL
REFER TYPE: C CUSTOMS

REMARKS CAPTURED AT TIME OF REFERRAL:
JOSEPH VINCENT JENKINS HAS TECS HIT.
ALEXANDRIA BAY NY POE 13 SEP 2010 1730
JENKINS,JOSEPH VINCENT (DOB:22JAN1970 COC/COR/COB:USA PP#104901419)
JENKINS WAS REFERRED TO SECONDARY INSPECTION FOR A TECS HIT ON PRIMARY. RCMP ALSO CONTATED THE ALEXANDRIA BAY NY POE AND STATED THAT JENKINS MAY BE IN POSSESSION OF A CELL PHONE WITH INTERNET ACCESS. CBP 6059B WAS COMPLETED AND A SEVEN POINT VEHICLE EXAM AND A POCKET DUMP WAS PREFORMED WITH NEGATIVE RESULTS. JENKINS WAS ADMITTED USC AND RELEASED PER SCBPO BAKER.

VEHICLE SEARCH:* S T #PEOPLE IN VEH:* 01
POS/NEG EXAM:* N (P/N/U) PERSONAL SEARCH:* N (Y/N) EXAM START TIME:* 17 : 30
CCD USED: N PERSON HIT: COMPLETION TIME:* 19 : 00
IOIL/SAS # : INSP COMPLETE:* Y (Y/N)

INSPECTION STATUS: COMPLETE ** SECONDARY INSPECTION COMPLETE **

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

OFFICIAL USE ON

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>REPORT OF INVESTIGATION | TECS ACCESS CODE 3<br>PAGE 1<br>CASE NUMBER AB07QR11AB0006 |
|---|---|

TITLE: JENKINS

CASE STATUS: INIT RPT

| REPORT DATE | DATE ASSIGNED | PROGRAM CODE | REPORT NO. |
|---|---|---|---|
| 040711 | 030711 | YT1 | 001 |

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS

TOPIC: CBSA ARREST OF JOSEPH VINCENT JENKINS

SYNOPSIS:
This case is predicated upon information from Canada Border Services and the Ontario Provincial Police. On May 24, 2009, Joseph Vincent JENKINS attempted to enter Canada with computers which contained child pornography. JENKINS was arrested at the Port of Lansdowne and prosecuted for Importation / Possession of Child Pornography.

This Report of investigation documents the arrest of Joseph Vincent JENKINS by Canada Border Services Agency and the turn over of the evidence from OPP to HSI.

| DISTRIBUTION: | |
|---|---|
| RACAB SACBU | SIGNATURE: WILLARD CHAD J SPECIAL AGENT |
| | APPROVED: TAYLER MARK R OI GRP SUPERVISOR |
| | ORIGIN OFFICE: AB ALEXANDRIA BAY, NY - |
| | TELEPHONE: 315 482 3747 |
| | TYPIST: WILLARD |

OFFICIAL USE ONLY

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>REPORT OF INVESTIGATION<br>CONTINUATION | PAGE 3<br>CASE NUMBER AB07QR11AB0006<br>REPORT NUMBER: 001 |
|---|---|

following original evidence:

(1) Toshiba laptop bearing Serial Number (S/N) 78175808W

(1) Compaq laptop (S/N: CNF3362GPN)

(1) Attache 8GB USB thumb drive

(1) Attache 4GB USB thumb drive

(1) Attache 2GB USB thumb drive

(1) Olympus Digital Camera (S/N: 408242909)

(1) Motorola Cellular phone.

Detective Constable Kip Wohlert explained to SA Willard that JENKINS has and active warrant in Canada and has chosen not to return to Canada to face justice.

SA Willard seized the evidence for violations of Title 18, United States Code, Section 2252(a)(1) and 2252A(a)(5)(B).

The investigation continues.

