```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
UNITED STATES OF AMERICA

vs.                              5:14-CR-88
                                 5:11-CR-602
JOSEPH JENKINS,

                    Defendant.
-------------------------------------------x
```

Transcript of a Status Conference held on May 30, 2014, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

```
For The Government: UNITED STATES ATTORNEY'S OFFICE
                    P.O. Box 7198
                    100 South Clinton Street
                    Syracuse, New York  13261-7198
                      BY:  TAMARA THOMSON, AUSA
                           GWENDOLYN CARROLL, AUSA

For Defendant:      JOSEPH JENKINS, Pro Se
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1       (Open Court, 1:07 p.m.)
2               THE CLERK:  Case is United States versus Joseph
3   Jenkins, 14-CR-88, can you please note your appearance for
4   the record.
5               MS. THOMSON:  Good afternoon, your Honor, Tamara
6   Thomson and Gwendolyn Carroll on behalf of the United States.
7               THE COURT:  Did you call both cases, Shelly?
8               THE CLERK:  No.
9               THE COURT:  Probably should.
10              THE CLERK:  Also U.S. versus Joseph Jenkins,
11  11-CR-602, would you note your appearance again.
12              MS. THOMSON:  Also, your Honor, Tamara Thomson and
13  Gwendolyn Carroll on behalf of the United States.
14              THE COURT:  All right.  Mr. Jenkins, you are
15  present, I see that there's no attorney seated at your table.
16  Have you made any decisions, apparently you have, with regard
17  to representation?
18              THE DEFENDANT:  I have not.  I guess I'm requesting
19  an attorney, but I can't fill out any financial paperwork.  I
20  gotta, I guess I gotta take the Fifth Amendment when it comes
21  to filling out financial paperwork.
22              THE COURT:  Does the government have any
23  suggestions as to how we should proceed in view of this
24  impasse?
25              MS. THOMSON:  Well, your Honor, the onus is on the

1   defendant because the defendant's request is that he would
2   like to have his counsel paid for and in order to do that, he
3   has to be eligible for counsel and it requires filling out
4   the required paperwork.  And so if he's unwilling to show
5   that he is eligible for counsel, he is not entitled to
6   counsel.  You have to show eligibility.
7              THE COURT:  Well, here's my -- here's the
8   conundrum, and I understand his situation given what he is
9   facing, if he were to, if he were to complete an affidavit
10  that was inconsistent with the prior affidavit, then he would
11  be providing evidence that could be used against him in the
12  current prosecution.  If he were to fill out another
13  affidavit that was consistent with the first affidavit, he
14  would be opening himself to yet another charge of perjury, so
15  I understand the conundrum that he faces.  And as you know,
16  it's not in his best interest to represent himself, he's not
17  a trained attorney, and frankly it's probably not in the best
18  interest of the court or the government if he is permitted to
19  represent himself.
20             So, Mr. Jenkins, have you reached a conclusion that
21  you are not able to afford counsel based on the assets that
22  you have available to you?
23             THE DEFENDANT:  I haven't really reached any
24  conclusions, I still -- I don't have the ability to research
25  what I need in here.  And it's gotten too involved in my

1  parents' end.  I did some research on some advice from other
2  attorneys and my parents have their own attorney and we've
3  all been advised not to fill out any financial paperwork, one
4  time around.  So --
5             THE COURT:  Well, in theory, that leaves only two
6  alternatives which are either you represent yourself or you
7  retain counsel at your expense or your parents' expense.  But
8  I need to move both of these matters forward.  And at this
9  point, you're not prepared to retain counsel?
10            THE DEFENDANT:  No.  Um, no, I'm not gonna pay for
11 any more counsel.  I retained an attorney in Canada, I've
12 retained all kinds of attorneys, I'm not going to retain any
13 more.  I did -- this is a stupid situation, and Suddaby never
14 should have disclosed that form to --
15            THE COURT:  I'm sorry, his name is Judge Suddaby to
16 you.  Show a little respect for the Court, please.  I'm, I'm
17 not inclined to reward bad behavior, I'm not inclined to --
18 the only reason that I'm doing this against my better
19 judgment is, as I said, because I think you need
20 representation.  It is a bad idea for you to go without
21 counsel, it is a better situation for the court to appoint
22 you an attorney frankly to represent you in both of these
23 cases.
24            So in the interest of justice and because it's not
25 costing the taxpayers per se because they are salaried

```
 1   employees, I am going to appoint the Federal Public Defender
 2   of this district to represent you in these matters.  I hope
 3   you appreciate that I've done that and I hope you appreciate
 4   and accept their advice.  If you don't, then these matters
 5   will go forward and you'll have to represent yourself, there
 6   won't be any alternative.  So is that acceptable to you at
 7   this point?
 8            THE DEFENDANT:  You're going to appoint a public
 9   defender for --
10            THE COURT:  Both cases.
11            THE DEFENDANT:  Both cases?
12            THE COURT:  Yes.
13            THE DEFENDANT:  Okay.  Yes.
14            THE COURT:  All right.  I understand the
15   government's position and I, because of the very unique
16   circumstances that we face, I think that's the best
17   alternative.
18            MS. THOMSON:  If I could just make one additional
19   request of the Court.
