IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    5:11-CR-602 (GTS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOSEPH JENKINS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### GOVERNMENT'S RESENTENCING MEMORANDUM

The United States of America, by its attorney, Grant T. Jaquith, Acting United States Attorney for the Northern District of New York, Tamara B. Thomson, of counsel, submits herewith its resentencing memorandum.

## I.    PROCEDURAL HISTORY

On February 6, 2014, defendant was convicted after a jury trial of one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5). (Jury Verdict, ECF No. 151.) Sentencing was held on November 12, 2014. (ECF Text Minute Entry dated 11/12/14.) After adopting the factual statements in the presentence report ("PSR"), and applying the obstruction of justice enhancement, the district court found that the resulting Guidelines imprisonment range was 210-262 months. (ECF No. 190.) The court imposed a total term of incarceration of 225 months, consisting of a term of 225 months on the transportation count, and 120 months on the possession count; the court ran the sentences concurrently for a total of 225 months incarceration. (ECF Text Minute Entry dated 11/12/14.) The district court also imposed

restitution of $3,000 each for Vicky, L.S., Cindy, and Angela (the four victims who submitted claims for restitution) and a fine of $40,000. (*Id.*) Further, the court imposed a term of supervised release of twenty-five years. (*Id.*) The defendant filed an appeal from his judgment of conviction. (Notice of Appeal, ECF No. 192.)

On April 17, 2017, the Second Circuit issued a published decision that vacated the defendant's sentence holding that that the within-Guidelines sentence of 225 months' was substantively unreasonable. *United States v. Jenkins,* 854 F.3d 181, 188-94 (2d Cir. 2017). The Court likewise determined that the defendant's twenty-five year term of supervised release was substantively unreasonable, particularly in light of the special conditions of supervised release imposed by the district court. *Id.* at 194-95. Circuit Judge Kearse dissented from the portion of the Court's decision that struck down the defendant's sentence of imprisonment, but did not dissent from the decision to vacate the defendant's term of supervised release. *Id.* at 196-97. In a separate, non-dispositive summary order, the Court affirmed the defendant's conviction and denied his claims of procedural error. *United States v. Jenkins*, 687 F. App'x 71 (2d Cir. 2017) (summary order). On June 29, 2017, the government filed a petition for panel rehearing that was denied without comment by order dated July 19, 2017. A copy of the government's petition is attached as Government Exhibit A, and is incorporated herein.

In *Jenkins*, the Second Circuit found no procedural error in the offense level computation, including the application of each of the following four specific offense characteristics: (i) two levels for material involving a prepubescent minor or a minor who had not attained the age of 12 years, pursuant to § 2G2.2(b)(2); (ii) four levels for material that portrayed sadistic or masochistic

2

conduct or other depictions of violence, pursuant to § 2G2.2(b)(4); (iii) two levels because the offenses involved the use of a computer, pursuant to § 2G2.2(b)(6); and (iv) five levels because the offense involved 600 or more images, pursuant to § 2G2.2(b)(7)(D).  *Jenkins*, 687 F. App'x at 73-74; *see also Jenkins*, 854 F. 3d at 196 ("As is revealed in the summary order filed contemporaneously in this case, the district court in sentencing Jenkins did not commit any procedural error.") (Kearse, *J.*, dissenting, in part).  The Second Circuit found that the application of the two-level enhancement for obstruction of justice was appropriate. *Jenkins*, 854 F.3d at 189. The Second Circuit found no error in the district court's decision to make no downward adjustment for acceptance of responsibility.[1] *Jenkins*, 854 at 191; *Jenkins*, 687 F. App'x at 74.  Moreover, the Second Circuit found no error in the calculation of the applicable guidelines range of 210-262 months, based on an offense level of 37 and a criminal history in category I.  *Id.* at 189.  However, the Second Circuit noted that the 210-262 month Guideline range extended beyond the statutory maximum of 240 months for his conviction for transportation of child pornography, and determined (incorrectly) that the applicable guidelines range was 210-240 months.  *Id.* at 189, n. 4; *but see Jenkins*, 854 F.3d at 196 (noting that Guidelines range "was either 210–262 months if the district court chose to impose the sentences consecutively or 210–240 months if it did not (240