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

OFFICIAL USE ONLY

| DEPARTMENT OF HOMELAND SECURITY ICE<br>REPORT OF INVESTIGATION | TECS ACCESS CODE 3<br>PAGE 1<br>CASE NUMBER AB07QR11AB0006 |
|---|---|

TITLE: JENKINS

CASE STATUS: INTERIM RPT

| REPORT DATE | DATE ASSIGNED | PROGRAM CODE | REPORT NO. |
|---|---|---|---|
| 070811 | 030711 | YT1 | 002 |

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
SEARCH WARRANT REPORT /

TOPIC: FEDERAL SEARCH WARRANT FOR SEIZED EVIDENCE

SYNOPSIS:

This case is predicated upon information from Canada Border Services and the Ontario Provincial Police. On May 24, 2009, Joseph Vincent JENKINS attempted to enter Canada with computers which contained child pornography. JENKINS was arrested at the Port of Lansdowne and prosecuted for Importation / Possession of Child Pornography.

This Report of Investigation documents the Federal Search Warrant obtained to search JENKINS seized property.

| DISTRIBUTION: | SIGNATURE: | |
|---|---|---|
| RACAB SACBU | WILLARD CHAD J. SPECIAL AGENT | |
| | APPROVED: | |
| | TAYLER MARK R OI GRP SUPERVISOR | |
| | ORIGIN OFFICE: AB<br>ALEXANDRIA BAY, NY - | TELEPHONE: 315 482 3747<br>TYPIST: WILLARD |

OFFICIAL USE ONLY

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>REPORT OF INVESTIGATION<br>CONTINUATION | PAGE 2<br>CASE NUMBER AB07QR11AB0006<br>REPORT NUMBER: 002 |
|---|---|

DETAILS OF INVESTIGATION:

In March 2011, U.S. Immigration and Customs Enforcement (ICE), Resident Agent Office (RA) Alexandria Bay, NY agents began investigating Joseph Vincent JENKINS for allegations of transporting / possession of child pornography

On July 6, 2011, ICE RA Alexandria Bay Special Agent (SA) Chad Willard applied for and was granted a federal search warrant, 7:11-MJ-281 GHL, by United States Magistrate Judge George H. Lowe. The warrant was for the property turned over to SA Willard from the Ontario Provincial Police. The property belonging to Joseph Vincent JENKINS and was seized from him by Canada Border Services Agency on May 24, 2009. JENKINS was charged under Canada Criminal Code with Importing-Distributing Child pornography and Possession of Child Pornography. On October 18, 2010, defendant JENKINS was scheduled to appear for trial in Canada on those charges. JENKINS failed to appear and a warrant was issued.

The warrant allowed agents to search and seize items related to evidence supporting violations of Title 18 United States Code Section 2252A, Distributing, receiving, viewing or possessing child pornography.

The warrant allowed agents to search:

one (1) Toshiba Laptop S/N: 78175808W

one (1) Compaq Laptop S/N: CNF3362GPN

one (1) PNY Attache 8GB thumb drive

one (1) PNY Attache 4GB thumb drive

one (1) PNY Attache 2GB thumb drive

one (1) Olympus Digital Camera

one (1) Verizon Motorola Cell phone

SA Chad Willard transported the seized evidence from the ICE Alexandria Bay safe to Computer Forensic Agent Brian Braisted for forensic analysis without incident.

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>REPORT OF INVESTIGATION<br>CONTINUATION | PAGE 3<br>CASE NUMBER AB07QR11AB0006<br>REPORT NUMBER: 002 |
|---|---|

The investigation continues.