20            THE COURT:  Yes.
21            MS. THOMSON:  Just given the nature and history
22   with this defendant with prior proceedings on this exact same
23   issue, the court just indicated and asked the defendant, is
24   that acceptable to you, and I heard the defendant say yes,
25   I'm not certain that he has given a great indication of
```

1   whether or not this particular course -- whether he wants the
2   court to do that.  In prior hearings, the defendant has
3   indicated that the Federal Public Defender wasn't qualified
4   to represent him, and if this record is ever examined as a
5   whole, I just want it to be clear that the defendant accepts
6   the Court's proposal, and would like the Federal Public
7   Defender to represent him on both cases.
8            THE COURT:  Well, I thought -- I thought I heard
9   him say yes, but I suppose that's a fair question.  Do you
10  accept the Federal Public Defender being appointed to
11  represent you in this, in both cases?
12           THE DEFENDANT:  Yes, I -- I have some unresolved --
13  I'm not sure what's going on in the other case.  My attorney
14  apparently quit.  It wasn't really a mutual --
15           THE COURT:  He was relieved by Judge Suddaby,
16  that's correct.
17           THE DEFENDANT:  He was?  I wasn't aware of that.
18           THE COURT:  Yes, there was a text order issued that
19  granted his motion for leave to withdraw.
20           THE DEFENDANT:  I wasn't aware of that.
21           THE COURT:  And the unfortunate situation that you
22  face is that a sentencing date has been set, it is being
23  reset, Judge Suddaby has given me a new sentencing date and a
24  deadline for submission of sentencing memoranda.  A pretrial
25  services -- I'm sorry, a presentence investigation report has

1  been prepared, and preparing a sentencing memorandum on your
2  behalf is a complex matter, it involves understanding how the
3  United States Sentencing Guidelines work, and it's not
4  something that you should do without the benefit of trained
5  counsel assisting you.
6              So my advice to you is that you allow me to appoint
7  the Federal Public Defender in that case as well as this
8  action to represent you, and I guess I'll ask again, is that
9  acceptable to you?
10             THE DEFENDANT:  Yes, but I should have been
11 consulted before my other attorney was relieved.  Might
12 have -- that's unfairly prejudicing me.  My other attorney
13 was -- he was sent a letter six weeks ago.  I received I
14 guess it was a motion to withdraw in the mail, he was -- I
15 sent him a letter six weeks ago giving him an ultimatum and
16 he waited six weeks, two weeks before the sentencing
17 apparently to withdraw.  So it is unfairly prejudicing me
18 because apparently I need to start an appeal, I need to start
19 an appeal soon.
20             THE COURT:  Well, not until you're sentenced, then
21 you would have --
22             THE DEFENDANT:  Right, but he screwed up.  He
23 screwed me, and I don't think -- I'm not sure he should have
24 been relieved.
25             THE COURT:  Well, that's water over the dam.  Judge

1  Suddaby saw fit to relieve him and I'm not going to
2  second-guess that decision.  So we're faced with the current
3  situation that you don't have counsel in either case.  I'm
4  offering you the benefit of the Federal Public Defender but
5  only if you tell me that that's acceptable to you and if it's
6  not, tell me now and we'll go through a hearing and you'll be
7  left to represent yourself.
8              THE DEFENDANT:  I guess I'll have to accept it for
9  now.
10             MS. THOMSON:  Again, your Honor --
11             THE DEFENDANT:  My other attorney owes me, he owes
12 me paperwork and I -- he shouldn't have been relieved without
13 consulting me.
14             THE COURT:  I understand that.  But what I'm saying
15 to you is that's between you and the attorney.  Judge Suddaby
16 has relieved him, we have to face that situation, that's the
17 situation that exists today.  You have no counsel.  I'm
18 offering you the Federal Public Defender, I'm encouraging you
19 to accept that offer because the alternative is either you
20 represent yourself or you retain an attorney at your expense.
21             THE DEFENDANT:  I'll accept the public defender.
22             THE COURT:  All right.  I'm going to issue a
23 scheduling order in the second action, and the following
24 dates will apply in the first action:  Your sentencing date
25 is July 31st at 10:30 before Judge Suddaby.  Sentencing

1   memoranda are due from both sides on July 10, 2014.  Anything
2   further from the government at this time?
3              MS. THOMSON:  No, your Honor.
4              THE COURT:  All right.  Mr. Jenkins, anything
5   further?
6              THE DEFENDANT:  No.
7              THE COURT:  All right.  Thank you all.
8              THE CLERK:  Court's adjourned.
9                  (Court Adjourned, 1:18 p.m.)

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
 5  Official Realtime Court Reporter, in and for the
 6  United States District Court for the Northern
 7  District of New York, DO HEREBY CERTIFY that
 8  pursuant to Section 753, Title 28, United States
 9  Code, that the foregoing is a true and correct
10  transcript of the stenographically reported
11  proceedings held in the above-entitled matter and
12  that the transcript page format is in conformance
13  with the regulations of the Judicial Conference of
14  the United States.
15
16                     Dated this 13th day of February, 2015.
17
18
19                     /S/ JODI L. HIBBARD
20                     JODI L. HIBBARD, RPR, CRR, CSR
                       Official U.S. Court Reporter
21
22
23
24
25
```