---

[1] While no error was found in the withholding of a downward adjustment for acceptance of responsibility, the Second Circuit did seem to imply that the district court judge "add[ed] years and years onto Jenkins' sentence in light of his failure to accept responsibility, as demonstrated by his persistent rudeness and disrespect." *Jenkins*, 854 F.3d at 192.  As discussed in the government's petition for rehearing, he district court did not add years and years onto Jenkins' sentence for his failure to accept responsibility; instead, the court properly withheld credit for acceptance of responsibility.  Gov't Ex. A, p. 6-7.

months being the statutory maximum on one count)") (Kearse, *J.*, dissenting).     As noted in its

petition for rehearing, the guideline range is not capped at the statutory maximum in this multi-

count case because U.S.S.G. § 5G1.2(d) permits the district court to run sentences with multi-

count cases consecutively to achieve the total punishment.   Therefore, the available guidelines

range is not so limited. *See* Gov't Ex. A, p. 11-14.   The Second Circuit did not dispute that the

defendant "should receive stern punishment for his crimes," and "deserves a substantial term of

imprisonment." *Jenkins,* 854 F.3d at 191, 193.

The matter was remanded for resentencing based on the Court's finding that U.S.S.G.

§2G2.2 yielded a sentence derived from outdated enhancements and its belief that it was

substantively unreasonable for the district court to have applied the §2G2.2 enhancements in a way

that put the defendant at the top of the Guideline range.[2]   Sentencing is scheduled for January 5,

2018.

## II.     APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**A.     Statutory Maximum Sentences:** The defendant's conviction for transportation of

child pornography in violation of 18 U.S.C. § 2252A(a)(1) subjects the defendant to a statutory

maximum term of 20 years imprisonment and a statutory minimum term of 5 years imprisonment.

The defendant's conviction for possession of child pornography in violation of 18 U.S.C. §

2252A(a)(5)(B) subjects the defendant to a statutory maximum term of 10 years imprisonment.

---

[2] The defendant was not scored in the top of the Guidelines range. *See infra,* n. 3.

4

Each count of conviction carries a mandatory term of supervised release of at least 5 years, and up to life, see 18 U.S.C. § 3583(k); and a fine of $250,000. See 18 U.S.C. § 3571.

    **B.**     **Guidelines Provisions:**

    1.     **Offense Level:**   Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for transportation of child pornography is 22. *See* U.S.S.G. § 2G2.2. That level should be increased by 13 as a result of the following Chapter Two specific offense characteristics: add two pursuant to §2G2.2(b)(2)(material involving a prepubescent minor or a minor who had not attained the age of 12 years); add four pursuant to §2G2.2(b)(4)(material that portrayed sadistic or masochistic conduct or other depictions of violence); add two pursuant to §2G2.2(b)(6)(use of a computer); and add five pursuant to §2G2.2(b)(7)(D)(600 or more images). An additional two levels should be added pursuant to §3C1.1 for obstruction of justice.

    2.     **Acceptance of Responsibility:**   Defendant is not entitled to any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

    3.     **Criminal History:**   Defendant's criminal history category is I.

    4.     **Guidelines Range and Sentence:**   As described above, the combined offense level is 37 and the criminal history category is I. As a result of the above-described calculations, absent any departures, the federal sentencing guidelines advise that defendant receive a sentence of 210 to 262 months' imprisonment.

## III.    GOVERNMENT'S RESENTENCING ARGUMENT

The Second Circuit found the district court's mid-range,[3] within-guideline sentence and the imposition of twenty-five years of supervised release substantively unreasonable.   The government recommends a sentence below the sentence previously imposed.   When pronouncing sentence, the government requests that the court make a detailed record of its specific, particularized and individual reasoning for the sentence imposed.   The government further requests that the Court follow the guidance of the Second Circuit with regard to the appropriateness of the conditions of supervised release and provide an explanation for the basis of each condition imposed and how that condition is appropriate in light of the defendant's personal characteristics, the circumstances of his offense, and the length of his supervised release term.


Dated:   December 7, 2017

GRANT T. JAQUITH
Acting United States Attorney


By:     /s/ Tamara B. Thomson
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310

---

[3] If using the guideline range of 210-262 months, as urged by the government as applicable, the 225 month sentence imposed by the district court was 15 months above the lowest end of the guideline range and 37 months below the top end of the guideline range, thus making the sentence imposed on the lower end of mid-range.   If using the guideline range of 210-240 months, as applied by the Second Circuit, the 225 month sentence is 15 months above the lowest end of the guideline range, and 15 months below the top end of the guideline range.   As the Second Circuit noted its belief that the applicable guideline range was 210-240 months, the 225 month sentence was squarely mid-range.