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

REQUESTED BY: WILLAR CHAD J

O F F I C I A L U S E O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T O F I N V E S T I G A T I O N | TECS ACCESS CODE 3<br>PAGE 1<br>CASE NUMBER OT07QL09OT0039 |
|---|---|

TITLE: JENKINS, JOSEPH; ARREST BY CBSA AT PORT OF LANSDOWNE

CASE STATUS: INTERIM RPT

| REPORT DATE | DATE ASSIGNED | PROGRAM CODE | REPORT NO. |
|---|---|---|---|
| 091010 | 052609 | YHO | 002 |

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS

TOPIC: TRIAL DATE SCHEDULED FOR 09/13/2010 IN BROCKVILLE, CANADA

SYNOPSIS:

On May 25, 2009 Investigator Marie-Josee Vinette of the Canada Border Services Agency (CBSA) reported to HSI Attache Ottawa that Joseph Vincent JENKINS, DOB: 01/22/1970, a United States citizen, applied for admission to Canada at the Lansdowne, Canada Port of Entry on May 24, 2009. JENKINS possessed a laptop computer at the time of entry and CBSA inspected the laptop. Investigator Vinette observed videos of suspected child pornography on JENKINS's computer. CBSA arrested JENKINS for Non-report, Evading Compliance, and Smuggling Child Porn under Sections 12(1), 153(c), and 159 Customs Act.

This report details the information received from CBSA concerning JENKINS' trial date in Canada.

| DISTRIBUTION: | SIGNATURE: | | |
|---|---|---|---|
| CAOT | SCHNEIDER | SPENCER | SENIOR ICE REPRESENTA |
| | APPROVED: | | |
| | FUENTES | ROBERT | ICE ASST ATTACHE |
| | ORIGIN OFFICE: OT<br>OTTAWA - ATTACHE | TELEPHONE: 613 688 5494 | |
| | | TYPIST: SCHNEIDER | |

O F F I C I A L U S E O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>REPORT OF INVESTIGATION<br>CONTINUATION | PAGE 2<br>CASE NUMBER OT07QL09OT0039<br>REPORT NUMBER: 002 |
|---|---|

Details of Investigation:

On August 31, 2010 CBSA Investigator Marie-Josee Vinette reported to HSI Attache Ottawa that the trial for Joseph Vincent JENKINS, DOB: 01/22/1970, is scheduled for September 13, 2010 in Brockville, Canada.

Investigation continues.

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

# Exhibit

# C

Bates 137, 170, 172

Canadian Seizure Receipts

Order of Detension

MAY. 25. 2009 10:07AM CBSA INVESTIGATIONS NO. 4575 P. 1

Canada Border Services Agency | Agence des services frontaliers du Canada

# EVIDENCE SEIZURE RECEIPT - REÇU DE SAISIE DE LA PREUVE

| Evidence seizure no. - N° de saisie de la preuve | |
|---|---|
| K19 ref. no. - N° de réf. de la K19 | |
| Office - Bureau | Lansdowne |
| Date (Y-M-D) - (A-M-J) | 2009-05-24 |
| U.C.L. no. - N° de la LMNR | |

**PROTECTED WHEN COMPLETED**

Note: The information on this form is collected to enforce the law, especially as it concerns the laws relating to the importation and exportation of goods and is protected under the provisions of the *Privacy Act*. The form is stored in personal information bank, Customs Intelligence Records record no. CCRA PPU 016.

**PROTÉGÉ LORSQUE REMPLI**

Nota : Les renseignements que contiennent ce formulaire sont recueillis dans le but d'appliquer la loi, principalement les lois ayant trait à l'importation et l'exportation des marchandises et sont protégés par les dispositions de la *Loi sur la protection des renseignements personnels*. Le formulaire est conservé dans le fichier de renseignements personnels concernant les registres de la division des renseignements n° ADRC PPU 016.

Surname - Nom de famille: Jenkins

Given name - Prénom: Joseph Vincent

Address - Adresse: 4072 Dwyer La, Geneva, NY, 14456

Statement of evidence - Exposé de la preuve

One Toshiba Laptop Serial S/N 78175808W
One Compaq Laptop Serial S/N CNF33362GPN
One Attache USB Stick 8 gig marked PNY on Cap (black and blue)
One Attache USB Stick 4 gig marked PNY on Cap and Back (all black)
One Attache USB Stick 2 gig marked OPTIMAPRO (black and yellow)
Six CD's (5 staples and 1 compaq)
One BELKIN Wireless G Plus MIMO Notebook Card SN 15822C9302697
One Olympus Digital Camera S/N 408242909
One Olympus XD Picture Card S/N MXD16P3K57106SSX30421MAD
One Verizon Motorola Cellphone (silver colour)

☑ The goods described have been seized under section 110(3) of the *Customs Act*, as it is believed on reasonable grounds that the goods will afford evidence in respect of a contravention of the *Customs Act* or the regulations.

☐ Les marchandises décrites ont été saisies en vertu de l'article 110(3) de la *Loi sur les douanes* puisqu'il est soupçonné, pour des motifs raisonnables, qu'elles constituent des éléments de preuve par rapport à une infraction à la *Loi sur les douanes* ou au règlement afférent.

☐ The goods described have been seized under section 489(2) of the *Criminal Code*, as it is believed on reasonable grounds that the goods will afford evidence in respect of an offence against the *Criminal Code* or any other Act

☐ Les marchandises décrites ont été saisies en vertu de l'article 489(2) du *Code criminel* puisqu'il est soupçonné, pour des motifs raisonnables, qu'elles constituent des éléments de preuve par rapport à une infraction au *Code criminel* ou toute autre loi du Parlement.

Marie-Josee Vinette (Investigator)
Seizing officer - Agent responsable de la saisie

19367
Badge no. - N° de l'insigne

## RETURN OF EVIDENCE - RENVOI DE LA PREUVE

The above evidence was returned on - La preuve susmentionnée a été renvoyée le

| Date | Location - Endroit |
|---|---|
| Person in receipt of evidence - Personne qui a reçu la preuve | Customs officer - Agent des douanes |

E352 (04/10)

CBSA COPY - EXEMPLAIRE DE L'ASFC

Canada

# REPORT TO A JUSTICE / RAPPORT À UN JUGE DE PAIX

Form / *Formule* 5.2
Section / *Article* 489.1 of the / du *Criminal Code* / Code criminel

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*
Toronto
(Region / *Région*)

To [the justice] who issued a warrant to the undersigned pursuant to sectio[n 256,] 487 or 487.1 of the *Criminal Code*, or any other [ju]stice for the same territorial division or, if no warrant was issued, to any justice having jurisdiction in respect of the matter.
*Au juge de paix qui a décemé un mandat au (à la) soussigné(e) en vertu de l'article 256, 487 ou 487.1 du* Code criminel, *ou à tout autre juge de paix pour la même circonscription territoriale ou, si aucun mandat n'a été décemé, à tout juge de paix ayant compétence en la matière.*

I, Detective Constable Kip WOHLERT have:
*Je soussigné(e),* (name of Peace Officer or other person making report / *nom de l'agent de la paix ou autre auteur du rapport*)

☒ acted under the authority of a warrant issued pursuant to ☐ section / *article* 256, ☒ section / *article* 487, ☐ Section / *article* 487.1 of the
*ai exécuté un mandat décemé aux termes de l'* (check one / *cocher la case appropriée*) *du*

*Criminal Code*, by Her Worship AURICH - SKAPINKER on 27 May , yr. / *an* 2009
Code criminel, *par* (insert name of issuing Justice / *nom du juge de paix qui a décemé le mandat*) *le* (insert date warrant issued / *date à laquelle a été décemé le mandat*)
at Canada Customs - Port of Lansdowne 862 Highway 137 Lansdowne, Ontario
*à/au* (insert location from which warrant was issued / *inscrire le nom de l'endroit où a été décemé le mandat*)

☐ acted under the authority of section 489 of the *Criminal Code* in the execution of a warrant issued under section (487 or 487.1)
*ai agi en vertu des pouvoirs conférés par l'article 489 du* Code criminel *lors de l'exécution d'un mandat décemé aux termes de l'article (487 ou 487.1)*
of the *Criminal Code*, by ______ on ______ , yr. / *an* ______
*du* Code criminel, *par* (insert name of issuing Justice / *nom du juge de paix qui a décemé le mandat*) *le* (insert date warrant issued / *date à laquelle a été décemé le mandat*)
at ______
*à/au* (insert location from which warrant was issued / *inscrire le nom de l'endroit où a été décemé le mandat*)

☐ acted otherwise in the execution of my duties under the Criminal Code or any other Act of Parliament;
*ai exécuté un mandat autrement dans l'exercice de mes fonctions prévues en vertu du* Code criminel *ou d'une autre loi fédérale;*

______
(specific statutory authority / *préciser la loi*)

and have conducted a search, the specific details of which are as follows:
*(specify the exact nature of the search, including the premises, place, or person searched, the specific location of the search, and the specific date and time that the search was conducted.)*

☒ *et ai effectué une perquisition comme suit :* (préciser les circonstances exactes de la perquisition, y compris les lieux, l'endroit ou les personnes ayant fait l'objet de la perquisition, l'endroit exact de la perquisition ainsi que la date et l'heure exactes auxquelles la perquisition s'est effectuée.)

On Thursday 28 May 2009 at 2:12 pm D/CST. WOHLERT executed a Section 487 WARRANT on a business located at Canada Customs - Port of Lansdowne 862 Highway 137 Lansdowne, Ontario. During the search of this business eleven items were seized to further the investigation and these items are listed on the attached property report. These listed items have been secured in the property vault of the Electronic Crime Section for forensic examination. Charges have been laid and these listed items are required for court and a request to retain these items until the completion of the court matter is being made.

Further, in conducting this search, I have seized the following things and have dealt with them in the following way:
*De plus, en effectuant la perquisition, j'ai saisi les biens suivants et en ai disposé de la façon suivante :*

I have seized the following things and returned them to the persons lawfully entitled to their possession, as indicated in the attached receipts: (list items returned, where additional space is required, attach additional page(s) marked as exhibit).

☐ *J'ai saisi les biens suivants et les ai remis à la personne ayant droit à leur possession légitime, ainsi qu'en témoignent les reçus ci-joints : (inscrire chaque bien remis; au besoin, annexer une ou plusieurs pages supplémentaires et les coter).*

I have seized the following things and detained them at
*J'ai saisi les biens suivants et les détiens à/au*
777 Memorial Avenue Orillia, Ontario
(state location at which things are being detained / *préciser l'endroit où les biens sont détenus*)

to be dealt with according to law *(list items detained; where additional space is required, attach additional page(s) marked as exhibit.)*
*pour qu'il en soit disposé conformément à la loi* (inscrire chaque bien détenu; au besoin, annexer une ou plusieurs pages supplémentaires et les coter.)
See the property report Attached

(In the event that a warrant was issued pursuant to section 487.1 of the *Criminal Code*, the following portion of the report must be completed.)
*(Dans le cas d'un mandat décemé aux termes de l'article 487.1 du* Code criminel, *remplir la partie suivante du rapport.)*

Further, I, Detective Constable Kip WOHLERT , make the following statements:
*De plus, je soussigné(e),* (insert name of the Peace Officer or other person making report / *nom de l'agent de la paix ou autre auteur du rapport*) *déclare que*

(In the event that the warrant was executed, complete the following.)
*(Dans le cas d'un mandat exécuté, remplir ce qui suit.)*

the following things were seized in addition to the things mentioned in the warrant:
*(list all of the items seized which are not mentioned in the warrant; where additional space is required, attach additional page(s) marked as exhibit.)*

☐ *les biens suivants ont été saisis en plus des biens mentionnés dans le mandat :* (inscrire chaque bien saisi qui n'est pas mentionné dans le mandat; au besoin, annexer une ou plusieurs pages supplémentaires et les coter.)

the things which were seized in addition to the things mentioned in the warrant are being held at

☐ *les biens saisis en plus des biens mentionnés dans le mandat sont détenus à/au*

______
(specify location / *préciser l'endroit*)

the grounds for believing that the things which were seized in addition to the things mentioned in the warrant, had been obtained by, or used in the commission of an offence: *(specify the reasonable grounds for this belief; where additional space is required, attach additional page(s) marked as exhibit.)*

☐ *les motifs de croire que les biens qui ont été saisis en plus des biens mentionnés dans le mandat, avaient été obtenus ou utilisés en perpétrant une infraction, sont les suivants :* (préciser les motifs raisonnables de croire ainsi; au besoin, annexer une ou plusieurs pages supplémentaires et les coter.)

(In the event that the warrant was not executed, complete the following)
The warrant was not executed for the following reasons; *(specify reasons):*

*(En cas de non-exécution d'un mandat, remplir la partie suivante)*
*Le mandat n'a pas été exécuté pour les raisons suivantes :* (préciser ces raisons)

Dated this / *Fait ce* 02 day of / *jour de* July
, yr. / *an* 2009 at / *à/au* City of Toronto

[signature] #7253
Signature of Peace Officer or other person
*Signature de l'agent de la paix ou autre personne*

# ORDER OF DISPOSITION OF ITEMS SEIZED
## *ORDONNANCE CONFÉRANT LE DROIT DE DISPOSER DES CHOSES SAISIES*

Pursu[illegible] s. 490(1) of the *Criminal Code* / *Conformément à l'article 490(1) d*[illegible] criminel.

Having received the Report to a Justice in **Form 5.2** from Detective Constable Kip WOHLERT
*Après avoir reçu le Rapport à un juge de paix rédigé selon la* **Formule 5.2** *de*

pursuant to s. 489.1 of the *Criminal Code*
*en vertu de l'article 489.1 du* Code criminel

And having considered the application of Detective Constable Kip WOHLERT
*Et après avoir pris en considération la demande de*

for an order for the detention of items seized, pursuant to s. 490(1) of the *Criminal Code*
*en vue d'obtenir une ordonnance de détention des choses saisies en vertu de l'article 490(1) du* Code criminel

### ORDER OF RETURN / *ORDONNANCE DE REMISE DES CHOSES SAISIES*

I hereby order that
*Par les présentes, j'ordonne que*

☐ all items seized; or
*toutes les choses saisies; ou*

☐ the following items seized, namely:
*les choses saisies suivantes, à savoir :*

be returned to ______, the lawful owner, or person who is
*soient remises à* ______, *le propriétaire légitime, ou la personne qui a*

lawfully entitled to possession of the items seized.
*droit à la possession légitime des choses saisies.*

### ORDER OF DETENTION / *ORDONNANCE DE DÉTENTION DES CHOSES SAISIES*

I hereby order that
*Par les présentes, j'ordonne que*

☒ all items seized; or
*toutes les choses saisies; ou*

be detained until the trial is completed

☐ the following items seized, namely:
*les choses saisies suivantes, à savoir :*

be detained in the custody of Detective Constable Kip WOHLERT until the trial is completed day of ______, yr. / an ______
*soient détenues par* ... *jusqu'au* ... *jour de*

a date not more than three months from the date of seizure or, if charges have been laid before that date, until the completion of all proceedings.
*date ne dépassant pas le délai de trois mois suivant la date de la saisie ou, si des accusations ont été déposées avant cette date, jusqu'à la fin des procédures.*

DATED at City of Toronto this 02 day of July, yr. / an 2009
*FAIT à* ... *ce* ... *jour de*

[signature]

A Judge or Justice of the Peace in and for the Province of Ontario
*Juge ou juge de paix dans et pour la province de l'Ontario*

Name: Jenkins, Joseph
Tioga County Jail
103 Corporate Dr.
Owego, N.Y. 13827

District Court
PO Box 7367
Syracuse, NY 13261

SEP 23 2014

